Geoffrey A. Neri (SBN 258802)
(geoff@bnsklaw.com)
BROWN NERI & SMITH LLP
11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025
T: (310) 593-9890
F: (310) 593-9980

Attorneys for Plaintiff,
WOODSIDE CREDIT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 8:25-cv-02146-FWS-JDE<br><br>**PLAINTIFF WOODSIDE CREDIT, LLC'S RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION AS TO DEFENDANT ALEXANDER G. RAMOS [DKT NO. 22] AND REQUEST FOR AN EXTENSION OF TIME FOR SERVICE UNTIL JANUARY 15, 2026** |

Plaintiff Woodside Credit, LLC ("Plaintiff" or "Woodside"), by and through its counsel of record, hereby responds to the Court's Order to Show Cause Re Dismissal for Lack of Prosecution as to Defendant Alexander G. Ramos (Dkt. 22). and submits the accompanying Declaration of Geoffrey A. Neri in support. Plaintiff acknowledges its obligation to diligently prosecute this action and to timely serve all defendants. Plaintiff respectfully submits that it has been working in good faith to locate and serve Mr. Ramos, but has encountered unexpected obstacles due to his incarceration and undocumented immigration status.

Plaintiff respectfully requests that the Court grant a brief extension until January 15, 2026—the date of the Scheduling Conference—to complete service.

## I. INTRODUCTION

Plaintiff takes seriously its responsibility to prosecute this case with diligence, and regrets that service on Defendant Alexander G. Ramos ("Ramos") has not yet been completed. As set forth below, however, Plaintiff has faced genuine obstacles arising from confusion about his custodial location and the complexities of his immigration status.

Plaintiff's counsel was initially informed that Ramos was being held in custody at the Orange County Central Men's Jail. (Declaration of Geoffrey A. Neri ("Neri Decl.") at ¶ 7.) That information, however, turned out to be incorrect. Upon learning that Ramos was not at that facility, counsel reached out to Assistant United States Attorney Kevin Fu, the prosecutor handling Ramos's federal criminal case, as well as the Victim Witness Coordinator assigned to the matter, to ascertain Ramos's current location and to facilitate service. (*Id.* at ¶¶ 9-10.) Based on these efforts, Plaintiff expects to effectuate service on Defendant Ramos within the next two weeks. (*Id.*)

Plaintiff has successfully served all other named Defendants, who are now actively participating in this litigation. A brief extension of the service deadline as to Ramos—just over two weeks—will cause no prejudice to any party and will allow this case to proceed on schedule. Plaintiff respectfully asks the Court to exercise its

broad discretion to grant this additional time to effectuate service on Ramos.

## II.   FACTUAL BACKGROUND

Plaintiff filed its Complaint in this action on September 21, 2025, asserting claims for fraud, conspiracy, breach of fiduciary duty, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against Defendant Ramos and his co-conspirators, the Elias Defendants.

As alleged in the Complaint, Defendant Ramos was Plaintiff's former Assistant Vice President of Risk & Title Management who exploited his position of trust to misappropriate approximately four million dollars ($4,000,000) from Plaintiff over a period of years. Ramos orchestrated two fraudulent schemes: one involving the systematic diversion of funds earmarked for tax, titling, and licensing expenses, and another involving a conspiracy with the Elias Defendants to fraudulently purchase and resell repossessed vehicles. The scope and duration of Ramos's misconduct—perpetrated against his own employer while occupying a position of significant responsibility—was substantial.

On May 22, 2025, the Federal Bureau of Investigation ("FBI") arrested Defendant Ramos, and he was subsequently charged with wire fraud and illegal reentry following deportation. Ramos has since accepted a plea agreement and is currently awaiting sentencing. Significantly, Woodside has been formally identified by the U.S. Attorney's Office as a victim of Ramos's criminal conduct. The criminal case thus confirms what Plaintiff alleges here: Ramos engaged in a serious and prolonged fraud against Woodside, causing millions of dollars in damages.

## III.  THE COURT SHOULD EXERCISE ITS BROAD DISCRETION TO EXTEND THE TIME FOR SERVICE FOR A SHORT PERIOD UNTIL JANUARY 15, 2026

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that

3

defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Critically, however, Rule 4(m) mandates that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

"Thus, courts must grant an extension when a plaintiff shows good cause for the delay. Rule 4(m) also authorizes courts to grant an extension at their discretion even if the plaintiff cannot show good cause." *Smith v. Hambro*, No. CV 19-117-BLG-SPW, 2020 WL 3403262, at *2 (D. Mont. June 19, 2020) (citing Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendment; *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). "District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw*, 473 F.3d at 1041; *see Henderson v. United States*, 517 U.S. 654, 661 (1996) (stating that Rule 4's period for service "operates not as an outer limit subject to reduction, but as an irreducible allowance.").

### A. Plaintiff Has Diligently Pursued Service Despite Incorrect Information

Plaintiff has not been dilatory. Early in its efforts to serve Defendant Ramos, Plaintiff's counsel was informed that Ramos was being held in custody at the Orange County Central Men's Jail. (Neri Decl. at ¶ 7.) It subsequently became apparent, however, that this information was incorrect—Ramos was not housed there.

Upon discovering this discrepancy, Plaintiff's counsel reached out via telephone to Assistant United States Attorney Kevin Fu, who is prosecuting Ramos in the related federal criminal matter, as well as the Victim Witness Coordinator assigned to assist Woodside as the victim of Ramos's crimes. (*Id.* at ¶¶ 9-10.) These communications are ongoing, and Plaintiff expects to obtain the information necessary to effectuate service within the next two weeks. (*Id.* at ¶ 11.)

Plaintiff acknowledges that it bears the responsibility to serve defendants in a timely manner. But where, as here, a plaintiff has acted in good faith, pursued reasonable avenues to locate a defendant, and encountered obstacles beyond its control, courts have found good cause to extend the time for service. *Mejia Banegas*

*v. Doe #2*, No. 18-CV-02670-GPC-JLB, 2019 WL 1353712, at *3 (S.D. Cal. Mar. 26, 2019) (good cause exists where "Plaintiff is not averting completing service out of choice."), report and recommendation adopted sub nom. *Banegas v. Doe #1*, No. 18CV2670-GPB(RBM), 2019 WL 4187626 (S.D. Cal. Sept. 4, 2019).

### B. Ramos's Custodial Situation Is Complicated by His Immigration Status

Defendant Ramos's situation is further complicated by his undocumented immigration status. Ramos is a citizen of Mexico who was charged not only with wire fraud but also with illegal reentry into the United States following a prior deportation. As a result, his custodial status may involve U.S. Immigration and Customs Enforcement ("ICE") in addition to the Federak Bureau of Prisons, which has created uncertainty about where Ramos is currently being held and where he will be held pending sentencing.

Unlike serving a defendant at a known residential or business address, serving an individual whose custody may be shared between federal criminal and immigration authorities requires navigating multiple bureaucratic systems. The possibility that Ramos may be transferred between facilities, or that his location information may not be readily accessible through standard inmate locator services, has presented challenges that are not present in the typical case.

Plaintiff does not offer these circumstances as an excuse, but rather as an explanation for why service has taken longer than anticipated despite Plaintiff's good faith efforts. Plaintiff is confident that, with the assistance of the U.S. Attorney's Office, it will be able to locate and serve Ramos promptly.

### C. Defendant Ramos Will Suffer No Prejudice

Defendant Ramos will suffer no prejudice from a brief extension of the service deadline. Ramos is fully aware of this civil action—the allegations in Plaintiff's Complaint arise from the same fraudulent conduct that forms the basis of the federal criminal charges to which Ramos has already pleaded guilty. Woodside has been

identified as a victim in that criminal proceeding. There can be no claim of surprise or lack of notice.

Moreover, the Elias Defendants have already been served and are actively participating in this litigation. The parties have conducted their Rule 26(f) conference and are prepared to proceed with the Scheduling Conference on January 15, 2026. An extension until that date—just over two weeks from now—will allow Plaintiff to complete service on Ramos without any disruption to the case schedule.

### D. Equity Favors Allowing Plaintiff to Pursue Its Claims

Finally, Plaintiff respectfully submits that equitable considerations weigh heavily in favor of granting this brief extension. Defendant Ramos has admitted to committing serious crimes against Woodside. He occupied a position of trust as an Assistant Vice President, and over a period of years, he systematically betrayed that trust by stealing approximately four million dollars from his employer. The U.S. Attorney's Office has formally recognized Woodside as a victim of these crimes.

It would be inequitable to allow Ramos—a confessed fraudster—to escape civil accountability to the very company he defrauded based on a procedural technicality, particularly where, as here, the delay in service is attributable to the complications arising from Ramos's own criminal conduct and immigration violations. Ramos is in federal custody because of the crimes he committed against Woodside. The difficulties Plaintiff has encountered in locating and serving him are a direct consequence of his own wrongdoing.

Woodside seeks only to hold Ramos accountable in a civil forum for the harm he has caused—harm that Ramos has already acknowledged by pleading guilty to the underlying criminal charges. A two-week extension to complete service is a modest request that will allow this case to proceed on its merits.

### IV. CONCLUSION

Plaintiff respectfully acknowledges the Court's concern regarding the timely prosecution of this action and appreciates the opportunity to explain the circumstances

that have delayed service on Defendant Ramos. Plaintiff has acted in good faith and has been diligently working to locate Ramos, but was initially provided incorrect information about his custodial location, and his situation has been further complicated by his undocumented immigration status and potential ICE involvement.

      Plaintiff's counsel is now in contact with the U.S. Attorney's Office and the Victim Witness Coordinator, and expects to complete service within the next two weeks. Given the seriousness of Ramos's admitted misconduct, Woodside's status as a recognized victim, and the inequity of allowing a confessed fraudster to avoid civil liability on procedural grounds, Plaintiff respectfully requests that the Court find good cause exists and grant Plaintiff until January 15, 2026—the date of the Scheduling Conference—to effect service on Defendant Alexander G. Ramos.

Respectfully submitted,

DATED: December 29, 2025    BROWN, NERI, SMITH & KHAN LLP

By: *Geoffrey A. Neri*
GEOFFREY A. NERI
Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

7

# **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

| | |
|---|---|
| DATED: December 29, 2025 | BROWN, NERI, SMITH & KHAN LLP |
| | By:  /s/ Geoffrey A. Neri |
| | Geoffrey A. Neri |

CERTIFICATE OF SERVICE