GEOFFREY A. NERI, State Bar No. 258802
*Geoff@bnsklaw.com*
**BROWN NERI & SMITH LLP**
11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025
T: (310) 593-9890
F: (310) 593-9980

Attorneys for Plaintiff, WOODSIDE CREDIT, LLC

**LAW OFFICES OF DALE K. GALIPO**
DALE K. GALIPO (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorneys for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 8:25-cv-02146-FWS-JDE <br><br> **JOINT RULE 26(f) REPORT** <br><br> Sched. Conf. <br><br> Date:   January 15, 2026 <br> Time:   9:00 A.M. <br> Courtroom:   10D |

Plaintiff WOODSIDE CREDIT, LLC ("Plaintiff" or "Woodside") and Defendants FADI ELIAS ("Elias"), JENNIFER POPE ("Pope"), and CLASSIC MOTORS, INC. ("Classic Motors") (collectively, the "Elias Defendants") (Plaintiff and Elias Defendants are collectively referred to herein as the "Parties"), by and through their respective attorneys of record, conducted the conference of the parties pursuant to Federal Rule of Civil Procedure 26(f), Central District Local Rule 26-1, and this Court's Order Setting Rule 26(f) Scheduling Conference, and the Parties hereby submit this Joint Rule 26(f) Report.

Defendant ALEXANDER G. RAMOS has not yet appeared in this action and did not take part in the preparation of this Report.

I. **STATEMENT OF THE CASE:**

Plaintiff's Statement:

This action arises out of a conspiracy and fraudulent scheme formed and undertaken by Defendant Alexander G. Ramos, who is currently in custody in the United States Federal Bureau of Prisons, and his co-conspirators and accomplices, the Elias Defendants.

Ramos was the former Assistant Vice-President of Risk & Title Management of Plaintiff Woodside Credit, LLC. Woodside is a company that provides lending facilities for consumers purchasing specialty, i.e., "classic" and "collector" automobiles. Ramos exploited his position at Woodside to misappropriate funds intended for tax, titling, and licensing ("TT&L") expenses.

From 2017 to 2024, Ramos surreptitiously orchestrated unauthorized payments to himself and outside individuals and entities, including the Elias Defendants, and illegally redirected Woodside funds to bank accounts that he controlled. Ramos funneled no less than approximately four million dollars ($4,000,000) into these accounts through two primary schemes.

In the first scheme, Ramos conspired with a Montana title agent to divert TT&L funds. Ramos would take high-dollar TT&L files, request checks from Woodside's

accounting department purportedly for payment of TT&L Fees, but instead send the funds to the Montana Agent. Ramos then siphoned off this money to himself, primarily by having the Montana Agent write checks from the account back to "Ramos-Woodside Credit, LLC"—a Chase Bank account Ramos had secretly opened and controlled.

In the second scheme, Ramos conspired with the Elias Defendants regarding the purchase of repossessed vehicles. When Woodside repossessed vehicles and sold them on behalf of Partner Banks, Ramos would ensure the Elias Defendants were either the high bidder or would offer a price close enough to the balance owed that Ramos could secure the Partner Bank's approval. Once the Elias Defendants purchased the vehicle, Ramos would direct the Montana Agent to cut a check to "refund" a portion or all of what the Elias Defendants paid. Between March 23, 2023 and October 10, 2024, the Elias Defendants purchased at least 21 vehicles for a total of $1,801,000, and received 48 checks and wires totaling $1,419,803.

On May 22, 2025, the FBI arrested Ramos and he was charged with wire fraud and being an illegal alien following deportation. Ramos has accepted a plea agreement and is currently awaiting sentencing. The Elias Defendants have not yet been arrested or charged in connection with the conspiracy.

Plaintiff asserts causes of action for: (1) Fraud; (2) Aiding and Abetting Fraud; (3) Conspiracy; (4) Breach of Fiduciary Duty; (5) Aiding and Abetting Breach of Fiduciary Duty; (6) Violation of 18 U.S.C. § 1962(c) (RICO); and (7) Violation of 18 U.S.C. § 1962(d) (RICO).

<u>Elias Defendants' Statement</u>: The Elias Defendants, having had no knowledge of Defendant Alexander Ramos's alleged fraud upon Plaintiff at any relevant time, deny all liability.

## II.     **SUBJECT MATTER JURISDICTION:**

This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 18 U.S.C. §§ 1964(c) and 1964(d). Plaintiff's Sixth and

Seventh Causes of Action arise under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* (RICO). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as all claims arise from a common nucleus of operative facts. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and/or countries and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III.   LEGAL ISSUES:

Plaintiff's Statement:

The key legal issues in this matter include:

- Whether Defendants committed fraud against Plaintiff through their scheme to misappropriate Woodside funds;
- Whether the Elias Defendants aided and abetted Ramos's fraud;
- Whether Defendants conspired to defraud Plaintiff;
- Whether Ramos breached his fiduciary duties to Plaintiff;
- Whether the Elias Defendants aided and abetted Ramos's breach of fiduciary duty;
- Whether Defendants violated 18 U.S.C. § 1962(c) by conducting or participating in a pattern of racketeering activity;
- Whether Defendants violated 18 U.S.C. § 1962(d) by conspiring to violate § 1962(c);
- The appropriate amount of damages, including compensatory damages, treble damages under RICO, punitive damages, and attorneys' fees and costs.

Elias Defendants' Statement: Key legal issues also include:

- Whether there is evidence to support any of the elements of Plaintiff's claims asserted against the Elias Defendants;
- Whether Plaintiff is entitled to damages for any claim as against the Elias Defendants;

- Whether Defendant Ramos fraudulently induced the Elias Defendants to purchase vehicles based on false pretenses;
- Whether Defendant Ramos misrepresented material details of vehicle sales to, or concealed same from, the Elias Defendants;
- Whether Plaintiff assumed the risk of the alleged conduct, is comparatively at fault for same, and/or failed to mitigate damages.

## IV.   DAMAGES:

Plaintiff's Statement:

Plaintiff seeks the following damages: (1) general damages in an amount not less than $4,000,000 plus interest on the First through Fifth Causes of Action; (2) punitive and exemplary damages; (3) prejudgment interest; (4) treble damages pursuant to 18 U.S.C. § 1964(c) on the RICO claims; and (5) reasonable attorneys' fees and costs pursuant to 18 U.S.C. § 1964(c).

The realistic range of provable damages is between $4,000,000 and $12,000,000 (including treble damages under RICO), plus punitive damages, interest, and attorneys' fees.

Elias Defendants' Statement: The Elias Defendants deny liability and thus no damages are owed.

## V.   PARTIES AND EVIDENCE:

Plaintiff: Woodside Credit, LLC, a California limited liability company with its principal place of business in Orange County, California.

Defendants: Alexander G. Ramos, a citizen of Mexico currently residing in Federal Prison; Fadi Elias, a citizen of the United States and resident of Arizona; Jennifer Pope, a citizen of the United States and resident of Arizona; Classic Motors, Inc., a business entity with its principal place of business in Arizona.

Corporate Affiliates: Plaintiff Woodside Credit, LLC has no parent companies, subsidiaries, or affiliates that need to be identified for conflict purposes.

Percipient Witnesses and Key Documents: The parties will include lists of

percipient witnesses and documents in their respective initial disclosures pursuant to Rule 26(a)(1). Key witnesses will include Woodside employees Brian Trevisan and Brooke Perez, representatives of the Montana Agent (Amy Fisher/Agent for Montana Titles, Inc.), FBI investigators, and representatives of the Partner Banks. Key documents include bank records from Valley Bank (Glacier Bank), Chase Bank records for the "Ramos-Woodside Credit, LLC" account, check requests and accounting records from Woodside, and email communications.

Additional Parties: Plaintiff does not anticipate the need to add additional parties at this time.

## VI. INSURANCE:

Plaintiff is unaware of any insurance coverage for any of the claims in this case.

## VII. MANUAL FOR COMPLEX LITIGATION:

Plaintiff's Position:

While this case involves federal RICO claims and multiple defendants, Plaintiff does not believe that the full procedures of the Manual for Complex Litigation are necessary at this time. The factual issues are relatively straightforward, revolving around documentary evidence of the fraudulent scheme. However, Plaintiff reserves the right to request implementation of certain procedures if discovery reveals the need.

Elias Defendants' Position: The Elias Defendants do not believe the procedures of the Manual for Complex Litigation are required in this case.

## VIII. MOTIONS:

Plaintiff's Statement:

Plaintiff does not anticipate filing any non-dispositive motions at this time.

Elias Defendants' Statement:

The Elias Defendants are evaluating the need for, and may file, a cross-complaint against Defendant Ramos, and/or a motion for judgment on the pleadings

as to one or more claims in Plaintiff's complaint.

## IX. DISPOSITIVE MOTIONS:

Plaintiff's Statement:

Plaintiff anticipates filing a motion for summary adjudication on the issue of Defendant Ramos's liability. Given that Ramos has accepted a plea agreement in the related federal criminal case for wire fraud arising from the same conduct alleged in this Complaint, Plaintiff believes that summary adjudication on the issue of Ramos's liability is appropriate. The issues regarding the Elias Defendants' liability will likely need to be resolved at trial.

Elias Defendants' Statement:

The Elias Defendants may seek summary judgment or adjudication of one or more of Plaintiff's claims against them following a period of discovery.

## X. STATUS OF DISCOVERY:

The parties have conferred pursuant to Rule 26(f) and the Court's Scheduling Order. Discovery has not yet commenced. The parties anticipate exchanging initial disclosures under Rule 26(a) on the date of the Scheduling Conference, January 15, 2026.

The parties discussed the preservation of evidence and all parties confirmed they are complying with their obligations. The parties agreed on the need for an ESI protocol and anticipate meeting and conferring to prepare one.

The parties anticipate that certain information and documents sought or referenced in discovery may be confidential. The parties intend to agree on a proposed protective order for the Court's approval.

The parties agree that inadvertent disclosure of privileged information shall not constitute a waiver of such privilege, and that the claw-back procedures in Fed. R.

Civ. P. 26(b)(5)(B) shall apply.

**XI.    DISCOVERY PLAN:**

    **A.    Timing of Disclosures:**

Initial Disclosures will be exchanged on or before January 15, 2026.

    **B.    Subjects of Discovery:**

Plaintiff's Statement:

Plaintiff anticipates that discovery will be conducted regarding the following matters:

- Bank records from Valley Bank (Glacier Bank) related to Agent for Montana Titles, Inc.;
- Bank records from Chase Bank related to the "Ramos-Woodside Credit, LLC" account;
- Communications between Ramos and the Elias Defendants;
- Communications between Ramos and the Montana Agent;
- Check requests and accounting records from Woodside;
- Records of vehicle purchases by the Elias Defendants from Woodside's Partner Banks;
- Records of subsequent sales of purchased vehicles by the Elias Defendants;
- Financial records of Classic Motors, Inc.;
- Evidence and documents from the FBI investigation;
- Defendants' affirmative defenses.

Elias Defendants' Statement:

The Elias Defendants also anticipate conducting discovery regarding Defendant Ramos's employment with and work for Plaintiff, Defendant Ramos's alleged fraud upon Plaintiff, and Plaintiff's claimed damages.

    **C.    Phasing of Discovery:**

At this time, the parties agree that discovery will not be conducted in phases.

D.     **Proposed Limitations on Discovery:**

At this time, the parties do not believe modifications to the limitations on discovery imposed under the Federal Rules of Civil Procedure are necessary.

E.     **Other Orders:**

None requested at this time.

XII.   **DISCOVERY CUT-OFF:**[1]

Plaintiff's Proposed Date: July 15, 2026 (26 weeks before the proposed FPTC of January 14, 2027).

Elias Defendants' Proposed Date: October 29, 2026.

XIII.  **EXPERT DISCOVERY:**

Plaintiff's Proposed Dates:

• Expert Disclosure (Initial): July 29, 2026 (24 weeks before FPTC)

• Expert Disclosure (Rebuttal): August 12, 2026 (22 weeks before FPTC)

• Expert Discovery Cut-off: August 26, 2026 (20 weeks before FPTC)

Elias Defendants' Proposed Dates:

• Expert Disclosure (Initial): November 19, 2026

• Expert Disclosure (Rebuttal): December 10, 2026

• Expert Discovery Cut-off: December 31, 2026

XIV.   **SETTLEMENT CONFERENCE AND ALTERNATIVE DISPUTE RESOLUTION ("ADR") CUTOFF:**

No settlement negotiations have occurred to date.

The parties indicate their preference for ADR Procedure No. 1 (magistrate judge) as set forth in Local Rule 16-15.4.

Plaintiff's Proposed Date: November 4, 2026 (10 weeks before Plaintiff's proposed FPTC).

---

[1] The discovery dates proposed in this Report are based on the parties' respective proposed trial dates. Despite endeavoring to agree on all dates, the parties were unable to agree on a trial date due to counsel for the Elias Defendants being unavailable on Plaintiff's proposed trial date.

Elias Defendants' Proposed Date: March 4, 2027 (10 weeks before Defendants' proposed FPTC).

## XV. TRIAL ESTIMATE:

Plaintiff has requested a jury trial. Plaintiff estimates that trial will require approximately 5-7 court days. Plaintiff anticipates calling approximately 8-12 witnesses at trial.

Plaintiff's Proposed Trial Date: February 2, 2027 (Tuesday).[2]

Elias Defendants' Proposed Trial Date: June 1, 2027 (Tuesday).

## XVI. TRIAL COUNSEL:

Plaintiff:

Geoffrey A. Neri
BROWN NERI & SMITH LLP
11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025
Telephone: (310) 593-9890

Elias Defendants:
Dale K. Galipo

## XVII. MAGISTRATE JUDGE:

The parties do not agree to try the case before a Magistrate Judge.

## XVIII. INDEPENDENT EXPERT OR MASTER:

The parties do not currently anticipate the need for an independent expert or master.

## XIX. SCEHDULING WORKSHEET

(Attached hereto as Exhibit "A".)

---

[2] On Plaintiff's proposed trial date, trial counsel for the Elias Defendants is scheduled to be in trial before District Judge Jesus G. Bernal in the matter *Dobbins v. County of Riverside*, No. 5:25-cv-01444-JGB-DTB, which is set to commence on January 26, 2027 and last 5-8 court days. Counsel has further trials scheduled through the subsequent months, resulting in the Elias Defendants' proposed trial date for June.

**XX.     OTHER ISSUES:**

None at this time.

DATED: December 31, 2025          BROWN, NERI, SMITH & KHAN LLP

By:     /s/ Geoffrey A. Neri
GEOFFREY A. NERI
Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

DATED: December 31, 2025          LAW OFFICES OF DALE K. GALIPO

By:     /s/ Dale K. Galipo
DALE K. GALIPO
Attorneys for Elias Defendants