Geoffrey Neri (SBN 258802)
Geoff@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

WOODSIDE CREDIT, LLC, a California limited liability company,

Plaintiff,

vs.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULING ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16(b)(4)**

*[Filed concurrently with Memorandum of Points and Authorities; Declaration of Geoffrey A. Neri and exhibits thereto; and [Proposed] Order]*

Date: September 24, 2026
Time: 10:00 a.m.
Crtrm. : 10A

Complaint Filed: Sept. 22, 2025
Trial Date: February 2, 2027

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 24, 2026, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 10A of the above-entitled Court, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 92701, Plaintiff Woodside Credit, LLC ("Woodside" or "Plaintiff") will, and hereby does, move the Court, pursuant to Federal Rule of Civil Procedure 16(b)(4), for an order modifying the Scheduling Order (Dkt. 26) to permit Woodside to complete the limited written and deposition discovery described below and to have any resulting discovery motion heard (the "Motion").

By the Motion, Woodside seeks an order:

**1.** Modifying the Scheduling Order (Dkt. 26) to reopen non-expert discovery for the limited purpose of (a) obtaining the documents the Elias Defendants represented, in their May 15, 2026 written responses to Woodside's Requests for Production, that they would produce "upon entry of a protective order"; (b) obtaining verified answers to Woodside's Interrogatories; and (c) completing the depositions of Fadi Elias, Jennifer Pope, and Classic Motors, Inc. (Fed. R. Civ. P. 30(b)(6)), which Woodside reasonably sequenced to follow that document production;

**2.** Setting a date, consistent with the reopened period, by which any motion concerning the sufficiency of the Elias Defendants' discovery responses may be filed, heard, and resolved before the assigned Magistrate Judge;

**3.** Providing that any motion for summary judgment or partial summary judgment by the Elias Defendants shall not be heard — and, if filed, shall be held in abeyance — until after the Elias Defendants complete the document production and verifications described above and the three party depositions are concluded, and continuing the October 15, 2026 last date to hear motions

as to dispositive motions to December 17, 2026, or such other date as the Court deems appropriate, so that any dispositive motion is decided on a complete record; and

**4.** Preserving all remaining dates, including the February 2, 2027 trial date and the January 7, 2027 Final Pretrial Conference.

Additionally and in the alternative, Woodside requests that the Court, as a matter of case management under Rule 16, directly order the Elias Defendants to produce the thirty-two (32) categories of documents they committed in writing to produce upon entry of a protective order, and to serve verifications for their interrogatory answers, within fourteen (14) days.

The Motion is made on the grounds that good cause exists under Rule 16(b)(4). Woodside diligently pursued discovery and reasonably relied on (i) the Elias Defendants' express written commitments to produce documents upon entry of a protective order and (ii) this Court's order that, by the discovery cut-off, "responses to previously served written discovery requests must be provided." Woodside promptly satisfied the Elias Defendants' stated condition by stipulating to a protective order, which the Court entered on May 18, 2026 (Dkt. 35). The Elias Defendants nonetheless produced nothing before the July 9, 2026 non-expert discovery cut-off.

The need to modify the scheduling order thsus arises from the Elias Defendants' non-compliance with their own representations and this Court's order — not from any lack of diligence by Woodside. *See FeedMe Trading LLC v. My Fish Stop LLC*, No. CV 23-08857-MWF (JCx), 2024 WL 5257016, at *2–4 (C.D. Cal. Oct. 10, 2024) (granting relief under Rule 16(b)(4) where the responding party's discovery responses were a "bait-and-switch" and led the movant reasonably to believe that documents would be produced and the refusal came "for the first time" only after the discovery cut-off had passed). Good cause is independently established by the Elias Defendants' announcement, by email dated August 21, 2026, that they intend to move for summary judgment on all

claims: under settled Ninth Circuit law, summary judgment may not be entered where the non-moving party has been denied the opportunity to obtain evidence essential to its opposition — here, the very documents, verifications, and depositions the Elias Defendants have withheld. (Neri Decl. ¶ 17 & Ex. H.)

The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Geoffrey A. Neri ("Neri Decl.") and the exhibits thereto, the [Proposed] Order lodged concurrently herewith, all pleadings and records on file in this action, and such further evidence and argument as may be presented at or before the hearing.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place by telephone on August 13, 2026 between the undersigned counsel for Woodside and Benjamin S. Levine of the Law Offices of Dale K. Galipo, counsel of record for the Elias Defendants. During the conference, Woodside described the Motion and the relief sought. Counsel for the Elias Defendants stated that he had not yet discussed the matter in detail with Mr. Galipo, who had returned from abroad that day, that he would need to confer with the client, and that he anticipated the Elias Defendants would not agree to modify the Scheduling Order — citing a purported lack of diligence — but would confirm their position. No further substantive response to this Motion was received; instead, on August 21, 2026, counsel for the Elias Defendants advised by email that the Elias Defendants "intend to move for summary judgment on all claims alleged against them." As of the filing of this Motion, the parties have not resolved the dispute. (Neri Decl. ¶¶ 15–17.)

Respectfully submitted,

**DATED:** August 24, 2026

**BROWN NERI SMITH & KHAN LLP**

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri
Attorneys for Plaintiff
WOODSIDE CREDIT, LLC