Geoffrey Neri (SBN 258802)
Geoff@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

WOODSIDE CREDIT, LLC, a California limited liability company,

Plaintiff,

vs.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**DECLARATION OF GEOFFREY A. NERI IN SUPPORT OF PLAINTIFF WOODSIDE CREDIT, LLC'S MOTION TO MODIFY THE SCHEDULING ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16(b)(4)**

*[Filed concurrently with Notice of Motion and Motion; and [Proposed] Order]*

Date: September 24, 2026
Time: 10:00 a.m.
Crtrm.: 10A
Judge: Hon. Fred W. Slaughter

Complaint Filed: Sept. 22, 2025
Trial Date: February 2, 2027

**DECLARATION OF GEOFFREY A. NERI**

I, Geoffrey A. Neri, declare as follows:

1. I am an attorney admitted to practice before this Court and all courts of the State of California, and I am a partner of Brown Neri Smith & Khan LLP, counsel of record for Plaintiff Woodside Credit, LLC ("Woodside") in this action. I make this declaration in support of Woodside's Motion to Modify the Scheduling Order Pursuant to Federal Rule of Civil Procedure 16(b)(4) (the "Motion"). I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently to them.

2. This action asserts claims for fraud, aiding and abetting fraud, conspiracy, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and violations of 18 U.S.C. § 1962(c) and (d) arising out of a scheme in which Woodside's former Assistant Vice President, Defendant Alexander G. Ramos, steered repossessed vehicles to Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc. (the "Elias Defendants") while directing forty-eight checks and wires totaling $1,419,803 to them through a Montana title agent. (Dkt. 1 ¶¶ 35–43 & Exs. A–B.) The documentary evidence of the Elias Defendants' knowledge, agreement, and receipt and use of those funds — their bank and deposit records, vehicle purchase and resale files, and communications with Ramos and the Montana agent — is in the Elias Defendants' possession.

3. Counsel for the parties jointly prepared and filed the parties' Joint Rule 26(f) Report and schedule worksheet, and on January 6, 2026 the Court entered its Scheduling Order (Dkt. 26), setting, among other dates, a non-expert discovery cut-off of July 9, 2026, a last date to hear motions of October 15, 2026, a Final Pretrial Conference on January 7, 2027, and trial on February 2, 2027.

4. On March 25, 2026, Woodside served each of the three Elias Defendants, by electronic service, with Woodside's Interrogatories (Set One) (25 interrogatories per

defendant), Requests for Production of Documents (Set One) (25 requests per defendant), and Requests for Admission (Set One) (30 requests per defendant) — nine sets in all, served eleven weeks after entry of the Scheduling Order and more than three months before the non-expert discovery cut-off. True and correct copies of the three sets of Requests for Production, together with the electronic-service notification reflecting service of all nine sets, are attached hereto, collectively, as **Exhibit A**. Responses were due April 24, 2026.

5. On April 21, 2026, at 2:09 p.m., Mr. Levine emailed me "to request a 21-day extension to respond to these discovery requests on behalf of Defendants Elias, Pope, and Classic Motors." I granted the request nineteen minutes later, asking only that counsel be available that week for a brief meet-and-confer call regarding case status. The extension Woodside granted made the Elias Defendants' responses due May 15, 2026. A true and correct copy of that April 21, 2026 email exchange is attached hereto as **Exhibit B**.

6. On May 15, 2026 — the final day of the extended period Woodside had granted — the Elias Defendants served nine sets of written responses, each signed only by their counsel of record. True and correct copies of those responses, together with the accompanying proof of service, are attached hereto, collectively, as **Exhibit C**. No documents accompanied the responses. No verification by any of the Elias Defendants accompanied the interrogatory answers, and none has been served to date.

7. In thirty-two (32) of their seventy-five responses to Woodside's Requests for Production, the Elias Defendants stated: "Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order." Those responses are: **Elias RFP Nos. 1, 3, 4, 6, 10, 11, 16, 21, 23, 24, and 25; Classic Motors RFP Nos. 1, 2, 4, 5, 7, 13, 15, 17, 21, 23, 24, and 25; and Pope RFP Nos. 1, 4, 7, 8, 9, 16, 21, 22, and 23**. (Ex. C.) The subjects of those thirty-

two requests include, among other things, the Elias Defendants' communications with Ramos, their vehicle purchase and resale documents, documents concerning the "Refund" payments identified in Exhibit B to the Complaint, Classic Motors' formation and governance documents, appraisal records, dealer licensing records, and the documents identified in their own Rule 26(a) initial disclosures.

8. The Elias Defendants' May 15, 2026 responses also refused to answer eighteen to twenty of the twenty-five interrogatories propounded to each defendant on the asserted ground that the sets exceeded the numerical limit of Federal Rule of Civil Procedure 33(a)(1), and responded to Woodside's Requests for Admission with, among other formulations, statements that the responding party was still "conducting a diligent search and reasonable inquiry." Woodside disputes the propriety of those responses; they are the subject of the meet-and-confer correspondence described below and of relief Woodside intends to pursue before the assigned Magistrate Judge if it is permitted to do so.

9. On May 11, 2026, Mr. Levine circulated a proposed stipulated protective order on behalf of the Elias Defendants. On May 13, 2026, I responded approving the draft for filing. On the morning of May 15, 2026, defense counsel's office advised that the stipulation would be filed that day. A true and correct copy of that email correspondence is attached hereto as **Exhibit D**. The Court entered the Stipulated Protective Order on May 18, 2026. (Dkt. 35.) The sole condition the Elias Defendants had placed on their thirty-two promised productions was therefore satisfied three days after their responses were served and nearly two months before the non-expert discovery cut-off.

10. In reliance on the Elias Defendants' thirty-two written commitments to produce, and on the Scheduling Order's requirement that responses to previously served written discovery be provided by the cut-off, I planned to take the depositions of Mr. Elias, Ms. Pope, and a Rule 30(b)(6) designee of Classic Motors after receiving and

reviewing the promised document production, so that each witness could be examined once, efficiently, on the documents — their bank and deposit records, transaction files, and communications — rather than in an evidentiary vacuum requiring second sessions.

11. The Elias Defendants have never produced a document in this action. As of the date of this declaration, Woodside has received from them no documents, no privilege log, and no interrogatory verifications. Woodside, for its part, served its written responses to the Elias Defendants' discovery and produced documents on June 15, 2026.

12. During the same period, my office also prosecuted the claims against Defendant Ramos: Ramos was personally served on January 8, 2026; the Clerk entered his default on February 5, 2026 (Dkt. 31); and my office monitored his parallel criminal case, *United States v. Ramos*, No. 8:25-cr-00106-FWS, in which the Court entered a final order of forfeiture on July 7, 2026, and prepared Woodside's motion for default judgment against him.

13. When the promised production did not arrive, I escalated promptly. On August 3, 2026, I sent Mr. Levine a detailed conference-of-counsel letter pursuant to Local Rule 37-1 identifying each deficiency in the nine response sets, demanding the promised production and the missing verifications, and setting out the relief Woodside would seek; on August 4, 2026, I re-served the letter in corrected form. True and correct copies of the August 3 and August 4, 2026 letters are attached hereto as **Exhibits E** and **F**, respectively.

14. On August 11, 2026, Mr. Levine responded by email, taking the position that because fact discovery closed on July 9, 2026, Woodside's letter was untimely and the Elias Defendants had no obligation to confer, citing the Court's Order Setting Rule 26(f) Scheduling Conference (Dkt. 21). I replied the same day. In a further email that evening, Mr. Levine agreed to confer on August 13, 2026. True and correct copies of that August 11, 2026 email exchange are attached hereto as **Exhibit G**.

15. On August 13, 2026, at approximately 1:30 p.m., I conferred with Mr. Levine by telephone. At the outset of the call I designated the conference as a conference of counsel under Local Rule 37-1 with respect to the discovery deficiencies and under Local Rule 7-3 with respect to this Motion, and I described the motion Woodside intended to bring: a motion under Rule 16(b)(4) to modify the Scheduling Order to permit Woodside to obtain the documents the Elias Defendants had represented they would produce upon entry of a protective order, and to file a discovery motion on the outstanding issues. Mr. Levine stated that he had not yet had a chance to discuss the matter in any meaningful detail with Mr. Galipo, who had returned from abroad that day; that Mr. Galipo would need to discuss it with the client; that he anticipated the Elias Defendants “would not be able to agree to a continuance of the scheduling order deadlines,” with the “main rationale” being “a lack of diligence”; and that he would provide any clarification of the Elias Defendants’ position by the following day or the following Monday. I responded that Woodside did not want to delay because the Court would consider how quickly it acted upon discovering the need for a modification, and asked for the Elias Defendants’ position as soon as possible.

16. The Elias Defendants never provided the promised follow-up or any substantive response to the relief described on the August 13 call.

17. Instead, on August 21, 2026, at 2:40 p.m., Mr. Levine emailed me, copying Mr. Galipo, stating: “Defendants Fadi Elias, Jennifer Pope, and Classic Motor, Inc. intend to move for summary judgment on all claims alleged against them. This email is to request to meet and confer regarding the anticipated motion.” A true and correct copy of that email is attached hereto as **Exhibit H**.

18. Under the Scheduling Order, a motion for summary judgment must be filed at least six weeks before the hearing, and the last date to hear motions is October 15, 2026

— meaning the Elias Defendants' announced motion must be filed by approximately September 3, 2026, with Woodside's opposition due two weeks after filing. (Dkt. 26.) Woodside cannot fairly oppose summary judgment on its fraud, conspiracy, and RICO claims without the discovery described above. The facts Woodside expects the withheld materials to establish include, without limitation: the deposit of each of the forty-eight Montana Agent "Refund" checks and wires into accounts owned or controlled by the Elias Defendants and the disposition of those funds; the purchase prices, resale prices, and profits on the Exhibit A vehicles, including the four vehicles for which no sale proceeds were ever remitted; the Elias Defendants' contemporaneous communications with Ramos and the Montana agent bearing on their knowledge of the scheme and agreement to participate in it; and the identity of accounts, signatories, and transfers among the Elias Defendants. These facts exist — the Elias Defendants admitted possession of responsive materials and committed in writing to produce them — and they are essential to demonstrate genuine disputes of material fact in opposition to the announced motion. They are also facts solely within the Elias Defendants' possession, custody, or control, which Woodside cannot obtain by other means.

19. Woodside has not previously requested any modification of the Scheduling Order, and no prior extensions of the dates at issue have been sought or granted. The relief requested by the Motion preserves the February 2, 2027 trial date and the January 7, 2027 Final Pretrial Conference.

20. The Motion is brought in good faith and not for purposes of delay; its purpose is to obtain discovery the Elias Defendants long ago committed in writing to provide, and to ensure that any dispositive motion in this action is decided on a complete record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 24, 2026, at Los Angeles, California.

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri

# EXHIBIT A

GEOFFREY A. NERI (SBN 258802)
Geoff@bnsklaw.com
BROWN, NERI, SMITH & KHAN, LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025-0389
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability corporation,<br>Plaintiff,<br>v.<br>ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,<br>Defendants. | Case No. 8:25-cv-02146-FWS-JDE<br><br>**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CLASSIC MOTORS, INC., SET ONE**<br><br>Complaint Filed: September 22, 2025 |

**PROPOUNDING PARTY:** PLAINTIFF WOODSIDE CREDIT, LLC

**RESPONDING PARTY:** DEFENDANT CLASSIC MOTORS, INC.

**SET NO.:** ONE

Plaintiff Woodside Credit, LLC ("Woodside" or "Plaintiff"), by and through its attorneys of record, Brown Neri & Smith LLP, hereby requests that Defendant Classic Motors, Inc. ("Classic Motors") produce and permit the inspection and copying of the following documents and categories of documents within thirty (30) days after service hereof, at the offices of Brown Neri & Smith LLP, 11601 Wilshire Blvd., Ste. 2080, Los Angeles, California 90025, or at such other time and place as may be mutually agreed upon by the parties, pursuant to Federal Rule of Civil Procedure 34.

## DEFINITIONS

As used herein, the following terms shall have the meanings set forth below:

1. **"ACTION"** means the above-captioned action, Woodside Credit, LLC v. Alexander G. Ramos, et al., Case No. 8:25-cv-02146-FWS-JDE, pending in the United States District Court for the Central District of California.

2. **"COMPLAINT"** means the Complaint filed by Plaintiff in this ACTION on September 22, 2025.

3. **"COMMUNICATION" or "COMMUNICATIONS"** means every manner or means of disclosure, transfer, or exchange of information, whether oral, written, or electronic, including but not limited to conversations, discussions, correspondence, letters, emails, text messages, instant messages, social media messages, voicemails, memoranda, notes, and any other form of transmission of information between two or more persons.

4. **"DOCUMENT" or "DOCUMENTS"** shall have the broadest meaning ascribed to it under Federal Rule of Civil Procedure 34(a), and includes all writings, drawings, graphs, charts, photographs, recordings, electronically stored information ("ESI"), and other data compilations from which information can be

obtained, including but not limited to: correspondence, memoranda, notes, emails, text messages, instant messages, social media posts or messages, calendar entries, invoices, receipts, contracts, agreements, financial records, bank statements, canceled checks, wire transfer records, ledgers, spreadsheets, reports, presentations, photographs, recordings, and metadata associated with any of the foregoing.

5. **"IDENTIFY" (as to a person)** means to state the person's full name, present or last known residential address, present or last known business address, telephone number, email address, and present or last known employer and job title.

6. **"IDENTIFY" (as to a document)** means to state the nature or type of document, date, author(s), recipient(s), subject matter, and present location and custodian of the document.

7. **"PERSON"** means any natural person, firm, partnership, association, corporation, limited liability company, trust, or any other business or legal entity.

8. **"RAMOS"** means Defendant Alexander G. Ramos.

9. **"ELIAS"** means Defendant Fadi Elias.

10. **"POPE"** means Defendant Jennifer Pope.

11. **"CLASSIC MOTORS"** means Defendant Classic Motors, Inc.

12. **"ELIAS DEFENDANTS"** means, collectively, Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.

13. **"MONTANA AGENT"** means Agent for Montana Titles, Inc., a Montana Domestic Profit Corporation, and/or Amy Fisher.

14. **"WOODSIDE" or "PLAINTIFF"** means Plaintiff Woodside Credit, LLC.

15. **"PARTNER BANKS"** means any Federal or State regulated Community Bank that purchased loans originated by Woodside, as described in the Complaint.

16. **"VEHICLE" or "VEHICLES"** means any automobile(s) purchased by or on behalf of any of the Elias Defendants from Woodside or any of the Partner

Banks, as described in the Complaint and Exhibits A and B thereto.

17. **"REFUND" or "REFUNDS"** means any payment(s) made by or through the Montana Agent, or any other person or entity at the direction of Ramos, to any of the Elias Defendants, as described in the Complaint.

18. **"RELATING TO" or "RELATING"** means referring to, regarding, concerning, evidencing, constituting, reflecting, describing, discussing, analyzing, mentioning, identifying, or in any way pertaining to the subject matter referenced.

19. **"YOU" or "YOUR"** means Defendant Classic Motors, Inc.

## INSTRUCTIONS

1. In responding to these Requests, YOU are to produce all responsive DOCUMENTS that are in YOUR possession, custody, or control, or in the possession, custody, or control of YOUR attorneys, agents, employees, representatives, or any other PERSON acting on YOUR behalf.

2. If any DOCUMENT responsive to a Request is withheld on the basis of a claim of privilege, provide a privilege log that identifies: (a) the date of the DOCUMENT; (b) the author(s) and recipient(s); (c) the general subject matter; (d) the type of DOCUMENT; (e) the specific privilege claimed; and (f) the factual basis for the claim of privilege.

3. If any DOCUMENT responsive to a Request has been lost, destroyed, or is otherwise no longer in YOUR possession, custody, or control, state: (a) the nature of the DOCUMENT; (b) the date it was lost or destroyed; (c) the circumstances under which it was lost or destroyed; (d) the identity of each PERSON having knowledge of such loss or destruction; and (e) whether any copies exist and, if so, their location.

4. Documents should be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the Requests.

5. If YOU object to any part of a Request, produce all DOCUMENTS responsive to the remaining parts of that Request to which YOU do not object.

6. Electronically stored information should be produced in its native format or in a reasonably usable form, including all metadata.

7. These Requests are continuing in character so as to require YOU to produce supplemental documents if YOU obtain further or different documents before trial, in accordance with Federal Rule of Civil Procedure 26(e).

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO the formation and organization of CLASSIC MOTORS, including but not limited to articles of incorporation, articles of organization, bylaws, operating agreements, shareholder agreements, partnership agreements, organizational meeting minutes, and any amendments thereto.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO any COMMUNICATION between CLASSIC MOTORS or any of its principals, officers, employees, or agents, and RAMOS, from January 1, 2017 to the present, including but not limited to emails, text messages, instant messages, social media messages, letters, notes, and voicemail recordings or transcriptions.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING TO any COMMUNICATION between CLASSIC MOTORS or any of its principals, officers, employees, or agents, and the MONTANA AGENT or Amy Fisher, from January 1, 2017 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING TO the purchase of each VEHICLE identified in Exhibit A to the Complaint, including but not limited to purchase agreements, bills of sale, invoices, wire transfer confirmations, check copies (front and back), title documents, odometer statements, vehicle condition reports, and any correspondence or communications regarding the purchase of each such VEHICLE.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS RELATING TO the resale of each VEHICLE identified in Exhibit A to the Complaint, including but not limited to sales agreements, bills of sale, invoices, advertisements or listings (including online listings), title transfer documents, odometer statements, vehicle condition reports, and any correspondence or communications regarding the resale of each such VEHICLE.

**REQUEST FOR PRODUCTION NO. 6:**

All bank account statements for every bank account held in the name of CLASSIC MOTORS, or in which CLASSIC MOTORS had a beneficial interest, from January 1, 2022 to the present, at any financial institution, including but not limited to checking accounts, savings accounts, money market accounts, and investment accounts.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO each REFUND payment identified in Exhibit B to the Complaint made payable to CLASSIC MOTORS, including but not limited to copies of checks (front and back), wire transfer confirmations, deposit slips, and any correspondence or communications regarding the purpose or disposition of each such payment.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between CLASSIC MOTORS and RAMOS from January 1, 2017 to the present, including but not limited to checks, wire transfers, cash deposits, Venmo, Zelle, PayPal, or any other method of payment or money transfer.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between CLASSIC MOTORS and ELIAS from January 1, 2022 to the present, including but not limited to distributions, draws, salary payments, reimbursements, and any other payments.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between CLASSIC MOTORS and POPE from January 1, 2022 to the present.

**REQUEST FOR PRODUCTION NO. 11:**

All financial records of CLASSIC MOTORS from January 1, 2022 to the present, including but not limited to general ledgers, profit and loss statements, balance sheets, accounts receivable records, accounts payable records, cash receipts journals, cash disbursements journals, and any accounting software records or exports.

**REQUEST FOR PRODUCTION NO. 12:**

CLASSIC MOTORS' federal and state income tax returns (including all schedules, K-1s, and supporting documentation) for tax years 2022, 2023, 2024, and 2025.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATING TO the following four VEHICLES identified in Exhibit A to the Complaint for which neither Woodside nor its PARTNER BANKS received any sale proceeds — the 1972 Chevrolet Chevelle, the 2019 Rolls Royce, the 2005 Rolls Royce Wraith, and the 2020 Mercedes G Class — including but not limited to title documents, bills of sale, purchase agreements, correspondence, and any documents reflecting the current location, status, or disposition of each such VEHICLE.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATING TO any agreement, understanding, or arrangement between CLASSIC MOTORS and RAMOS regarding the purchase or resale of VEHICLES from Woodside or the PARTNER BANKS, or the sharing of profits from such purchases or resales.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATING TO any automotive dealer license, broker license, or similar permit held by CLASSIC MOTORS in any state from the date of

formation to the present, including applications, licenses, renewals, and any correspondence with licensing authorities.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING TO any contact or communication between CLASSIC MOTORS and any law enforcement agency, including but not limited to the Federal Bureau of Investigation, the United States Attorney's Office, the Newport Beach Police Department, or any state or local law enforcement agency, regarding the matters alleged in the Complaint, including any statements, reports, interview notes, subpoenas, and correspondence.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO or supporting any of CLASSIC MOTORS' affirmative defenses asserted in the Answer filed on November 6, 2025, including but not limited to the First through Twelfth Affirmative Defenses.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO any insurance policy held by CLASSIC MOTORS that may provide coverage for any of the claims asserted in this ACTION, or that may provide indemnification for any judgment entered against CLASSIC MOTORS in this ACTION.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO any COMMUNICATION between CLASSIC MOTORS or any of its principals, officers, employees, or agents, and any Woodside employee (other than RAMOS) regarding any VEHICLE purchase, sale, or transaction at issue in this ACTION.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS RELATING TO any COMMUNICATION between CLASSIC MOTORS or any of its principals, officers, employees, or agents, and any PARTNER BANK regarding any VEHICLE purchase, sale, or transaction at issue in this ACTION.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATING TO any appraisal, valuation, or assessment of any VEHICLE identified in Exhibit A to the Complaint, obtained by or on behalf of CLASSIC MOTORS at any time.

**REQUEST FOR PRODUCTION NO. 22:**

All photographs, videos, or other visual recordings of any VEHICLE identified in Exhibit A to the Complaint, taken at any time while any such VEHICLE was in the possession, custody, or control of CLASSIC MOTORS.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS identified or referenced in CLASSIC MOTORS' responses to Plaintiff's Interrogatories to Defendant Classic Motors, Inc., Set One.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS identified or referenced in the Elias Defendants' Rule 26(a) Initial Disclosures filed on January 15, 2026, including all "proof of payments for vehicles and related documents."

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS RELATING TO any COMMUNICATION between CLASSIC MOTORS or any of its principals and any third-party buyer or dealer regarding the resale of any VEHICLE identified in Exhibit A to the Complaint, including but not limited to negotiations, offers, counteroffers, and closing documents.

//

DATED: March 25, 2026

**BROWN, NERI, SMITH & KHAN LLP**

By: Geoffrey A. Neri
Geoffrey A. Neri

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**PROOF OF SERVICE**
***WOODSIDE CREDIT, LLC v. ALEXANDER G. RAMOS, et al.***
**Case No. 8:25-cv-02146-FWS-JDE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am over 18 years of age and not a party to this action. I am employed in Los Angeles County, California. My business address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, CA 90025.

On March 25, 2026, I caused the following,

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CLASSIC MOTORS, INC., SET ONE**

to be served by electronic transmission to the address below:

**SEE ATTACHED SERVICE LIST**

**VIA EMAIL/ ELECTRONIC TRANSMISSION:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, I served the following persons and/or entities by email/electronic transmission.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 25, 2026, at Los Angeles, California.

Olivia Jaramillo

**SERVICE LIST**

***WOODSIDE CREDIT, LLC v. ALEXANDER G. RAMOS, et al.***

**Case No. 8:25-cv-02146-FWS-JDE**

| | |
|---|---|
| Dale K. Galipo<br>dalekgalipo@yahoo.com<br>LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Blvd., Suite 310<br>Woodland Hills, CA 91367<br>Tel: (818) 347-3333<br>Fax: (818) 347-4118 | Attorneys for Defendant(s)<br>FADI ELIAS, JENNIFER POPE, and CLASSIC MOTORS, INC. |

GEOFFREY A. NERI (SBN 258802)
Geoff@bnsklaw.com
BROWN, NERI, SMITH & KHAN, LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025-0389
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02146-FWS-JDE<br><br>**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FADI ELIAS, SET ONE**<br><br>Complaint Filed: September 22, 2025 |

**PROPOUNDING PARTY:** PLAINTIFF WOODSIDE CREDIT, LLC
**RESPONDING PARTY:** DEFENDANT FADI ELIAS
**SET NO.:** ONE

Plaintiff Woodside Credit, LLC ("Woodside" or "Plaintiff"), by and through its attorneys of record, Brown Neri & Smith LLP, hereby requests that Defendant Fadi Elias ("Elias") produce and permit the inspection and copying of the following documents and categories of documents within thirty (30) days after service hereof, at the offices of Brown Neri & Smith LLP, 11601 Wilshire Blvd., Ste. 2080, Los Angeles, California 90025, or at such other time and place as may be mutually agreed upon by the parties, pursuant to Federal Rule of Civil Procedure 34.

## DEFINITIONS

As used herein, the following terms shall have the meanings set forth below:

1. **"ACTION"** means the above-captioned action, Woodside Credit, LLC v. Alexander G. Ramos, et al., Case No. 8:25-cv-02146-FWS-JDE, pending in the United States District Court for the Central District of California.

2. **"COMPLAINT"** means the Complaint filed by Plaintiff in this ACTION on September 22, 2025.

3. **"COMMUNICATION" or "COMMUNICATIONS"** means every manner or means of disclosure, transfer, or exchange of information, whether oral, written, or electronic, including but not limited to conversations, discussions, correspondence, letters, emails, text messages, instant messages, social media messages, voicemails, memoranda, notes, and any other form of transmission of information between two or more persons.

4. **"DOCUMENT" or "DOCUMENTS"** shall have the broadest meaning ascribed to it under Federal Rule of Civil Procedure 34(a), and includes all writings, drawings, graphs, charts, photographs, recordings, electronically stored information ("ESI"), and other data compilations from which information can be obtained, including but not limited to: correspondence, memoranda, notes, emails,

text messages, instant messages, social media posts or messages, calendar entries, invoices, receipts, contracts, agreements, financial records, bank statements, canceled checks, wire transfer records, ledgers, spreadsheets, reports, presentations, photographs, recordings, and metadata associated with any of the foregoing.

5. **"IDENTIFY" (as to a person)** means to state the person's full name, present or last known residential address, present or last known business address, telephone number, email address, and present or last known employer and job title.

6. **"IDENTIFY" (as to a document)** means to state the nature or type of document, date, author(s), recipient(s), subject matter, and present location and custodian of the document.

7. **"PERSON"** means any natural person, firm, partnership, association, corporation, limited liability company, trust, or any other business or legal entity.

8. **"RAMOS"** means Defendant Alexander G. Ramos.

9. **"ELIAS"** means Defendant Fadi Elias.

10. **"POPE"** means Defendant Jennifer Pope.

11. **"CLASSIC MOTORS"** means Defendant Classic Motors, Inc.

12. **"ELIAS DEFENDANTS"** means, collectively, Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.

13. **"MONTANA AGENT"** means Agent for Montana Titles, Inc., a Montana Domestic Profit Corporation, and/or Amy Fisher.

14. **"WOODSIDE" or "PLAINTIFF"** means Plaintiff Woodside Credit, LLC.

15. **"PARTNER BANKS"** means any Federal or State regulated Community Bank that purchased loans originated by Woodside, as described in the Complaint.

16. **"VEHICLE" or "VEHICLES"** means any automobile(s) purchased by or on behalf of any of the Elias Defendants from Woodside or any of the Partner Banks, as described in the Complaint and Exhibits A and B thereto.

17. **"REFUND" or "REFUNDS"** means any payment(s) made by or through the Montana Agent, or any other person or entity at the direction of Ramos, to any of the Elias Defendants, as described in the Complaint.

18. **"RELATING TO" or "RELATING"** means referring to, regarding, concerning, evidencing, constituting, reflecting, describing, discussing, analyzing, mentioning, identifying, or in any way pertaining to the subject matter referenced.

19. **"YOU" or "YOUR"** means Defendant Fadi Elias, individually.

## INSTRUCTIONS

1. In responding to these Requests, YOU are to produce all responsive DOCUMENTS that are in YOUR possession, custody, or control, or in the possession, custody, or control of YOUR attorneys, agents, employees, representatives, or any other PERSON acting on YOUR behalf.

2. If any DOCUMENT responsive to a Request is withheld on the basis of a claim of privilege, provide a privilege log that identifies: (a) the date of the DOCUMENT; (b) the author(s) and recipient(s); (c) the general subject matter; (d) the type of DOCUMENT; (e) the specific privilege claimed; and (f) the factual basis for the claim of privilege.

3. If any DOCUMENT responsive to a Request has been lost, destroyed, or is otherwise no longer in YOUR possession, custody, or control, state: (a) the nature of the DOCUMENT; (b) the date it was lost or destroyed; (c) the circumstances under which it was lost or destroyed; (d) the identity of each PERSON having knowledge of such loss or destruction; and (e) whether any copies exist and, if so, their location.

4. Documents should be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the Requests.

5. If YOU object to any part of a Request, produce all DOCUMENTS responsive to the remaining parts of that Request to which YOU do not object.

6. Electronically stored information should be produced in its native

format or in a reasonably usable form, including all metadata.

7. These Requests are continuing in character so as to require YOU to produce supplemental documents if YOU obtain further or different documents before trial, in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and RAMOS from January 1, 2017 to the present, including but not limited to emails, text messages, instant messages, social media messages, letters, notes, and voicemail recordings or transcriptions.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and the MONTANA AGENT or Amy Fisher from January 1, 2017 to the present.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING TO the purchase of each VEHICLE identified in Exhibit A to the Complaint, including but not limited to purchase agreements, bills of sale, invoices, wire transfer confirmations, check copies (front and back), title documents, and any correspondence or communications regarding the purchase of each such VEHICLE.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING TO the resale of each VEHICLE identified in Exhibit A to the Complaint, including but not limited to sales agreements, bills of sale, invoices, advertisements or listings, title transfer documents, and any correspondence or communications regarding the resale of each such VEHICLE.

**REQUEST FOR PRODUCTION NO. 5:**

All bank account statements for every bank account in YOUR name, or in which YOU had signatory authority or a beneficial interest, from January 1, 2022 to the present, at any financial institution, including but not limited to checking

accounts, savings accounts, money market accounts, and investment accounts.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO each REFUND payment identified in Exhibit B to the Complaint made payable to YOU, including but not limited to copies of checks (front and back), wire transfer confirmations, deposit slips, and any correspondence or communications regarding the purpose or disposition of each such payment.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between YOU and RAMOS from January 1, 2017 to the present, including but not limited to checks, wire transfers, cash deposits, Venmo, Zelle, PayPal, or any other method of payment or money transfer.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between YOU and POPE from January 1, 2022 to the present, including but not limited to checks, wire transfers, and electronic payments.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between YOU and CLASSIC MOTORS from January 1, 2022 to the present, including but not limited to checks, wire transfers, distributions, draws, and electronic payments.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO YOUR ownership interest in, employment with, or affiliation with CLASSIC MOTORS, including but not limited to articles of incorporation, operating agreements, bylaws, shareholder agreements, partnership agreements, employment agreements, tax returns (federal and state) of CLASSIC MOTORS from 2022 to 2025, and any documents reflecting YOUR role, title, or authority at CLASSIC MOTORS.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATING TO the following four VEHICLES identified in Exhibit A to the Complaint for which neither Woodside nor its PARTNER BANKS received any sale proceeds — the 1972 Chevrolet Chevelle, the 2019 Rolls Royce, the 2005 Rolls Royce Wraith, and the 2020 Mercedes G Class — including but not limited to title documents, bills of sale, purchase agreements, correspondence, and any documents reflecting the current location, status, or disposition of each such VEHICLE.

**REQUEST FOR PRODUCTION NO. 12:**

YOUR federal and state income tax returns, including all schedules, W-2s, 1099s, and K-1s, for tax years 2022, 2023, 2024, and 2025.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATING TO any agreement, understanding, or arrangement between YOU and RAMOS regarding the purchase or resale of VEHICLES from Woodside or the PARTNER BANKS, or the sharing of profits from such purchases or resales.

//

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATING TO any agreement, understanding, or arrangement between YOU and any of the other ELIAS DEFENDANTS regarding the purchase or resale of VEHICLES from Woodside or the PARTNER BANKS.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATING TO any contact or communication between YOU and any law enforcement agency, including but not limited to the Federal Bureau of Investigation, the United States Attorney's Office, the Newport Beach Police Department, or any state or local law enforcement agency, regarding the matters alleged in the Complaint, including any statements, reports, interview notes, subpoenas, grand jury materials (to the extent not prohibited by law), and

correspondence.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING TO or supporting any of YOUR affirmative defenses asserted in the Answer filed on November 6, 2025, including but not limited to YOUR First through Twelfth Affirmative Defenses.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO any insurance policy that may provide coverage for any of the claims asserted in this ACTION, or that may provide indemnification for any judgment entered against YOU in this ACTION.

**REQUEST FOR PRODUCTION NO. 18:**

All photographs, videos, or other visual recordings of any VEHICLE identified in Exhibit A to the Complaint, taken at any time.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and any Woodside employee (other than RAMOS) regarding any VEHICLE purchase, sale, or transaction at issue in this ACTION.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and any PARTNER BANK regarding any VEHICLE purchase, sale, or transaction at issue in this ACTION.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATING TO any appraisal, valuation, or assessment of any VEHICLE identified in Exhibit A to the Complaint, obtained by or on behalf of YOU at any time.

**REQUEST FOR PRODUCTION NO. 22:**

All cell phone records, including call logs and text message logs (with content if available), for all phone numbers used by YOU from January 1, 2022 to the present, to the extent such records reflect COMMUNICATIONS with RAMOS, the

MONTANA AGENT, POPE, or any PARTNER BANK.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS identified or referenced in YOUR responses to Plaintiff's Interrogatories to Defendant Fadi Elias, Set One.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS identified or referenced in the Elias Defendants' Rule 26(a) Initial Disclosures filed on January 15, 2026, including all "proof of payments for vehicles and related documents."

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS RELATING TO any automotive dealer license, broker license, or similar permit held by YOU individually or through any business entity from January 1, 2022 to the present.

DATED: March 25, 2026

**BROWN, NERI, SMITH & KHAN LLP**

By: Geoffrey A. Neri
Geoffrey A. Neri

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**PROOF OF SERVICE**

***WOODSIDE CREDIT, LLC v. ALEXANDER G. RAMOS, et al.***

**Case No. 8:25-cv-02146-FWS-JDE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am over 18 years of age and not a party to this action. I am employed in Los Angeles County, California. My business address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, CA 90025.

On March 25, 2026, I caused the following,

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FADI ELIAS, SET ONE**

to be served by electronic transmission to the address below:

**SEE ATTACHED SERVICE LIST**

**VIA EMAIL/ ELECTRONIC TRANSMISSION:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, I served the following persons and/or entities by email/electronic transmission.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 25, 2026, at Los Angeles, California.

Olivia Jaramillo

# SERVICE LIST

***WOODSIDE CREDIT, LLC v. ALEXANDER G. RAMOS, et al.***

**Case No. 8:25-cv-02146-FWS-JDE**

| | |
|---|---|
| Dale K. Galipo<br>dalekgalipo@yahoo.com<br>LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Blvd., Suite 310<br>Woodland Hills, CA 91367<br>Tel: (818) 347-3333<br>Fax: (818) 347-4118 | Attorneys for Defendant(s)<br>FADI ELIAS, JENNIFER POPE, and CLASSIC MOTORS, INC. |

GEOFFREY A. NERI (SBN 258802)
Geoff@bnsklaw.com
BROWN, NERI, SMITH & KHAN, LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025-0389
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

WOODSIDE CREDIT, LLC, a California limited liability corporation,

Plaintiff,

v.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNIFER POPE, SET ONE**

Complaint Filed: September 22, 2025

**PROPOUNDING PARTY:** PLAINTIFF WOODSIDE CREDIT, LLC

**RESPONDING PARTY:** DEFENDANT JENNIFER POPE

**SET NO.:** ONE

Plaintiff Woodside Credit, LLC ("Woodside" or "Plaintiff"), by and through its attorneys of record, Brown Neri & Smith LLP, hereby requests that Defendant Jennifer Pope ("Pope") produce and permit the inspection and copying of the following documents and categories of documents within thirty (30) days after service hereof, at the offices of Brown Neri & Smith LLP, 11601 Wilshire Blvd., Ste. 2080, Los Angeles, California 90025, or at such other time and place as may be mutually agreed upon by the parties, pursuant to Federal Rule of Civil Procedure 34.

## DEFINITIONS

As used herein, the following terms shall have the meanings set forth below:

1. **"ACTION"** means the above-captioned action, Woodside Credit, LLC v. Alexander G. Ramos, et al., Case No. 8:25-cv-02146-FWS-JDE, pending in the United States District Court for the Central District of California.

2. **"COMPLAINT"** means the Complaint filed by Plaintiff in this ACTION on September 22, 2025.

3. **"COMMUNICATION" or "COMMUNICATIONS"** means every manner or means of disclosure, transfer, or exchange of information, whether oral, written, or electronic, including but not limited to conversations, discussions, correspondence, letters, emails, text messages, instant messages, social media messages, voicemails, memoranda, notes, and any other form of transmission of information between two or more persons.

4. **"DOCUMENT" or "DOCUMENTS"** shall have the broadest meaning ascribed to it under Federal Rule of Civil Procedure 34(a), and includes all writings, drawings, graphs, charts, photographs, recordings, electronically stored information ("ESI"), and other data compilations from which information can be obtained, including but not limited to: correspondence, memoranda, notes, emails,

text messages, instant messages, social media posts or messages, calendar entries, invoices, receipts, contracts, agreements, financial records, bank statements, canceled checks, wire transfer records, ledgers, spreadsheets, reports, presentations, photographs, recordings, and metadata associated with any of the foregoing.

5. **"IDENTIFY" (as to a person)** means to state the person's full name, present or last known residential address, present or last known business address, telephone number, email address, and present or last known employer and job title.

6. **"IDENTIFY" (as to a document)** means to state the nature or type of document, date, author(s), recipient(s), subject matter, and present location and custodian of the document.

7. **"PERSON"** means any natural person, firm, partnership, association, corporation, limited liability company, trust, or any other business or legal entity.

8. **"RAMOS"** means Defendant Alexander G. Ramos.

9. **"ELIAS"** means Defendant Fadi Elias.

10. **"POPE"** means Defendant Jennifer Pope.

11. **"CLASSIC MOTORS"** means Defendant Classic Motors, Inc.

12. **"ELIAS DEFENDANTS"** means, collectively, Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.

13. **"MONTANA AGENT"** means Agent for Montana Titles, Inc., a Montana Domestic Profit Corporation, and/or Amy Fisher.

14. **"WOODSIDE" or "PLAINTIFF"** means Plaintiff Woodside Credit, LLC.

15. **"PARTNER BANKS"** means any Federal or State regulated Community Bank that purchased loans originated by Woodside, as described in the Complaint.

16. **"VEHICLE" or "VEHICLES"** means any automobile(s) purchased by or on behalf of any of the Elias Defendants from Woodside or any of the Partner Banks, as described in the Complaint and Exhibits A and B thereto.

17. **"REFUND" or "REFUNDS"** means any payment(s) made by or through the Montana Agent, or any other person or entity at the direction of Ramos, to any of the Elias Defendants, as described in the Complaint.

18. **"RELATING TO" or "RELATING"** means referring to, regarding, concerning, evidencing, constituting, reflecting, describing, discussing, analyzing, mentioning, identifying, or in any way pertaining to the subject matter referenced.

19. **"YOU" or "YOUR"** means Defendant Jennifer Pope, individually.

## INSTRUCTIONS

1. In responding to these Requests, YOU are to produce all responsive DOCUMENTS that are in YOUR possession, custody, or control, or in the possession, custody, or control of YOUR attorneys, agents, employees, representatives, or any other PERSON acting on YOUR behalf.

2. If any DOCUMENT responsive to a Request is withheld on the basis of a claim of privilege, provide a privilege log that identifies: (a) the date of the DOCUMENT; (b) the author(s) and recipient(s); (c) the general subject matter; (d) the type of DOCUMENT; (e) the specific privilege claimed; and (f) the factual basis for the claim of privilege.

3. If any DOCUMENT responsive to a Request has been lost, destroyed, or is otherwise no longer in YOUR possession, custody, or control, state: (a) the nature of the DOCUMENT; (b) the date it was lost or destroyed; (c) the circumstances under which it was lost or destroyed; (d) the identity of each PERSON having knowledge of such loss or destruction; and (e) whether any copies exist and, if so, their location.

4. Documents should be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the Requests.

5. If YOU object to any part of a Request, produce all DOCUMENTS responsive to the remaining parts of that Request to which YOU do not object.

6. Electronically stored information should be produced in its native

format or in a reasonably usable form, including all metadata.

7. These Requests are continuing in character so as to require YOU to produce supplemental documents if YOU obtain further or different documents before trial, in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and RAMOS from January 1, 2017 to the present, including but not limited to emails, text messages, instant messages, social media messages, letters, notes, and voicemail recordings or transcriptions.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and the MONTANA AGENT or Amy Fisher from January 1, 2017 to the present.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING TO the check dated February 8, 2024 in the amount of $35,000 made payable to YOU from the MONTANA AGENT, as identified in Exhibit B to the Complaint, including but not limited to the check itself (front and back), deposit slips, bank statements reflecting the deposit, and any correspondence or communications regarding this payment.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING TO any other payment, check, wire transfer, or monetary transfer YOU received, directly or indirectly, from or through RAMOS, the MONTANA AGENT, CLASSIC MOTORS, or any other PERSON in connection with the VEHICLE transactions at issue in this ACTION.

**REQUEST FOR PRODUCTION NO. 5:**

All bank account statements for every bank account in YOUR name, or in which YOU had signatory authority or a beneficial interest, from January 1, 2022 to the present, at any financial institution, including but not limited to checking

accounts, savings accounts, money market accounts, and investment accounts.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO YOUR relationship with ELIAS, including but not limited to any marriage certificate, domestic partnership registration, prenuptial or postnuptial agreements, and any agreements regarding joint finances, joint property, or shared business interests.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO YOUR ownership interest in, employment with, or affiliation with CLASSIC MOTORS, including but not limited to articles of incorporation, operating agreements, bylaws, shareholder agreements, partnership agreements, employment agreements, and any documents reflecting YOUR role, title, or authority at CLASSIC MOTORS.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO the purchase of any VEHICLE identified in Exhibit A to the Complaint in which YOU participated or of which YOU had knowledge, including but not limited to purchase agreements, bills of sale, invoices, wire transfer confirmations, check copies, title documents, and any correspondence regarding such purchases.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO the resale of any VEHICLE identified in Exhibit A to the Complaint in which YOU participated or of which YOU had knowledge, including but not limited to sales agreements, bills of sale, invoices, advertisements or listings, title transfer documents, and any correspondence regarding such resales.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between YOU and RAMOS from January 1, 2017 to the present, including but not limited to checks, wire transfers, cash transactions, Venmo, Zelle, PayPal, or any

other method of payment or money transfer.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between YOU and ELIAS from January 1, 2022 to the present, to the extent such transfers relate to the VEHICLES, REFUNDS, or transactions at issue in this ACTION.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between YOU and CLASSIC MOTORS from January 1, 2022 to the present.

**REQUEST FOR PRODUCTION NO. 13:**

YOUR federal and state income tax returns, including all schedules, W-2s, 1099s, and K-1s, for tax years 2022, 2023, 2024, and 2025.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATING TO any agreement, understanding, or arrangement between YOU and RAMOS, YOU and ELIAS, and/or YOU and CLASSIC MOTORS regarding the purchase or resale of VEHICLES from Woodside or the PARTNER BANKS, or the sharing of profits from such purchases or resales.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATING TO any contact or communication between YOU and any law enforcement agency, including but not limited to the Federal Bureau of Investigation, the United States Attorney's Office, the Newport Beach Police Department, or any state or local law enforcement agency, regarding the matters alleged in the Complaint, including any statements, reports, interview notes, subpoenas, and correspondence.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING TO or supporting any of YOUR affirmative defenses asserted in the Answer filed on November 6, 2025, including but not

limited to YOUR First through Twelfth Affirmative Defenses.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO any insurance policy that may provide coverage for any of the claims asserted in this ACTION, or that may provide indemnification for any judgment entered against YOU in this ACTION.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and any Woodside employee (other than RAMOS) regarding any VEHICLE purchase, sale, or transaction at issue in this ACTION.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and any PARTNER BANK regarding any VEHICLE purchase, sale, or transaction at issue in this ACTION.

**REQUEST FOR PRODUCTION NO. 20:**

All cell phone records, including call logs and text message logs (with content if available), for all phone numbers used by YOU from January 1, 2022 to the present, to the extent such records reflect COMMUNICATIONS with RAMOS, the MONTANA AGENT, ELIAS, or any PARTNER BANK.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS identified or referenced in YOUR responses to Plaintiff's Interrogatories to Defendant Jennifer Pope, Set One.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS identified or referenced in the Elias Defendants' Rule 26(a) Initial Disclosures filed on January 15, 2026, including all "proof of payments for vehicles and related documents."

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATING TO the following four VEHICLES identified in Exhibit A to the Complaint for which neither Woodside nor its PARTNER

BANKS received any sale proceeds — the 1972 Chevrolet Chevelle, the 2019 Rolls Royce, the 2005 Rolls Royce Wraith, and the 2020 Mercedes G Class — including but not limited to title documents, bills of sale, purchase agreements, correspondence, and any documents reflecting the current location, status, or disposition of each such VEHICLE.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS RELATING TO any automotive dealer license, broker license, or similar permit held by YOU individually or through any business entity from January 1, 2022 to the present.

**REQUEST FOR PRODUCTION NO. 25:**

All photographs, videos, or other visual recordings of any VEHICLE identified in Exhibit A to the Complaint, taken at any time while any such VEHICLE was in YOUR possession, custody, or control, or in the possession of ELIAS or CLASSIC MOTORS.

DATED: March 25, 2026

**BROWN, NERI, SMITH & KHAN LLP**

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**PROOF OF SERVICE**
***WOODSIDE CREDIT, LLC v. ALEXANDER G. RAMOS, et al.***
**Case No. 8:25-cv-02146-FWS-JDE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am over 18 years of age and not a party to this action. I am employed in Los Angeles County, California. My business address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, CA 90025.

On March 25, 2026, I caused the following,

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNIFER POPE, SET ONE**

to be served by electronic transmission to the address below:

**SEE ATTACHED SERVICE LIST**

**VIA EMAIL/ ELECTRONIC TRANSMISSION:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, I served the following persons and/or entities by email/electronic transmission.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 25, 2026, at Los Angeles, California.

Olivia Jaramillo

**SERVICE LIST**

***WOODSIDE CREDIT, LLC v. ALEXANDER G. RAMOS, et al.***

**Case No. 8:25-cv-02146-FWS-JDE**

| | |
|---|---|
| Dale K. Galipo<br>dalekgalipo@yahoo.com<br>LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Blvd., Suite 310<br>Woodland Hills, CA 91367<br>Tel: (818) 347-3333<br>Fax: (818) 347-4118 | Attorneys for Defendant(s)<br>FADI ELIAS, JENNIFER POPE, and CLASSIC MOTORS, INC. |

## Order Confirmation for WOODSIDE CREDIT, LLC v. RAMOS, ALEXANDER G, Case # 8:25-cv-02146-FWS-JDE

**From** donotreply@proceed.mail.legalconnect.com
**Date** Wed 3/25/2026 4:03 PM
**To** Geoff Neri <geoff@bnsklaw.com>; Olivia Jaramillo <olivia@bnsklaw.com>
**Subject** Order Confirmation for WOODSIDE CREDIT, LLC v. RAMOS, ALEXANDER G, Case # 8:25-cv-02146-FWS-JDE

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

eService Order Confirmation

This confirms Proceed has received your eService order to file the following document(s):

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT CLASSIC MOTORS, INC., SET ONE;**
**PLAINTIFF'S INTERROGATORIES TO DEFENDANT FADI ELIAS, SET ONE;**
**PLAINTIFF'S INTERROGATORIES TO DEFENDANT JENNIFER POPE, SET ONE;**
**PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT CLASSIC MOTORS, INC., SET ONE;**
**PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT FADI ELIAS, SET ONE;**
**PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT JENNIFER POPE, SET ONE;**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CLASSIC MOTORS, INC., SET ONE;**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FADI ELIAS, SET ONE;**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNIFER POPE, SET ONE**

Proceed will electronically send notice to the following Party(s):

**Levine Benjamin,** blevine@galipolaw.com

Should you have any questions, please contact Customer Support at (800) 366-5445, email rloperations@proceedlegal.com or you can log in and manage your cases and orders at https://proceed.legalconnect.com

Thank you for using Proceed.

Order(s): 14361469

Billing Code: 388

This automated message is being sent by Proceed Legal Inc. It is intended exclusively for the individuals and/or entities to which it is addressed. This communication including any links or attachments, may contain information that is proprietary, confidential, privileged or otherwise exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate any part of this message, or any part of any links or attachments thereto. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message and attachments from your records.

© 2026 Proceed Legal Inc. All Rights Reserved.
15345 Fairfield Ranch Rd, Suite 200, Chino Hills CA, 91709

# EXHIBIT B

Outlook

## RE: eService Notice for WOODSIDE CREDIT, LLC v. RAMOS, ALEXANDER G; 8:25-cv-02146-FWS-JDE

**From** Geoff Neri <geoff@bnsklaw.com>
**Date** Tue 4/21/2026 2:28 PM
**To** Benjamin Levine <blevine@galipolaw.com>
**Cc** Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>; Andrew Purdy <andrew@bnsklaw.com>

Ben – That's' fine provided you are available this week for a brief meet-and-confer call re case status. Thanks, Geoff

---

**From:** Benjamin Levine <blevine@galipolaw.com>
**Sent:** Tuesday, April 21, 2026 2:09 PM
**To:** Geoff Neri <geoff@bnsklaw.com>
**Cc:** Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>; Andrew Purdy <andrew@bnsklaw.com>
**Subject:** FW: eService Notice for WOODSIDE CREDIT, LLC v. RAMOS, ALEXANDER G; 8:25-cv-02146-FWS-JDE

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good afternoon Geoff,

I am writing to request a 21-day extension to respond to these discovery requests on behalf of Defendants Elias, Pope, and Classic Motors. Please let me know if this will work.

Best,
Ben Levine

**Benjamin S. Levine, Associate Attorney** | **The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118 | Email: blevine@galipolaw.com
www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

---

**From:** donotreply@proceed.mail.legalconnect.com <donotreply@proceed.mail.legalconnect.com>
**Sent:** Wednesday, March 25, 2026 4:03 PM
**To:** Benjamin Levine <blevine@galipolaw.com>
**Subject:** eService Notice for WOODSIDE CREDIT, LLC v. RAMOS, ALEXANDER G; 8:25-cv-02146-FWS-JDE

## eService Delivery Notification

This electronic message is to notify you on behalf of **Brown, Neri, Smith & Kahn, LLP**

The following document(s) are being served:

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT CLASSIC MOTORS, INC., SET ONE**
**PLAINTIFF'S INTERROGATORIES TO DEFENDANT FADI ELIAS, SET ONE**
**PLAINTIFF'S INTERROGATORIES TO DEFENDANT JENNIFER POPE, SET ONE**
**PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT CLASSIC MOTORS, INC., SET ONE**
**PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT FADI ELIAS, SET ONE**
**PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT JENNIFER POPE, SET ONE**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CLASSIC MOTORS, INC., SET ONE**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FADI ELIAS, SET ONE**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNIFER POPE, SET ONE**

To retrieve documents, please click this link: **eService Notification.**

Should you have any questions, please contact Customer Support at 1-800-366-5445, email operations@proceedlegal.com or for more information visit proceed.legalconnect.com

Thank you for using Proceed Legal.

Order(s): **14361469**

Billing Code: **388**

This automated message is being sent by Proceed Legal, Inc. It is intended exclusively for the individuals and/or entities to which it is addressed. This communication including any links or attachments, may contain information that is proprietary, confidential, privileged or otherwise exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate any part of this message, or any part of any links or attachments thereto. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message and attachments from your records.

© 2026 Proceed Legal Inc. All Rights Reserved.
15345 Fairfield Ranch Road, Suite 200, Chino Hills, CA 91709
Contact Us Privacy Policy Terms of Service

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

# EXHIBIT C

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02146-FWS-JDE<br><br>**DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC's INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY: Plaintiff Woodside Credit, LLC

RESPONDING PARTY: Defendant Fadi Elias

SET NUMBER: One (1)

**PRELIMINARY STATEMENT**

Responding Party has not fully completed an investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed trial preparation. All of the answers contained herein are based only upon such information and documents which are presently available to, and specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The following interrogatory responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall. Responding Party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this responding party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party. Responding Party incorporates the above preliminary statement into each and every response set forth below.

/ / /

/ / /

**DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S INTERROGATORIES, SET ONE**

**INTERROGATORY NO. 1:**

IDENTIFY YOURSELF fully, including YOUR full legal name, all aliases or other names by which YOU have been known, YOUR date of birth, YOUR current residential address, and all residential addresses at which YOU have resided from January 1, 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 1:**

OBJECTION. Responding Party objects that this Interrogatory infringes upon Responding Party's right to privacy.

Without waiving said objections, Responding Party responds as follows: Fadi George Elias; May 1, 1960; 24418 N. 85th St. Scottsdale, AZ 85255.

**INTERROGATORY NO. 2:**

State the nature and duration of YOUR relationship with RAMOS, including when YOU first met or became acquainted with RAMOS, the circumstances under which YOU met, and describe every business or personal interaction YOU have had with RAMOS from 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 2:**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (2) the nature and duration of Responding Party's relationship with RAMOS, including when Responding Party first met or became acquainted

with RAMOS, the circumstances under which Responding Party met; and (3) a description of every interaction Responding Party has had with RAMOS from 2017 to the present. Responding Party further objects that, as phrased, the request is also overbroad and unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

Response to Interrogatory No. 2:

Responding Party has known Alexander Ramos, through Woodside Credit, since approximately mid 2021 when Classic Motors acquired its first vehicle through Woodside Credit. Responding Party was given Ramos's information from Scott Steckel, who was Responding Party's loan representative at Woodside Credit, after Responding Party inquired about purchasing vehicles.

Response to Interrogatory No. 3:

Responding Party communicated with Alexander Ramos from time to time regarding vehicle purchases.

**INTERROGATORY NO. 4 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 3):**

State the nature and duration of YOUR relationship with POPE, including whether YOU are married to or in a domestic partnership with POPE, and describe any joint financial accounts, business interests, or other financial arrangements between YOU and POPE.

**RESPONSE TO INTERROGATORY NO. 4 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 3):**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that

precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (4) the nature and duration of Responding Party's relationship with POPE, including whether Responding Party is married to or in a domestic partnership with POPE, the date of any marriage or partnership; and (5) a description of all joint financial accounts, business interests, or other financial arrangements between Responding Party and POPE. Responding Party further objects that this Interrogatory infringes upon Responding Party's right to privacy, marital privilege, and marital communications. As phrased, the request is also overbroad and unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

Response to Interrogatory No. 4:

Responding Party has been married to Jennifer Pope for 23 years.

Response to Interrogatory No. 5:

Responding Party declines to answer based on the objections asserted.

**INTERROGATORY NO. 6 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 4):**

State the nature of YOUR relationship with CLASSIC MOTORS, including YOUR ownership interest (if any), YOUR role, title, or position, the dates of YOUR involvement, and describe all duties and responsibilities YOU have performed on behalf of CLASSIC MOTORS from its formation to the present.

**RESPONSE TO INTERROGATORY NO. 6 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 4):**

OBJECTION. Responding Party objects that, as phrased, the request is overbroad and unduly burdensome.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Responding Party has been the President of Classic Motor

Inc. from its creation until now. Responsibilities include purchasing vehicles, selling vehicles, researching vehicles for purchase, vehicle repairs, handling calls, signing checks for purchases, paying bills, logistics.

**INTERROGATORY NO. 7 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 5):**

For each VEHICLE identified in Exhibit A to the Complaint that YOU purchased from Woodside or any PARTNER BANK, state: (a) the date of purchase; (b) the purchase price paid; (c) the source of the funds used to pay the purchase price; (d) the manner in which payment was made (e.g., wire transfer, check, cash); and (e) the bank account(s) from which such funds were drawn, identified by financial institution, account number, and account holder name.

**RESPONSE TO INTERROGATORY NO. 7 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 5):**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (7) for the 2019 Bentley Bentayga, the date of purchase; (8) for the 2019 Bentley Bentayga, the purchase price paid; (9) for the 2019 Bentley Bentayga, the source of the funds used to pay the purchase price; (10) for the 2019 Bentley Bentayga, the manner in which payment was made (e.g., wire transfer, check, cash); (11) for the 2019 Bentley Bentayga, the bank account(s) from which such funds were drawn, identified by financial institution, account number, and account holder name; (12) for the 2015 Mercedes G Class, the date of purchase; (13) for the 2015 Mercedes G Class, the purchase price paid; (14) for the 2015

Mercedes G Class, the source of the funds used to pay the purchase price; (15) for the 2015 Mercedes G Class, the manner in which payment was made (e.g., wire transfer, check, cash); (16) for the 2015 Mercedes G Class, the bank account(s) from which such funds were drawn, identified by financial institution, account number, and account holder name; (17) for the 1970 Dodge Dart, the date of purchase; (18) for the 1970 Dodge Dart, the purchase price paid; (19) for the 1970 Dodge Dart, the source of the funds used to pay the purchase price; (20) for the 1970 Dodge Dart, the manner in which payment was made (e.g., wire transfer, check, cash); (21) for the 1970 Dodge Dart, the bank account(s) from which such funds were drawn, identified by financial institution, account number, and account holder name; (22) for the 2013 Bentley Continental, the date of purchase; (23) for the 2013 Bentley Continental, the purchase price paid; (24) for the 2013 Bentley Continental, the source of the funds used to pay the purchase price; (25) for the 2013 Bentley Continental, the manner in which payment was made (e.g., wire transfer, check, cash); and so forth, continuing beyond the 25 Interrogatory limit. Responding Party reserves the right to subsequently enumerate additional subparts of this Interrogatory as necessary. Responding Party further objects that, as phrased, the request is also overbroad and unduly burdensome. Responding Party objects that this Interrogatory infringes upon Responding Party's right to privacy.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

Response to Interrogatory No. 7:

March 23, 2023.

Response to Interrogatory No. 8:

$80,000.

Response to Interrogatory No. 9:

Classic Motor Inc.

Response to Interrogatory No. 10:

Check.

Response to Interrogatory No. 11:

Wells Fargo.

Response to Interrogatory No. 12:

June 28, 2023.

Response to Interrogatory No. 13:

$55,000.

Response to Interrogatory No. 14:

Classic Motor Inc.

Response to Interrogatory No. 15:

Check.

Response to Interrogatory No. 16:

Wells Fargo.

Response to Interrogatory No. 17:

October 11, 2023.

Response to Interrogatory No. 18:

$7,000.

Response to Interrogatory No. 19:

Classic Motor Inc.

Response to Interrogatory No. 20:

Check.

Response to Interrogatory No. 21:

Wells Fargo.

Response to Interrogatory No. 22:

October 20, 2023.

Response to Interrogatory No. 23:

$61,500.

Response to Interrogatory No. 24:

Classic Motor Inc.

Response to Interrogatory No. 25:

Wells Fargo.

(Additional subparts omitted. Responding Party reserves the right to subsequently identify additional subparts in this Interrogatory as necessary.)

**INTERROGATORY NO. 26 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 6):**

For each VEHICLE identified in YOUR response to Interrogatory No. 5, state: (a) whether YOU resold the VEHICLE; (b) if resold, the date of resale, the identity of the buyer, and the resale price; (c) the profit or loss realized on each resale; and (d) whether any portion of the proceeds or profits from any such resale was shared with, paid to, or transferred to RAMOS or any other PERSON, and if so, IDENTIFY each such PERSON and state the amount paid or transferred.

**RESPONSE TO INTERROGATORY NO. 26 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 6):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 27 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 7):**

For each REFUND payment identified in Exhibit B to the Complaint made payable to YOU, CLASSIC MOTORS, or POPE, state: (a) whether YOU received such payment; (b) the bank account into which each such payment was deposited, identified by financial institution, account number, and account holder name; (c) the purpose for which each payment was received, as YOU understood it at the time;

s and (d) what, if anything, RAMOS told YOU about the reason for each such payment.

**RESPONSE TO INTERROGATORY NO. 27 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 7):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 28 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 8):**

Describe in detail all communications YOU had with RAMOS regarding the purchase of VEHICLES from Woodside or the PARTNER BANKS, including but not limited to: (a) how RAMOS first proposed or offered to sell VEHICLES to YOU; (b) how purchase prices were determined or negotiated; (c) what RAMOS told YOU about the process by which VEHICLES were being sold; and (d) what RAMOS told YOU about Woodside's role in the sale of the VEHICLES.

**RESPONSE TO INTERROGATORY NO. 28 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 8):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 29 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 9):**

You are alleged to have admitted that RAMOS told YOU that Woodside wanted the PARTNER BANKS to believe that automobiles were selling for higher

prices than what they would actually sell for (Complaint, ¶40). State whether YOU made such a statement, and if so: (a) to whom YOU made the statement; (b) when and where the statement was made; (c) the full substance of the statement; and (d) explain in detail what RAMOS told YOU and when he told YOU this.

**RESPONSE TO INTERROGATORY NO. 29 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 9):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 30 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 10):**

State all facts upon which YOU base YOUR Eleventh Affirmative Defense (Fraudulent Inducement by Others), including: (a) IDENTIFY each PERSON who allegedly induced YOUR conduct through fraudulent means; (b) describe each alleged fraudulent representation made to YOU; (c) state when and how each such representation was communicated to YOU; and (d) explain why YOU believed each such representation to be true.

**RESPONSE TO INTERROGATORY NO. 30 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 10):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 31 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 11):**

State all facts upon which YOU base YOUR Twelfth Affirmative Defense (Misrepresentation and Concealment by Others), including: (a) IDENTIFY the material misrepresentations allegedly made to YOU; (b) IDENTIFY the material details allegedly concealed from YOU; (c) IDENTIFY each PERSON who madeuch misrepresentations or concealed such details; and (d) describe the circumstances under which such misrepresentations were made or concealment occurred.

**RESPONSE TO INTERROGATORY NO. 31 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 11):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 32 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 12):**

IDENTIFY all bank accounts in YOUR name, or in which YOU had signatory authority or a beneficial interest, from January 1, 2022 to the present, including the name of the financial institution, the account number, the type of account, and the names of all persons with signatory authority on each account.

**RESPONSE TO INTERROGATORY NO. 32 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 12):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any

additional subparts in this Interrogatory.

**INTERROGATORY NO. 33 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 13):**

State whether YOU had any prior dealings with Woodside before the first VEHICLE purchase identified in Exhibit A to the Complaint, and if so, describe the nature and extent of those dealings, including any prior vehicle purchases from or through Woodside.

**RESPONSE TO INTERROGATORY NO. 33 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 13):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 34 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 14):**

Describe all communications YOU had with the MONTANA AGENT, including: (a) whether YOU ever communicated directly with the MONTANA AGENT; (b) if so, IDENTIFY the dates, method, and substance of each such communication; and (c) YOUR understanding of the MONTANA AGENT's role in the transactions at issue in this ACTION.

**RESPONSE TO INTERROGATORY NO. 34 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 14):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 35 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 15):**

State whether YOU or CLASSIC MOTORS maintained any written records, including but not limited to invoices, bills of sale, titles, receipts, text messages, emails, or other correspondence, relating to the purchase and/or resale of any VEHICLE at issue in this ACTION, and IDENTIFY all such DOCUMENTS.

**RESPONSE TO INTERROGATORY NO. 35 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 15):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 36 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 16):**

Describe the circumstances surrounding the purchase of the 2022 Aston Martin Vantage on or about February 9, 2024 for $136,000, including: (a) how YOU became aware the VEHICLE was available for purchase; (b) all communications with RAMOS regarding this purchase; (c) the source of funds used for the purchase; and (d) YOUR understanding of why a REFUND totaling $71,000 was paid to YOU and POPE in connection with this transaction.

**RESPONSE TO INTERROGATORY NO. 36 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 16):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 37 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 17):**

Describe the circumstances surrounding the purchase of the 2021 Rolls Royce Ghost on or about June 13, 2024 for $245,000, including: (a) how YOU became aware the VEHICLE was available for purchase; (b) all communications with RAMOS regarding this purchase; (c) the source of funds used for the purchase; and (d) what, if any, REFUND was received in connection with this transaction.

**RESPONSE TO INTERROGATORY NO. 37 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 17):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 38 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 18):**

With respect to the following four VEHICLES identified in Exhibit A to the Complaint for which neither Woodside nor its PARTNER BANKS received any sale proceeds — the 1972 Chevrolet Chevelle, the 2019 Rolls Royce, the 2005 Rolls Royce Wraith, and the 2020 Mercedes G Class — state: (a) whether YOU took possession of each such VEHICLE; (b) the current location and status of each such VEHICLE; (c) whether YOU or anyone acting on YOUR behalf purchased, sold, transferred, or otherwise disposed of each such VEHICLE, and if so, the date, manner, and price of any such transaction; (d) the source and amount of any funds paid in connection with each such VEHICLE; and (e) all facts known to YOU regarding the disposition of each such VEHICLE.

**RESPONSE TO INTERROGATORY NO. 38 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 18):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 39 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 19):**

State all facts supporting YOUR Second Affirmative Defense (Assumption of Risk), including IDENTIFYING the specific risks that YOU contend Plaintiff assumed and explaining how Plaintiff's conduct constituted an assumption of such risks.

**RESPONSE TO INTERROGATORY NO. 39 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 19):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 40 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 20):**

State all facts supporting YOUR Ninth Affirmative Defense (Unclean Hands), including IDENTIFYING the specific conduct by Plaintiff that YOU contend constitutes unclean hands and explaining how such conduct relates to the claims asserted in this ACTION.

**RESPONSE TO INTERROGATORY NO. 40 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 20):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 41 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 21):**

IDENTIFY all PERSONS who have knowledge of facts relevant to the allegations in the Complaint or YOUR defenses in this ACTION, and for each such PERSON, describe the subject matter of such knowledge.

**RESPONSE TO INTERROGATORY NO. 41 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 21):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 42 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 22):**

State whether YOU have been contacted by, interviewed by, or provided any statements to any law enforcement agency, including but not limited to the Federal Bureau of Investigation, the United States Attorney's Office, or any state or local law enforcement agency, in connection with the matters alleged in the Complaint, and if so, state the dates of such contacts and the identity of the agency and agents involved.

**RESPONSE TO INTERROGATORY NO. 42 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 22):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 43 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 23):**

State YOUR total gross income for each calendar year from 2022 through 2025, and IDENTIFY all sources of income during that period, including but not limited to income from the resale of VEHICLES.

**RESPONSE TO INTERROGATORY NO. 43 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 23):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 44 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 24):**

State whether YOU have ever been convicted of or pleaded guilty or no contest to any criminal offense, including any felony or misdemeanor, and if so, IDENTIFY the offense, the date of conviction or plea, the court, and the case number.

**RESPONSE TO INTERROGATORY NO. 44 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 24):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 45 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 25):**

IDENTIFY each PERSON who assisted YOU in preparing YOUR responses to these Interrogatories, and describe the nature of each such PERSON's assistance.

**RESPONSE TO INTERROGATORY NO. 45 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 25):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

Dated: May 15, 2026 LAW OFFICES OF DALE K. GALIPO

*/s/ Dale K. Galipo*
Dale K. Galipo
*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02146-FWS-JDE<br><br>**DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** |

PROPOUNDING PARTY: Plaintiff Woodside Credit, LLC

RESPONDING PARTY: Defendant Fadi Elias

SET NUMBER: One (1)

# PRELIMINARY STATEMENT

Responding Party has not fully completed an investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed trial preparation. All of the answers contained herein are based only upon such information and documents, which are presently available and specifically known to this Responding Party. The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which this Responding Party may later recall. Responding Party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this Responding Party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party.

The following general objections are made to each and every request for production and are deemed to be incorporated into the specific objection and response provided to each request for production:

1. Responding Party objects on the grounds that Responding Party has not completed Responding Party's factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Responding Party as well as his present analysis of the case. However, information that may be responsive to the Requests may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Responding Party reserves the right to amend and/or supplement Responding Party's responses as and when additional information is discovered. Additionally, because Responding Party's responses are based upon information that Responding Party recalls and has identified to date, they do not

preclude Responding Party from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

1. Responding Party objects to the Requests for Production to the extent that they seek irrelevant information and information that is not reasonably calculated to lead to the discovery of admissible evidence.

2. Responding Party objects to the Requests for Production to the extent that they are over-broad and unduly burdensome.

3. Responding Party objects to the Requests for Production to the extent that they are vague and ambiguous and phrased so as to require Responding Party to speculate concerning the meaning intended by Paintiff.

4. Responding Party objects to the Requests for Production to the extent that they call for information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or other applicable privileges and protections.

5. Inadvertent disclosure of confidential, private or privileged information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Responding Party's right to object to the use of such information.

6. Responding Party objects to the Requests for Production to the extent that they seek information that infringes upon the privacy rights of third parties.

7. Responding Party objects to the Requests for Production to the extent that they seek information protected by Responding Party's right to privacy.

8. Responding Party objects to the Requests for Production to the extent that they seek information already in Plaintiff's possession.

Furthermore, these responses are given without prejudice to Responding Party's right to rely on, at any time, including trial, subsequently discovered information or information omitted from these responses as a result of mistake, error, oversight or inadvertence. These responses are made solely for the purpose of, and

in relation to, this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, authenticity and admissibility), which would require the exclusion of any statement or document contained or referenced herein, if it were made or presented by a witness present and testifying in Court. All such objections and grounds are therefore reserved and may be interposed at the time of trial.

**DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and RAMOS from January 1, 2017 to the present, including but not limited to emails, text messages, instant messages, social media messages, letters, notes, and voicemail recordings or transcriptions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and the MONTANA AGENT or Amy Fisher from January 1, 2017 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: None.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING TO the purchase of each VEHICLE identified in Exhibit A to the Complaint, including but not limited to purchase agreements, bills of sale, invoices, wire transfer confirmations, check copies (front and back), title documents, and any correspondence or communications regarding the purchase of each such VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING TO the resale of each VEHICLE identified in Exhibit A to the Complaint, including but not limited to sales agreements, bills of sale, invoices, advertisements or listings, title transfer documents, and any correspondence or communications regarding the resale of each such VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request may infringe upon the privacy rights of third parties.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 5:**

All bank account statements for every bank account in YOUR name, or in which YOU had signatory authority or a beneficial interest, from January 1, 2022 to the present, at any financial institution, including but not limited to checking accounts, savings accounts, money market accounts, and investment accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO each REFUND payment identified in Exhibit B to the Complaint made payable to YOU, including but not limited to copies of checks (front and back), wire transfer confirmations, deposit slips, and any correspondence or communications regarding the purpose or disposition of each such payment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request may infringe upon the privacy rights of third parties.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between YOU and RAMOS from January 1, 2017 to the present, including but not limited to checks, wire transfers, cash deposits, Venmo, Zelle, PayPal, or any other method of payment or money transfer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: None.

Discovery is ongoing, and Responding Party reserves the right to supplement

and amend this response.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between YOU and POPE from January 1, 2022 to the present, including but not limited to checks, wire transfers, and electronic payments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy. Responding Party further objects that the Request infringes upon spousal/marital privileges.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between YOU and CLASSIC MOTORS from January 1, 2022 to the present, including but not limited to checks, wire transfers, distributions, draws, and electronic payments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. :**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO YOUR ownership interest in, employment with, or affiliation with CLASSIC MOTORS, including but not limited

to articles of incorporation, operating agreements, bylaws, shareholder agreements, partnership agreements, employment agreements, tax returns (federal and state) of CLASSIC MOTORS from 2022 to 2025, and any documents reflecting YOUR role, title, or authority at CLASSIC MOTORS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's and/or other parties' right to privacy, including the right to privacy in tax information/returns.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATING TO the following four VEHICLES identified in Exhibit A to the Complaint for which neither Woodside nor its PARTNER BANKS received any sale proceeds — the 1972 Chevrolet Chevelle, the 2019 Rolls Royce, the 2005 Rolls Royce Wraith, and the 2020 Mercedes G Class — including but not limited to title documents, bills of sale, purchase agreements, correspondence, and any documents reflecting the current location, status, or disposition of each such VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request may infringe upon the privacy

rights of third parties.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 12:**

YOUR federal and state income tax returns, including all schedules, W-2s, 1099s, and K-1s, for tax years 2022, 2023, 2024, and 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy, including the right to privacy in tax information/returns.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATING TO any agreement, understanding, or arrangement between YOU and RAMOS regarding the purchase or resale of VEHICLES from Woodside or the PARTNER BANKS, or the sharing of profits from such purchases or resales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party

responds as follows: Responding Party is conducting a diligent search and reasonable inquiry in an effort to locate non-privileged or protected documents responsive to this Request, and will supplement this Response to provide such documents when they are obtained.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATING TO any agreement, understanding, or arrangement between YOU and any of the other ELIAS DEFENDANTS regarding the purchase or resale of VEHICLES from Woodside or the PARTNER BANKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: None.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATING TO any contact or communication between YOU and any law enforcement agency, including but not limited to the Federal Bureau of Investigation, the United States Attorney's Office, the Newport Beach Police Department, or any state or local law enforcement agency, regarding the matters alleged in the Complaint, including any statements, reports, interview notes, subpoenas, grand jury materials (to the extent not prohibited by law), and correspondence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: None.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING TO or supporting any of YOUR affirmative defenses asserted in the Answer filed on November 6, 2025, including but not limited to YOUR First through Twelfth Affirmative Defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO any insurance policy that may provide coverage for any of the claims asserted in this ACTION, or that may provide indemnification for any judgment entered against YOU in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party is conducting a diligent search and reasonable inquiry in an effort to locate non-privileged or protected documents responsive to this Request, and will supplement this Response to provide such documents when they are obtained.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 18:**

All photographs, videos, or other visual recordings of any VEHICLE identified in Exhibit A to the Complaint, taken at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party is conducting a diligent search and reasonable inquiry in an effort to locate non-privileged or protected documents responsive to this Request, and will supplement this Response to provide such documents when they are obtained.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and any Woodside employee (other than RAMOS) regarding any VEHICLE

purchase, sale, or transaction at issue in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party is conducting a diligent search and reasonable inquiry in an effort to locate non-privileged or protected documents responsive to this Request, and will supplement this Response to provide such documents when they are obtained.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and any PARTNER BANK regarding any VEHICLE purchase, sale, or transaction at issue in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: None.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATING TO any appraisal, valuation, or assessment of any VEHICLE identified in Exhibit A to the Complaint, obtained by or on behalf of YOU at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 22:**

All cell phone records, including call logs and text message logs (with content if available), for all phone numbers used by YOU from January 1, 2022 to the present, to the extent such records reflect COMMUNICATIONS with RAMOS, the MONTANA AGENT, POPE, or any PARTNER BANK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy. Responding Party further objects that the Request infringes upon spousal/marital privileges.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS identified or referenced in YOUR responses to Plaintiff's Interrogatories to Defendant Fadi Elias, Set One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, and unduly burdensome.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS identified or referenced in the Elias Defendants' Rule 26(a) Initial Disclosures filed on January 15, 2026, including all "proof of payments for vehicles and related documents."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, and unduly burdensome.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS RELATING TO any automotive dealer license, broker license, or similar permit held by YOU individually or through any business entity

from January 1, 2022 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, and unduly burdensome.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

Dated: May 15, 2026

LAW OFFICES OF DALE K. GALIPO

*/s/ Dale K. Galipo*
Dale K. Galipo
*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02146-FWS-JDE<br><br>**DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE** |

PROPOUNDING PARTY: Plaintiff Woodside Credit, LLC

RESPONDING PARTY: Defendant Fadi Elias

SET NUMBER: One (1)

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action and are made on the basis of information which is presently known by and available to Responding Party. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

Responding Party has not yet completed his investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed discovery in this action; and has not yet completed preparation for trial. Consequently, the following responses are given without prejudice to Responding Party's right to amend or supplement the responses herein at a later date. No admissions of any nature whatsoever are implied or should be inferred. Nothing herein should be construed as an admission or acceptance by this party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Responding Party reserves the right to continue the investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case. In addition, Responding Party reserves the right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through his continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

## GENERAL OBJECTIONS

1. Responding Party objects to the Requests for Admission, as a whole, to the extent that they request information that is protected from disclosure by the

attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity.

2. Responding Party objects to each Request for Admission to the extent that it seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of Responding Party's records, or to create a summary or compilation other than as maintained in the regular course of business. Responding Party further objects to each Request for Admission to the extent that it seeks to require Responding Party to provide information not in Responding Party's possession, custody or control.

3. Responding Party objects to each and every Requests for Admission to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Responding Party objects to each and every Requests for Admission to the extent that such discovery is overly broad, vague, and ambiguous.

5. Responding Party objects to each and every Requests for Admission to the extent that it seeks information already known by, or reasonably accessible to Plaintiffs, or facts that are solely within the knowledge and control of Plaintiff.

6. Responding Party objects on the grounds that Responding Party has not completed factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Responding Party as well as Responding Party's present analysis of the case. However, information that may be responsive may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Responding Party reserves the right to amend and/or supplement his responses as and when additional information is discovered. Additionally, because Responding Party's responses are based upon information that Responding Party recalls and has identified to date, they do not preclude Responding Party from relying on facts or

documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

**DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE**

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are an individual residing in the State of Arizona.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admit.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are married to Defendant Jennifer Pope.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admit.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU are an owner of Defendant Classic Motors, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admit.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU had the authority to make purchases on behalf of CLASSIC MOTORS at all times from January 1, 2022 to October 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "had the authority." Responding Party further objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU had the authority to receive payments on behalf of CLASSIC MOTORS at all times from January 1, 2022 to October 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "had the authority." Responding Party further objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU had a business relationship with RAMOS beginning no later than 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "business relationship with RAMOS."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that during the referenced time, Responding Party, on behalf of Classic Motors, purchased vehicles from or through Woodside Credit, via Alexander Ramos as its point of contact. Otherwise denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that RAMOS offered to sell YOU vehicles that had been repossessed by Woodside on behalf of its PARTNER BANKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "on behalf of its PARTNER BANKS" and as to time.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party

admits that during the referenced time, Responding Party, on behalf of Classic Motors, purchased vehicles from Woodside Credit, via Alexander Ramos as its point of contact. Responding Party is unable to admit or deny the remainder as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 8:**

Admit that RAMOS told YOU that Woodside wanted the PARTNER BANKS to believe that automobiles were selling for higher prices than what they would actually sell for.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to “than what they would actually sell for” and as to time.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU purchased a 2019 Bentley Bentayga from First Financial Northwest Bank for $80,000 on or about March 23, 2023.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Responding Party admits to paying the stated amount for the referenced vehicle on or about the referenced date. Responding Party lacks sufficient information to admit or deny which bank or other entity owned the loan on the referenced vehicle, and on that basis denies the remainder of the Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU purchased a 2022 Aston Martin Vantage from Ireland Bank for $136,000 on or about February 9, 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Responding Party admits to purchasing a 2022 Aston Martin Vantage. Responding Party lacks sufficient information to admit or deny which bank or other

entity owned the loan on the referenced vehicle, and on that basis denies the Request as to "from Ireland Bank." Otherwise denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU purchased a 2021 Rolls Royce Ghost from CWB for $245,000 on or about June 13, 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Responding Party admits to purchasing a 2021 Rolls Royce Ghost. Responding Party lacks sufficient information to admit or deny which bank or other entity owned the loan on the referenced vehicle, and on that basis denies the Request as to "from CWB." Otherwise denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU purchased a 2018 Rolls Royce Wraith from CWB for $200,000 on or about May 12, 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Responding Party admits to purchasing a 2018 Rolls Royce Wraith. Responding Party lacks sufficient information to admit or deny which bank or other entity owned the loan on the referenced vehicle, and on that basis denies the Request as to "from CWB." Otherwise denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Between March 23, 2023 and October 10, 2024, YOU or CLASSIC MOTORS purchased at least 21 VEHICLES from Woodside's PARTNER BANKS for a total of $1,801,000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

OBJECTION. Responding Party objects that this Request is compound.

Without waiving said objections, Responding Party responds as follows: Responding Party admits to purchasing approximately 21 vehicles from or through Woodside Credit during the referenced period. Responding Party lacks sufficient information to admit or deny which bank or other entity owned the loans on the

referenced vehicles, and on that basis denies the Request as to "from Woodside's PARTNER BANKS." Otherwise denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU received a check from the MONTANA AGENT dated March 15, 2023, in the amount of $11,465, made payable to Fadi Elias.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOU received a check from the MONTANA AGENT dated October 27, 2023, in the amount of $35,000, made payable to Fadi Elias.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Responding Party is conducting a diligent search and reasonable inquiry in an effort to gain information necessary to admit or deny this Request, and will supplement or amend this Response if necessary when such search and inquiry are complete. Responding Party presently lacks information necessary to enable Responding Party to admit or deny this Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Between March 15, 2023 and October 10, 2024, YOU, CLASSIC MOTORS, and POPE collectively received 48 checks and wires from the MONTANA AGENT totaling $1,419,803.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Responding Party is conducting a diligent search and reasonable inquiry in an effort to gain information necessary to admit or deny this Request, and will supplement or amend this Response if necessary when such search and inquiry are complete. Responding Party presently lacks information necessary to enable Responding Party to admit or deny this Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the checks YOU received from the MONTANA AGENT, as described in Exhibit B to the Complaint, listed "Refund" in the memo line.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "the checks."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that some of the referenced checks listed "Refund" in the memo line. Otherwise denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU knew that RAMOS was employed by Woodside at the time YOU purchased VEHICLES from Woodside's PARTNER BANKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to time.

Without waiving said objections, and to the extent that Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that, between 2022 and 2024, when Responding Party, on behalf of Classic Motors, purchased vehicles through Woodside Credit, Responding Party was aware that Alexander Ramos was employed by Woodside. Responding Party lacks sufficient information to admit or deny which bank or other entity owned the loans on the referenced vehicles, and on that basis denies the remainder of the Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU knew that RAMOS held the title of Assistant Vice President, Title & Risk Manager at Woodside.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to time.

Without waiving said objections, and to the extent that Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU understood that the payments YOU received from the MONTANA AGENT were funded, in whole or in part, by monies belonging to Woodside.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "funded, in whole or in part, by monies belonging to Woodside" and as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that Responding Party understood that the referenced payments were issued at Woodside's request, or at Alexander Ramos's request as an officer for Woodside on Woodside's behalf. Responding Party lacks sufficient information to admit or deny the remainder of the Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU did not disclose to Woodside or any PARTNER BANK that YOU were receiving payments from the MONTANA AGENT in connection with YOUR purchases of VEHICLES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "disclose to Woodside or any PARTNER BANK" and "in connection with YOUR purchases of VEHICLES," and as to time. Responding

Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 22:**

Admit that at no time did Woodside authorize RAMOS to direct the MONTANA AGENT to make payments to YOU, CLASSIC MOTORS, or POPE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

OBJECTION. Responding Party objects that this Request is compound.

Without waiving said objections, Responding Party responds as follows: Responding Party lacks sufficient information to admit or deny the Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU resold one or more of the VEHICLES identified in Exhibit A to the Complaint after purchasing them from Woodside's PARTNER BANKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

OBJECTION. Responding Party objects that the Request is vague and ambiguous as phrased as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that Responding Party resold one or more of the vehicles after purchasing them from or through Woodside Credit. Responding Party lacks sufficient information to admit or deny the remainder of the Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU earned a profit on the resale of one or more of the VEHICLES identified in Exhibit A to the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "earned a profit" and "from the resale of one or more of the VEHICLES …." Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that the 1972 Chevrolet Chevelle (Loan No. 427579), the 2019 Rolls Royce (Loan No. 434340), the 2005 Rolls Royce Wraith (Loan No. 305148), and the 2020 Mercedes G Class (Loan No. 383801), as identified in Exhibit A to the Complaint, were at some point in YOUR possession, custody, or control.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion. Responding Party objects that this Request is vague and ambiguous as phrased as to "possession, custody, or control." Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 26:**

Admit that this Court has personal jurisdiction over YOU with respect to the claims asserted in the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: This Request seeks the admission of non-factual matters that are not capable of being admitted or denied by Responding Party, and on that basis Responding Party denies.

**REQUEST FOR ADMISSION NO. 27:**

Admit that venue is proper in this judicial district with respect to the claims asserted in the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: This Request seeks the admission of non-factual matters that are not capable of being admitted or denied by Responding Party, and on that basis Responding Party denies.

**REQUEST FOR ADMISSION NO. 28:**

Admit that in connection with the purchase of VEHICLES from Woodside's PARTNER BANKS, YOU used the United States mail or interstate wire transfers to send or receive funds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "in connection with" and as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 29:**

Admit that in connection with the receipt of payments from the MONTANA AGENT, YOU used the United States mail or interstate wire transfers to receive funds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "in connection with" and as to time. Responding Party

further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Woodside has suffered damages as a result of the conduct described in the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO 30.:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion. Responding Party further objects that the Request is vague and ambiguous as phrased as to “suffered damages” and “as a result of the conduct described in the Complaint.”

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party lacks sufficient information to admit or deny the Request, and on that basis denies.

Dated: May 15, 2026

LAW OFFICES OF DALE K. GALIPO

*/s/ Dale K. Galipo*
Dale K. Galipo
*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WOODSIDE CREDIT, LLC, a California limited liability corporation,

Plaintiff,

v.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S INTERROGATORIES, SET ONE**

PROPOUNDING PARTY: Plaintiff Woodside Credit, LLC

RESPONDING PARTY: Defendant Jennifer Pope

SET NUMBER: One (1)

**PRELIMINARY STATEMENT**

Responding Party has not fully completed an investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed trial preparation. All of the answers contained herein are based only upon such information and documents which are presently available to, and specifically known to this Responding Party and disclose only those contentions which presently occur to such Responding Party.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The following interrogatory responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall. Responding Party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this responding party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party. Responding Party incorporates the above preliminary statement into each and every response set forth below.

/ / /

/ / /

**DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S INTERROGATORIES, SET ONE**

**INTERROGATORY NO. 1:**

IDENTIFY YOURSELF fully, including YOUR full legal name, all aliases or other names by which YOU have been known, YOUR date of birth, YOUR current residential address, and all residential addresses at which YOU have resided from January 1, 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 1:**

OBJECTION. Responding Party objects that this Interrogatory infringes upon Responding Party's right to privacy.

Without waiving said objections, Responding Party responds as follows: Jennifer Ann Pope; April 10, 1982; 24418 N. 85th St. Scottsdale, AZ 85255.

**INTERROGATORY NO. 2:**

State the nature and duration of YOUR relationship with ELIAS, including whether YOU are married to or in a domestic partnership with ELIAS, the date of any marriage or partnership, and describe all joint financial accounts, business interests, or other financial arrangements between YOU and ELIAS.

**RESPONSE TO INTERROGATORY NO. 2:**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (2) the nature and duration of Responding Party's relationship with ELIAS, including whether Responding Party is married to or in a domestic

partnership with ELIAS, the date of any marriage or partnership; and (3) a description of all joint financial accounts, business interests, or other financial arrangements between Responding Party and ELIAS. Responding Party further objects that this Interrogatory infringes upon Responding Party's right to privacy, marital privilege, and marital communications. As phrased, the request is also overbroad and unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

Response to Interrogatory No. 2:

Responding Party has been married to Fadi Elias for 23 years.

Response to Interrogatory No. 3:

Responding Party declines to answer based on the objections asserted.

**INTERROGATORY NO. 4 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 3):**

State the nature and duration of YOUR relationship with RAMOS, including when YOU first met or became acquainted with RAMOS, the circumstances under which YOU met, and describe every interaction YOU have had with RAMOS from 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 4 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 3):**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (4) the nature and duration of Responding Party's relationship

with RAMOS, including when Responding Party first met or became acquainted with RAMOS, the circumstances under which Responding Party met; and (5) a description of every interaction Responding Party has had with RAMOS from 2017 to the present. Responding Party further objects that, as phrased, the request is also overbroad and unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

Response to Interrogatory No. 4:

Responding Party has known Alexander Ramos, through Woodside Credit, since approximately mid 2021 when Classic Motors acquired its first vehicle through Woodside Credit.

Response to Interrogatory No. 5:

Responding Party communicated with Alexander Ramos from time to time regarding vehicle purchases.

**INTERROGATORY NO. 6 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 4):**

State the nature of YOUR relationship with CLASSIC MOTORS, including YOUR ownership interest (if any), YOUR role, title, or position, the dates of YOUR involvement, and describe all duties and responsibilities YOU have performed on behalf of CLASSIC MOTORS from its formation to the present.

**RESPONSE TO INTERROGATORY NO. 6 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 4):**

OBJECTION. Responding Party objects that, as phrased, the request is overbroad and unduly burdensome.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Responding Party worked with Fadi Elias at Classic Motor, Inc., assisting with online work, marketing, emails, online sales leads, paperwork for vehicle purchases, and assisting Fadi Elias with other miscellaneous

tasks as needed.

**INTERROGATORY NO. 7 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 5):**

Regarding the check dated February 8, 2024 in the amount of $35,000 made payable to YOU from the MONTANA AGENT (as identified in Exhibit B to the Complaint), state: (a) whether YOU received this check; (b) the bank account into which this check was deposited, identified by financial institution, account number, and account holder name; (c) YOUR understanding of the purpose of this payment at the time YOU received it; (d) what, if anything, RAMOS or ELIAS told YOU about the reason for this payment; and (e) how the funds were used after deposit.

**RESPONSE TO INTERROGATORY NO. 7 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 5):**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (7) whether Responding Party received this check; (8) the bank account into which the check was deposited, identified by financial institution, account number, and account holder name; (9) Responding Party's understanding of the purpose of this payment at the time Responding Party received it; (10) what, if anything, RAMOS or ELIAS told Responding Party about the reason for this payment; and (11) how the funds were used after deposit. Responding Party further objects that, as phrased, the request is also overbroad and unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the aforementioned objections, Responding

Party responds as follows:

Response to Interrogatory No. 7:

Yes.

Response to Interrogatory No. 8:

Responding Party is conducting a diligent search and reasonable inquiry in an effort to gain information necessary to respond to this Interrogatory, and will supplement this Response when such search and inquiry are complete.

Response to Interrogatory No. 9:

Responding Party did not know what the purpose of this payment was at the time Responding Party received it.

Response to Interrogatory No. 10:

Based on communications from Alexander Ramos, Responding Party came to understand that Alexander Ramos mistakenly believed that Responding Party intended to personally retain the vehicle for personal use, and that the check was intended as a refund for overpayment.

Response to Interrogatory No. 11:

Responding Party is conducting a diligent search and reasonable inquiry in an effort to gain information necessary to respond to this Interrogatory, and will supplement this Response when such search and inquiry are complete.

**INTERROGATORY NO. 12 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 6):**

State whether YOU received any other payments, funds, checks, wire transfers, or other monetary benefits, directly or indirectly, from or through RAMOS, the MONTANA AGENT, or any other PERSON in connection with the VEHICLE transactions at issue in this ACTION, other than the payment identified in Interrogatory No. 5. If so, IDENTIFY each such payment, including the date, amount, source, and YOUR understanding of the purpose of each payment.

**RESPONSE TO INTERROGATORY NO. 12 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 6):**

OBJECTION. Responding Party objects that, as phrased, the request is overbroad and unduly burdensome.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Responding Party is unaware of any other payments.

**INTERROGATORY NO. 12 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 6):**

Describe YOUR knowledge of and involvement in the purchase and/or resale of each VEHICLE identified in Exhibit A to the Complaint, including: (a) whether YOU participated in any decisions regarding the purchase of any VEHICLE; (b) whether YOU had any role in negotiating purchase or resale prices; (c) whether YOU signed any documents related to any VEHICLE purchase or sale; and (d) whether YOU received any proceeds from the resale of any VEHICLE.

**RESPONSE TO INTERROGATORY NO. 13 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 7):**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (12) for the 2019 Bentley Bentayga, whether Responding Party participated in any decisions regarding the purchase; (13) for the 2019 Bentley Bentayga, whether Responding Party had any role in negotiating purchase or resale prices; (14) for the 2019 Bentley Bentayga, whether Responding Party signed any documents related to any purchase or sale; and (15) for the 2019 Bentley Bentayga,

whether Responding Party received any proceeds from the resale; (16) for the 2015 Mercedes G Class, whether Responding Party participated in any decisions regarding the purchase; (17) for the 2015 Mercedes G Class, whether Responding Party had any role in negotiating purchase or resale prices; (18) for the 2015 Mercedes G Class, whether Responding Party signed any documents related to any purchase or sale; and (19) for the 2015 Mercedes G Class, whether Responding Party received any proceeds from the resale; (20) for the 1970 Dodge Dart, whether Responding Party participated in any decisions regarding the purchase; (21) for the 1970 Dodge Dart, whether Responding Party had any role in negotiating purchase or resale prices; (22) for the 1970 Dodge Dart, whether Responding Party signed any documents related to any purchase or sale; and (23) for the 1970 Dodge Dart, whether Responding Party received any proceeds from the resale; (24) for the 2013 Bentley Continental, whether Responding Party participated in any decisions regarding the purchase; (25) for the 2013 Bentley Continental, whether Responding Party had any role in negotiating purchase or resale prices; and so forth, continuing beyond the 25 Interrogatory limit. Responding Party reserves the right to subsequently enumerate additional subparts of this Interrogatory as necessary. Responding Party further objects that, as phrased, the request is also overbroad and unduly burdensome.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

Response to Interrogatory No. 12:

Responding Party does not recall participating in decisions regarding the purchase.

Response to Interrogatory No. 13:

No. Responding Party only assisted with online marketing and sales paperwork.

Response to Interrogatory No. 14:

No.

<u>Response to Interrogatory No. 15:</u>

No.

<u>Response to Interrogatory No. 16:</u>

Responding Party does not recall participating in decisions regarding the purchase.

<u>Response to Interrogatory No. 17:</u>

No. Responding Party only assisted with online marketing and sales paperwork.

<u>Response to Interrogatory No. 18:</u>

No.

<u>Response to Interrogatory No. 19:</u>

No.

<u>Response to Interrogatory No. 20:</u>

Responding Party does not recall participating in decisions regarding the purchase.

<u>Response to Interrogatory No. 21:</u>

No. Responding Party only assisted with sales paperwork.

<u>Response to Interrogatory No. 22:</u>

No.

<u>Response to Interrogatory No. 23:</u>

No.

<u>Response to Interrogatory No. 24:</u>

Responding Party does not recall participating in decisions regarding the purchase.

<u>Response to Interrogatory No. 25:</u>

No. Responding Party only assisted with a condition report, online marketing, and sales paperwork.

(Additional subparts omitted. Responding Party reserves the right to

subsequently identify additional subparts in this Interrogatory as necessary.)

**INTERROGATORY NO. 26 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 8):**

IDENTIFY all bank accounts in YOUR name, or in which YOU had signatory authority or a beneficial interest, from January 1, 2022 to the present, including the name of the financial institution, the account number, the type of account, and the names of all persons with signatory authority on each account.

**RESPONSE TO INTERROGATORY NO. 26 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 8):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 27 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 9):**

Describe all communications YOU had with RAMOS, including: (a) the dates, method, and substance of each such communication; (b) whether any such communications concerned the purchase or sale of VEHICLES; and (c) whether any such communications concerned payments from the MONTANA AGENT.

**RESPONSE TO INTERROGATORY NO. 27 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 9):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 28 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 10):**

Describe all communications YOU had with the MONTANA AGENT or Amy Fisher, including: (a) whether YOU ever communicated directly with the MONTANA AGENT; (b) if so, IDENTIFY the dates, method, and substance of each such communication; and (c) YOUR understanding of the MONTANA AGENT's role in the transactions at issue in this ACTION.

**RESPONSE TO INTERROGATORY NO. 28 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 10):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 29 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 11):**

State what YOU knew, at any time prior to the filing of the Complaint, about: (a) the source of funds used to purchase VEHICLES from Woodside or the PARTNER BANKS; (b) the REFUND payments from the MONTANA AGENT to ELIAS, CLASSIC MOTORS, or YOURSELF; (c) the relationship between RAMOS and the MONTANA AGENT; and (d) RAMOS's position and role at Woodside.

**RESPONSE TO INTERROGATORY NO. 29 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 11):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 30 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 12):**

State all facts upon which YOU base YOUR Eleventh Affirmative Defense (Fraudulent Inducement by Others), including: (a) IDENTIFY each PERSON who allegedly induced YOUR conduct through fraudulent means; (b) describe each alleged fraudulent representation made to YOU; (c) state when and how each such representation was communicated to YOU; and (d) explain why YOU believed each such representation to be true.

**RESPONSE TO INTERROGATORY NO. 30 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 12):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 31 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 13):**

State all facts upon which YOU base YOUR Twelfth Affirmative Defense (Misrepresentation and Concealment by Others), including: (a) IDENTIFY the material misrepresentations allegedly made to YOU; (b) IDENTIFY the material details allegedly concealed from YOU; (c) IDENTIFY each PERSON who made such misrepresentations or concealed such details; and (d) describe the circumstances under which such misrepresentations were made or concealment occurred.

**RESPONSE TO INTERROGATORY NO. 31 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 13):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party

reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 32 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 14):**

State all facts supporting YOUR Second Affirmative Defense (Assumption of Risk), including IDENTIFYING the specific risks that YOU contend Plaintiff assumed and explaining how Plaintiff's conduct constituted an assumption of such risks.

**RESPONSE TO INTERROGATORY NO. 32 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 14):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 33 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 15):**

State all facts supporting YOUR Ninth Affirmative Defense (Unclean Hands), including IDENTIFYING the specific conduct by Plaintiff that YOU contend constitutes unclean hands and explaining how such conduct relates to the claims asserted in this ACTION.

**RESPONSE TO INTERROGATORY NO. 33 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 15):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 34 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 16):**

State whether YOU are or have ever been an officer, director, shareholder, member, partner, or employee of CLASSIC MOTORS, and if so, describe YOUR role, the dates of YOUR involvement, and all compensation YOU received from CLASSIC MOTORS.

**RESPONSE TO INTERROGATORY NO. 34 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 16):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 35 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 17):**

State YOUR total gross income for each calendar year from 2022 through 2025, and IDENTIFY all sources of income during that period.

**RESPONSE TO INTERROGATORY NO. 35 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 17):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 36 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 18):**

State whether YOU have been contacted by, interviewed by, or provided any statements to any law enforcement agency, including but not limited to the Federal

Bureau of Investigation, the United States Attorney's Office, or any state or local law enforcement agency, in connection with the matters alleged in the Complaint, and if so, state the dates of such contacts and the identity of the agency and agents involved.

**RESPONSE TO INTERROGATORY NO. 36 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 18):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 37 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 19):**

IDENTIFY all PERSONS who have knowledge of facts relevant to the allegations in the Complaint or YOUR defenses in this ACTION, and for each such PERSON, describe the subject matter of such knowledge.

**RESPONSE TO INTERROGATORY NO. 37 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 19):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 38 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 20):**

State whether YOU have ever been convicted of or pleaded guilty or no contest to any criminal offense, including any felony or misdemeanor, and if so, IDENTIFY the offense, the date of conviction or plea, the court, and the case

number.

**RESPONSE TO INTERROGATORY NO. 38 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 20):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 39 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 21):**

Describe any agreement or understanding, whether oral or written, between YOU and ELIAS and/or CLASSIC MOTORS regarding the purchase or resale of VEHICLES obtained from Woodside or the PARTNER BANKS.

**RESPONSE TO INTERROGATORY NO. 39 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 21):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 40 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 22):**

State all facts supporting YOUR Third Affirmative Defense (Comparative Fault), IDENTIFYING the specific acts or omissions of Plaintiff or any other PERSON that YOU contend contributed to Plaintiff's alleged damages.

**RESPONSE TO INTERROGATORY NO. 40 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 22):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 41 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 23):**

State whether YOU maintain or have access to any documents, text messages, emails, voicemails, or other communications between YOU and RAMOS, YOU and the MONTANA AGENT, or YOU and ELIAS regarding the transactions at issue in this ACTION, and if so, IDENTIFY all such communications.

**RESPONSE TO INTERROGATORY NO. 41 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 23):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 42 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 24):**

IDENTIFY each PERSON who assisted YOU in preparing YOUR responses to these Interrogatories, and describe the nature of each such PERSON's assistance.

**RESPONSE TO INTERROGATORY NO. 42 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 24):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-

interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 43 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 25):**

State whether any agreement or understanding existed, at any time, between YOURSELF, ELIAS, CLASSIC MOTORS, and/or RAMOS regarding the sharing of profits from the resale of VEHICLES purchased from Woodside or the PARTNER BANKS. If so, describe the terms of any such agreement, when and how it was formed, and all payments made pursuant to it.

**RESPONSE TO INTERROGATORY NO. 43 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 25):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

Dated: May 15, 2026

LAW OFFICES OF DALE K. GALIPO

*/s/ Dale K. Galipo*
Dale K. Galipo
*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02146-FWS-JDE<br><br>**DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** |

PROPOUNDING PARTY: Plaintiff Woodside Credit, LLC

RESPONDING PARTY: Defendant Jennifer Pope

SET NUMBER: One (1)

## PRELIMINARY STATEMENT

Responding Party has not fully completed an investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed trial preparation. All of the answers contained herein are based only upon such information and documents, which are presently available and specifically known to this Responding Party. The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which this Responding Party may later recall. Responding Party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this Responding Party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party.

The following general objections are made to each and every request for production and are deemed to be incorporated into the specific objection and response provided to each request for production:

1. Responding Party objects on the grounds that Responding Party has not completed Responding Party's factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Responding Party as well as his present analysis of the case. However, information that may be responsive to the Requests may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Responding Party reserves the right to amend and/or supplement Responding Party's responses as and when additional information is discovered. Additionally, because Responding Party's responses are based upon information that Responding Party recalls and has identified to date, they do not

preclude Responding Party from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

1. Responding Party objects to the Requests for Production to the extent that they seek irrelevant information and information that is not reasonably calculated to lead to the discovery of admissible evidence.

2. Responding Party objects to the Requests for Production to the extent that they are over-broad and unduly burdensome.

3. Responding Party objects to the Requests for Production to the extent that they are vague and ambiguous and phrased so as to require Responding Party to speculate concerning the meaning intended by Paintiff.

4. Responding Party objects to the Requests for Production to the extent that they call for information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or other applicable privileges and protections.

5. Inadvertent disclosure of confidential, private or privileged information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Responding Party's right to object to the use of such information.

6. Responding Party objects to the Requests for Production to the extent that they seek information that infringes upon the privacy rights of third parties.

7. Responding Party objects to the Requests for Production to the extent that they seek information protected by Responding Party's right to privacy.

8. Responding Party objects to the Requests for Production to the extent that they seek information already in Plaintiff's possession.

Furthermore, these responses are given without prejudice to Responding Party's right to rely on, at any time, including trial, subsequently discovered information or information omitted from these responses as a result of mistake, error, oversight or inadvertence. These responses are made solely for the purpose of, and

in relation to, this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, authenticity and admissibility), which would require the exclusion of any statement or document contained or referenced herein, if it were made or presented by a witness present and testifying in Court. All such objections and grounds are therefore reserved and may be interposed at the time of trial.

**DEFENDANT JENNIFER POPE RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and RAMOS from January 1, 2017 to the present, including but not limited to emails, text messages, instant messages, social media messages, letters, notes, and voicemail recordings or transcriptions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and the MONTANA AGENT or Amy Fisher from January 1, 2017 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: None.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING TO the check dated February 8, 2024 in the amount of $35,000 made payable to YOU from the MONTANA AGENT, as identified in Exhibit B to the Complaint, including but not limited to the check itself (front and back), deposit slips, bank statements reflecting the deposit, and any correspondence or communications regarding this payment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party is conducting a diligent search and reasonable inquiry in an effort to locate non-privileged or protected documents responsive to this Request, and will supplement this Response to provide such documents when they are obtained.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING TO any other payment, check, wire transfer, or monetary transfer YOU received, directly or indirectly, from or through RAMOS, the MONTANA AGENT, CLASSIC MOTORS, or any other PERSON in connection with the VEHICLE transactions at issue in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 5:**

All bank account statements for every bank account in YOUR name, or in which YOU had signatory authority or a beneficial interest, from January 1, 2022 to the present, at any financial institution, including but not limited to checking accounts, savings accounts, money market accounts, and investment accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO YOUR relationship with ELIAS, including but not limited to any marriage certificate, domestic partnership registration, prenuptial or postnuptial agreements, and any agreements regarding joint finances, joint property, or shared business interests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy. Responding Party further objects that the Request infringes upon spousal/marital privileges.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO YOUR ownership interest in, employment with, or affiliation with CLASSIC MOTORS, including but not limited to articles of incorporation, operating agreements, bylaws, shareholder agreements, partnership agreements, employment agreements, and any documents reflecting YOUR role, title, or authority at CLASSIC MOTORS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this

Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO the purchase of any VEHICLE identified in Exhibit A to the Complaint in which YOU participated or of which YOU had knowledge, including but not limited to purchase agreements, bills of sale, invoices, wire transfer confirmations, check copies, title documents, and any correspondence regarding such purchases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO the resale of any VEHICLE identified in Exhibit A to the Complaint in which YOU participated or of which YOU had knowledge, including but not limited to sales agreements, bills of sale, invoices, advertisements or listings, title transfer documents, and any correspondence regarding such resales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Responding Party further objects that the Request may infringe upon the privacy rights of third parties.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between YOU and RAMOS from January 1, 2017 to the present, including but not limited to checks, wire transfers, cash transactions, Venmo, Zelle, PayPal, or any other method of payment or money transfer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: None.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between YOU and ELIAS from January 1, 2022 to the present, to the extent such transfers relate to the VEHICLES, REFUNDS, or transactions at issue in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Responding Party further objects that the Request infringes upon Responding Party's right to privacy. Responding Party further objects that the Request infringes upon spousal/marital privileges.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between YOU and CLASSIC MOTORS from January 1, 2022 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party is conducting a diligent search and reasonable inquiry in an effort to locate non-privileged or protected documents responsive to this Request, and will supplement this Response to provide such documents when they are obtained.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 13:**

YOUR federal and state income tax returns, including all schedules, W-2s, 1099s, and K-1s, for tax years 2022, 2023, 2024, and 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy, including the right to privacy in tax information/returns.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**<u>REQUEST FOR PRODUCTION NO. 14:</u>**

All DOCUMENTS RELATING TO any agreement, understanding, or arrangement between YOU and RAMOS, YOU and ELIAS, and/or YOU and CLASSIC MOTORS regarding the purchase or resale of VEHICLES from Woodside or the PARTNER BANKS, or the sharing of profits from such purchases or resales.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 14:</u>**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party is conducting a diligent search and reasonable inquiry in an effort to locate non-privileged or protected documents responsive to this Request, and will supplement this Response to provide such documents when they are obtained.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**<u>REQUEST FOR PRODUCTION NO. 15:</u>**

All DOCUMENTS RELATING TO any contact or communication between YOU and any law enforcement agency, including but not limited to the Federal Bureau of Investigation, the United States Attorney's Office, the Newport Beach Police Department, or any state or local law enforcement agency, regarding the matters alleged in the Complaint, including any statements, reports, interview notes, subpoenas, and correspondence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: None.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING TO or supporting any of YOUR affirmative defenses asserted in the Answer filed on November 6, 2025, including but not limited to YOUR First through Twelfth Affirmative Defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO any insurance policy that may provide coverage for any of the claims asserted in this ACTION, or that may provide indemnification for any judgment entered against YOU in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party is conducting a diligent search and reasonable inquiry in an effort to locate non-privileged or protected documents responsive to this Request, and will supplement this Response to provide such documents when they are obtained.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and any Woodside employee (other than RAMOS) regarding any VEHICLE purchase, sale, or transaction at issue in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party is conducting a diligent search and reasonable inquiry in an effort to locate non-privileged or protected documents responsive to this Request, and will supplement this Response to provide such documents when they are obtained.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and any PARTNER BANK regarding any VEHICLE purchase, sale, or transaction at issue in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: None.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 20:**

All cell phone records, including call logs and text message logs (with content if available), for all phone numbers used by YOU from January 1, 2022 to the present, to the extent such records reflect COMMUNICATIONS with RAMOS, the MONTANA AGENT, ELIAS, or any PARTNER BANK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy. Responding Party further objects that the Request infringes upon spousal/marital privileges.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS identified or referenced in YOUR responses to Plaintiff's Interrogatories to Defendant Jennifer Pope, Set One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, and unduly burdensome.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS identified or referenced in the Elias Defendants' Rule 26(a) Initial Disclosures filed on January 15, 2026, including all "proof of payments for vehicles and related documents."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, and unduly burdensome.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATING TO the following four VEHICLES identified in Exhibit A to the Complaint for which neither Woodside nor its PARTNER

BANKS received any sale proceeds — the 1972 Chevrolet Chevelle, the 2019 Rolls Royce, the 2005 Rolls Royce Wraith, and the 2020 Mercedes G Class — including but not limited to title documents, bills of sale, purchase agreements, correspondence, and any documents reflecting the current location, status, or disposition of each such VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request may infringe upon the privacy rights of third parties.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS RELATING TO any automotive dealer license, broker license, or similar permit held by YOU individually or through any business entity from January 1, 2022 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: None.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 25:**

All photographs, videos, or other visual recordings of any VEHICLE identified in Exhibit A to the Complaint, taken at any time while any such VEHICLE was in YOUR possession, custody, or control, or in the possession of ELIAS or CLASSIC MOTORS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party is conducting a diligent search and reasonable inquiry in an effort to locate non-privileged or protected documents responsive to this Request, and will supplement this Response to provide such documents when they are obtained.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

Dated: May 15, 2026

LAW OFFICES OF DALE K. GALIPO

*/s/ Dale K. Galipo*
Dale K. Galipo
*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WOODSIDE CREDIT, LLC, a California limited liability corporation,

Plaintiff,

v.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE**

PROPOUNDING PARTY: Plaintiff Woodside Credit, LLC

RESPONDING PARTY: Defendant Jennifer Pope

SET NUMBER: One (1)

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action and are made on the basis of information which is presently known by and available to Responding Party. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

Responding Party has not yet completed his investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed discovery in this action; and has not yet completed preparation for trial. Consequently, the following responses are given without prejudice to Responding Party's right to amend or supplement the responses herein at a later date. No admissions of any nature whatsoever are implied or should be inferred. Nothing herein should be construed as an admission or acceptance by this party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Responding Party reserves the right to continue the investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case. In addition, Responding Party reserves the right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through his continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

## GENERAL OBJECTIONS

1. Responding Party objects to the Requests for Admission, as a whole, to the extent that they request information that is protected from disclosure by the

attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity.

2. Responding Party objects to each Request for Admission to the extent that it seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of Responding Party's records, or to create a summary or compilation other than as maintained in the regular course of business. Responding Party further objects to each Request for Admission to the extent that it seeks to require Responding Party to provide information not in Responding Party's possession, custody or control.

3. Responding Party objects to each and every Request for Admission to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Responding Party objects to each and every Request for Admission to the extent that such discovery is overly broad, vague, and ambiguous.

5. Responding Party objects to each and every Request for Admission to the extent that it seeks information already known by, or reasonably accessible to Plaintiff, or facts that are solely within the knowledge and control of Plaintiff.

6. Responding Party objects on the grounds that Responding Party has not completed factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Responding Party as well as Responding Party's present analysis of the case. However, information that may be responsive may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Responding Party reserves the right to amend and/or supplement his responses as and when additional information is discovered. Additionally, because Responding Party's responses are based upon information that Responding Party recalls and has identified to date, they do not preclude Responding Party from relying on facts or

documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

**DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE**

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are an individual residing in the State of Arizona.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admit.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are married to Defendant Fadi Elias.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admit.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU have an ownership interest in Defendant Classic Motors, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "ownership interest in Defendant Classic Motors, Inc." Responding Party further objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that Responding Party is married to Fadi Elias, and that Fadi Elias owns Classic Motors. Deny as to the remainder.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU had signatory authority on one or more bank accounts held in the name of CLASSIC MOTORS at any time from January 1, 2022 to October 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "signatory authority on one or more bank accounts held in the name of CLASSIC MOTORS." Responding Party further objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Denied to the extent it implies Responding Party ever exercised such authority. Otherwise admit.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU had a personal or business relationship with RAMOS at some point between 2022 and October 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "personal or business relationship with RAMOS." Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that during the referenced time, Classic Motors purchased vehicles from or through Woodside Credit, via Alexander Ramos as its point of contact. Otherwise denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU communicated directly with RAMOS on one or more occasions between 2022 and October 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Admit.

**REQUEST FOR ADMISSION NO. 7:**

Admit that YOU knew that RAMOS was employed by Woodside.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to time.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU received a check from the MONTANA AGENT dated February 8, 2024, in the amount of $35,000, made payable to Jennifer Pope.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the check identified in Request for Admission No. 8 was deposited into a bank account to which YOU had access.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Responding Party is conducting a diligent search and reasonable inquiry in an effort to gain information necessary to admit or deny this Request, and will supplement or amend this Response if necessary when such search and inquiry are complete. Responding Party presently lacks information necessary to enable Responding Party to admit or deny this Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the check identified in Request for Admission No. 8 listed "Refund" in the memo line.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Responding Party is conducting a diligent search and reasonable inquiry in an effort to gain information necessary to admit or deny this Request, and will supplement or amend this Response if necessary when such search and inquiry are complete. Responding Party presently lacks information necessary to enable Responding Party to admit or deny this Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the $35,000 payment identified in Request for Admission No. 8 was connected to the purchase of a 2022 Aston Martin Vantage from Ireland Bank on or about February 9, 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to “connected to” and “the purchase of a 2022 Aston Martan Vantage … on or about February 9, 2024.”

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU were aware that ELIAS was purchasing VEHICLES from Woodside’s PARTNER BANKS between 2023 and 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to time.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that Responding Party was aware that during the referenced time period, Fadi Elias, on behalf of Classic Motors, purchased vehicles from Woodside that Woodside was selling on behalf of its partner banks. Deny as to the remainder.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU were aware that ELIAS and/or CLASSIC MOTORS were receiving payments from the MONTANA AGENT in connection with the purchase of VEHICLES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to “in connection with the purchase of VEHICLES,” and as

to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU did not disclose to Woodside or any PARTNER BANK that YOU, ELIAS, or CLASSIC MOTORS were receiving payments from the MONTANA AGENT in connection with the purchase of VEHICLES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to “disclose to Woodside or any PARTNER BANK” and “in connection with the purchase of VEHICLES,” and as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 15:**

Admit that other than the check identified in Request for Admission No. 8, YOU received one or more additional payments, directly or indirectly, in connection with the VEHICLE transactions at issue in this ACTION.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to “indirectly” and “in connection with the VEHICLE transactions,” and as to time.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU had access to or benefited from funds received by ELIAS or CLASSIC MOTORS from the MONTANA AGENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "benefited from" and as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU performed services for or on behalf of CLASSIC MOTORS between 2022 and 2024, including but not limited to administrative, financial, or managerial tasks.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "performed services for or on behalf of" and "administrative, financial, or managerial tasks."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU had signatory authority on one or more bank accounts held in the name of ELIAS at any time from January 1, 2022 to October 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "signatory authority on one or more bank accounts held in the name of ELIAS." Responding Party further objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Denied to the extent it implies Responding Party ever exercised such authority. Otherwise admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that at the time YOU received the $35,000 check from the MONTANA AGENT on or about February 8, 2024, YOU did not have a legitimate business relationship with the MONTANA AGENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "legitimate business relationship." Responding Party further objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU did not personally provide any goods or services to the MONTANA AGENT in exchange for the $35,000 payment identified in Request for Admission No. 8.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "personally provide any goods or services to."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU understood that the payments from the MONTANA AGENT to YOU, ELIAS, and/or CLASSIC MOTORS were funded, in whole or in part, by monies belonging to Woodside.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "funded, in whole or in part, by monies belonging to

Woodside" and as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that Responding Party understood that the referenced payments were issued at Woodside's request, or at Alexander Ramos's request as an officer for Woodside on Woodside's behalf. Responding Party lacks sufficient information to admit or deny the remainder of the Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 22:**

Admit that at no time did Woodside authorize RAMOS to direct the MONTANA AGENT to make any payment to YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Responding Party lacks sufficient information to admit or deny the Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 23:**

Admit that in connection with the receipt of payments from the MONTANA AGENT, the United States mail or interstate wire transfers were used.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "in connection with" and as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 24:**

Admit that this Court has personal jurisdiction over YOU with respect to the claims asserted in the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: This Request seeks the admission of non-factual matters that are not capable of being admitted or denied by Responding Party, and on that basis Responding Party denies.

**REQUEST FOR ADMISSION NO. 25:**

Admit that venue is proper in this judicial district with respect to the claims asserted in the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: This Request seeks the admission of non-factual matters that are not capable of being admitted or denied by Responding Party, and on that basis Responding Party denies.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Woodside has suffered damages as a result of the conduct described in the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion. Responding Party further objects that the Request is vague and ambiguous as phrased as to "suffered damages" and "as a result of the conduct described in the Complaint."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party lacks sufficient information to admit or deny the Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 27:**

Admit that YOU were aware that ELIAS and/or CLASSIC MOTORS resold one or more of the VEHICLES identified in Exhibit A to the Complaint after purchasing them.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

OBJECTION. Responding Party objects that the Request is vague and ambiguous as phrased as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 28:**

Admit that YOU benefited financially from the resale of one or more of the VEHICLES identified in Exhibit A to the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO.28 :**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "benefitted financially" and "from the resale of one or more of the VEHICLES …."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 29:**

Admit that prior to the transactions at issue in this ACTION, YOU had no independent business relationship with the MONTANA AGENT or Amy Fisher.

**RESPONSE TO REQUEST FOR ADMISSION NO 29 :**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "the transactions at issue" and "independent business relationship."

Without waiving said objections, and to the extent Responding Party

understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 30:**

Admit that one or more of the following four VEHICLES identified in Exhibit A to the Complaint for which neither Woodside nor its PARTNER BANKS received any sale proceeds — the 1972 Chevrolet Chevelle, the 2019 Rolls Royce, the 2005 Rolls Royce Wraith, and the 2020 Mercedes G Class — were at some point in the possession, custody, or control of YOU, ELIAS, or CLASSIC MOTORS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion. Responding Party objects that this Request is vague and ambiguous as phrased as to "possession, custody, or control." Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

Dated: May 15, 2026

LAW OFFICES OF DALE K. GALIPO

*/s/ Dale K. Galipo*
Dale K. Galipo
*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WOODSIDE CREDIT, LLC, a California limited liability corporation,

Plaintiff,

v.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S INTERROGATORIES, SET ONE**

PROPOUNDING PARTY: Plaintiff Woodside Credit, LLC

RESPONDING PARTY: Defendant Classic Motors, Inc.

SET NUMBER: One (1)

## PRELIMINARY STATEMENT

Responding Party has not fully completed an investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed trial preparation. All of the answers contained herein are based only upon such information and documents which are presently available to, and specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The following interrogatory responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall. Responding Party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this responding party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party. Responding Party incorporates the above preliminary statement into each and every response set forth below.

/ / /

/ / /

**DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S INTERROGATORIES, SET ONE**

**INTERROGATORY NO. 1:**

IDENTIFY CLASSIC MOTORS fully, including: (a) the state of incorporation or formation; (b) the date of incorporation or formation; (c) the principal place of business; (d) all business addresses from the date of formation to the present; (e) IDENTIFY all officers, directors, shareholders, and/or members from the date of formation to the present; and (f) describe the nature and scope of CLASSIC MOTORS' business operations.

**RESPONSE TO INTERROGATORY NO. 1:**

OBJECTION. Responding Party objects that, as phrased, the request is overbroad and unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Classic Motor Inc. is a used automotive dealer with a current license held in the state of Arizona. Date of start of business dealer license in Arizona January 1, 2023, date of Arizona incorporation October 27, 2022. Classic Motor Inc. previously held a dealer license in the state of California for approximately 25 years. Current business address is 7224 E McDowell Rd. #100A Scottsdale, AZ 85257.

**INTERROGATORY NO. 2:**

IDENTIFY all individuals who have served as officers, directors, managers, or authorized agents of CLASSIC MOTORS at any time from January 1, 2022 to the present, and state the title, role, and dates of service for each such individual.

**RESPONSE TO INTERROGATORY NO.2:**

Fadi Elias, president, for full period referenced.

**INTERROGATORY NO. 3:**

State the nature and duration of CLASSIC MOTORS' relationship with RAMOS, including when CLASSIC MOTORS or any of its principals first met or became acquainted with RAMOS, the circumstances under which they met, and describe every business interaction CLASSIC MOTORS has had with RAMOS from 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 3:**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (3) the nature and duration of Responding Party's relationship with RAMOS, including when Responding Party or any of its principals first met or became acquainted with RAMOS, the circumstances under which they met; and (3) a description of every business interaction Responding Party has had with RAMOS from 2017 to the present. Responding Party further objects that the Interrogatory is vague and ambiguous as phrased as to "business interaction." Responding Party further objects that, as phrased, the request is also overbroad and unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

<u>Response to Interrogatory No. 3:</u>

Responding Party has known Alexander Ramos, through Woodside Credit, since approximately mid 2021 when Classic Motors acquired its first vehicle through Woodside Credit. Responding Party was given Ramos's information from Scott

Steckel, who was Responding Party's loan representative at Woodside Credit, after Responding Party inquired about purchasing vehicles.

Response to Interrogatory No. 4:

Responding Party communicated with Alexander Ramos from time to time regarding vehicle purchases.

**INTERROGATORY NO. 5 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 4):**

State the nature and extent of ELIAS's ownership interest in, role at, and authority over CLASSIC MOTORS, including whether ELIAS has authority to bind CLASSIC MOTORS contractually, make purchases on behalf of CLASSIC MOTORS, and/or receive payments on behalf of CLASSIC MOTORS.

**RESPONSE TO INTERROGATORY NO. 5 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 4):**

OBJECTION. Responding Party objects that, as phrased, the request is overbroad and unduly burdensome.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Fadi Elias has been the owner and President of Classic Motor Inc. from its creation until now, with authority to enter into contracts, make purchases, and receive payments.

**INTERROGATORY NO. 6 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 5):**

State the nature and extent of POPE's ownership interest in, role at, and authority over CLASSIC MOTORS, including whether POPE has authority to bind CLASSIC MOTORS contractually, make purchases on behalf of CLASSIC MOTORS, and/or receive payments on behalf of CLASSIC MOTORS.

**RESPONSE TO INTERROGATORY NO. 6 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 5):**

OBJECTION. Responding Party objects that, as phrased, the request is overbroad and unduly burdensome. Responding Party objects that the request calls for a legal conclusion or legal opinion.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Jennifer Pope is not an owner of Classic Motor Inc. except by virtue of her marriage to Fadi Elias. Jennifer Pope worked with Fadi Elias at Classic Motor, Inc., assisting with online work, marketing, emails, online sales leads, paperwork for vehicle purchases, and assisting Fadi Elias with other miscellaneous tasks as needed.

**INTERROGATORY NO. 7 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 6):**

For each VEHICLE identified in Exhibit A to the Complaint that was purchased by or on behalf of CLASSIC MOTORS from Woodside or any PARTNER BANK, state: (a) the date of purchase; (b) the purchase price paid; (c) whether the purchase was made in the name of CLASSIC MOTORS, ELIAS, or another PERSON; (d) the source of the funds used to pay the purchase price; (e) the manner in which payment was made (e.g., wire transfer, check, cash); and (f) the bank account(s) from which such funds were drawn, identified by financial institution, account number, and account holder name.

**RESPONSE TO INTERROGATORY NO. 7 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 6):**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that

precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (7) for the 2019 Bentley Bentayga, the date of purchase; (8) for the 2019 Bentley Bentayga, the purchase price paid; (9) for the 2019 Bentley Bentayga, whether the purchase was made in the name of CLASSIC MOTORS, ELIAS, or another PERSON; (10) for the 2019 Bentley Bentayga, the source of the funds used to pay the purchase price; (11) for the 2019 Bentley Bentayga, the manner in which payment was made (e.g., wire transfer, check, cash); (12) for the 2019 Bentley Bentayga, the bank account(s) from which such funds were drawn, identified by financial institution, account number, and account holder name; (13) for the 2015 Mercedes G Class, the date of purchase; (14) for the 2015 Mercedes G Class, the purchase price paid; (15) for the 2015 Mercedes G Class, whether the purchase was made in the name of CLASSIC MOTORS, ELIAS, or another PERSON; (16) for the 2015 Mercedes G Class, the source of the funds used to pay the purchase price; (17) for the 2015 Mercedes G Class, the manner in which payment was made (e.g., wire transfer, check, cash); (18) for the 2015 Mercedes G Class, the bank account(s) from which such funds were drawn, identified by financial institution, account number, and account holder name; (19) for the 1970 Dodge Dart, the date of purchase; (20) for the 1970 Dodge Dart, the purchase price paid; (21) for the 1970 Dodge Dart, whether the purchase was made in the name of CLASSIC MOTORS, ELIAS, or another PERSON; (22) for the 1970 Dodge Dart, the source of the funds used to pay the purchase price; (23) for the 1970 Dodge Dart, the manner in which payment was made (e.g., wire transfer, check, cash); (24) for the 1970 Dodge Dart, the bank account(s) from which such funds were drawn, identified by financial institution, account number, and account holder name; (25) for the 2013 Bentley Continental, the date of purchase; and so forth, continuing beyond the 25 Interrogatory limit. Responding Party reserves the right to subsequently enumerate additional subparts of this Interrogatory as necessary. Responding Party further objects that the

Interrogatory is vague and ambiguous as phrased as to "whether the purchase was made in the name of." Responding Party further objects that, as phrased, the request is also overbroad and unduly burdensome. Responding Party objects that this Interrogatory infringes upon Responding Party's right to privacy.

Without waiving and subject to the aforementioned objections, and to the extent that Responding Party understands the request, Responding Party responds as follows:

Response to Interrogatory No. 7:

March 23, 2023.

Response to Interrogatory No. 8:

$80,000.

Response to Interrogatory No. 9:

Classic Motor Inc.

Response to Interrogatory No. 10:

Classic Motor Inc.

Response to Interrogatory No. 11:

Check.

Response to Interrogatory No. 12:

Wells Fargo.

Response to Interrogatory No. 13:

June 28, 2023.

Response to Interrogatory No. 14:

$55,000.

Response to Interrogatory No. 15:

Classic Motor Inc.

Response to Interrogatory No. 16:

Classic Motor Inc.

Response to Interrogatory No. 17:

Check.

Response to Interrogatory No. 18:

Wells Fargo.

Response to Interrogatory No. 19:

October 11, 2023.

Response to Interrogatory No. 20:

$7,000.

Response to Interrogatory No. 21:

Classic Motor Inc.

Response to Interrogatory No. 22:

Classic Motor Inc.

Response to Interrogatory No. 23:

Check.

Response to Interrogatory No. 24:

Wells Fargo.

Response to Interrogatory No. 25:

October 20, 2023.

(Additional subparts omitted. Responding Party reserves the right to subsequently identify additional subparts in this Interrogatory as necessary.)

**INTERROGATORY NO. 26 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 7):**

For each VEHICLE identified in YOUR response to Interrogatory No. 6, state: (a) whether CLASSIC MOTORS resold the VEHICLE; (b) if resold, the date of resale, the identity of the buyer, and the resale price; (c) the profit or loss realized by CLASSIC MOTORS on each resale; (d) whether any portion of the proceeds or profits from any such resale was shared with, paid to, or transferred to RAMOS or any other PERSON not affiliated with CLASSIC MOTORS, and if so, IDENTIFY each such PERSON and state the amount paid or transferred.

**RESPONSE TO INTERROGATORY NO. 26 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 7):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 27 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 8):**

For each check or wire transfer identified in Exhibit B to the Complaint made payable to CLASSIC MOTORS, state: (a) whether CLASSIC MOTORS received such payment; (b) the bank account into which each such payment was deposited, identified by financial institution, account number, and account holder name; (c) CLASSIC MOTORS' understanding of the purpose of each payment at the time it was received; and (d) what, if anything, RAMOS communicated to CLASSIC MOTORS or its principals about the reason for each such payment.

**RESPONSE TO INTERROGATORY NO. 27 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 8):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 28 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 9):**

IDENTIFY all bank accounts held in the name of CLASSIC MOTORS, or in which CLASSIC MOTORS had a beneficial interest, from January 1, 2022 to the present, including the name of the financial institution, the account number, the type

of account, and the names of all persons with signatory authority on each account.

**RESPONSE TO INTERROGATORY NO. 28 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 9):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 29 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 10):**

State CLASSIC MOTORS' total gross revenue for each calendar year from 2022 through 2025, and separately state the revenue attributable to the purchase and resale of VEHICLES obtained from Woodside or the PARTNER BANKS during each such year.

**RESPONSE TO INTERROGATORY NO. 29 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 10):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 30 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 11):**

Describe all communications between CLASSIC MOTORS or any of its principals, officers, employees, or agents and RAMOS regarding the purchase of VEHICLES from Woodside or the PARTNER BANKS, including but not limited to: (a) how RAMOS first proposed or offered to sell VEHICLES to CLASSIC MOTORS; (b) how purchase prices were determined or negotiated; (c) what

RAMOS told CLASSIC MOTORS about the process by which VEHICLES were being sold; and (d) what RAMOS told CLASSIC MOTORS about Woodside's role in the sale of the VEHICLES.

**RESPONSE TO INTERROGATORY NO. 30 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 11):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 31 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 12):**

Describe all communications between CLASSIC MOTORS or any of its principals, officers, employees, or agents and the MONTANA AGENT, including: (a) whether CLASSIC MOTORS ever communicated directly with the MONTANA AGENT; (b) if so, IDENTIFY the dates, method, and substance of each such communication; and (c) CLASSIC MOTORS' understanding of the MONTANA AGENT's role in the transactions at issue in this ACTION.

**RESPONSE TO INTERROGATORY NO. 31 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 12):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 32 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 13):**

State what CLASSIC MOTORS or any of its principals knew, at any time

prior to the filing of the Complaint, about: (a) the source of funds used to make REFUND payments to CLASSIC MOTORS; (b) the relationship between RAMOS and the MONTANA AGENT; (c) RAMOS's position and role at Woodside; and (d) the manner in which Woodside disposed of repossessed vehicles.

**RESPONSE TO INTERROGATORY NO. 32 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 13):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 33 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 14):**

State all facts upon which CLASSIC MOTORS bases its Eleventh Affirmative Defense (Fraudulent Inducement by Others), including: (a) IDENTIFY each PERSON who allegedly induced CLASSIC MOTORS' conduct through fraudulent means; (b) describe each alleged fraudulent representation made to CLASSIC MOTORS; (c) state when and how each such representation was communicated to CLASSIC MOTORS; and (d) explain why CLASSIC MOTORS believed each such representation to be true.

**RESPONSE TO INTERROGATORY NO. 33 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 14):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 34 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 15):**

State all facts upon which CLASSIC MOTORS bases its Twelfth Affirmative Defense (Misrepresentation and Concealment by Others), including: (a) IDENTIFY the material misrepresentations allegedly made to CLASSIC MOTORS; (b) IDENTIFY the material details allegedly concealed from CLASSIC MOTORS; (c) IDENTIFY each PERSON who made such misrepresentations or concealed such details; and (d) describe the circumstances under which such misrepresentations were made or concealment occurred.

**RESPONSE TO INTERROGATORY NO. 34 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 15):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 35 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 16):**

State all facts supporting CLASSIC MOTORS' Second Affirmative Defense (Assumption of Risk), including IDENTIFYING the specific risks that CLASSIC MOTORS contends Plaintiff assumed and explaining how Plaintiff's conduct constituted an assumption of such risks.

**RESPONSE TO INTERROGATORY NO. 35 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 16):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any

additional subparts in this Interrogatory.

**INTERROGATORY NO. 36 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 17):**

State all facts supporting CLASSIC MOTORS' Ninth Affirmative Defense (Unclean Hands), including IDENTIFYING the specific conduct by Plaintiff that CLASSIC MOTORS contends constitutes unclean hands and explaining how such conduct relates to the claims asserted in this ACTION.

**RESPONSE TO INTERROGATORY NO. 36 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 17):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 37 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 18):**

State all facts supporting CLASSIC MOTORS' Third Affirmative Defense (Comparative Fault), IDENTIFYING the specific acts or omissions of Plaintiff or any other PERSON that CLASSIC MOTORS contends contributed to Plaintiff's alleged damages.

**RESPONSE TO INTERROGATORY NO. 37 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 18):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 38 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 19):**

With respect to the following four VEHICLES identified in Exhibit A to the Complaint for which neither Woodside nor its PARTNER BANKS received any sale proceeds — the 1972 Chevrolet Chevelle, the 2019 Rolls Royce, the 2005 Rolls Royce Wraith, and the 2020 Mercedes G Class — state: (a) whether CLASSIC MOTORS took possession of each such VEHICLE; (b) the current location and status of each such VEHICLE; (c) whether CLASSIC MOTORS or anyone acting on its behalf purchased, sold, transferred, or otherwise disposed of each such VEHICLE, and if so, the date, manner, and price of any such transaction; (d) the source and amount of any funds paid in connection with each such VEHICLE; and (e) all facts known to CLASSIC MOTORS regarding the disposition of each such VEHICLE.

**RESPONSE TO INTERROGATORY NO. 38 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 19):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 39 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 20):**

State whether CLASSIC MOTORS has been contacted by, interviewed by, or provided any statements to any law enforcement agency, including but not limited to the Federal Bureau of Investigation, the United States Attorney's Office, or any state or local law enforcement agency, in connection with the matters alleged in the Complaint, and if so, state the dates of such contacts and the identity of the agency and agents involved.

**RESPONSE TO INTERROGATORY NO. 39 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 20):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 40 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 21):**

State whether CLASSIC MOTORS maintained any written records, including but not limited to invoices, bills of sale, titles, receipts, text messages, emails, or other correspondence, relating to the purchase and/or resale of any VEHICLE at issue in this ACTION, and IDENTIFY all such DOCUMENTS.

**RESPONSE TO INTERROGATORY NO. 40 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 21):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 41 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 22):**

IDENTIFY all PERSONS who have knowledge of facts relevant to the allegations in the Complaint or CLASSIC MOTORS' defenses in this ACTION, and for each such PERSON, describe the subject matter of such knowledge.

**RESPONSE TO INTERROGATORY NO. 41 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 22):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 42 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 23):**

State whether any agreement or understanding existed, at any time, between CLASSIC MOTORS and RAMOS regarding the purchase or resale of VEHICLES from Woodside or the PARTNER BANKS, including any agreement regarding the sharing of profits. If so, describe the terms of any such agreement, when and how it was formed, and all payments made pursuant to it.

**RESPONSE TO INTERROGATORY NO. 42 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 23):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 43 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 24):**

State whether CLASSIC MOTORS holds any licenses or permits to operate as an automobile dealer in any state, and if so, IDENTIFY each such license or permit by state, license number, and effective dates.

**RESPONSE TO INTERROGATORY NO. 43 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 24):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 44 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 25):**

IDENTIFY each PERSON who assisted in preparing CLASSIC MOTORS' responses to these Interrogatories, and describe the nature of each such PERSON's assistance.

**RESPONSE TO INTERROGATORY NO. 44 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 25):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

Dated: May 15, 2026

LAW OFFICES OF DALE K. GALIPO

*/s/ Dale K. Galipo*
Dale K. Galipo
*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02146-FWS-JDE<br><br>**DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** |

PROPOUNDING PARTY: Plaintiff Woodside Credit, LLC

RESPONDING PARTY: Defendant Classic Motors, Inc.

SET NUMBER: One (1)

**PRELIMINARY STATEMENT**

Responding Party has not fully completed an investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed trial preparation. All of the answers contained herein are based only upon such information and documents, which are presently available and specifically known to this Responding Party. The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which this Responding Party may later recall. Responding Party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this Responding Party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party.

The following general objections are made to each and every request for production and are deemed to be incorporated into the specific objection and response provided to each request for production:

1. Responding Party objects on the grounds that Responding Party has not completed Responding Party's factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Responding Party as well as his present analysis of the case. However, information that may be responsive to the Requests may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Responding Party reserves the right to amend and/or supplement Responding Party's responses as and when additional information is discovered. Additionally, because Responding Party's responses are based upon information that Responding Party recalls and has identified to date, they do not

preclude Responding Party from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

1. Responding Party objects to the Requests for Production to the extent that they seek irrelevant information and information that is not reasonably calculated to lead to the discovery of admissible evidence.

2. Responding Party objects to the Requests for Production to the extent that they are over-broad and unduly burdensome.

3. Responding Party objects to the Requests for Production to the extent that they are vague and ambiguous and phrased so as to require Responding Party to speculate concerning the meaning intended by Paintiff.

4. Responding Party objects to the Requests for Production to the extent that they call for information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or other applicable privileges and protections.

5. Inadvertent disclosure of confidential, private or privileged information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Responding Party's right to object to the use of such information.

6. Responding Party objects to the Requests for Production to the extent that they seek information that infringes upon the privacy rights of third parties.

7. Responding Party objects to the Requests for Production to the extent that they seek information protected by Responding Party's right to privacy.

8. Responding Party objects to the Requests for Production to the extent that they seek information already in Plaintiff's possession.

Furthermore, these responses are given without prejudice to Responding Party's right to rely on, at any time, including trial, subsequently discovered information or information omitted from these responses as a result of mistake, error, oversight or inadvertence. These responses are made solely for the purpose of, and

in relation to, this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, authenticity and admissibility), which would require the exclusion of any statement or document contained or referenced herein, if it were made or presented by a witness present and testifying in Court. All such objections and grounds are therefore reserved and may be interposed at the time of trial.

## **DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO the formation and organization of CLASSIC MOTORS, including but not limited to articles of incorporation, articles of organization, bylaws, operating agreements, shareholder agreements, partnership agreements, organizational meeting minutes, and any amendments thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO any COMMUNICATION between CLASSIC MOTORS or any of its principals, officers, employees, or agents, and

RAMOS, from January 1, 2017 to the present, including but not limited to emails, text messages, instant messages, social media messages, letters, notes, and voicemail recordings or transcriptions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING TO any COMMUNICATION between CLASSIC MOTORS or any of its principals, officers, employees, or agents, and the MONTANA AGENT or Amy Fisher, from January 1, 2017 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: None.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING TO the purchase of each VEHICLE identified in Exhibit A to the Complaint, including but not limited to purchase agreements, bills of sale, invoices, wire transfer confirmations, check copies (front and back), title documents, odometer statements, vehicle condition reports, and any correspondence or communications regarding the purchase of each such VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS RELATING TO the resale of each VEHICLE identified in Exhibit A to the Complaint, including but not limited to sales agreements, bills of sale, invoices, advertisements or listings (including online listings), title transfer documents, odometer statements, vehicle condition reports, and any correspondence or communications regarding the resale of each such VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request may infringe upon the privacy rights of third parties.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this

Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 6:**

All bank account statements for every bank account held in the name of CLASSIC MOTORS, or in which CLASSIC MOTORS had a beneficial interest, from January 1, 2022 to the present, at any financial institution, including but not limited to checking accounts, savings accounts, money market accounts, and investment accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO each REFUND payment identified in Exhibit B to the Complaint made payable to CLASSIC MOTORS, including but not limited to copies of checks (front and back), wire transfer confirmations, deposit slips, and any correspondence or communications regarding the purpose or disposition of each such payment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request may infringe upon the privacy rights of third parties.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between CLASSIC MOTORS and RAMOS from January 1, 2017 to the present, including but not limited to checks, wire transfers, cash deposits, Venmo, Zelle, PayPal, or any other method of payment or money transfer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: None.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between CLASSIC MOTORS and ELIAS from January 1, 2022 to the present, including but not limited to distributions, draws, salary payments, reimbursements, and any other payments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy and/or the privacy rights of other parties.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS evidencing or RELATING TO any transfer of funds between CLASSIC MOTORS and POPE from January 1, 2022 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy and/or the privacy rights of other parties.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 11:**

All financial records of CLASSIC MOTORS from January 1, 2022 to the present, including but not limited to general ledgers, profit and loss statements, balance sheets, accounts receivable records, accounts payable records, cash receipts journals, cash disbursements journals, and any accounting software records or exports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 12:**

CLASSIC MOTORS' federal and state income tax returns (including all schedules, K-1s, and supporting documentation) for tax years 2022, 2023, 2024, and

2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy, including the right to privacy in tax information/returns.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATING TO the following four VEHICLES identified in Exhibit A to the Complaint for which neither Woodside nor its PARTNER BANKS received any sale proceeds — the 1972 Chevrolet Chevelle, the 2019 Rolls Royce, the 2005 Rolls Royce Wraith, and the 2020 Mercedes G Class — including but not limited to title documents, bills of sale, purchase agreements, correspondence, and any documents reflecting the current location, status, or disposition of each such VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request may infringe upon the privacy rights of third parties.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATING TO any agreement, understanding, or arrangement between CLASSIC MOTORS and RAMOS regarding the purchase or resale of VEHICLES from Woodside or the PARTNER BANKS, or the sharing of profits from such purchases or resales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party is conducting a diligent search and reasonable inquiry in an effort to locate non-privileged or protected documents responsive to this Request, and will supplement this Response to provide such documents when they are obtained.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATING TO any automotive dealer license, broker license, or similar permit held by CLASSIC MOTORS in any state from the date of formation to the present, including applications, licenses, renewals, and any correspondence with licensing authorities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, and unduly burdensome.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a

protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING TO any contact or communication between CLASSIC MOTORS and any law enforcement agency, including but not limited to the Federal Bureau of Investigation, the United States Attorney's Office, the Newport Beach Police Department, or any state or local law enforcement agency, regarding the matters alleged in the Complaint, including any statements, reports, interview notes, subpoenas, and correspondence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: None.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO or supporting any of CLASSIC MOTORS' affirmative defenses asserted in the Answer filed on November 6, 2025, including but not limited to the First through Twelfth Affirmative Defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this

Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO any insurance policy held by CLASSIC MOTORS that may provide coverage for any of the claims asserted in this ACTION, or that may provide indemnification for any judgment entered against CLASSIC MOTORS in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party is conducting a diligent search and reasonable inquiry in an effort to locate non-privileged or protected documents responsive to this Request, and will supplement this Response to provide such documents when they are obtained.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO any COMMUNICATION between CLASSIC MOTORS or any of its principals, officers, employees, or agents, and any Woodside employee (other than RAMOS) regarding any VEHICLE purchase, sale, or transaction at issue in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party is conducting a diligent search and reasonable inquiry in an effort to locate non-privileged or protected documents responsive to this Request, and will supplement this Response to provide such documents when they are obtained.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS RELATING TO any COMMUNICATION between CLASSIC MOTORS or any of its principals, officers, employees, or agents, and any PARTNER BANK regarding any VEHICLE purchase, sale, or transaction at issue in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request infringes upon Responding Party's right to privacy.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: None.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATING TO any appraisal, valuation, or assessment of any VEHICLE identified in Exhibit A to the Complaint, obtained by or on behalf of CLASSIC MOTORS at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 22:**

All photographs, videos, or other visual recordings of any VEHICLE identified in Exhibit A to the Complaint, taken at any time while any such VEHICLE was in the possession, custody, or control of CLASSIC MOTORS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party is conducting a diligent search and reasonable inquiry in an effort to locate non-privileged or protected documents responsive to this Request, and will supplement this Response to provide such documents when they are obtained.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS identified or referenced in CLASSIC MOTORS' responses to Plaintiff's Interrogatories to Defendant Classic Motors, Inc., Set One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, and unduly burdensome.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS identified or referenced in the Elias Defendants' Rule 26(a) Initial Disclosures filed on January 15, 2026, including all "proof of payments for vehicles and related documents."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, and unduly burdensome.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS RELATING TO any COMMUNICATION between CLASSIC MOTORS or any of its principals and any third-party buyer or dealer

regarding the resale of any VEHICLE identified in Exhibit A to the Complaint, including but not limited to negotiations, offers, counteroffers, and closing documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

OBJECTION. Responding Party objects that the Request is overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery. Responding Party further objects that the Request may infringe upon the privacy rights of third parties.

Without waiving and subject to the foregoing objections, Responding Party responds as follows: Responding Party will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order.

Discovery is ongoing, and Responding Party reserves the right to supplement and amend this response.

Dated: May 15, 2026

LAW OFFICES OF DALE K. GALIPO

*/s/ Dale K. Galipo*
Dale K. Galipo
*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WOODSIDE CREDIT, LLC, a California limited liability corporation,

Plaintiff,

v.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE**

PROPOUNDING PARTY: Plaintiff Woodside Credit, LLC

RESPONDING PARTY: Defendant Classic Motors, inc.

SET NUMBER: One (1)

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action and are made on the basis of information which is presently known by and available to Responding Party. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

Responding Party has not yet completed his investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed discovery in this action; and has not yet completed preparation for trial. Consequently, the following responses are given without prejudice to Responding Party's right to amend or supplement the responses herein at a later date. No admissions of any nature whatsoever are implied or should be inferred. Nothing herein should be construed as an admission or acceptance by this party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Responding Party reserves the right to continue the investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case. In addition, Responding Party reserves the right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through his continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

## GENERAL OBJECTIONS

1. Responding Party objects to the Requests for Admission, as a whole, to the extent that they request information that is protected from disclosure by the

attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity.

2. Responding Party objects to each Request for Admission to the extent that it seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of Responding Party's records, or to create a summary or compilation other than as maintained in the regular course of business. Responding Party further objects to each Request for Admission to the extent that it seeks to require Responding Party to provide information not in Responding Party's possession, custody or control.

3. Responding Party objects to each and every Request for Admission to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Responding Party objects to each and every Request for Admission to the extent that such discovery is overly broad, vague, and ambiguous.

5. Responding Party objects to each and every Request for Admission to the extent that it seeks information already known by, or reasonably accessible to Plaintiff, or facts that are solely within the knowledge and control of Plaintiff.

6. Responding Party objects on the grounds that Responding Party has not completed factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Responding Party as well as Responding Party's present analysis of the case. However, information that may be responsive may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Responding Party reserves the right to amend and/or supplement his responses as and when additional information is discovered. Additionally, because Responding Party's responses are based upon information that Responding Party recalls and has identified to date, they do not preclude Responding Party from relying on facts or

documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

**DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE**

**REQUEST FOR ADMISSION NO. 1:**

Admit that CLASSIC MOTORS is a business entity organized under the laws of the State of Arizona.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

OBJECTION. Responding Party objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 2:**

Admit that CLASSIC MOTORS has its principal place of business in the State of Arizona.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admit.

**REQUEST FOR ADMISSION NO. 3:**

Admit that ELIAS is an owner of CLASSIC MOTORS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admit.

**REQUEST FOR ADMISSION NO. 4:**

Admit that ELIAS had the authority to make purchases on behalf of CLASSIC MOTORS at all times from January 1, 2022 to October 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "authority to make purchases on behalf of." Responding Party further objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 5:**

Admit that ELIAS had the authority to receive payments on behalf of CLASSIC MOTORS at all times from January 1, 2022 to October 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "authority to receive payments on behalf of." Responding Party further objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 6:**

Admit that POPE has an ownership interest in or is an officer, director, or agent of CLASSIC MOTORS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "ownership interest in" and "officer, director, or agent." Responding Party further objects that the Request is compound. Responding Party further objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 7:**

Admit that CLASSIC MOTORS, through ELIAS or another principal, had a business relationship with RAMOS beginning no later than 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "business relationship with RAMOS."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that during the referenced time, Responding Party purchased vehicles from or through Woodside Credit, via Alexander Ramos as its point of contact. Otherwise denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that RAMOS offered to sell VEHICLES to CLASSIC MOTORS that had been repossessed by Woodside on behalf of its PARTNER BANKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "on behalf of its PARTNER BANKS" and as to time.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that during the referenced time, Responding Party purchased vehicles from Woodside Credit, via Alexander Ramos as its point of contact. Responding Party is unable to admit or deny the remainder as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 9:**

Admit that CLASSIC MOTORS knew that RAMOS was employed by Woodside at the time CLASSIC MOTORS purchased VEHICLES from Woodside's PARTNER BANKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to time.

Without waiving said objections, and to the extent that Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that, between 2022 and 2024, when Responding Party purchased vehicles through Woodside Credit, Responding Party was aware that Alexander Ramos was employed by Woodside. Responding Party lacks sufficient information to admit or deny which bank or other entity owned the loans on the referenced vehicles, and on that basis denies the remainder of the Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that CLASSIC MOTORS knew that RAMOS held the title of Assistant Vice President, Title & Risk Manager at Woodside.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to time.

Without waiving said objections, and to the extent that Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that between March 23, 2023 and October 10, 2024, CLASSIC MOTORS, ELIAS, and/or POPE purchased at least 21 VEHICLES from Woodside's PARTNER BANKS for a total of $1,801,000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

OBJECTION. Responding Party objects that this Request is compound.

Without waiving said objections, Responding Party responds as follows: Responding Party admits to purchasing approximately 21 vehicles through Woodside Credit during the referenced period. Responding Party lacks sufficient information to admit or deny which bank or other entity owned the loans on the referenced vehicles,

and on that basis denies the Request as to "from Woodside's PARTNER BANKS." Otherwise denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that one or more of the VEHICLE purchases identified in Exhibit A to the Complaint were made in the name of CLASSIC MOTORS or on behalf of CLASSIC MOTORS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "in the name of CLASSIC MOTORS" and "on behalf of CLASSIC MOTORS." Responding Party objects that this Request is compound.

Without waiving said objections, and to the extent that Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that CLASSIC MOTORS received a check from the MONTANA AGENT dated July 18, 2023 in the amount of $30,000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that CLASSIC MOTORS received a wire transfer from the MONTANA AGENT dated July 5, 2024 in the amount of $200,000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that CLASSIC MOTORS received a wire transfer from the MONTANA AGENT dated July 22, 2024 in the amount of $100,000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that CLASSIC MOTORS received a wire transfer from the MONTANA AGENT dated July 25, 2024 in the amount of $55,000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Admit.

**REQUEST FOR ADMISSION NO. 17:**

Admit that between March 15, 2023 and October 10, 2024, CLASSIC MOTORS received checks and/or wires from the MONTANA AGENT totaling in excess of $1,000,000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Responding Party is conducting a diligent search and reasonable inquiry in an effort to gain information necessary to admit or deny this Request, and will supplement or amend this Response if necessary when such search and inquiry are complete. Responding Party presently lacks information necessary to enable Responding Party to admit or deny this Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the checks CLASSIC MOTORS received from the MONTANA AGENT, as described in Exhibit B to the Complaint, listed "Refund" in the memo line.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "the checks."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that some of the referenced checks listed "Refund" in the memo line. Otherwise denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that RAMOS told CLASSIC MOTORS, through ELIAS or another principal, that Woodside wanted the PARTNER BANKS to believe that automobiles were selling for higher prices than what they would actually sell for. Responding Party objects that this Request is compound.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "than what they would actually sell for" and as to time.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 20:**

Admit that CLASSIC MOTORS understood that the payments it received from the MONTANA AGENT were funded, in whole or in part, by monies belonging to Woodside.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "funded, in whole or in part, by monies belonging to Woodside" and as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that Responding Party understood that the referenced payments were issued at Woodside's request, or at Alexander Ramos's request as an officer for Woodside on Woodside's behalf. Responding Party lacks sufficient information to admit or deny the remainder of the Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 21:**

Admit that CLASSIC MOTORS did not disclose to Woodside or any PARTNER BANK that it was receiving payments from the MONTANA AGENT in connection with its purchases of VEHICLES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "disclose to Woodside or any PARTNER BANK" and "in connection with its purchases of VEHICLES," and as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 22:**

Admit that at no time did Woodside authorize RAMOS to direct the MONTANA AGENT to make payments to CLASSIC MOTORS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Responding Party lacks sufficient information to admit or deny the Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 23:**

Admit that CLASSIC MOTORS resold one or more of the VEHICLES identified in Exhibit A to the Complaint after purchasing them from Woodside's PARTNER BANKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

OBJECTION. Responding Party objects that the Request is vague and ambiguous as phrased as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that CLASSIC MOTORS earned a profit on the resale of one or more of the VEHICLES identified in Exhibit A to the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "earned a profit" and "from the resale of one or more of the VEHICLES …."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that the 1972 Chevrolet Chevelle (Loan No. 427579), the 2019 Rolls Royce (Loan No. 434340), the 2005 Rolls Royce Wraith (Loan No. 305148), and the 2020 Mercedes G Class (Loan No. 383801), as identified in Exhibit A to the Complaint, were at some point in the possession, custody, or control of CLASSIC MOTORS, ELIAS, or POPE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion. Responding Party objects that this Request is vague and ambiguous as phrased as to "possession, custody, or control." Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 26:**

Admit that in connection with the purchase of VEHICLES from Woodside's PARTNER BANKS, CLASSIC MOTORS used the United States mail or interstate wire transfers to send or receive funds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "in connection with" and as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 27:**

Admit that in connection with the receipt of payments from the MONTANA AGENT, CLASSIC MOTORS received funds via the United States mail or interstate wire transfers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "in connection with" and as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 28:**

Admit that CLASSIC MOTORS held a valid automotive dealer license in the State of Arizona at all times from January 1, 2022 to the present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "valid automotive dealer license." Responding Party objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that Responding Party was licensed in Arizona beginning on January 1, 2023.

Responding Party denies that Responding Party was licensed in Arizona in 2022.

**REQUEST FOR ADMISSION NO. 29:**

Admit that this Court has personal jurisdiction over CLASSIC MOTORS with respect to the claims asserted in the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: This Request seeks the admission of non-factual matters that are not capable of being admitted or denied by Responding Party, and on that basis Responding Party denies.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Woodside has suffered damages as a result of the conduct described in the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion. Responding Party further objects that the Request is vague and ambiguous as phrased as to “suffered damages” and “as a result of the conduct described in the Complaint.”

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party lacks sufficient information to admit or deny the Request, and on that basis denies.

Dated: May 15, 2026

LAW OFFICES OF DALE K. GALIPO

*/s/ Dale K. Galipo*
Dale K. Galipo
*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

| UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| **TITLE OF CASE (Abbreviated)**<br>Woodside Credit, LLC v. Ramos, et al. | |
| **ATTORNEY(S) NAME AND ADDRESS**<br>Dale K. Galipo [CA SBN 144074]<br>LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Blvd, Suite 310<br>Woodland Hills, California 91367<br>Fax: (818) 347-4118<br>Email: dalekgalipo@yahoo.com | |
| **ATTTORNEY(S) FOR: Defendants** | Case No.: 8:25-cv-02146-FWS-JDE<br>Hon. Fred W. Slaughter |

## DECLARATION OF SERVICE

I, Santiago G. Laurel, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367. On May 15, 2026, I served the foregoing document described as **SEE ATTACHED DOCUMENT LIST** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as specified below:

**SEE ATTACHED SERVICE LIST**

## METHOD OF SERVICE

☐ (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the address specified above.

☐ I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

☐ I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 15, 2026

_______________________________
Santiago G. Laurel

**DOCUMENT LIST**

1. DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE
2. DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
3. DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S INTERROGATORIES, SET ONE
4. DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
5. DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC's INTERROGATORIES, SET ONE
6. DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE
7. DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S INTERROGATORIES, SET ONE
8. DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE
9. DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

**SERVICE LIST**

GEOFFREY A. NERI, State Bar No. 258802
Geoff@bnsklaw.com
BROWN NERI & SMITH LLP
11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025
F: (310) 593-9980

***Attorneys for Plaintiff, WOODSIDE CREDIT, LLC***

# EXHIBIT D

**RE: L.R. 7-3 Meet and Confer — Plaintiff's Anticipated Motion for Default Judgment Against Defendant Ramos (Woodside Credit, LLC v. Ramos, et al., No. 8:25-cv-02146-FWS-JDE)**

---

| | |
|---|---|
| **From** | Benjamin Levine <blevine@galipolaw.com> |
| **Date** | Fri 5/15/2026 9:02 AM |
| **To** | Geoff Neri <geoff@bnsklaw.com> |
| **Cc** | Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>; Andrew Purdy <andrew@bnsklaw.com> |
| **Subject** | RE: L.R. 7-3 Meet and Confer — Plaintiff's Anticipated Motion for Default Judgment Against Defendant Ramos (Woodside Credit, LLC v. Ramos, et al., No. 8:25-cv-02146-FWS-JDE) |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thanks, Geoff. Will be filed this morning.

Ben

**Benjamin S. Levine, Associate Attorney** | **The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118 | Email: blevine@galipolaw.com www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

Outlook

**RE: L.R. 7-3 Meet and Confer — Plaintiff's Anticipated Motion for Default Judgment Against Defendant Ramos (Woodside Credit, LLC v. Ramos, et al., No. 8:25-cv-02146-FWS-JDE)**

**From** Geoff Neri <geoff@bnsklaw.com>
**Date** Wed 5/13/2026 4:29 PM
**To** Benjamin Levine <blevine@galipolaw.com>
**Cc** Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>; Andrew Purdy <andrew@bnsklaw.com>

Ben,

This is good to file. Thanks.

Geoff

**From:** Benjamin Levine <blevine@galipolaw.com>
**Sent:** Monday, May 11, 2026 10:54 AM
**To:** Geoff Neri <geoff@bnsklaw.com>
**Cc:** Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>; Andrew Purdy <andrew@bnsklaw.com>
**Subject:** RE: L.R. 7-3 Meet and Confer — Plaintiff's Anticipated Motion for Default Judgment Against Defendant Ramos (Woodside Credit, LLC v. Ramos, et al., No. 8:25-cv-02146-FWS-JDE)

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Geoff,

Attached is a draft stipulated protective order for this case. Please let me know if you have any edits or if this is approved to file as-is with your electronic signature added.

Ben

**Benjamin S. Levine, Associate Attorney** | **The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118 | Email: blevine@galipolaw.com
www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

**From:** Geoff Neri <geoff@bnsklaw.com>
**Sent:** Thursday, May 7, 2026 9:18 AM
**To:** Benjamin Levine <blevine@galipolaw.com>
**Cc:** Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>; Andrew Purdy

<andrew@bnsklaw.com>
**Subject:** Re: L.R. 7-3 Meet and Confer — Plaintiff's Anticipated Motion for Default Judgment Against Defendant Ramos (Woodside Credit, LLC v. Ramos, et al., No. 8:25-cv-02146-FWS-JDE)

Yes, thanks

Get Outlook for iOS

---

**From:** Benjamin Levine <blevine@galipolaw.com>
**Sent:** Thursday, May 7, 2026 9:14:32 AM
**To:** Geoff Neri <geoff@bnsklaw.com>
**Cc:** Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>; Andrew Purdy <andrew@bnsklaw.com>
**Subject:** RE: L.R. 7-3 Meet and Confer — Plaintiff's Anticipated Motion for Default Judgment Against Defendant Ramos (Woodside Credit, LLC v. Ramos, et al., No. 8:25-cv-02146-FWS-JDE)

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Geoff,

Yes, how about Friday at 2pm?

Ben

**Benjamin S. Levine, Associate Attorney** | **The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118 | Email: blevine@galipolaw.com
www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

---

**From:** Geoff Neri <geoff@bnsklaw.com>
**Sent:** Wednesday, May 6, 2026 5:04 PM
**To:** Benjamin Levine <blevine@galipolaw.com>
**Cc:** Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>; Andrew Purdy <andrew@bnsklaw.com>
**Subject:** RE: L.R. 7-3 Meet and Confer — Plaintiff's Anticipated Motion for Default Judgment Against Defendant Ramos (Woodside Credit, LLC v. Ramos, et al., No. 8:25-cv-02146-FWS-JDE)

Ben,

Are you available tomorrow or Friday to meet and confer on the motion and the other issues we have discussed?

Geoffrey A. Neri
**BROWN, NERI, SMITH & KHAN LLP**
11601 Wilshire Blvd., Suite 2080

Los Angeles, California 90025
T: (310) 593-9890
F: (310) 593-9980
Email: geoff@bnsklaw.com

BROWN NERI SMITH & KHAN

---

**From:** Geoff Neri
**Sent:** Friday, May 1, 2026 4:32 PM
**To:** 'Benjamin Levine' <blevine@galipolaw.com>
**Cc:** Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>; Andrew Purdy <andrew@bnsklaw.com>
**Subject:** RE: L.R. 7-3 Meet and Confer — Plaintiff's Anticipated Motion for Default Judgment Against Defendant Ramos (Woodside Credit, LLC v. Ramos, et al., No. 8:25-cv-02146-FWS-JDE)

Ben, are you available right now?

---

**From:** Benjamin Levine <blevine@galipolaw.com>
**Sent:** Tuesday, April 28, 2026 3:24 PM
**To:** Geoff Neri <geoff@bnsklaw.com>
**Cc:** Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>; Andrew Purdy <andrew@bnsklaw.com>
**Subject:** RE: L.R. 7-3 Meet and Confer — Plaintiff's Anticipated Motion for Default Judgment Against Defendant Ramos (Woodside Credit, LLC v. Ramos, et al., No. 8:25-cv-02146-FWS-JDE)

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Geoff,

Thanks for your email. I am available for a phone call this Friday between 11am and 5pm regarding the anticipated motion – let me know if there is a time in that window that works for you. I expect to be able to provide our position on the motion when we talk.

Best,
Ben

**Benjamin S. Levine, Associate Attorney** | **The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118 | Email: blevine@galipolaw.com
www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

**From:** Geoff Neri <geoff@bnsklaw.com>
**Sent:** Friday, April 24, 2026 5:44 PM
**To:** Benjamin Levine <blevine@galipolaw.com>
**Cc:** Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>; Andrew Purdy <andrew@bnsklaw.com>
**Subject:** L.R. 7-3 Meet and Confer — Plaintiff's Anticipated Motion for Default Judgment Against Defendant Ramos (Woodside Credit, LLC v. Ramos, et al., No. 8:25-cv-02146-FWS-JDE)

Ben,

Pursuant to Local Rule 7-3, I write to meet and confer regarding Plaintiff Woodside Credit, LLC's anticipated Motion for Default Judgment (the "Motion") against Defendant Alexander G. Ramos, which we discussed briefly on our call earlier this week.

As you know, default was entered against Mr. Ramos by the Clerk on February 5, 2026, following his failure to respond to the Complaint. The Motion will be narrowly tailored. We will seek default judgment against Ramos only, and solely on the Fourth Cause of Action for Breach of Fiduciary Duty. We are not seeking default judgment at this time on any cause of action that overlaps between Mr. Ramos and your clients — *i.e.*, fraud, conspiracy to commit fraud, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, or the RICO counts. We intend to reserve those claims for resolution after the case against the Elias Defendants concludes.

We have taken this approach to avoid implicating the concerns articulated in *Frow v. De La Vega*, 82 U.S. 552 (1872), and *In re First T.D. & Investment, Inc.*, 253 F.3d 520 (9th Cir. 2001). Because Count 4 is asserted against Ramos alone — based on the fiduciary duties he owed Plaintiff Woodside Credit, LLC as its former AVP of Risk & Title Management, duties your clients did not share — there is no risk of logically inconsistent judgments on any claim asserted against your clients. The motion will request Rule 54(b) certification with a finding of no just reason for delay, given Mr. Ramos's incarceration, his status as a foreign national in the United States illegally following deportation, and the corresponding risk that any recoverable assets will be dissipated or placed beyond reach.

I'd appreciate hearing your clients' position before we finalize the papers. Specifically, please let me know:

1. Whether the Elias Defendants oppose the motion, and if so, on what grounds;
2. Whether you have concerns regarding the scope of the relief sought or the request for Rule 54(b) certification; and
3. Your availability for a telephone conference within the next week to satisfy our L.R. 7-3 obligations

Thank you,

Geoffrey A. Neri
**BROWN, NERI, SMITH & KHAN LLP**
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
T: (310) 593-9890
F: (310) 593-9980
Email: geoff@bnsklaw.com

BROWN
NERI
SMITH
& KHAN

# EXHIBIT E

BROWN
NERI
SMITH
& KHAN

August 3, 2026

**VIA EMAIL** (blevine@galipolaw.com)

Benjamin Levine, Esq.
Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367

**RE:** ***Woodside Credit, LLC v. Ramos, et al.*, U.S. District Court, Central District of California, Case No. 8:25-cv-02146-FWS-JDE — Request for Pre-Filing Conference of Counsel Pursuant to Local Rule 37-1 Regarding the Elias Defendants' Responses to Plaintiff's First Sets of Written Discovery**

Dear Mr. Levine:

I write on behalf of Plaintiff Woodside Credit, LLC ("Woodside") pursuant to Local Rule 37-1 to request a pre-filing conference of counsel concerning the responses served on May 15, 2026 by Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc. (collectively, the "Elias Defendants") to Woodside's Interrogatories (Set One), Requests for Production of Documents (Set One), and Requests for Admission (Set One) — nine sets of responses in all. As Local Rule 37-1 requires, this letter identifies each issue and each discovery request in dispute, states Woodside's position and the authority we believe is dispositive of each issue, and specifies the terms of the discovery order Woodside will ask the Court to enter if we cannot resolve these disputes. Local Rule 37-1 obligates your clients to confer with me within ten (10) days of this letter — **on or before August 13, 2026**. I propose that we confer on **August 6th or 11th** . Because both of our offices are in Los Angeles County, the Rule contemplates an in-person conference at my office; I am happy to accommodate a video conference instead if that is more efficient for you. Please confirm a date within three (3) business days.

At the outset, one development resolves the condition on which most of your clients' document responses rested: the Court has now entered the parties' Stipulated Protective Order. Thirty-two of the seventy-five responses to Woodside's document requests promise that the responding defendant "will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order." That condition is satisfied. No basis remains for withholding a single responsive, non-privileged document, and Woodside expects **c**omplete production, together with the overdue interrogatory verifications discussed below, no later than Monday, August 10, 2026. If production is not made by then, Woodside will treat these responses as what they will have

BROWN
NERI
SMITH
& KHAN

proven to be — objections in disguise and a failure to permit inspection under Rule 37(a)(3)(B)(iv) and (a)(4) — and will proceed accordingly.

## I. <u>The Interrogatory Answers Are Unverified</u>

None of the three sets of interrogatory answers is verified. Each is signed only by counsel. Rule 33(b)(1) requires interrogatories to be answered by the party to whom they are directed, Rule 33(b)(3) requires each interrogatory to be answered "separately and fully in writing under oath," and Rule 33(b)(5) requires "the person who makes the answers" to sign them. Answers not verified under oath by the responding party fail to comply with the Rule. *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007). Note the Rule's distinct treatment of individual and corporate parties: Mr. Elias and Ms. Pope must each answer and verify personally, under oath, based on personal knowledge (Rule 33(b)(1)(A)), while Classic Motors must answer through "any officer or agent, who must furnish the information available to the party" (Rule 33(b)(1)(B)). *O'Connell*, 245 F.R.D. at 650. Counsel's signature satisfies neither. Please serve signed verifications from Mr. Elias, Ms. Pope, and a Classic Motors officer or agent with access to the corporation's information by **August 10, 2026**.

## II. <u>The Interrogatory Responses: The Manufactured "25-Interrogatory" Objection Is Meritless, and Complete Answers Are Required</u>

Woodside served exactly twenty-five (25) numbered interrogatories on each defendant, in conformity with Rule 33(a)(1). Rather than answer them — or move for a protective order, which is the proper vehicle for a numerosity concern, see Fed. R. Civ. P. 26(c) — each defendant unilaterally "re-counted" the set by carving the early interrogatories into purported "discrete subparts," declared the 25-interrogatory limit exhausted partway through the set, and refused to answer everything after it. The result: Mr. Elias refused to answer Interrogatory Nos. 6 through 25 in their entirety; Ms. Pope refused Nos. 8 through 25; and Classic Motors refused Nos. 7 through 25 — that is, 80%, 72%, and 76%, respectively, of the interrogatories propounded — in each case on the sole ground that the interrogatory "exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33." Classic Motors' and Mr. Elias's responses to the vehicle-transaction interrogatory even stop mid-answer with the remarkable notation "(Additional subparts omitted. Responding Party reserves the right to subsequently identify additional subparts in this Interrogatory as necessary.)"

BROWN
NERI
SMITH
& KHAN

The premise of the objection — that "each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated" — is a misstatement of the law. Rule 33(a)(1) counts only "discrete subparts," and the governing test in this District is the "related question" standard: subparts that are logically or factually subsumed within and necessarily related to the primary question count as a single interrogatory. *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 443–46 (C.D. Cal. 1998). That remains the operative standard in this District and this Circuit. *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) ("interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question"); *accord Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006).

Under the foregoing standard, asking the nature and duration of a party's relationship with Mr. Ramos — including when it began and under what circumstances — is one interrogatory, not two or three. Asking a party to identify herself, including aliases, birth date, and residence history, is one interrogatory. Asking, for a defined transaction, the date, the price, the source of funds, the manner of payment, and the account used seeks details subsumed within a single primary question about that transaction. Your clients' contrary "count" is not a good-faith application of Rule 33(a)(1); it is arithmetic engineered to land at 25 and excuse non-response to the twenty interrogatories that matter most.

Nor would the arithmetic help your clients even if it were closer than it is. We anticipate the argument that the vehicle-transaction interrogatory should itself be counted transaction by transaction. Even crediting that reading — which Woodside does not concede — it would, at most, place the vehicle interrogatory near the numeric limit; it would do nothing to justify refusing the twenty single-subject and contention interrogatories that follow. And in all events, a party who believes a set exceeds the numerical limit must answer the interrogatories up to the limit, in the order propounded, completely; it may not answer the convenient questions, skip the sensitive subparts, and refuse the remainder. Yet that is what each defendant did:

- **The account subparts were skipped.** Each answered vehicle transaction identifies the paying account only as "Wells Fargo" — omitting the account number and account-holder name expressly called for. The identity answers omit the aliases and prior-address history requested. Classic Motors never identified its shareholders, directors, or historical business addresses.

BROWN
NERI
SMITH
& KHAN

- **The joint-account subparts were refused outright.** Mr. Elias (No. 3) and Ms. Pope (No. 2) refused to describe joint financial accounts, business interests, and financial arrangements between the spouses on "privacy" and "marital privilege" grounds. As explained in Section III below, no such privilege applies, and the Protective Order now addresses any legitimate confidentiality concern.

- **Single-subject interrogatories were refused as "excess."** Nothing about the vehicle-transaction interrogatory converts "state your total gross income for 2022 through 2025," "identify all persons with knowledge," "state whether you have been contacted by law enforcement," "state whether you have been convicted of a crime," or "identify each person who assisted in preparing these responses" into interrogatories beyond the limit. Each is a single question with no subparts to count.

- **Every contention interrogatory was refused.** Interrogatories directed to the factual bases for your clients' Second (Assumption of Risk), Third (Comparative Fault), Ninth (Unclean Hands), Eleventh (Fraudulent Inducement by Others), and Twelfth (Misrepresentation and Concealment by Others) Affirmative Defenses are expressly proper. Fed. R. Civ. P. 33(a)(2). If your clients will not disclose the facts supporting those defenses, Woodside will seek to have the defenses stricken or excluded at summary judgment and trial.

Woodside's position: the numerosity objection should be withdrawn and each defendant should serve complete, verified answers to all twenty-five interrogatories — including the omitted subparts identified above — by **Friday, August 14, 2026**. If your clients stand on their count, please say so at the conference: Woodside will present the counting issue to Judge Early and, in the alternative, will seek leave nunc pro tunc under Rules 33(a)(1) and 26(b)(1)–(2) to the extent any interrogatory is deemed to exceed the limit. Given the twenty-five vehicles, forty-eight transfers totaling $1,419,803, three jointly represented defendants, and the RICO pattern element at issue, that leave will not be difficult to justify — and the fee exposure under Rule 37(a)(5) will rest with your clients.

## III. <u>The Document Responses: Production Is Due Now</u>

### A. <u>The Protective-Order Condition Is Satisfied — Produce the Documents</u>

The following responses promise production "upon entry of a protective order":

BROWN NERI SMITH & KHAN

Elias RFP Nos. 1, 3, 4, 6, 10, 11, 16, 21, 23, 24, and 25; Classic Motors RFP Nos. 1, 2, 4, 5, 7, 13, 15, 17, 21, 23, 24, and 25; and Pope RFP Nos. 1, 4, 7, 8, 9, 16, 21, 22, and 23. The Stipulated Protective Order has been entered. Rule 34(b)(2)(B) requires production to be completed "no later than the time for inspection specified in the request or another reasonable time specified in the response."

Eleven weeks have passed since your clients served these responses. Now that the stated condition is met, continued non-production leaves these responses functionally indistinguishable from the boilerplate refusals addressed below. Woodside expects the complete production called for by each of these thirty-two requests by **August 10, 2026**, with documents produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests. Fed. R. Civ. P. 34(b)(2)(E).

### B. <u>The Objection-Only Refusals to the Financial Discovery Are Untenable</u>

Each defendant refused outright — asserting objections and promising nothing — the requests at the financial core of this case: Elias RFP Nos. 5 (bank statements), 8 and 9 (transfers with Ms. Pope and Classic Motors), 12 (tax returns), and 22 (phone records); Classic Motors RFP Nos. 6 (bank statements), 9 and 10 (transfers with Mr. Elias and Ms. Pope), 11 (financial records and general ledger), and 12 (tax returns); and Pope RFP Nos. 5 (bank statements), 6 (documents concerning her financial relationship with Mr. Elias), 11 (transfers with Mr. Elias), 13 (tax returns), and 20 (phone records).

The objections are boilerplate — "overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery," with privacy and "marital privilege" overlays — and boilerplate preserves nothing. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005); *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) ("unexplained and unsupported boilerplate objections are improper"); *Bible v. Rio Props., Inc.*, 246 F.R.D. 614, 618 (C.D. Cal. 2007) (objections that requests are "overly broad, burdensome, oppressive, and irrelevant" are insufficient, and "general objections are not useful to the court ruling on a discovery motion"); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

The party resisting discovery bears the burden of showing specifically why each request is objectionable — "the burden of clarifying, explaining, and supporting its objections." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Scalia v. Int'l Longshore & Warehouse Union*, 337 F.R.D. 281, 285 (N.D. Cal. 2020) (quoting *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998)).

BROWN
NERI
SMITH
& KHAN

On the merits, none of the asserted grounds withstands scrutiny. This is a fraud and RICO action seeking to trace $1,419,803 in "Refund" payments and the proceeds of twenty-five vehicles; the bank records, ledgers, and inter-spousal transfers are not peripheral — they are the case. Federal privilege law governs. Fed. R. Evid. 501; *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005); *Dagdagan v. City of Vallejo*, 263 F.R.D. 632, 634–35 (E.D. Cal. 2010) ("Where there are federal question claims and pendant state law claims present, the federal law of privilege applies," and it controls "despite the pendent state law claims"). Under federal law: (i) there is no general "privacy" privilege — privacy "is not a recognized privilege or absolute bar to discovery, but instead is subject to the balancing of needs," and confidentiality concerns "can be addressed with a protective order," *Oakes*, 179 F.R.D. at 284 — and the Protective Order is now in place; courts in this District compel personal financial records in fraud actions, *A. Farber*, 234 F.R.D. at 191–92; (ii) tax returns are not privileged and are "clearly relevant" in civil RICO litigation, discoverable under the two-part relevance/compelling-need test where, as here, the responding parties have refused to produce the underlying financial records that might otherwise supply the information, *A. Farber*, 234 F.R.D. at 191 (compelling tax returns in a civil RICO action, subject to a protective order); *accord Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); (iii) the adverse spousal testimonial privilege has no application in a civil case, *Trammel v. United States*, 445 U.S. 40, 53 (1980); and (iv) the marital communications privilege protects only confidential communications between spouses — not checks, deposits, transfers, account records, or business documents — and does not extend to communications in furtherance of joint participation in a fraud. *United States v. Marashi*, 913 F.2d 724, 729–30 (9th Cir. 1990); *cf. Zelen v. United States*, No. CV 13-8940, 2014 U.S. Dist. LEXIS 49225 (C.D. Cal. Mar. 6, 2014) (no confidentiality in "checks written by a client and deposited with a third party bank whose employees see the information"). The objection is particularly untenable as applied to the deposit and disposition of the $35,000 "Refund" check Ms. Pope admits she received.

### C. <u>"Diligent Search Ongoing" Is Not a Response; Insurance Was Due in January</u>

The following responses state that the responding party "is conducting a diligent search and reasonable inquiry" and will supplement at some unspecified time: **Elias RFP** Nos. 13, 17, 18, and 19; Classic Motors RFP Nos. 14, 18, 19, and 22; and Pope RFP Nos. 3, 12, 14, 17, 18, and 25. A response containing no date certain violates Rule 34(b)(2)(B), and an evasive or incomplete response is treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). A responding party must state whether its compliance is complete and whether anything is

BROWN
NERI
SMITH
& KHAN

being withheld — "diligent search" language without more does not discharge that obligation, and courts compel amended responses that identify what has and has not been searched. *Owen v. Hyundai Motor Am.*, 344 F.R.D. 531, 534 (E.D. Cal. 2023); *Al Otro Lado, Inc. v. Nielsen*, 328 F.R.D. 408, 416 (S.D. Cal. 2018) (Rule 34(b)(2)(C) requires the responding party to "state whether any responsive materials are being withheld on the basis" of its objection, and the duty is not excused because compliance is burdensome).

Discovery has been open for months; the "search" should long since have concluded. Please either produce all documents responsive to these requests by August 10, 2026, or serve amended responses stating unequivocally, per Rule 26(g), that after diligent search no responsive documents exist. Note in particular the insurance requests (Elias No. 17; Classic Motors No. 18; Pope No. 17): any insurance agreement under which an insurer may be liable was required to be produced with your clients' initial disclosures on January 15, 2026. Fed. R. Civ. P. 26(a)(1)(A)(iv). Its continued absence is a violation subject to Rule 37(c)(1).

**D. <u>The "None" Responses Must Be Unconditional, and Withholding Must Be Disclosed</u>**

The following responses state "None" — but only "subject to" and "without waiving" a stack of boilerplate objections: Elias RFP Nos. 2, 7, 14, 15, and 20; Classic Motors RFP Nos. 3, 8, 16, and 20; and Pope RFP Nos. 2, 10, 15, 19, and 24. Rule 34(b)(2)(C) requires each objection to state whether responsive materials are being withheld on its basis; as written, Woodside cannot tell whether "None" means no documents exist or means no documents are being produced. *Al Otro Lado*, 328 F.R.D. at 416; *Owen*, 344 F.R.D. at 534. Please serve amended responses that either withdraw the objections and certify, after diligent search and reasonable inquiry, that no responsive documents exist in the party's possession, custody, or control, or else identify what is being withheld and why. We also note, for the conference, that several of these denials are difficult to credit — for example, Mr. Elias's representation that he has no documents reflecting any communication with the Montana Agent (No. 2) and no documents reflecting any transfer of funds between himself and Mr. Ramos (No. 7), and Classic Motors' representation that it has no documents concerning contact with any law enforcement agency (No. 16) notwithstanding the parallel federal prosecution of Mr. Ramos. If your clients stand on these responses, Woodside will hold them to the consequences at deposition and trial.

BROWN
NERI
SMITH
& KHAN

### E. Privilege Log

To the extent any document is withheld under a claim of attorney-client privilege, work product, "marital privilege," or otherwise, Rule 26(b)(5)(A) requires an express claim and a description of the withheld materials sufficient to assess the claim. No log of any kind has been served. "A party may not make a blanket assertion of privilege in response to a discovery request." *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). Boilerplate privilege objections are "improper and therefore 'no claim of privilege at all,'" *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D. Cal. 1992); an unjustified failure to log may effect a waiver, *Burlington N.*, 408 F.3d at 1149; *McCoy v. Sw. Airlines Co.*, 208 F.R.D. 617, 623 (C.D. Cal. 2002) ("defendant's initial failure to produce a privilege log when responding to plaintiffs' document requests also waives any privilege"). Please serve a complete privilege log with the production, and in no event later than **August 14, 2026**.

## IV. The Requests for Admission: The Evasive Answers Violate Rule 36(a)(4)

The standards governing everything in this Section are collected in *In re Heritage Bond Litigation*, 220 F.R.D. 624, 627 (C.D. Cal. 2004): an answer "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter"; "[a] denial shall fairly meet the substance of the requested admission"; a party qualifying an answer "shall specify so much of it as is true and qualified or deny the remainder"; and lack of information may be asserted only if the party "states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Your clients' answers fail these standards in five recurring ways.

### A. "Conducting a Diligent Search … and On That Basis Denies"

Rule 36(a)(4) permits an answering party to assert lack of knowledge or information as a reason for failing to admit or deny *only* if the party "states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." The inquiry must precede the answer. Your clients' recurring formula — "Responding Party is conducting a diligent search and reasonable inquiry … Responding Party presently lacks information necessary to enable Responding Party to admit or deny this Request, and on that basis denies" — concedes on its face that the required inquiry had not been made when the answers were served. Where the responder fails to make the required showing, the court may order the matter admitted. *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245–47 (9th Cir. 1981); *In re Heritage Bond Litig.*, 220 F.R.D. at 627. The responses

BROWN
NERI
SMITH
& KHAN

at issue are: Elias RFA Nos. 15 and 16; Pope RFA Nos. 9 and 10; and Classic Motors RFA No. 17. Each concerns a payment documented in your clients' own bank records and in the checks and wires itemized in Exhibit B to the Complaint — the $35,000 check to Mr. Elias dated October 27, 2023; the aggregate $1,419,803 in transfers; the deposit and "Refund" memo line of Ms. Pope's $35,000 check; and the more than $1,000,000 in transfers to Classic Motors. A party cannot lack knowledge of what its own bank statements show.

**B. <u>"Unable to Admit or Deny As Phrased"</u>**

A second formula — "Responding Party is unable to admit or deny this Request as phrased, and on that basis denies" — appears in Elias RFA Nos. 8, 28, and 29; Pope RFA Nos. 16, 19, 20, 23, and 28; and Classic Motors RFA Nos. 19, 26, and 27. That is not one of the responses Rule 36(a)(4) permits. "A denial shall fairly meet the substance of the requested admission," *In re Heritage Bond Litig.*, 220 F.R.D. at 627, and the phrases your clients profess not to understand — "in connection with," "benefited financially," whether the mails or interstate wires were used — are ordinary English. These requests go to the heart of the case: the statement alleged in Complaint ¶ 40 (that Mr. Ramos told Mr. Elias Woodside wanted its partner banks to believe vehicles were selling for higher prices than they actually sold for) and the use of the mails and wires in connection with the purchases and the Montana Agent payments. Straight answers are required.

**C. <u>"Lacks Sufficient Information" Without the Required Recital</u>**

Elias RFA Nos. 22 and 30, Pope RFA Nos. 22 and 26, and Classic Motors RFA Nos. 22 and 30 deny for claimed lack of information without stating that a reasonable inquiry was made and that the information known or readily obtainable is insufficient — the recital Rule 36(a)(4) makes mandatory. *In re Heritage Bond Litig.*, 220 F.R.D. at 627; *Asea*, 669 F.2d at 1245–47. Amended answers are required.

**D. <u>The Jurisdiction and Venue Denials Contradict Your Clients' Own Answer</u>**

Elias RFA Nos. 26 and 27, Pope RFA Nos. 24 and 25, and Classic Motors RFA No. 29 refuse to admit personal jurisdiction and venue on the ground that these are "non-factual matters" calling for legal conclusions. Rule 36(a)(1)(A) expressly permits requests directed to "the application of law to fact." More to the point, your clients' Answer admits both: "Classic Motors Defendants admit that this Court has jurisdiction" (Answer ¶¶ 11–12) and "admit that venue is proper in this Court" (*id.* ¶ 13) — and no Rule 12(b)(2) or 12(b)(3) defense was pleaded, so any such defense is waived. Fed. R. Civ. P. 12(h)(1). "Factual

BROWN NERI SMITH & KHAN

assertions in pleadings . . . are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Your clients cannot deny by RFA what their operative pleading conclusively admits. There is no conceivable justification for these denials; they exist to burden the record. Withdraw them.

### E. Improper Qualifications

Rule 36(a)(4) requires a qualified answer to "specify so much of it as is true and qualified or deny the remainder." *In re Heritage Bond Litig.*, 220 F.R.D. at 627. Elias RFA Nos. 10, 11, and 12 admit the purchases of the 2022 Aston Martin Vantage, the 2021 Rolls Royce Ghost, and the 2018 Rolls Royce Wraith but append an unexplained "Otherwise denied" that sweeps in the transaction dates and prices — details corroborated by Classic Motors' own interrogatory answers and Mr. Elias's qualified admission (RFA No. 13) that approximately 21 vehicles were purchased in the period. Pope RFA Nos. 4 and 18 answer requests about whether Ms. Pope had signatory authority with "Denied to the extent it implies Responding Party ever exercised such authority. Otherwise admit" — a qualification that answers a question that was not asked. Amended answers should admit or deny what was actually requested.

Woodside requests amended answers to each request identified in this Section by **August 14, 2026**. Absent that, Woodside will move under Rule 36(a)(6) for an order determining the sufficiency of the answers, deeming the matters admitted or requiring amended answers, with expenses under Rules 36(a)(6) and 37(a)(5). Finally, a word about Rule 37(c)(2): if Woodside proves at trial the matters your clients have refused to admit — payments documented by canceled checks and wire records, memo lines legible on the face of the instruments, the use of the mails and wires inherent in transactions your clients admit occurred — Woodside will seek its reasonable expenses, including attorneys' fees, incurred in making that proof.

## V. The Order Woodside Will Seek

Local Rule 37-1 requires me to specify the terms of the discovery order Woodside will seek. Unless these disputes are resolved at or before our conference, Woodside will move, by joint stipulation under Local Rule 37-2, for an order:

- Overruling the numerosity objection and each general and boilerplate objection, and compelling each defendant to serve complete, verified answers to

BROWN
NERI
SMITH
& KHAN

Interrogatory Nos. 1–25 — including the omitted account, alias/address, and corporate-governance subparts — within 14 days; in the alternative, granting Woodside leave nunc pro tunc under Rule 33(a)(1) to the extent any interrogatory is counted against the limit;

- Compelling each defendant to produce all documents responsive to RFP Nos. 1–25 within 14 days; to serve amended written responses complying with Rule 34(b)(2)(B)–(C), including statements whether any materials are withheld and unconditional certifications where no documents exist; and to serve a Rule 26(b)(5)(A) privilege log for anything withheld, on pain of waiver;

- Overruling the privacy, tax-return, and marital-privilege objections, subject to the Stipulated Protective Order now in place;

- Determining the sufficiency of the RFA answers identified in Section IV and deeming those matters admitted or, at minimum, ordering amended answers within 14 days; and

- Awarding Woodside its reasonable expenses, including attorneys' fees, under Rule 37(a)(5) and Local Rule 37-4.

## VI. <u>Conference Logistics</u>

Please confirm within three (3) business days proposed dates for the conference, and whether you prefer to proceed in person at my office or by video. Please ensure that counsel attending has authority to commit your clients to supplemental responses and production dates. To make the conference productive, I ask that your clients serve the verifications and the protective-order-conditioned production by August 10, and that you come prepared to state, request by request, which deficiencies your clients will cure and by when. Anything cured before the conference narrows what we must present to Magistrate Judge Early.

This letter addresses the disputes apparent on the face of the responses; Woodside reserves all rights with respect to issues that emerge from the production, the verifications, or the conference, and nothing herein waives any objection, argument, or remedy, all of which are expressly reserved. I look forward to your prompt response.

BROWN
NERI
SMITH
& KHAN

Very truly yours,

Geoffrey A. Neri
BROWN, NERI, SMITH & KHAN LLP

# EXHIBIT F

BROWN
NERI
SMITH
& KHAN

August 4, 2026

**VIA EMAIL** (blevine@galipolaw.com)

Benjamin Levine, Esq.
Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367

**RE: *Woodside Credit, LLC v. Ramos, et al.*, U.S. District Court, Central District of California, Case No. 8:25-cv-02146-FWS-JDE — Request for Pre-Filing Conference of Counsel Pursuant to Local Rule 37-1 Regarding the Elias Defendants' Responses to Plaintiff's First Sets of Written Discovery**

Dear Mr. Levine:

I write on behalf of Plaintiff Woodside Credit, LLC ("Woodside") pursuant to Local Rule 37-1 to request a pre-filing conference of counsel concerning the responses served on May 15, 2026 by Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc. (collectively, the "Elias Defendants") to Woodside's Interrogatories (Set One), Requests for Production of Documents (Set One), and Requests for Admission (Set One) — nine sets of responses in all. As Local Rule 37-1 requires, this letter identifies each issue and each discovery request in dispute, states Woodside's position and the authority we believe is dispositive of each issue, and specifies the terms of the discovery order Woodside will ask the Court to enter if we cannot resolve these disputes. Local Rule 37-1 obligates your clients to confer with me within ten (10) days of this letter — **on or before August 14, 2026**. I propose that we confer on **August 6th or 11th** . Because both of our offices are in Los Angeles County, the Rule contemplates an in-person conference at my office; I am happy to accommodate a video conference instead if that is more efficient for you. Please confirm a date within three (3) business days.

At the outset, one development resolves the condition on which most of your clients' document responses rested: the Court has now entered the parties' Stipulated Protective Order. Thirty-two of the seventy-five responses to Woodside's document requests promise that the responding defendant "will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order." That condition is satisfied. No basis remains for withholding a single responsive, non-privileged document, and Woodside expects complete production, together with the overdue interrogatory verifications discussed below, no later than Monday, August 10, 2026. If production is not made by then, Woodside will treat these responses as what they will have

BROWN
NERI
SMITH
& KHAN

proven to be — objections in disguise and a failure to permit inspection under Rule 37(a)(3)(B)(iv) and (a)(4) — and will proceed accordingly.

## I. The Interrogatory Answers Are Unverified

None of the three sets of interrogatory answers is verified. Each is signed only by counsel. Rule 33(b)(1) requires interrogatories to be answered by the party to whom they are directed, Rule 33(b)(3) requires each interrogatory to be answered "separately and fully in writing under oath," and Rule 33(b)(5) requires "the person who makes the answers" to sign them. Answers not verified under oath by the responding party fail to comply with the Rule. *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007). Note the Rule's distinct treatment of individual and corporate parties: Mr. Elias and Ms. Pope must each answer and verify personally, under oath, based on personal knowledge (Rule 33(b)(1)(A)), while Classic Motors must answer through "any officer or agent, who must furnish the information available to the party" (Rule 33(b)(1)(B)). *O'Connell*, 245 F.R.D. at 650. Counsel's signature satisfies neither. Please serve signed verifications from Mr. Elias, Ms. Pope, and a Classic Motors officer or agent with access to the corporation's information by **August 10, 2026**.

## II. The Interrogatory Responses: The Manufactured "25-Interrogatory" Objection Is Meritless, and Complete Answers Are Required

Woodside served exactly twenty-five (25) numbered interrogatories on each defendant, in conformity with Rule 33(a)(1). Rather than answer them — or move for a protective order, which is the proper vehicle for a numerosity concern, see Fed. R. Civ. P. 26(c) — each defendant unilaterally "re-counted" the set by carving the early interrogatories into purported "discrete subparts," declared the 25-interrogatory limit exhausted partway through the set, and refused to answer everything after it. The result: Mr. Elias refused to answer Interrogatory Nos. 6 through 25 in their entirety; Ms. Pope refused Nos. 8 through 25; and Classic Motors refused Nos. 7 through 25 — that is, 80%, 72%, and 76%, respectively, of the interrogatories propounded — in each case on the sole ground that the interrogatory "exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33." Classic Motors' and Mr. Elias's responses to the vehicle-transaction interrogatory even stop mid-answer with the remarkable notation "(Additional subparts omitted. Responding Party reserves the right to subsequently identify additional subparts in this Interrogatory as necessary.)"

BROWN
NERI
SMITH
& KHAN

The premise of the objection — that "each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated" — is a misstatement of the law. Rule 33(a)(1) counts only "discrete subparts," and the governing test in this District is the "related question" standard: subparts that are logically or factually subsumed within and necessarily related to the primary question count as a single interrogatory. *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 443–46 (C.D. Cal. 1998). That remains the operative standard in this District and this Circuit. *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) ("interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question"); *accord Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006).

Under the foregoing standard, asking the nature and duration of a party's relationship with Mr. Ramos — including when it began and under what circumstances — is one interrogatory, not two or three. Asking a party to identify herself, including aliases, birth date, and residence history, is one interrogatory. Asking, for a defined transaction, the date, the price, the source of funds, the manner of payment, and the account used seeks details subsumed within a single primary question about that transaction. Your clients' contrary "count" is not a good-faith application of Rule 33(a)(1); it is arithmetic engineered to land at 25 and excuse non-response to the twenty interrogatories that matter most.

Nor would the arithmetic help your clients even if it were closer than it is. We anticipate the argument that the vehicle-transaction interrogatory should itself be counted transaction by transaction. Even crediting that reading — which Woodside does not concede — it would, at most, place the vehicle interrogatory near the numeric limit; it would do nothing to justify refusing the twenty single-subject and contention interrogatories that follow. And in all events, a party who believes a set exceeds the numerical limit must answer the interrogatories up to the limit, in the order propounded, completely; it may not answer the convenient questions, skip the sensitive subparts, and refuse the remainder. Yet that is what each defendant did:

- **The account subparts were skipped.** Each answered vehicle transaction identifies the paying account only as "Wells Fargo" — omitting the account number and account-holder name expressly called for. The identity answers omit the aliases and prior-address history requested. Classic Motors never identified its shareholders, directors, or historical business addresses.

BROWN
NERI
SMITH
& KHAN

- **The joint-account subparts were refused outright.** Mr. Elias (No. 3) and Ms. Pope (No. 2) refused to describe joint financial accounts, business interests, and financial arrangements between the spouses on "privacy" and "marital privilege" grounds. As explained in Section III below, no such privilege applies, and the Protective Order now addresses any legitimate confidentiality concern.

- **Single-subject interrogatories were refused as "excess."** Nothing about the vehicle-transaction interrogatory converts "state your total gross income for 2022 through 2025," "identify all persons with knowledge," "state whether you have been contacted by law enforcement," "state whether you have been convicted of a crime," or "identify each person who assisted in preparing these responses" into interrogatories beyond the limit. Each is a single question with no subparts to count.

- **Every contention interrogatory was refused.** Interrogatories directed to the factual bases for your clients' Second (Assumption of Risk), Third (Comparative Fault), Ninth (Unclean Hands), Eleventh (Fraudulent Inducement by Others), and Twelfth (Misrepresentation and Concealment by Others) Affirmative Defenses are expressly proper. Fed. R. Civ. P. 33(a)(2). If your clients will not disclose the facts supporting those defenses, Woodside will seek to have the defenses stricken or excluded at summary judgment and trial.

Woodside's position: the numerosity objection should be withdrawn and each defendant should serve complete, verified answers to all twenty-five interrogatories — including the omitted subparts identified above — by **Friday, August 14, 2026**. If your clients stand on their count, please say so at the conference: Woodside will present the counting issue to Judge Early and, in the alternative, will seek leave nunc pro tunc under Rules 33(a)(1) and 26(b)(1)–(2) to the extent any interrogatory is deemed to exceed the limit. Given the twenty-five vehicles, forty-eight transfers totaling $1,419,803, three jointly represented defendants, and the RICO pattern element at issue, that leave will not be difficult to justify — and the fee exposure under Rule 37(a)(5) will rest with your clients.

## III. The Document Responses: Production Is Due Now

### A. The Protective-Order Condition Is Satisfied — Produce the Documents

The following responses promise production "upon entry of a protective order":

BROWN
NERI
SMITH
& KHAN

Elias RFP Nos. 1, 3, 4, 6, 10, 11, 16, 21, 23, 24, and 25; Classic Motors RFP Nos. 1, 2, 4, 5, 7, 13, 15, 17, 21, 23, 24, and 25; and Pope RFP Nos. 1, 4, 7, 8, 9, 16, 21, 22, and 23. The Stipulated Protective Order has been entered. Rule 34(b)(2)(B) requires production to be completed "no later than the time for inspection specified in the request or another reasonable time specified in the response."

Eleven weeks have passed since your clients served these responses. Now that the stated condition is met, continued non-production leaves these responses functionally indistinguishable from the boilerplate refusals addressed below. Woodside expects the complete production called for by each of these thirty-two requests by **August 10, 2026**, with documents produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests. Fed. R. Civ. P. 34(b)(2)(E).

**B. The Objection-Only Refusals to the Financial Discovery Are Untenable**

Each defendant refused outright — asserting objections and promising nothing — the requests at the financial core of this case: Elias RFP Nos. 5 (bank statements), 8 and 9 (transfers with Ms. Pope and Classic Motors), 12 (tax returns), and 22 (phone records); Classic Motors RFP Nos. 6 (bank statements), 9 and 10 (transfers with Mr. Elias and Ms. Pope), 11 (financial records and general ledger), and 12 (tax returns); and Pope RFP Nos. 5 (bank statements), 6 (documents concerning her financial relationship with Mr. Elias), 11 (transfers with Mr. Elias), 13 (tax returns), and 20 (phone records).

The objections are boilerplate — "overbroad in time and scope, unduly burdensome, and exceeds the permissible scope of discovery," with privacy and "marital privilege" overlays — and boilerplate preserves nothing. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005); *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) ("unexplained and unsupported boilerplate objections are improper"); *Bible v. Rio Props., Inc.*, 246 F.R.D. 614, 618 (C.D. Cal. 2007) (objections that requests are "overly broad, burdensome, oppressive, and irrelevant" are insufficient, and "general objections are not useful to the court ruling on a discovery motion"); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

The party resisting discovery bears the burden of showing specifically why each request is objectionable — "the burden of clarifying, explaining, and supporting its objections." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Scalia v. Int'l Longshore & Warehouse Union*, 337 F.R.D. 281, 285 (N.D. Cal. 2020) (quoting *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998)).

BROWN NERI SMITH & KHAN

On the merits, none of the asserted grounds withstands scrutiny. This is a fraud and RICO action seeking to trace $1,419,803 in "Refund" payments and the proceeds of twenty-five vehicles; the bank records, ledgers, and inter-spousal transfers are not peripheral — they are the case. Federal privilege law governs. Fed. R. Evid. 501; *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005); *Dagdagan v. City of Vallejo*, 263 F.R.D. 632, 634–35 (E.D. Cal. 2010) ("Where there are federal question claims and pendant state law claims present, the federal law of privilege applies," and it controls "despite the pendent state law claims"). Under federal law: (i) there is no general "privacy" privilege — privacy "is not a recognized privilege or absolute bar to discovery, but instead is subject to the balancing of needs," and confidentiality concerns "can be addressed with a protective order," *Oakes*, 179 F.R.D. at 284 — and the Protective Order is now in place; courts in this District compel personal financial records in fraud actions, *A. Farber*, 234 F.R.D. at 191–92; (ii) tax returns are not privileged and are "clearly relevant" in civil RICO litigation, discoverable under the two-part relevance/compelling-need test where, as here, the responding parties have refused to produce the underlying financial records that might otherwise supply the information, *A. Farber*, 234 F.R.D. at 191 (compelling tax returns in a civil RICO action, subject to a protective order); *accord Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); (iii) the adverse spousal testimonial privilege has no application in a civil case, *Trammel v. United States*, 445 U.S. 40, 53 (1980); and (iv) the marital communications privilege protects only confidential communications between spouses — not checks, deposits, transfers, account records, or business documents — and does not extend to communications in furtherance of joint participation in a fraud. *United States v. Marashi*, 913 F.2d 724, 729–30 (9th Cir. 1990); *cf. Zelen v. United States*, No. CV 13-8940, 2014 U.S. Dist. LEXIS 49225 (C.D. Cal. Mar. 6, 2014) (no confidentiality in "checks written by a client and deposited with a third party bank whose employees see the information"). The objection is particularly untenable as applied to the deposit and disposition of the $35,000 "Refund" check Ms. Pope admits she received.

### C. "Diligent Search Ongoing" Is Not a Response; Insurance Was Due in January

The following responses state that the responding party "is conducting a diligent search and reasonable inquiry" and will supplement at some unspecified time: **Elias RFP** Nos. 13, 17, 18, and 19; Classic Motors RFP Nos. 14, 18, 19, and 22; and Pope RFP Nos. 3, 12, 14, 17, 18, and 25. A response containing no date certain violates Rule 34(b)(2)(B), and an evasive or incomplete response is treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). A responding party must state whether its compliance is complete and whether anything is

BROWN
NERI
SMITH
& KHAN

being withheld — "diligent search" language without more does not discharge that obligation, and courts compel amended responses that identify what has and has not been searched. *Owen v. Hyundai Motor Am.*, 344 F.R.D. 531, 534 (E.D. Cal. 2023); *Al Otro Lado, Inc. v. Nielsen*, 328 F.R.D. 408, 416 (S.D. Cal. 2018) (Rule 34(b)(2)(C) requires the responding party to "state whether any responsive materials are being withheld on the basis" of its objection, and the duty is not excused because compliance is burdensome).

Discovery has been open for months; the "search" should long since have concluded. Please either produce all documents responsive to these requests by August 10, 2026, or serve amended responses stating unequivocally, per Rule 26(g), that after diligent search no responsive documents exist. Note in particular the insurance requests (Elias No. 17; Classic Motors No. 18; Pope No. 17): any insurance agreement under which an insurer may be liable was required to be produced with your clients' initial disclosures on January 15, 2026. Fed. R. Civ. P. 26(a)(1)(A)(iv). Its continued absence is a violation subject to Rule 37(c)(1).

**D. <u>The "None" Responses Must Be Unconditional, and Withholding Must Be Disclosed</u>**

The following responses state "None" — but only "subject to" and "without waiving" a stack of boilerplate objections: Elias RFP Nos. 2, 7, 14, 15, and 20; Classic Motors RFP Nos. 3, 8, 16, and 20; and Pope RFP Nos. 2, 10, 15, 19, and 24. Rule 34(b)(2)(C) requires each objection to state whether responsive materials are being withheld on its basis; as written, Woodside cannot tell whether "None" means no documents exist or means no documents are being produced. *Al Otro Lado*, 328 F.R.D. at 416; *Owen*, 344 F.R.D. at 534. Please serve amended responses that either withdraw the objections and certify, after diligent search and reasonable inquiry, that no responsive documents exist in the party's possession, custody, or control, or else identify what is being withheld and why. We also note, for the conference, that several of these denials are difficult to credit — for example, Mr. Elias's representation that he has no documents reflecting any communication with the Montana Agent (No. 2) and no documents reflecting any transfer of funds between himself and Mr. Ramos (No. 7), and Classic Motors' representation that it has no documents concerning contact with any law enforcement agency (No. 16) notwithstanding the parallel federal prosecution of Mr. Ramos. If your clients stand on these responses, Woodside will hold them to the consequences at deposition and trial.

BROWN NERI SMITH & KHAN

### E. Privilege Log

To the extent any document is withheld under a claim of attorney-client privilege, work product, "marital privilege," or otherwise, Rule 26(b)(5)(A) requires an express claim and a description of the withheld materials sufficient to assess the claim. No log of any kind has been served. "A party may not make a blanket assertion of privilege in response to a discovery request." *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). Boilerplate privilege objections are "improper and therefore 'no claim of privilege at all,'" *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D. Cal. 1992); an unjustified failure to log may effect a waiver, *Burlington N.*, 408 F.3d at 1149; *McCoy v. Sw. Airlines Co.*, 208 F.R.D. 617, 623 (C.D. Cal. 2002) ("defendant's initial failure to produce a privilege log when responding to plaintiffs' document requests also waives any privilege"). Please serve a complete privilege log with the production, and in no event later than **August 14, 2026**.

## IV. The Requests for Admission: The Evasive Answers Violate Rule 36(a)(4)

The standards governing everything in this Section are collected in *In re Heritage Bond Litigation*, 220 F.R.D. 624, 627 (C.D. Cal. 2004): an answer "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter"; "[a] denial shall fairly meet the substance of the requested admission"; a party qualifying an answer "shall specify so much of it as is true and qualified or deny the remainder"; and lack of information may be asserted only if the party "states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Your clients' answers fail these standards in five recurring ways.

### A. "Conducting a Diligent Search … and On That Basis Denies"

Rule 36(a)(4) permits an answering party to assert lack of knowledge or information as a reason for failing to admit or deny *only* if the party "states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." The inquiry must precede the answer. Your clients' recurring formula — "Responding Party is conducting a diligent search and reasonable inquiry … Responding Party presently lacks information necessary to enable Responding Party to admit or deny this Request, and on that basis denies" — concedes on its face that the required inquiry had not been made when the answers were served. Where the responder fails to make the required showing, the court may order the matter admitted. *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245–47 (9th Cir. 1981); *In re Heritage Bond Litig.*, 220 F.R.D. at 627. The responses

BROWN
NERI
SMITH
& KHAN

at issue are: Elias RFA Nos. 15 and 16; Pope RFA Nos. 9 and 10; and Classic Motors RFA No. 17. Each concerns a payment documented in your clients' own bank records and in the checks and wires itemized in Exhibit B to the Complaint — the $35,000 check to Mr. Elias dated October 27, 2023; the aggregate $1,419,803 in transfers; the deposit and "Refund" memo line of Ms. Pope's $35,000 check; and the more than $1,000,000 in transfers to Classic Motors. A party cannot lack knowledge of what its own bank statements show.

**B. <u>"Unable to Admit or Deny As Phrased"</u>**

A second formula — "Responding Party is unable to admit or deny this Request as phrased, and on that basis denies" — appears in Elias RFA Nos. 8, 28, and 29; Pope RFA Nos. 16, 19, 20, 23, and 28; and Classic Motors RFA Nos. 19, 26, and 27. That is not one of the responses Rule 36(a)(4) permits. "A denial shall fairly meet the substance of the requested admission," *In re Heritage Bond Litig.*, 220 F.R.D. at 627, and the phrases your clients profess not to understand — "in connection with," "benefited financially," whether the mails or interstate wires were used — are ordinary English. These requests go to the heart of the case: the statement alleged in Complaint ¶ 40 (that Mr. Ramos told Mr. Elias Woodside wanted its partner banks to believe vehicles were selling for higher prices than they actually sold for) and the use of the mails and wires in connection with the purchases and the Montana Agent payments. Straight answers are required.

**C. <u>"Lacks Sufficient Information" Without the Required Recital</u>**

Elias RFA Nos. 22 and 30, Pope RFA Nos. 22 and 26, and Classic Motors RFA Nos. 22 and 30 deny for claimed lack of information without stating that a reasonable inquiry was made and that the information known or readily obtainable is insufficient — the recital Rule 36(a)(4) makes mandatory. *In re Heritage Bond Litig.*, 220 F.R.D. at 627; *Asea*, 669 F.2d at 1245–47. Amended answers are required.

**D. <u>The Jurisdiction and Venue Denials Contradict Your Clients' Own Answer</u>**

Elias RFA Nos. 26 and 27, Pope RFA Nos. 24 and 25, and Classic Motors RFA No. 29 refuse to admit personal jurisdiction and venue on the ground that these are "non-factual matters" calling for legal conclusions. Rule 36(a)(1)(A) expressly permits requests directed to "the application of law to fact." More to the point, your clients' Answer admits both: "Classic Motors Defendants admit that this Court has jurisdiction" (Answer ¶¶ 11–12) and "admit that venue is proper in this Court" (*id.* ¶ 13) — and no Rule 12(b)(2) or 12(b)(3) defense was pleaded, so any such defense is waived. Fed. R. Civ. P. 12(h)(1). "Factual

BROWN NERI SMITH & KHAN

assertions in pleadings . . . are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Your clients cannot deny by RFA what their operative pleading conclusively admits. There is no conceivable justification for these denials; they exist to burden the record. Withdraw them.

### E. Improper Qualifications

Rule 36(a)(4) requires a qualified answer to "specify so much of it as is true and qualified or deny the remainder." *In re Heritage Bond Litig.*, 220 F.R.D. at 627. Elias RFA Nos. 10, 11, and 12 admit the purchases of the 2022 Aston Martin Vantage, the 2021 Rolls Royce Ghost, and the 2018 Rolls Royce Wraith but append an unexplained "Otherwise denied" that sweeps in the transaction dates and prices — details corroborated by Classic Motors' own interrogatory answers and Mr. Elias's qualified admission (RFA No. 13) that approximately 21 vehicles were purchased in the period. Pope RFA Nos. 4 and 18 answer requests about whether Ms. Pope had signatory authority with "Denied to the extent it implies Responding Party ever exercised such authority. Otherwise admit" — a qualification that answers a question that was not asked. Amended answers should admit or deny what was actually requested.

Woodside requests amended answers to each request identified in this Section by **August 14, 2026**. Absent that, Woodside will move under Rule 36(a)(6) for an order determining the sufficiency of the answers, deeming the matters admitted or requiring amended answers, with expenses under Rules 36(a)(6) and 37(a)(5). Finally, a word about Rule 37(c)(2): if Woodside proves at trial the matters your clients have refused to admit — payments documented by canceled checks and wire records, memo lines legible on the face of the instruments, the use of the mails and wires inherent in transactions your clients admit occurred — Woodside will seek its reasonable expenses, including attorneys' fees, incurred in making that proof.

## V. The Order Woodside Will Seek

Local Rule 37-1 requires me to specify the terms of the discovery order Woodside will seek. Unless these disputes are resolved at or before our conference, Woodside will move, by joint stipulation under Local Rule 37-2, for an order:

- Overruling the numerosity objection and each general and boilerplate objection, and compelling each defendant to serve complete, verified answers to

BROWN
NERI
SMITH
& KHAN

Interrogatory Nos. 1–25 — including the omitted account, alias/address, and corporate-governance subparts — within 14 days; in the alternative, granting Woodside leave nunc pro tunc under Rule 33(a)(1) to the extent any interrogatory is counted against the limit;

- Compelling each defendant to produce all documents responsive to RFP Nos. 1–25 within 14 days; to serve amended written responses complying with Rule 34(b)(2)(B)–(C), including statements whether any materials are withheld and unconditional certifications where no documents exist; and to serve a Rule 26(b)(5)(A) privilege log for anything withheld, on pain of waiver;

- Overruling the privacy, tax-return, and marital-privilege objections, subject to the Stipulated Protective Order now in place;

- Determining the sufficiency of the RFA answers identified in Section IV and deeming those matters admitted or, at minimum, ordering amended answers within 14 days; and

- Awarding Woodside its reasonable expenses, including attorneys' fees, under Rule 37(a)(5) and Local Rule 37-4.

## VI. Conference Logistics

Please confirm within three (3) business days proposed dates for the conference, and whether you prefer to proceed in person at my office or by video. Please ensure that counsel attending has authority to commit your clients to supplemental responses and production dates. To make the conference productive, I ask that your clients serve the verifications and the protective-order-conditioned production by August 10, and that you come prepared to state, request by request, which deficiencies your clients will cure and by when. Anything cured before the conference narrows what we must present to Magistrate Judge Early.

This letter addresses the disputes apparent on the face of the responses; Woodside reserves all rights with respect to issues that emerge from the production, the verifications, or the conference, and nothing herein waives any objection, argument, or remedy, all of which are expressly reserved. I look forward to your prompt response.

BROWN
NERI
SMITH
& KHAN

Very truly yours,

Geoffrey A. Neri

Geoffrey A. Neri
BROWN, NERI, SMITH & KHAN LLP

# EXHIBIT G

Outlook

## RE: Woodside Credit v. Elias, et al.

**From** Benjamin Levine <blevine@galipolaw.com>
**Date** Tue 8/11/2026 12:36 PM
**To** Geoff Neri <geoff@bnsklaw.com>
**Cc** Jacqueline Kessel <jacqueline@bnsklaw.com>; Dale Galipo <dalekgalipo@yahoo.com>

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Geoff,

Sorry for my delayed response. But I am confused by your letter – fact discovery in this case closed on July 9, which was also the deadline to hear motions related to fact discovery. Your letter was sent nearly one month after that, on August 4. In light of this, could you please clarify how your request to meet and confer is timely at this point? If a discovery dispute is not raised timely, I don't believe we are obligated to meet and confer on the dispute, but perhaps there is something I am missing.

Ben

**Benjamin S. Levine, Associate Attorney** | **The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118 | Email: blevine@galipolaw.com
www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

---

**From:** Geoff Neri <geoff@bnsklaw.com>
**Sent:** Tuesday, August 4, 2026 3:29 PM
**To:** Benjamin Levine <blevine@galipolaw.com>
**Cc:** Jacqueline Kessel <jacqueline@bnsklaw.com>
**Subject:** Re: Woodside Credit v. Elias, et al.

Ben,

Please see attached and let me know when you are available to meet and confer.

Geoff

Geoffrey A. Neri

**BROWN, NERI, SMITH & KHAN LLP**

11601 Wilshire Blvd., Suite 2080

Los Angeles, California 90025

T: (310) 593-9890

F: (310) 593-9980

Email: geoff@bnsklaw.com

BROWN NERI SMITH & KHAN

---

**From:** Santiago Laurel <slaurel@galipolaw.com>
**Sent:** Friday, May 15, 2026 4:25 PM
**To:** Andrew Purdy <andrew@bnsklaw.com>; Geoff Neri <geoff@bnsklaw.com>
**Cc:** Dale K. Galipo <dalekgalipo@yahoo.com>
**Subject:** Woodside Credit v. Elias, et al.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

Attached please find the following:

**DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE**
**DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**
**DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S INTERROGATORIES, SET ONE**
**DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**
**DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC's INTERROGATORIES, SET ONE**
**DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE**
**DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S INTERROGATORIES, SET ONE**
**DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE**
**DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, and**
**DECLARATION OF SERIVICE**

Please advise if you have any issues viewing or downloading attachments.

Best regards,
Santiago G. Laurel

**Santiago G. Laurel, Litigation Secretary | The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118 | Email: SLaurel@galipolaw.com

THIS EMAIL MESSAGE IS FOR THE SOLE USE OF THE INTENDED RECIPIENT AND MAY CONTAIN CONFIDENTIAL, AND PRIVILEGED INFORMATION. ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE OR DISTRIBUTION IS PROHIBITED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CONTACT THE SENDER BY REPLY EMAIL AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

Outlook

## RE: Woodside Credit v. Elias, et al.

**From** Benjamin Levine <blevine@galipolaw.com>
**Date** Tue 8/11/2026 6:15 PM
**To** Geoff Neri <geoff@bnsklaw.com>
**Cc** Jacqueline Kessel <jacqueline@bnsklaw.com>; Dale Galipo <dalekgalipo@yahoo.com>

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Geoff,

Judge Slaughter's Order Setting Rule 26(f) Scheduling Conference states that the discovery cut-off is the final day for resolution of discovery motions. [Dkt. 21 at 4.] I am available to speak on August 13 after 1pm.

Ben

**Benjamin S. Levine, Associate Attorney** | **The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118 | Email: blevine@galipolaw.com
www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

---

**From:** Geoff Neri <geoff@bnsklaw.com>
**Sent:** Tuesday, August 11, 2026 1:50 PM
**To:** Benjamin Levine <blevine@galipolaw.com>
**Cc:** Jacqueline Kessel <jacqueline@bnsklaw.com>; Dale Galipo <dalekgalipo@yahoo.com>
**Subject:** Re: Woodside Credit v. Elias, et al.

Ben,

Thank you for getting back to me. Respectfully, your email below misstates both the record and Defendants' obligations, and it does not relieve Defendants of the conference of counsel required by L.R. 37-1.

First, the premise of your timeliness argument is backwards. Plaintiff's discovery was served well within the discovery period, and Defendants' May 15 responses agreed — thirty-two times — to produce responsive documents "upon entry of a protective order." That protective order was drafted by your office (your May 11 email), approved by me without edits on May 13, filed by your office on May 15 ("will be filed this morning"), and entered by the Court on May 18, 2026.

From that date, Defendants' agreement to produce was unconditional, and Rule 34(b)(2)(B) required production to be completed within a reasonable time. Defendants instead produced nothing — not before the July 9 cutoff, and not in the nearly three months since the protective order was entered.

My letter does not raise a new, stale "dispute"; it demands compliance with written commitments that Defendants breached in the middle of the discovery period and have been breaching ever since. Plaintiff was entitled to expect Defendants to honor their own responses without motion practice; my letter issued when it became clear they would not. And if Defendants' position is that they never intended to produce these documents at all, that is a Rule 26(g) problem, not a timeliness defense.

Second, much of my letter concerns obligations that are continuing and self-executing, which no cutoff extinguishes. Defendants have not served verification for any of the three sets of interrogatory answers. Fed. R. Civ. P. 33(b)(3), (b)(5). Rule 26(e) likewise imposes an ongoing duty to supplement and correct responses and disclosures. Producing documents Defendants already agreed to produce, verifying answers already given, and correcting demonstrably inaccurate responses is not "new discovery."

Third, I could be mistaken and you can tell me if you believe I am, but I do not think any order of this Court says what your email says. The Scheduling Order (Dkt. 26) sets a non-expert discovery cutoff of July 9, 2026, and a single motion-hearing deadline: October 15, 2026. Judge Slaughter's Civil Standing Order refers all discovery disputes to Judge Early and directs counsel to his procedures for scheduling hearings; it nowhere establishes July 9 as the last day to hear discovery motions. If you contend some order does, please identify it.

In any event, to the extent any leave is required for these issues to be heard, Plaintiff will seek it under Rule 16(b)(4), and Defendants' months-long breach of their own written commitments will be the centerpiece of the good-cause showing.

Fourth, L.R. 37-1 contains no exception permitting a party to refuse the conference of counsel because it predicts the eventual motion would fail. Defendants' timeliness argument is a position to be stated in the joint stipulation under L.R. 37-2. If Defendants refuse to confer at all, Plaintiff will proceed by motion under L.R. 37-2.4 with a declaration describing that refusal, and will bring the refusal to Judge Early's attention under L.R. 37-4.

My August 3 letter requested a conference of counsel by August 13. I remain available tomorrow, August 12, and Thursday, August 13 — propose a time on either day and I will circulate a dial-in. Please also confirm that Defendants will produce the documents they agreed to produce — under a protective order that has been in place since May 18 — serve their verifications, and provide the amended responses and privilege log identified in my letter, all by August 14.

Geoff

Geoffrey A. Neri

**BROWN, NERI, SMITH & KHAN LLP**

11601 Wilshire Blvd., Suite 2080

Los Angeles, California 90025

T: (310) 593-9890

F: (310) 593-9980

Email: geoff@bnsklaw.com

---

**From:** Benjamin Levine <blevine@galipolaw.com>
**Sent:** Tuesday, August 11, 2026 12:36 PM
**To:** Geoff Neri <geoff@bnsklaw.com>
**Cc:** Jacqueline Kessel <jacqueline@bnsklaw.com>; Dale Galipo <dalekgalipo@yahoo.com>
**Subject:** RE: Woodside Credit v. Elias, et al.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Geoff,

Sorry for my delayed response. But I am confused by your letter – fact discovery in this case closed on July 9, which was also the deadline to hear motions related to fact discovery. Your letter was sent nearly one month after that, on August 4. In light of this, could you please clarify how your request to meet and confer is timely at this point? If a discovery dispute is not raised timely, I don't believe we are obligated to meet and confer on the dispute, but perhaps there is something I am missing.

Ben

**Benjamin S. Levine, Associate Attorney** | **The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118 | Email: blevine@galipolaw.com
www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use,

distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

---

**From:** Geoff Neri <geoff@bnsklaw.com>
**Sent:** Tuesday, August 4, 2026 3:29 PM
**To:** Benjamin Levine <blevine@galipolaw.com>
**Cc:** Jacqueline Kessel <jacqueline@bnsklaw.com>
**Subject:** Re: Woodside Credit v. Elias, et al.

Ben,

Please see attached and let me know when you are available to meet and confer.

Geoff

Geoffrey A. Neri

**BROWN, NERI, SMITH & KHAN LLP**

11601 Wilshire Blvd., Suite 2080

Los Angeles, California 90025

T: (310) 593-9890

F: (310) 593-9980

Email: geoff@bnsklaw.com

BROWN NERI SMITH & KHAN

**From:** Santiago Laurel <slaurel@galipolaw.com>
**Sent:** Friday, May 15, 2026 4:25 PM
**To:** Andrew Purdy <andrew@bnsklaw.com>; Geoff Neri <geoff@bnsklaw.com>
**Cc:** Dale K. Galipo <dalekgalipo@yahoo.com>
**Subject:** Woodside Credit v. Elias, et al.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

Attached please find the following:

**DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE**

**DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

**DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S INTERROGATORIES, SET ONE**

**DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

**DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC's INTERROGATORIES, SET ONE**

**DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE**

**DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S INTERROGATORIES, SET ONE**

**DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE**

**DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, and**

**DECLARATION OF SERIVICE**

Please advise if you have any issues viewing or downloading attachments.

Best regards,

Santiago G. Laurel

**Santiago G. Laurel, Litigation Secretary** | **The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118 | Email: SLaurel@galipolaw.com

THIS EMAIL MESSAGE IS FOR THE SOLE USE OF THE INTENDED RECIPIENT AND MAY CONTAIN CONFIDENTIAL, AND PRIVILEGED INFORMATION. ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE OR DISTRIBUTION IS PROHIBITED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CONTACT THE SENDER BY REPLY EMAIL AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

# EXHIBIT H

## Woodside Credit v. Elias, et al.

**From** Benjamin Levine <blevine@galipolaw.com>
**Date** Fri 8/21/2026 2:40 PM
**To** Geoff Neri <geoff@bnsklaw.com>
**Cc** Dale K. Galipo <dalekgalipo@yahoo.com>
**Subject** Woodside Credit v. Elias, et al.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Geoff,

Defendants Fadi Elias, Jennifer Pope, and Classic Motor, Inc. intend to move for summary judgment on all claims alleged against them. This email is to request to meet and confer regarding the anticipated motion. Please advise if you are available to speak by telephone next week on Monday, Tuesday, Wednesday, or Thursday. I am available any of those days except on Wednesday from 11am-12pm and Thursday from 9am-11am.

Ben

**Benjamin S. Levine, Associate Attorney** | **The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118 | Email: blevine@galipolaw.com www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

This email has been scanned for spam and viruses by Proofpoint Essentials.