Geoffrey Neri (SBN 258802)
Geoff@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

WOODSIDE CREDIT, LLC, a California limited liability company,

Plaintiff,

vs.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**DECLARATION OF GEOFFREY A. NERI IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ALEXANDER G. RAMOS**

Date: September 24, 2026
Time: 10:00 a.m.
Crtrm.: 10A
Judge: Hon. Fred W. Slaughter

**DECLARATION OF GEOFFREY A. NERI**

I, Geoffrey A. Neri, declare as follows:

1. I am an attorney admitted to practice before this Court and the courts of the State of California, and a partner of Brown Neri Smith & Khan LLP, counsel of record for Plaintiff Woodside Credit, LLC ("Woodside"). I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently to them. I make this declaration in support of Woodside's Motion for Default Judgment Against Defendant Alexander G. Ramos ("Ramos") (the "Motion"), including as required by Local Rule 55-1.

2. Woodside filed the Complaint in this action on September 22, 2025. (Dkt. 1.) The Complaint asserts seven causes of action; the Fourth Cause of Action, for breach of fiduciary duty, is asserted against Ramos alone. Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc. (the "Elias Defendants") answered the Complaint on November 6, 2025. (Dkt. 19.) Ramos is the only named defendant who has not appeared.

3. Ramos has been in custody since his arrest by the Federal Bureau of Investigation on May 22, 2025. Woodside's initial efforts to serve Ramos were complicated by uncertainty regarding his custodial location and immigration status, as detailed in Woodside's response to the Court's December 23, 2025 Order to Show Cause regarding Rule 4(m) and my declaration in support thereof. (Dkt. 23.) The Court thereafter extended Woodside's deadline to complete service on Ramos through January 15, 2026. (Dkt. 24.)

4. On January 8, 2026 — within the extended deadline — Frank Harrigan, a registered process server (Nationwide Legal, LLC; Registration No. 1530, Orange County), personally served Ramos with the Summons, Complaint, and related case-initiating documents at 62 Civic Center Plaza, Santa Ana, California 92701. The proof of

service was filed on January 12, 2026. (Dkt. 28.) A true and correct copy of the proof of service is attached hereto as **Exhibit A**.

5. Ramos's deadline to answer or otherwise respond to the Complaint was January 29, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). As of the date of this declaration, Ramos has not answered, moved, appeared, or otherwise responded; no attorney has appeared on his behalf; and neither Ramos nor anyone acting for him has requested an extension of time or otherwise communicated with my office regarding this action.

6. On February 2, 2026, Woodside filed a Request for Entry of Default against Ramos. (Dkt. 30.) The Clerk entered Ramos's default on February 5, 2026. (Dkt. 31.) A true and correct copy of the Clerk's entry of default is attached hereto as **Exhibit B**.

7. Accordingly, for purposes of Local Rule 55-1(a) and (b): default was entered on February 5, 2026, against Defendant Alexander G. Ramos, as to Woodside's Complaint filed September 22, 2025 (Dkt. 1).

8. For purposes of Local Rule 55-1(c): Ramos is not an infant or incompetent person. Ramos is an adult who was employed by Woodside from 2017 until October 2024, most recently in the executive position of Assistant Vice President, Title & Risk Manager, and he is presently a defendant in a federal criminal prosecution in which he has entered a guilty plea pursuant to a plea agreement. Nothing in this action or, to my knowledge, in the criminal proceedings suggests that Ramos is an infant or incompetent.

9. For purposes of Local Rule 55-1(d): the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.*, does not apply. Based on my investigation — including the circumstances of Ramos's May 22, 2025 arrest and his continuous federal custody since that date — Ramos is not in the military service of the United States as defined by 50 U.S.C. § 3911. Attached hereto as **Exhibit C** is a true and correct copy of a certificate

obtained from the Department of Defense Manpower Data Center reflecting that Ramos is not in military service.

10. For purposes of Local Rule 55-1(e): Ramos has never appeared in this action, personally or through counsel, so the written-notice requirement of Federal Rule of Civil Procedure 55(b)(2) is not triggered. Nevertheless, because the Motion seeks unliquidated damages, I have caused the Motion and all supporting papers to be served on Ramos by U.S. mail, concurrently with the filing of the Motion, pursuant to Local Rule 55-2, addressed as follows: Alexander G. Ramos, USM No. 86299071, Santa Ana City Jail, 62 Civic Center Plaza, Santa Ana, California 92701.

11. Ramos is the defendant in a criminal action pending in this District captioned *United States v. Alexander G. Ramos, aka "Alejandro Gerardo Ramos Cisneros,"* Case No. 8:25-cr-00106-FWS (the "Criminal Action"). In the Criminal Action, Ramos is charged by Information (Crim. Dkt. 14) with mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), being an illegal alien found in the United States following deportation (8 U.S.C. § 1326(a), (b)(2)), and criminal forfeiture (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)). The factual allegations in the Criminal Action arise from the same fraudulent scheme alleged in this civil action, and the United States Attorney's Office has formally identified Woodside as a victim of Ramos's criminal conduct. Ramos has pleaded guilty pursuant to a plea agreement, and his sentencing is set for October 8, 2026. True and correct copies of records from the Criminal Action, which I obtained from the Court's PACER/CM-ECF system, are submitted with Woodside's concurrently filed Request for Judicial Notice.

12. The forfeiture proceedings in the Criminal Action are well advanced. On September 17, 2025, the court entered a Preliminary Order of Forfeiture (Crim. Dkt. 28) forfeiting Ramos's right, title, and interest in the real property located at 142 Princess

Pine, Irvine, California 92618 (APN 591-601-18). On July 7, 2026, the court granted the government's application for a final order of forfeiture (Crim. Dkt. 54), vesting clear title to the property in the United States, recognizing the interests of lienholder New Wave Lending Group, Inc. (up to $765,000 under its note and deed of trust) and third-party petitioner Debbie Fengjie Chen ($11,000), and directing that the balance of the sale proceeds be forfeited to the United States. True and correct copies of both orders are submitted with the Request for Judicial Notice. On July 17, 2026, the third-party petitioner, Debbie Fengjie Chen, filed a notice of appeal from the final forfeiture order to the United States Court of Appeals for the Ninth Circuit (No. 26-4596). I am informed and believe, including from communications between Woodside and the United States Attorney's Office, that the government anticipates the appeal may delay distribution of the forfeiture proceeds by approximately six to twelve months, but not that the appeal could restore the property to Ramos. I am further informed and believe that the Irvine residence was Ramos's principal known asset.

13. On April 24, 2026, I sent an email to Benjamin S. Levine of the Law Offices of Dale K. Galipo, counsel of record for the Elias Defendants, initiating the conference of counsel required by Local Rule 7-3. My email described the anticipated Motion, including that Woodside would seek default judgment against Ramos only, and solely on the Fourth Cause of Action for breach of fiduciary duty — a claim asserted against Ramos alone — while reserving the overlapping causes of action; explained Woodside's reasons for that approach under *Frow v. De La Vega* and *In re First T.D. & Investment, Inc.*; and stated that Woodside would request Rule 54(b) certification.

14. On May 8, 2026, at 2:00 p.m., I met and conferred by telephone with Mr. Levine regarding the Motion. Mr. Levine did not state a definitive position on whether the Elias Defendants would oppose the Motion. His principal questions concerned

Woodside's obligation to prove its damages and the potential effect of a damages determination on the claims involving his clients. The conference did not result in a resolution eliminating the need for the Motion. Pursuant to Local Rule 7-3, the parties' positions on the issues presented are as follows: Woodside's position on each issue is set forth in the Motion and the accompanying Memorandum of Points and Authorities; the Elias Defendants, through Mr. Levine, declined to take a definitive position on the Motion, and their stated concerns were limited to the subjects described above. Ramos is in default, has not appeared, and has no counsel with whom to confer.

15. I am informed and believe that Ramos, a citizen of Mexico charged with illegal reentry following deportation, faces removal from the United States upon completion of his criminal proceedings. In light of the final order of forfeiture described above, Woodside intends to seek recovery in connection with the Criminal Action — including restitution at the October 2026 sentencing and, as appropriate, a petition for remission or restoration of forfeited proceeds under 18 U.S.C. § 981(e)(6) and 28 C.F.R. part 9 — and a civil judgment quantifying Woodside's loss will support those efforts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 24, 2026, at Los Angeles, California.

/s/ Geoffrey A. Neri
Geoffrey A. Neri

**INDEX OF EXHIBITS**

**Exhibit A** Proof of Personal Service on Defendant Alexander G. Ramos (filed January 12, 2026, Dkt. 28)

**Exhibit B** Clerk's Entry of Default as to Defendant Alexander G. Ramos (February 5, 2026, Dkt. 31)

**Exhibit C** Department of Defense Manpower Data Center (SCRA) Certificate re Alexander G. Ramos

# EXHIBIT A

Geoffrey A. Neri
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Blvd 2080
Los Angeles, CA 90025
(310) 593-9890

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**WOODSIDE CREDIT, LLC, a California limited liability corporation** Plaintiff(s)

**v.**

**ALEXANDER G. RAMOS, an individual, et al.** Defendant(s)

CASE NUMBER:
**8:25-cv-02146-FWS-JDE**

## PROOF OF SERVICE
## SUMMONS AND COMPLAINT
**(Use separate proof of service for each person/party served)**

1. At the time of service I was at least 18 years of age and not a party to this action and **I served** copies of the *(specify documents)*:

a. ☑ Summons ☐ First Amended Complaint ☐ Third Party Complaint
☑ Complaint ☐ Second Amended Complaint ☐ Counter Claim
☐ Alias Summons ☐ Third Amended Complaint ☐ Cross Claim
☑ other **See attached Document List**

2. **Person served:**

a. ☑ Defendant *(name:)* **ALEXANDER G. RAMOS, an individual**
b. ☐ Other *(specify name and title or relationship to the party/business named):*

c. ☑ Address where the papers were served: **62 Civic Center Plz**
**Santa Ana, CA 927014060**

3. **Manner of Service** in compliance with *(the appropriate box* **must** *be checked):*

*a.* ☑ Federal Rules of Civil Procedure

b. ☐ California Code of Civil Procedure

4. **I served** the person named in Item 2:

a. ☑ By **Personal Service.** By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

1. ☑ **Papers were served on** *(date):* **1/8/2026 at** *(time):* **2:05 PM**

**b.** ☐ By **Substituted Service.** By leaving copies:

1. ☐ **(home)** at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.

2. ☐ **(business)** or a person apparently in charge of the office, or place of business, at least 18 years of age, who was informed of the general nature of the papers.

3. ☐ **Papers were served on** *(date):* at *(time):*

*4.* ☐ **by mailing** *(by first-class mail, postage prepaid)* copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).

5. ☐ **papers were mailed on**

**6.** ☐ **due diligence.** I made at least three (3) attempts to personally serve the defendant.

c. ☐ **Mail and acknowledgment of service.** By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender. **(Attach completed Waiver of Service of summons and Complaint).**

d. ☐ **Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h)) (C.C.P. 416.10)** By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity. (C.C.P. 415.20 only)** By leaving during usual business hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies of the persons at the place where the copies were left in full compliance with C.C.P. 415.20 Substitute service upon the California Secretary of State requires a court order. **(Attach a copy of the order to this Proof of Service.)**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f)

g. ☐ **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

h. ☐ **Other** (specify code section and type of service):

5. Service upon the **United States, and Its Agencies, Corporations or Officers.**

a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil procecss clerk at the U.S. Attorneys Office.

Name of person served:

**Title of person served:**

**Date and time of service:** *(date):* at *(time):*

b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporatior**(Attach signed return receipt or other evidence of actual receipt by the person served).**

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving *(name, address and telephone number):*

**Frank Harrigan**
**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**
**(213) 249-9999**

a. Fee for service: $ **348.80**

b. ☐ Not a registered California process server

c. ☐ Exempt from registration under B&P 22350(b)

d. ☑ Registered California process server
Registration # :**1530**
County: **Orange**

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: **January 8, 2026** **Frank Harrigan** [signature]

*Type or Print Server's Name* *(Signature)*

**Nationwide Legal, LLC**
1609 James M Wood Blvd.
Los Angeles, CA 90015
Phone: (213) 249-9999 Fax: (213) 249-9990

Continued from Proof of Service

**CLIENT:** BROWN NERI SMITH & KHAN LLP

**CLIENT FILE #:** 388 **DATE:** January 8, 2026

**SUBJECT:** ALEXANDER G. RAMOS, an individual

**Summons; Complaint; CIVIL COVER SHEET; NOTICE OF INTERESTED PARTIES [L.R. 7.1-1]; NOTICE OF RELATED CASES [L.R. 83-1.3.1]; NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES; NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM; Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge; ORDER RE TRANSFER (RELATED CASES); CIVIL STANDING ORDER**

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WOODSIDE CREDIT, LLC<br>PLAINTIFF(S)<br>v.<br>FADI ELIAS, et al.<br>DEFENDANT(S). | CASE NUMBER:<br>8:25−cv−02146−FWS−JDE<br><br>**DEFAULT BY CLERK**<br>**F.R.Civ.P. 55(a)** |

It appearing from the records in the above−entitled action that summons has been served upon the defendant(s) named below, and it further appearing from the affidavit of counsel for Plaintiff, and other evidence as required by F.R.Civ.P. 55(a), that each of the below defendants have failed to plead or otherwise defend in said action as directed in said Summons and as provided in the Federal Rules of Civil Procedure:

Now, therefore, on request of counsel, the DEFAULT of each of the following named defendant(s) is hereby entered:

Alexander G. Ramos, an individual

Clerk, U.S. District Court

February 5, 2026
Date

By /s/ *Trina DeBose*
Deputy Clerk

# EXHIBIT C

Department of Defense Manpower Data Center

Results as of : Aug-23-2026 09:04:09 PM EDT

SCRA 5.29

# Status Report
# Pursuant to Servicemembers Civil Relief Act

SSN:
Birth Date: Apr-XX-1963
Last Name: RAMOS
First Name: ALEXANDER
Middle Name: GERARDO
Status As Of: Aug-23-2026
Certificate ID: QPV1QG1ZR34FW07

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.