Geoffrey Neri (SBN 258802)
Geoff@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

WOODSIDE CREDIT, LLC, a California limited liability company,

Plaintiff,

vs.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ALEXANDER G. RAMOS**

Date: September 24, 2026
Time: 10:00 a.m.
Crtrm.: 10A
Judge: Hon. Fred W. Slaughter

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Evidence 201, Plaintiff Woodside Credit, LLC ("Woodside") respectfully requests that the Court take judicial notice of the following records of the United States District Court for the Central District of California in the criminal action captioned *United States v. Alexander G. Ramos, aka "Alejandro Gerardo Ramos Cisneros,"* Case No. 8:25-cr-00106-FWS (the "Criminal Action"):

**Exhibit 1** The docket sheet in the Criminal Action, as of August 23, 2026, reflecting among other things that Ramos pleaded guilty, that his sentencing is set for October 8, 2026, and that a third-party appeal is pending in the Ninth Circuit (No. 26-4596);

**Exhibit 2** The Information filed in the Criminal Action (Crim. Dkt. 14), charging Ramos with mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), being an illegal alien found in the United States following deportation (8 U.S.C. § 1326(a), (b)(2)), and criminal forfeiture (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c));

**Exhibit 3** The Government's Brief re: Ancillary Petition, filed in the Criminal Action on April 23, 2026 (Crim. Dkt. 40), stating that on June 16, 2025, Ramos "entered a plea of guilty to all counts of the Information" pursuant to a plea agreement (Crim. Dkt. 18) and describing his admissions therein. (The Plea Agreement itself is filed under seal in the Criminal Action and is accordingly not attached; Ramos's guilty plea is also reflected on the docket, Ex. 1.);

**Exhibit 4** The Preliminary Order of Forfeiture entered in the Criminal Action on September 17, 2025 (Dkt. 28), forfeiting Ramos's right, title, and interest in the real property located at 142 Princess Pine, Irvine, California 92618;

**Exhibit 5** The Order Granting Application for Final Order of Forfeiture entered in the Criminal Action on July 7, 2026 (Dkt. 54), vesting clear title to that property in the United States and directing distribution of the sale proceeds; a third-party petitioner's appeal from that order is pending (Ninth Cir. No. 26-4596; see Ex. 1).

Judicial notice is proper. A court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts routinely take judicial notice of their own records and of proceedings and filings in other courts, including related criminal proceedings. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Judicial notice is mandatory where, as here, a party requests it and supplies the necessary information. Fed. R. Evid. 201(c)(2).

Each exhibit is a true and correct copy of a record obtained from the Court's PACER/CM-ECF system. (Declaration of Geoffrey A. Neri ¶ 11.) Woodside offers these records to establish the existence, status, and content of the Criminal Action — including Ramos's guilty plea to charges arising from the same fraudulent scheme alleged in this action, his October 2026 sentencing date, and the preliminary and final orders of forfeiture concerning his Irvine residence — as they bear on the second, third, fourth, and fifth factors under *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), and on Woodside's request for entry of final judgment under Rule 54(b). Ramos's guilty plea, and the admissions from his plea agreement recounted in Exhibit 3, are also independently admissible against him as statements of a party opponent. Fed. R. Evid. 801(d)(2).

DATED: August 24, 2026

BROWN NERI SMITH & KHAN LLP

By: */s/ Geoffrey A. Neri*

Geoffrey A. Neri
Attorney for Plaintiff
Woodside Credit, LLC

# EXHIBIT 1

SOUTHERN,APPEAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
# CRIMINAL DOCKET FOR CASE #: 8:25-cr-00106-FWS All Defendants

Case title: USA v. Ramos

Date Filed: 06/16/2025

Magistrate judge case number: 8:25-mj-00404-DUTY

---

Assigned to: Judge Fred W. Slaughter

Appeals court case number: 26-4596 9th CCA

**Defendant (1)**

**Alexander G. Ramos**
*also known as*
Alejandro Gerardo Ramos Cisneros
*also known as*
Alex Ramos

represented by **Diane C. Bass**
Law Office of Diane C. Bass
5440 Trabuco Road
Irvine, CA 92618
949-494-7011
Fax: 949-727-1284
Email: diane@dbasslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1341: MAIL FRAUD (1-2) | |
| 18:1343: WIRE FRAUD (3-4) | |
| 8:1326(a);(b)(2): ILLEGAL ALIEN FOUND IN THE UNITED STATES FOLLOWING DEPORTATION (5) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|

Defendant in violation of 18:1343

---

**Movant**

**Debbie Fengjie Chen** represented by **Daniel Martin Smith**
San Diego Defenders APC
585 Third Avenue
Chula Vista, CA 91910
619-233-6900
Fax: 619-374-8477
Email: dsmith@sandiegodefenders.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Plaintiff**

**USA** represented by **Kevin Yu-Chien Fu**
AUSA - Office of US Attorney
Santa Ana Division
411 West 4th Street, Suite 8000
Santa Ana, CA 92701
714-338-3576
Fax: 714-338-3561
Email: Kevin.Fu@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Tara Boger Vavere**
AUSA - Office of US Attorney
Asset Forfeiture and Recovery Section
312 North Spring Street, 11th Floor
Los Angeles, CA 90012
213-894-5901
Fax: 213-894-6269
Email: tara.vavere@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/15/2025 | 1 | SEALED COMPLAINT filed as to Alexander G. Ramos Approved by Magistrate Judge Douglas F. McCormick as to Alexander G. Ramos (1). (jb) [8:25-mj-00404-DUTY] (Entered: 05/20/2025) |
| 05/15/2025 | 3 | GOVERNMENTS EX PARTE APPLICATION FOR ORDER SEALING CRIMINAL COMPLAINT AND RELATED DOCUMENTS; DECLARATION OF KEVIN Y. FU Filed by Plaintiff USA as to Defendant Alexander G. Ramos. (jb) [8:25-mj-00404-DUTY] (Entered: 05/20/2025) |

| | | |
|---|---|---|
| 05/15/2025 | 4 | ORDER SEALING COMPLAINT AND RELATED DOCUMENT by Magistrate Judge Douglas F. McCormick: granting 3 EX PARTE APPLICATION to Seal Case as to Alexander G. Ramos (1) (jb) [8:25-mj-00404-DUTY] (Entered: 05/20/2025) |
| 05/22/2025 | 5 | REPORT COMMENCING CRIMINAL ACTION as to Defendant Alexander G. Ramos; defendants Year of Birth: 1963; date of arrest: 5/22/2025 (jb) [8:25-mj-00404-DUTY] (Entered: 06/04/2025) |
| 05/22/2025 | 6 | MINUTES OF INITIAL APPEARANCE ON LOCAL COMPLAINT held before Magistrate Judge Autumn D. Spaeth as to Defendant Alexander G. Ramos. Court issues Order under Fed. R. Crim. P. 5(f) concerning prosecutor's disclosure obligations;see General Order 21-02 (written order). Contested detention hearing held. Defendant arraigned and advised of the charges. Defendant states true name as charged. Attorney: Diane C. Bass for Alexander G. Ramos, Retained, present. Court orders defendant permanently detained. Defendant remanded to the custody of the U.S. Marshal. Post-Indictment Arraignment set for 6/30/2025 10:00 AM before Duty Magistrate Judge. The Court orders that the defendant be provided with prescribed medication while in custody. Court Smart: 5/22/2025. (jb) [8:25-mj-00404-DUTY] (Entered: 06/04/2025) |
| 05/22/2025 | 7 | ADVISEMENT OF STATUTORY & CONSTITUTIONAL RIGHTS filed by Defendant Alexander G. Ramos. (jb) [8:25-mj-00404-DUTY] (Entered: 06/05/2025) |
| 05/22/2025 | 8 | NOTICE OF REQUEST FOR DETENTION filed by Plaintiff USA as to Defendant Alexander G. Ramos (jb) [8:25-mj-00404-DUTY] (Entered: 06/05/2025) |
| 05/22/2025 | 9 | NOTICE DIRECTING DEFENDANT TO APPEAR for Arraignment. Defendant Alexander G. Ramos directed to appear on June 30, 2025 at 10:00 AM before the Duty Magistrate Judge. (jb) [8:25-mj-00404-DUTY] (Entered: 06/05/2025) |
| 05/22/2025 | 10 | DESIGNATION AND APPEARANCE OF COUNSEL; filed by Diane C. Bass appearing for Alexander G. Ramos (jb) [8:25-mj-00404-DUTY] (Entered: 06/05/2025) |
| 05/22/2025 | 11 | WAIVER of Preliminary Examination or Hearing by Defendant Alexander G. Ramos (jb) [8:25-mj-00404-DUTY] (Entered: 06/05/2025) |
| 05/22/2025 | 12 | ORDER OF DETENTION by Magistrate Judge Autumn D. Spaeth as to Defendant Alexander G. Ramos (jb) [8:25-mj-00404-DUTY] (Entered: 06/05/2025) |
| 05/22/2025 | 13 | ARREST WARRANT RETURNED Executed on 5/22/2025 as to Defendant Alexander G. Ramos. (jb) [8:25-mj-00404-DUTY] (Entered: 06/05/2025) |
| 06/16/2025 | 14 | INFORMATION filed as to Alexander G. Ramos (1) count(s) 1-2, 3-4, 5. Offense occurred in Orange. (jb) (Entered: 06/17/2025) |
| 06/16/2025 | 15 | CASE SUMMARY filed by AUSA Kevin Y. Fu as to Defendant Alexander G. Ramos; defendants Year of Birth: 1963 (jb) (Entered: 06/17/2025) |
| 06/16/2025 | 16 | SEALED GOVERNMENTS EX PARTE APPLICATION FOR ORDER SEALING DOCUMENT; DECLARATION OF KEVIN Y. FU as to Defendant Alexander G. Ramos. Filed by Plaintiff USA as to Defendant Alexander G. Ramos. (jb) (Entered: 06/17/2025) |
| 06/16/2025 | 17 | SEALED ORDER SEALING DOCUMENT by Magistrate Judge John D. Early: granting 16 EX PARTE APPLICATION to Seal Document as to Alexander G. Ramos (1) (jb) (Entered: 06/17/2025) |
| 06/16/2025 | 18 | SEALED DOCUMENT (jb) (Entered: 06/17/2025) |
| 06/17/2025 | 23 | MINUTES OF POST-INFORMATION ARRAIGNMENT: held before Magistrate Judge John D. Early as to Defendant Alexander G. Ramos (1) Count 1-2, 3-4, 5. Defendant arraigned, states true name: As charged. Defendant entered not guilty plea to all counts as |

| | | |
|---|---|---|
| | | charged. Attorney: Diane C. Bass, Retained present. Case assigned to Judge Fred W. Slaughter. Jury Trial set for 8/12/2025 at 08:00 AM before Judge Fred W. Slaughter. Pretrial Conference set for 7/31/2025 at 01:30 PM before Judge Fred W. Slaughter. Court Smart: CS 06/17/25. (jp) (Entered: 07/08/2025) |
| 06/17/2025 | 24 | WAIVER OF INDICTMENT by Defendant Alexander G. Ramos before Magistrate Judge John D. Early. (jp) (Entered: 07/08/2025) |
| 06/20/2025 | 21 | SEALED - MINUTES OF IN CHAMBERS ORDER - UNDER SEAL (bm) (Entered: 06/25/2025) |
| 06/24/2025 | 19 | Notice of Appearance or Withdrawal of Counsel: for attorney Tara Boger Vavere. Adding Tara B. Vavere as counsel of record for USA for the reason indicated in the G-123 Notice. Filed by plaintiff USA. (Attorney Tara Boger Vavere added to party USA(pty:pla))(Vavere, Tara) (Entered: 06/24/2025) |
| 06/24/2025 | 20 | NOTICE of GOVERNMENT'S FILING OF RECORDED LIS PENDENS AS TO REAL PROPERTY LOCATED IN IRVINE, CALIFORNIA filed by Plaintiff USA as to Defendant Alexander G. Ramos (Attachments: # 1 Exhibit A)(Vavere, Tara) (Entered: 06/24/2025) |
| 06/26/2025 | 22 | SEALED - SEALED HEARING (bm) (Entered: 06/30/2025) |
| 08/21/2025 | 25 | STIPULATION to Continue Sentencing Hearing from October 2, 2025 to January 8, 2026 filed by Defendant Alexander G. Ramos (Attachments: # 1 Proposed Order)(Bass, Diane) (Entered: 08/21/2025) |
| 08/27/2025 | 26 | ORDER RE STIPULATION TO CONTINUE SENTENCING HEARING by Judge Fred W. Slaughter, as to Defendant Alexander G. Ramos 25 . Sentencing CONTINUED to 1/15/2026 at 03:30 PM before Judge Fred W. Slaughter. Defendant Alexander G. Ramos shall personally appear for the Sentencing Hearing on January 15, 2026, at 3:30 p.m., in Courtroom 10D. (twdb) (Entered: 08/28/2025) |
| 09/16/2025 | 27 | APPLICATION for Order for Preliminary Order of Forfeiture Filed by Plaintiff USA as to Defendant Alexander G. Ramos. (Attachments: # 1 Proposed Order) (Vavere, Tara) (Entered: 09/16/2025) |
| 09/17/2025 | 28 | PRELIMINARY ORDER OF FORFEITURE PURSUANT TO FED.R.CRIM. 32.2 AS TO DEFENDANT ALEXANDER G. RAMOS by Judge Fred W. Slaughter: granting 27 APPLICATION. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 09/17/2025) |
| 10/20/2025 | 29 | DECLARATION OF PUBLICATION filed by Plaintiff USA as to Defendant Alexander G. Ramos *was made on an official government website (www.forfeiture.gov)* Re: Order on Motion for Order 28 (Vavere, Tara) (Entered: 10/20/2025) |
| 11/03/2025 | 30 | Petition for a to Adjudicate the Validity of The Real Property Interest by Debbie Fengjie Chen in 142 Princess Pine, Irvine, CA, filed by Attorney Daniel Smith for Petitioner Debbie Fengjie Chen. (twdb) (Entered: 11/04/2025) |
| 11/03/2025 | 31 | DECLARATION of Debbie Fengjie Chen in Support of Petition for Ancillary Proceeding for Return of Petitioner's Property Identified in Order of Forfeiture 30 (twdb) (Entered: 11/04/2025) |
| 11/03/2025 | 49 | Petition for a Hearing to Adjudicate the Validity of the Real Property Interest by Debbie Fengjie Chen in 142 Princess Pine, Irvine, CA Filed by Plaintiff Debbie Fengjie Chen, as to Defendant Alexander G. Ramos. [LATE DOCKETING DUE TO CLERK'S OFFICE ERROR] (twdb) Modified on 5/13/2026 (twdb). (Entered: 05/13/2026) |

| | | |
|---|---|---|
| 11/03/2025 | 50 | DECLARATION of Debbie Fengjie Chen in Support of Petition for Ancillary Proceeding for Return of Petitioner's Property Identified in Order of Forfeiture 49 [LATE DOCKETING DUE TO CLERK'S OFFICE ERROR] (twdb) (Entered: 05/13/2026) |
| 12/05/2025 | 32 | STIPULATION to Continue Sentencing from January 15, 2026 to March 26, 2026 filed by Defendant Alexander G. Ramos (Attachments: # 1 Proposed Order)(Bass, Diane) (Entered: 12/05/2025) |
| 12/05/2025 | 33 | ORDER RE STIPULATION TO CONTINUE SENTENCING HEARING by Judge Fred W. Slaughter, as to Defendant Alexander G. Ramos 32 . Defendant Alexander G. Ramos shall personally appear for the Sentencing Hearing on March 26, 2026, at 1:30 p.m., in Courtroom 10D. Sentencing CONTINUED to 3/26/2026 at 01:30 PM before Judge Fred W. Slaughter. NOTE: CHANGES MADE BY COURT (twdb) Modified on 12/5/2025 (twdb). (Entered: 12/05/2025) |
| 02/18/2026 | 34 | STIPULATION to Continue Sentencing Hearing from March 26, 2026 to May 21, 2026 filed by Defendant Alexander G. Ramos (Attachments: # 1 Proposed Order)(Bass, Diane) (Entered: 02/18/2026) |
| 02/18/2026 | 35 | ORDER RE STIPULATION TO CONTINUE SENTENCING HEARING FROM MARCH 26, 2026, TO MAY 21, 2026 by Judge Fred W. Slaughter, as to Defendant Alexander G. Ramos 34 . NOTE: CHANGES MADE BY COURT. Sentencing continued to 5/21/2026 at 01:30 PM before Judge Fred W. Slaughter. Defendant Alexander G. Ramos shall personally appear for the Sentencing Hearing on May 21, 2026, at 1:30 p.m., in Courtroom 10D. (twdb) (Entered: 02/19/2026) |
| 04/14/2026 | 36 | MINUTES OF IN CHAMBERS ORDER by Judge Fred W. Slaughter: ORDER SETTING BRIEFING SCHEDULE ON DEBBIE FENGJIE CHEN'S PETITION PURSUANT TO 21 U.S.C. §853, as to Defendant Alexander G. Ramos 30 . The court will hold an in-person hearing on this matter on May 7, 2026, at 10:00 a.m. in Courtroom 10D. ( Responses due by 4/23/2026, Replies due by 4/30/2026., Petition set for hearing on 5/7/2026 at 10:00 AM before Judge Fred W. Slaughter.) SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 04/14/2026) |
| 04/22/2026 | 39 | Notice of Appearance or Withdrawal of Counsel: for attorney Daniel Martin Smith. Filed by Petitioner DEBBIE FENGJIE CHEN. (Smith, Daniel) (Entered: 04/22/2026) |
| 04/23/2026 | 40 | BRIEF Filed by Plaintiff USA as to Defendant Alexander G. Ramos *re: Ancillary Proceeding* RE: Declaration (Motion related) 31 , NOTICE OF MOTION AND MOTION for Hearing as to 30 . (Attachments: # 1 Declaration Dana Wrathall, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Vavere, Tara) (Entered: 04/23/2026) |
| 04/24/2026 | 41 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: Notice of Appearance or Withdrawal of Counsel (G-123) 39 . The following error(s) was/were found: The party listed on the Notice is not a party on the case. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (bmg) (Entered: 04/24/2026) |
| 04/29/2026 | 42 | JOINDER in NOTICE OF MOTION AND MOTION for Hearing as to 30 (Attachments: # 1 Proposed Order)(Smith, Daniel) Modified on 5/1/2026 (twdb). (Entered: 04/29/2026) |
| 04/29/2026 | 43 | STIPULATION to Continue Sentencing Hearing from May 21, 2026 to July 23, 2026 filed by Defendant Alexander G. Ramos (Attachments: # 1 Proposed Order)(Bass, Diane) (Entered: 04/29/2026) |

| | | |
|---|---|---|
| 04/29/2026 | 44 | RESPONSE to Brief (non-motion, non-appeal), 40 ,filed by Plaintiff Debbie Fengjie Chen as to Defendant Alexander G. Ramos (Attachments: # 1 Declaration, # 2 Certificate of Service)(Smith, Daniel) (Entered: 04/29/2026) |
| 05/01/2026 | 45 | MINUTES (IN CHAMBERS) by Judge Fred W. Slaughter: ORDER DENYING AS MOOT PETITIONER DEBBIE F. CHEN'S MOTION TO BE ADDED AS ADDITIONAL PARTY 42 , as to Alexander G. Ramos (1). SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 05/01/2026) |
| 05/01/2026 | 46 | ORDER RE Stipulation to Continue Sentencing Hearing From May 21, 2026, to July 23, 2026, at 2:30 P.M. by Judge Fred W. Slaughter, as to Defendant Alexander G. Ramos 43 . Defendant Alexander G. Ramos shall personally appear for the Sentencing Hearing on July 23, 2026, at 2:30 p.m., in Courtroom 10D. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 05/04/2026) |
| 05/05/2026 | 47 | DECLARATION of filed by Plaintiff Debbie Fengjie Chen as to Defendant Alexander G. Ramos RE: Response (Non-Motion) 44 (Attachments: # 1 Notice of Lodgment of Exhibits, # 2 Exhibit Exhibit A-F)(Smith, Daniel) (Entered: 05/05/2026) |
| 05/07/2026 | 48 | MINUTES OF PETITIONER DEBBIE FENGJIE CHEN'S PETITION PURSUANT TO 21 U.S.C. 853 30 held before Judge Fred W. Slaughter as to Defendant Alexander G. Ramos. Petitioner Debbie Fengjie Chen's Petition Pursuant to 21 U.S.C. 853 30 hearing held. The Court hears oral arguments from the parties. The Court grants Defendant's request to waive presence for the remainder of the proceedings. Counsel shall file simultaneous additional briefing, not to exceed 20 pages, with attached proposed orders, no later than 12:00 p.m. on June 12, 2026. Court Smart: C/S - 5/7/2026. (chk) (Entered: 05/08/2026) |
| 06/12/2026 | 51 | BRIEF Filed by Plaintiff Debbie Fengjie Chen as to Defendant Alexander G. Ramos RE: Motion Hearing,, 48 . (Attachments: # 1 Proposed Order)(Smith, Daniel) (Entered: 06/12/2026) |
| 06/12/2026 | 52 | APPLICATION for Order for FINAL ORDER OF FORFEITURE PURSUANT TO THE COURT'S ORDER OF MAY 7, 2026 Filed by Plaintiff USA as to Defendant Alexander G. Ramos. (Attachments: # 1 Proposed Order) (Vavere, Tara) (Entered: 06/12/2026) |
| 07/07/2026 | 53 | MINUTES (IN CHAMBERS) by Judge Fred W. Slaughter: ORDER DENYING MOVANT DEBBIE FENGJIE CHEN'S PETITION RE REAL PROPERTY 30 49 , as to Alexander G. Ramos (1). Accordingly, because Petitioner does not establish that she is a bona fide purchaser, the court DENIES the Petition. However, because Chen demonstrates that Chen contributed $11,000 to the purchase of the home, the court findsand the government does not dispute that Chen is entitled to an $11,000 interest in the home. The court will issue a final order of forfeiture consistent with this order. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 07/07/2026) |
| 07/07/2026 | 54 | MINUTES (IN CHAMBERS) by Judge Fred W. Slaughter: ORDER GRANTING APPLICATION FOR FINAL ORDER OF FORFEITURE 52 , as to Alexander G. Ramos (1). SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 07/07/2026) |
| 07/07/2026 | 55 | EX PARTE APPLICATION to Continue Sentencing Hearing from July 23, 2026 to September 24, 2026. Filed by Defendant Alexander G. Ramos. (Attachments: # 1 Proposed Order) (Bass, Diane) (Entered: 07/07/2026) |
| 07/10/2026 | 56 | ORDER RE UNOPPOSED EX PARTE APPLICATION TO CONTINUE SENTENCING HEARING FROM JULY 23, 2026, TO SEPTEMBER 24, 2026, AT 2:30 P.M. by Judge Fred W. Slaughter: Granting 55 EX PARTE APPLICATION to Continue, as to Alexander G. Ramos (1). Defendant Alexander G. Ramos shall personally appear for the Sentencing |

| | | |
|---|---|---|
| | | Hearing on October 8, 2026, at 9:00 a.m., in Courtroom 10D. The parties shall file their respective sentencing positions by September 24, 2026. (twdb) (Entered: 07/10/2026) |
| 07/10/2026 | 57 | AMENDED ORDER RE UNOPPOSED EX PARTE APPLICATION TO CONTINUE SENTENCING HEARING FROM JULY 23, 2026, TO OCTOBER 8, 2026, AT 9:00 A.M. by Judge Fred W. Slaughter, as to Defendant Alexander G. Ramos 56 55 . Defendant Alexander G. Ramos shall personally appear for the Sentencing Hearing on October 8, 2026, at 9:00 a.m., in Courtroom 10D. The parties shall file their respective sentencing positions by September 24, 2026. Sentencing CONTINUED to 10/8/2026 at 09:00 AM before Judge Fred W. Slaughter. (twdb) Modified on 7/10/2026 (twdb). (Entered: 07/10/2026) |
| 07/17/2026 | 58 | NOTICE OF APPEAL TO APPELLATE COURT (Interlocutory) filed by Plaintiff Debbie Fengjie Chen as to Defendant Alexander G. Ramos re MINUTES (IN CHAMBERS) by Judge Fred W. Slaughter: ORDER DENYING MOVANT DEBBIE FENGJIE CHEN'S PETITION RE REAL PROPERTY 30 49 , as to Alexander G. Ramos (1). Accordingly, because Petitioner does not establish that she is a bona fide purchaser, the court DENIES the Petition. However, because Chen demonstrates that Chen contributed $11,000 to the purchase of the home, the court findsand the government does not dispute that Chen is entitled to an $11,000 interest in the home. The court will issue a final order of forfeiture consistent with this order. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) 53 , MINUTES (IN CHAMBERS) by Judge Fred W. Slaughter: ORDER GRANTING APPLICATION FOR FINAL ORDER OF FORFEITURE 52 , as to Alexander G. Ramos (1). SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) 54 . Filing fee $605; receipt number ACACDC-42820106. (Attachments: # 1 Final Order of Forfeiture, # 2 Order on Third Party Petition)(Smith, Daniel) (Entered: 07/17/2026) |
| 07/20/2026 | 59 | TRANSCRIPT ORDER re: Court of Appeals case number 26-4596-001, as to Defendant Alexander G. Ramos for Court Smart (CS). Order for: Criminal Appeal. Court will contact Daniel Smith at dsmith@sandiegodefenders.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Smith, Daniel) (Entered: 07/20/2026) |
| 07/20/2026 | 60 | NOTIFICATION by Circuit Court of Appellate Docket Number 26-4596 as to Defendant Alexander G. Ramos, 9th CCA regarding Notice of Appeal - Interlocutory, 58 . (iv) (Entered: 07/21/2026) |
| 07/23/2026 | 61 | DESIGNATION OF RECORD ON APPEAL filed by Plaintiff Debbie Fengjie Chen as to Defendant Alexander G. Ramos re Notice of Appeal - Interlocutory,,,, 58 (Smith, Daniel) (Entered: 07/23/2026) |
| 07/24/2026 | 62 | NOTICE OF MOTION AND MOTION for Order for Stay Final Order of Forfeiture Pending Appeal Filed by Plaintiff Debbie Fengjie Chen as to Defendant Alexander G. Ramos. (Smith, Daniel) (Entered: 07/24/2026) |
| 07/30/2026 | 63 | STIPULATION for Order REGARDING PETITIONER DEBBIE FENGJIE CHEN'S MOTION TO STAY THE JULY 7, 2026, ORDER GRANTING APPLICATION FOR FINAL ORDER OF FORFEITURE PENDING APPEAL filed by Plaintiff USA as to Defendant Alexander G. Ramos (Attachments: # 1 Proposed Order)(Vavere, Tara) (Entered: 07/30/2026) |
| 07/31/2026 | 64 | ORDER STAYING FINAL ORDER OF FORFEITURE PENDING APPEAL OF PETITIONER DEBBIE FENGJIE CHEN by Judge Fred W. Slaughter, as to Defendant Alexander G. Ramos 63 . SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 07/31/2026) |
| 08/17/2026 | 65 | (IN CHAMBERS) ORDER by Judge Fred W. Slaughter as to Alexander G. Ramos: In light of the Joint Stipulation regarding Petitioner Debbie Fengjie Chen's Motion to Stay the |

| | | |
|---|---|---|
| | | July 7, 2026, Order Granting Application for Final Order of Forfeiture Pending Appeal, (Dkt. 63 ), and the court's resulting Order Staying Final Order of Forfeiture Pending Appeal of Petitioner Debbie Fengjie Chen, (Dkt. 64 ), the court ORDERS the following: (1) Petitioner/Movant Debbie Fengjie Chen's Motion to Stay the July 7, 2026, Order Granting Application for Final Order of Forfeiture Pending Appeal, (Dkt. 62 ("Motion")), is DENIED AS MOOT; (2) The September 3, 2026, hearing on the Motion is VACATED and OFF CALENDAR. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (rrp) TEXT ONLY ENTRY (Entered: 08/17/2026) |

---

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/23/2026 16:23:18 | | | |
| **PACER Login:** | geoffneri | **Client Code:** | 1111111 |
| **Description:** | Docket Report | **Search Criteria:** | 8:25-cr-00106-FWS End date: 8/24/2026 |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

# EXHIBIT 2

FILED
CLERK, U.S. DISTRICT COURT
6/16/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: E.C. DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER G. RAMOS,<br>aka "Alejandro Gerardo Ramos Cisneros,"<br><br>Defendant. | No. 8:25-cr-00106-FWS<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 1343: Wire Fraud; 8 U.S.C. § 1326(a), (b)(2): Illegal Alien Found in the United States Following Deportation; 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The United States Attorney charges:

COUNTS ONE THROUGH TWO

[18 U.S.C. § 1341]

A. INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. Victim Company was a company in Newport Beach, California, that specialized in financing the purchase of classic and collector cars.

2. Victim Company helped its clients, who were car purchasers, complete any necessary tax, titling, and licensing ("TTL") paperwork incident to purchasing and registering their cars.

3. Victim Company's clients lived all over the United States, including in California, and could request that their cars be registered in their states of residency.

4. Different states could have different procedures for registering cars as well as different TTL fees. Victim Company worked with title agents or partners in other states to register their clients' cars in those states and pay any necessary TTL fees.

5. In some instances, Victim Company collected TTL fees from its client and remitted those fees to the relevant title agent or partner who was assisting with registration.

6. If too many funds were sent to the assisting title agent or partner than necessary to pay for TTL-related fees, the assisting title agent or partner was expected to return the extra funds to Victim Company.

7. Defendant ALEXANDER G. RAMOS, also known as "Alejandro Gerardo Ramos Cisneros" ("RAMOS"), served, at various times, as either the Title and Risk Department Manager or Assistant Vice President of Risk Management at Victim Company. In either capacity, as part of his job responsibilities, defendant RAMOS was the primary point of contact between Victim Company and title agents or other partners who were assisting with registration and payment of TTL fees.

8. Defendant RAMOS was entrusted by Victim Company with facilitating the correct payment of fees to outside title agents or partners, as well as ensuring that excess TTL fees sent to those agents or partners were refunded to Victim Company.

9. In performing his role, defendant RAMOS directed the Victim Company's Accounting Department to issue checks for TTL payments to

title agents or other partners. The Accounting Department then mailed those checks using a private and commercial interstate carrier to the relevant title agents or partners, who were often in states other than California.

B. THE SCHEME TO DEFRAUD

10. Beginning no later than in or around January 2020, and continuing to at least in or around September 2024, in Orange County, within the Central District of California, and elsewhere, defendant RAMOS, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud Victim Company as to material matters, and to obtain money and property by means of materially false pretenses, representations, promises, and the concealment of material facts.

11. The fraudulent scheme operated, in substance, as follows:

a. Defendant RAMOS caused Victim Company's Accounting Department to issue checks to certain title agents or partners, under the false pretense that the checks authorized payments that were necessary for TTL-related expenses.

b. In reality, the payments that defendant RAMOS caused to be issued to those title agents or partners often were unnecessary and exceeded the true cost of any applicable TTL-related expenses.

c. Defendant RAMOS then directed the title agent or partner who received excess funds on the disposition of those funds. Such directions included instructions to the title agents or partners to "return" at least a portion of those funds, either by issuing checks payable to, or making wire transfers to, bank accounts that were ostensibly controlled by Victim Company, but which were actually controlled by defendant RAMOS.

d. In doing so, defendant RAMOS falsely represented to Victim Company that it needed to send money to title agents or partners for TTL-related expenses when it was unnecessary to do so, and then defendant RAMOS caused those title agents or partners who received excess funds to transfer at least a portion of those extra funds to bank accounts that defendant RAMOS controlled.

C. USE OF THE MAILS

12. On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendant RAMOS, for the purpose of executing the above-described scheme to defraud, deposited and caused to be deposited and to be sent and delivered by a private and commercial interstate carrier, namely, Federal Express ("FedEx"), and knowingly caused to be delivered by such carrier according to the direction thereon, the following items:

| Count | Date | Mailing |
|---|---|---|
| ONE | 6/30/2020 | A FedEx package, bearing FedEx Tracking Number 770843411568, containing a check from Victim Company for $52,143.00, bearing check number 35226, that was sent to One Stop Insurance in Las Vegas, Nevada. |
| TWO | 9/23/2024 | A FedEx package, bearing FedEx Tracking Number 778723989613, containing a check from Victim Company for $67,915.00, bearing check number 54885, that was sent to Agent for Montana Title, in Helena, Montana. |

COUNTS THREE THROUGH FOUR

[18 U.S.C. § 1343]

13. The Grand Jury realleges paragraphs 1 through 9 and 11 of this Information here.

A. THE SCHEME TO DEFRAUD

14. Beginning no later than in or around January 2020, and continuing to at least in or around July 2020, in Orange County, within the Central District of California, and elsewhere, defendant RAMOS, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud Victim Company as to material matters, and to obtain money and property by means of materially false pretenses, representations, promises, and the concealment of material facts.

15. The fraudulent scheme operated, in substance, as described in paragraph 11 of this Information.

B. USE OF INTERSTATE WIRES

16. On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendant RAMOS, for the purpose of executing the above-described scheme to defraud, willfully caused the transmission of the following items by means of wire communication in interstate commerce:

| Count | Date | Transaction |
|---|---|---|
| THREE | 6/29/2020 | Interstate wire transfer of $17,230.00 by One Stop Insurance to a BBVA account ending in 3720. |
| FOUR | 7/20/2020 | Interstate wire transfer of $22,485.70 by One Stop Insurance to a BBVA account ending in 3720. |

COUNT FIVE

[8 U.S.C. § 1326(a), (b)(2)]

17. The Grand Jury realleges paragraphs 1 through 9 and 11 of this Information here.

18. On or about May 19, 2025, defendant RAMOS, an alien, who had been officially deported and removed from the United States on or about November 16, 2005, September 3, 2008, and May 16, 2017, was found in Orange County, within the Central District of California, after knowingly and voluntarily re-entering and remaining in the United States without having obtained permission from the Attorney General or her designated successor, the Secretary for Homeland Security, to reapply for admission to the United States following deportation and removal.

19. At least one of defendant’s previously alleged deportations and removals from the United States occurred subsequent to defendant’s conviction for the following felonies:

a. Wire Fraud, in violation of Title 18, United States Code, Section 1343, on or about September 26, 2004, in the United States District Court for the District of Nevada, case number 2:04-cr-00197-RCJ-LRL, an offense that involved fraud or deceit in which the loss to the victim or victims exceeded $10,000, for which defendant was sentenced to a total term of 21 months in prison.

b. Theft, in violation of Arizona Revised Statutes Code 13-1802, on or about July 15, 2011, in the Superior Court of Arizona, Maricopa County, case number CR2010-153967-001, for which defendant was sentenced to a total term of 3.5 years in prison.

c. Illegal Re-entry After Removal, in violation of Title 8, United States Code, Section 1326, on or about November 8, 2016, in

the United States District Court for the District of Arizona, case number CR-16-01252-001-PHX-DLR, for which defendant was sentenced to 275 days in prison and 36 months of supervised release.

Case 8:25-cv-02146-FWS-JDE Document 1-4 Filed 09/24/25 Page 22 of 48 Page ID #:47

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

20. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Four of this Information.

21. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses, including but not limited to the real property located at 142 Princess Pine, Irvine, California, with Assessor Parcel Number 591-601-18; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

22. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

BILAL A. ESSAYLI
United States Attorney

for

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office

MELISSA S. RABBANI
Assistant United States Attorney
Deputy Chief, Orange County Office

KEVIN Y. FU
Assistant United States Attorney
Orange County Office

# EXHIBIT 3

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
Assistant United States Attorney
TARA B. VAVERE (Cal. Bar No. 279470)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-5901
Facsimile: (213) 894-6269
E-mail: Tara.Vavere@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER G. RAMOS,<br><br>Defendant. | Case No. 8:25-cr-00106-FWS<br><br><u>GOVERNMENT'S BRIEF RE: ANCILLARY PROCEEDING; DECLARATION OF SPECIAL AGENT DANA WRATHALL; EXHIBITS</u><br><br>Hearing Date: May 7, 2026<br>Hearing Time: 10:00 a.m.<br>Location: Courtroom of the Hon. Fred W. Slaughter. |
| DEBBIE FENGJIE CHEN,<br><br>Petitioner. | |

Plaintiff United States of America submits this Memorandum of Points and Authorities, and the Declaration of Special Agent Dana Wrathall in response to the ancillary petition filed by Debbie Fengjie Chen.

Dated: April 23, 2026

Respectfully Submitted,

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

*/s/*

TARA B. VAVERE
Assistant United States Attorney
Asset Forfeiture & Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff United States of America ("the government" or "the United States") respectfully submits this memorandum of points and authorities in opposition to the ancillary petition filed by Debbie Fengjie Chen ("Petitioner") (ECF Nos. 30 and 31).

The property at issue is the real property located at 142 Princess Pine, Irvine, California 92618, with Assessor Parcel Number 591-601-18 (the "Subject Property"). Defendant Alexander Ramos's interest in the Subject Property was forfeited to the government pursuant to the Court's September 17, 2025 preliminary order of forfeiture. Pursuant to 21 U.S.C. § 853(n), Petitioner has requested that the Court conduct an ancillary hearing to adjudicate the validity of her interests, if any, in the Subject Property. The petition should be denied because Petitioner cannot prevail under either prong of 21 U.S.C. § 853(n)(6), the applicable statute governing this matter.

With respect to 21 U.S.C. § 853(n)(6)(A), Defendant used proceeds of fraud to purchase and refinance the Subject Property. Petitioner claims her interest in the Subject Property arose as a result of a divorce settlement occurring years after the fraud occurred. Accordingly, Petitioner cannot prevail because her interests in the Subject Property could not be superior to defendant's interest at the time of the commission of the acts which gave rise to the forfeiture. In addition, Petitioner does not state in her petition that she is relying upon this prong of the statute.

Petitioner claims in her petition she is a bona fide purchaser for value, relying upon the other prong of the statute. With respect

to 21 U.S.C. § 853(n)(6)(B), Petitioner has offered nothing to show that she is a bona fide purchaser for value and that she was reasonably without cause to believe that the Subject Property was subject to forfeiture. Quite to the contrary, her petition does not even state she paid anything at all, let alone "value," for her interest in the Subject Property. Indeed, her petition admits that the latest deed transferring any interest in the Subject Property to her reflects that she received it as a gift. At best, Petitioner at one time held a community property interest in the Subject Property but Ninth Circuit caselaw clearly holds that spouses cannot acquire a community property interest in fraud proceeds (or any property traceable thereto) and the Subject Property was acquired with fraud proceeds.

Accordingly, Petitioner cannot satisfy the requirements of 21 U.S.C. § 853(n)(6)(A) or (B). Her petition should therefore be dismissed.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On June 16, 2025, an information was filed charging Defendant with two counts of mail fraud, in violation of 18 U.S.C. § 1341, two counts of wire fraud, in violation of U.S.C. § 1343 and a single count of being an illegal alien found in the United States following deportation or removal in violation of 8 U.S.C. § 1326(a), (b)(2) (ECF No. 14). The information contained a forfeiture allegation notifying the defendant that the government would seek forfeiture of all right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses, including but not limited to, the Subject Property (Id. at p. 8). On the same day, Defendant entered a plea of

guilty to all counts of the Information and agreed to forfeit to the United States all of his right, title and interest the Subject Property because it constitutes or is derived from the mail and wire fraud scheme to which Defendant plead guilty (ECF No. 18 at ¶ 3).

The Court entered the preliminary order of forfeiture as to the defendant's interest in the Subject Property on September 17, 2025 (ECF No. 28) and the petition for ancillary hearing pursuant to 21 U.S.C. § 853(n) was filed on November 3, 2025 (ECF Nos. 30 and 31).

Defendant's sentencing is set for May 21, 2026 (ECF No. 35). In his plea agreement, Defendant admitted that he fraudulently received approximately $7.2 million in fraud proceeds that belonged to the victim, who was defendant's employer (ECF No. 18 at p. 17). The Presentence Investigation Report (the "PSR") prepared in this case, (ECF No. 38) indicates that restitution should be ordered in the amount of $1,890,005.07, the actual loss amount that the victim can prove at this time. The PSR further indicates that Defendant currently has no ability to pay restitution. Because of Defendant's inability to pay restitution, the Subject Property represents the victim's only meaningful opportunity for financial recovery from the Defendant's crimes.

**III. THE PURCHASE AND TITLE TRANSFERS OF THE SUBJECT PROPERTY**

As described in the Information, between January 2020 and September 2024, Defendant executed a scheme to defraud the victim company by diverting funds intended for the victim to Defendant's personal bank accounts (ECF No. 14. PP. 3-4).

In particular, and according to the Wrathall Declaration, from January through July of 2020, defendant caused certain bank accounts that he controlled to receive approximately $1,172,111.66 in fraud

proceeds representing stolen funds (Wrathall Declaration at ¶ 12). After transferring these stolen funds to other accounts that Defendant controlled, Defendant used those funds to purchase the Subject Property, by paying First American Title Company $40,000.00 on March 20, 2020; $7,000 on April 14, 2020; and $409,525.95 on July 10, 2020 (Id. at ¶ 13). The remainder of the purchase of the Subject Property was completed with three short-term loans, for which defendant and Petitioner co-signed, in the amount of $960,000 and the couple took title to the Subject Property as joint tenants (ECF No. 31 at ¶ 2 and Exhibit A, Buyer’s Final Settlement Statement).

Shortly after the July 10, 2020 payment, a refinancing of the $960,000 loan occurred. In August of 2020, Defendant[1] used $215,209.97 from the funds generated from refinancing the $960,000 loan and a new loan and deed of trust for $765,000.00 was recorded (Wrathall Declaration at ¶ 13c and Exhibit B, Borrower’s Settlement Statement).

Petitioner and Defendant were married in December of 2020, and on June 27, 2023, the Subject Property was deeded to a revocable trust held in the names of, and for the benefit of, Petitioner and Defendant (ECF No. 31 at ¶ 5). Then, on or about April 25, 2025, the revocable trust deeded the Subject Property to Petitioner for no consideration as a gift. (Exhibit C, Trust Transfer Deed.)

As to the latter transaction, Petitioner explains that upon the

[1] Even if the refinancing somehow advances Petitioner’s position (and it does not), Petitioner’s petition made clear that Defendant (and not Petitioner) deposited the $215,000 for the refinancing $215,209.97. ECF No. 31 at paragraph 4. Accordingly, Petitioner paid nothing. In addition, there was no deposit per se, but instead the payoff of the initial loans were used to acquire the new loan. The $215,209.97 is directly traceable to fraud proceeds (Wrathall Declaration at ¶ 13c).

dissolution of the couple's marriage, Defendant executed an interspousal grant deed, in connection with a property settlement or decree of dissolution of marriage or legal separation granting the Subject Property to Petitioner (Exhibit D, interspousal Transfer Grant Deed). According to Petitioner, that transfer was "made as a gift and as part of the settlement in our divorce" (ECF No. 31 at ¶ 7).

**IV. ARGUMENT**

**A. Purpose of Ancillary Proceeding**

Criminal forfeiture operates in personam against a defendant to divest him of his title to proceeds from his unlawful activity as a consequence of his criminal conviction and "reaches any property involved in the offense or any property traceable as proceeds to it." United States v. Lazarenko, 476 F.3d 642, 647 (9th Cir. 2007).

Federal Rule of Criminal Procedure 32.2(c) allows third parties to file petitions asserting interests in property found to be subject to forfeiture. The ancillary proceeding is governed procedurally by 21 U.S.C. § 853(n)(6), which allows only two avenues of relief, requiring that a petitioner show by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the Preliminary Order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant, or was superior to any right, title, or interest of the defendant at the time of the commission of the acts that gave rise to the forfeiture of the property under section 853; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property that arose after the conduct that gave rise to the forfeiture, and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under section 853.

If, after the hearing, the court determines that the petitioner has established either (A) or (B), the court shall amend the order of forfeiture in accordance with its determination.

A third party ancillary petitioner is not entitled to challenge the underlying basis for the forfeiture. "Whether the criminal forfeiture of the property was proper is not an issue subject to litigation by third parties in an ancillary proceeding. United States v. Dejanu, 163 F. App'x. 493, 498 (9th Cir. 2006). Rather, the third party is given an opportunity during the ancillary proceeding to assert any ownership interest that would require amendment of the preliminary order of forfeiture.

**B. The Petitioner Cannot Satisfy the Elements of 21 U.S.C. § 853(n)(6)(A) or (B)**

Third parties can argue that they held superior title at the time of the act giving rise to the forfeiture, or that they are bona fide purchasers for value. Here, Petitioner does not contend in her petition that she has superior title. That is appropriate because she cannot argue that a state divorce court awarded her some special interest in the forfeited property that is superior to the government's interest because the government's interest relates back to the time a crime is committed, which took place long before the divorce decree. United States v. Kennedy, 201 F.3d 1324, 1334-1335 (11th Cir. 2000) (the relation back provision contained in 21 U.S.C. § 853(c), vesting all right, title, and interest in the forfeited property in the United States upon the commission of the acts giving rise to the forfeiture, was specifically included in section 853 as a way of avoiding gift-transfers of property that is subject to

forfeiture). For Petitioner to prevail under section 853(n)(6)(A), her marital interest in the Subject Property must have arose before the crime giving rise to the forfeiture,[2] which it clearly did not as the fraud proceeds in this case were used for the purchase and refinance of the Subject Property.

Neither can petitioner prevail under section 853(n)(6)(B), as she has not shown that she is a bona fide purchaser for value. In fact, Petitioner cannot contend that she is a bona fide purchaser for value by operation of marital/community property laws.[3]

Because the proceeds of the crime were used to purchase the Subject Property, Petitioner could not have had a preexisting interest in the Subject Property. United States v. Hooper, 229 F.3d 818, 821-22 (9th Cir. 2000) (a petitioner spouse may have an interest in the proceeds of a defendant-husband's crimes as a matter of state community property law, but she cannot prevail unless she qualifies for relief under 21 U.S.C. § 843(n)(6)). Put another way, a spouse cannot assert a community property interest in criminal proceeds because her interest, if it exists at all, came into existence only after the commission of the offense, and only bona fide purchasers

---

[2] Lazarenko 476 F.3d 647 (Under the relation back doctrine, the government's interest in the property vests at the time the defendant commits the crime).

[3] United States v. McHan, 345 F.3d 262, 279 (4th Cir. 2003) (wife who acquired property from husband-defendant in less than arm's length transaction was not a bona fide purchaser); United States v. White, 779 F. Supp. 2d 984, 991 (D. Minn. 2011), aff'd, 675 F.3d 1073 (8th Cir. 2012) ("bona fide purchaser for value" comes from commercial law and requires proof of an arm's length transaction; a transaction between spouses is unlikely to qualify); United States v. Joyce, No. 07-31 ERIE, 2011 WL 1102986, at *5 (W.D. Pa. Mar. 22, 2011) (to prevail under § 853(n)(6)(B), spouse must show that she engaged in an arm's length transaction whereby she received equivalent value for any property interest surrendered).

can challenge a forfeiture based on an after-acquired interest.[4] Under the relation back doctrine, the government's interest in the property vests at the time defendant commits the crime, "otherwise, a defendant could attempt to avoid criminal forfeiture by transferring his property to another party before conviction. Lazarenko 476 F.3d 647.[5]

Furthermore, and because the Subject Real Property was purchased with fraud proceeds, the equity in the property has become property traceable to those proceeds. When proceeds obtained as the result of a crime are invested in real property, equivalent equity in that real property constitutes tainted property under § 853(a) United States v. Wolf, 375 F. Supp. 3d 428, 436 (S.D.N.Y. 2019). See also, United States v. Caspersen, 275 F. Supp. 3d 502, 505 (S.D.N.Y. 2017) (if a defendant takes out a home equity line of credit on the equity in his property, borrows the money and repays the loan with criminal proceeds, the entire property becomes subject to forfeiture as property traceable to the proceeds of the offense); United States v.

---

[4] See also, United States v. 101 Houseco, LLC, 22 F.4th 843, 850 (9th Cir. 2022) (a third party corporate petitioner, does not have a superior interest in the property because the corporation 'does not contest' that it 'was created to perpetrate the fraud); United States v. Guerrero, 37 F.4th 1215, 1218 (7th Cir. 2022) (by definition, the proceeds of an offense do not exist before the offense is committed, and any proceeds from the criminal act belong to the government from the moment that they come into existence because the government's interest under the relation-back doctrine immediately vests upon commission of that offense).

[5] See also, United States v. Gonzalez, 597 F. App'x. 270 (5th Cir. 2015) (dismissal of defendant's wife's third party petition asserting a legal claim to forfeited property affirmed; under relation back doctrine, government's interest in the property vested at the time of defendant's offense, which occurred before the couple purchased the property); United States v. Chavez, 323 F.3d 1216, 1218-19 (9th Cir. 2003) (petitioner must have a preexisting interest in order to prevail under § 853(n)(6)(A)).

3814 NW Thurman St., 164 F.3d 1191, 1196 (9th Cir. 1999) (money obtained as a consequence of a false loan application is proceeds; equity acquired with such borrowed funds is also proceeds).

To reiterate, a spouse can never assert a marital interest in the defendant's criminal proceeds because the government's interests always vests immediately upon the commission of the offense. See, U.S. v. Hooper, 229 F.3d 821; United States v. Martinez, 228 F.3d 587, 590 (5th Cir. 2000) (Because the relation back doctrine operates to vest title to the proceeds in the government as of the time defendant engaged in those illegal activities, these proceeds, and any property purchased with the proceeds, never become community property); United States v. Wahlen, 459 F. Supp. 2d 800, 814 (E.D. Wis. 2006) (a wife has no legal interest in the portion of marital property acquired with criminal proceeds; her 50 percent interest under state law only applies to any untainted portion).

Petitioner alleges that she is a "bona fide purchaser for value at purchase, and at subsequent bona fide transfers as the sole owner" and that she was reasonably without cause to believe the property was subject to forfeiture.[6] (ECF No. 31 at ¶ 1). However, Petitioner, by her own admission, received the Subject Property from Defendant only by operation of marital property laws and therefore cannot be a bona fide purchaser, as explained above. Moreover, she gave nothing of value for the property as she received it as a gift. United States v. Kennedy, 201 F.3d 1324, 1335 (11th Cir. 2000) (guilty spouse's

[6] A bona fide purchaser for value is one who has (1) given value (2) in good faith (3) "without actual or constructive notice of another's rights." United States v. $3,124,977.28 in U.S. Currency, 239 F. App'x 335, 337 (9th Cir. 2007) (defining bona fide purchaser according to California law and noting that the federal common law definition is substantially identical).

interest does not seamlessly transfer to other spouse in a way that negates the government's forfeiture interest); United States v. White, 306 F. App'x 838, 841 (5th Cir. 2007) (charity that received defendant's forfeitable real property as a gift was not a purchaser for value and thus could not recover under § 853(n)(6)(B), even though it had spent money maintaining and making improvements on the property); United States v. Infelise, 938 F. Supp. 1352, 1369 (N.D. Ill. 1996), aff'd in part, rev'd in part, 159 F.3d 300 (7th Cir. 1998) (wife is not a bona fide purchaser of property that husband placed in her name because she gave nothing of value in exchange for the real property).

Simply put, a wife who acquires an interest in real property by virtue of a separation agreement or divorce decree is not a bona fide purchaser. United States v. Simmons, WL 4412443, at *2 (S.D.N.Y. Sept. 16, 2019) (Divorce settlement whereby wife took title to defendant's interest in property was not an arm's length transaction and thus not a purchase within the meaning of § 853(n)(6)(B)).

Further, because nothing of value was given by Petitioner for the purchase of the Subject Property, it is not necessary to determine if she was without reason to know the property was subject to forfeiture when she acquired it. United States v. Munson, 477 F. App'x 57, 68 (4th Cir. 2012) ("if the claimant cannot establish that she has the required ownership interest, then her innocence is irrelevant") cert. denied, 568 U.S. 903 (2012).

## V. CONCLUSION

Based on the above, the United States respectfully request that the Court enter a Final Order forfeiting the Subject Property to the United States.

Case 8:25-cv-02016-FWS-JDE Document 39 Filed 04/23/26 Page 13 of 14 Page ID #:622

Dated: April 23, 2026

Respectfully Submitted,

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

/s/
TARA B. VAVERE
Assistant United States Attorney
Asset Forfeiture & Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# EXHIBIT 4

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALEXANDER G. RAMOS,<br>Defendant. | Case No. 8:25-cr-00106-FWS<br>**PRELIMINARY ORDER OF FORFEITURE PURSUANT TO FED. R. CRIM. P. 32.2 AS TO DEFENDANT ALEXANDER G. RAMOS [27]** |

Upon consideration of the application of Plaintiff, United States of America, for a preliminary order of forfeiture pursuant to the June 16, 2025, guilty plea to counts one through five of the Information entered by defendant Alexander G. Ramos ("defendant") and, good cause appearing thereon, IT IS HEREBY ORDERED:

## I. FORFEITABLE PROPERTY

For the reasons set out below, any right, title and interest of defendant in the following described property (hereinafter, the "Forfeitable Property") is hereby forfeited to the United States. The Court finds that the government has established the requisite nexus between the Forfeitable Property and the relevant offense described in the Information, which charges defendant with Mail Fraud

in violation of 18 U.S.C. § 1341, Wire Fraud in violation of 18 U.S.C. § 1343, and being an Illegal Alien Found in the United States Following Deportation in violation of 8 U.S.C. § 1326(a), (b)(2). The Forfeitable Property is more particularly described as real property located at 142 Princess Pine, Irvine, California, with Assessor's Parcel Number 591-601-18 (the "Forfeitable Property").

**II. IMPLEMENTATION**

IT IS FURTHER ORDERED AS FOLLOWS:

A. Upon the entry of this Order, and pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853, the United States Attorney General (or a designee) is authorized, to the extent it has not already done so, to seize the Forfeitable Property.

B. Upon entry of this Order, the United States is further authorized to conduct any discovery for the purpose of identifying, locating, or disposing of the Forfeitable Property subject to forfeiture pursuant to this Order, 21 U.S.C. § 853(m) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure. "Any discovery" shall include all methods of discovery permitted under the Federal Rules of Civil Procedure.

C. Upon entry of this Order (and at any time in the future after amendment of the applicable order of forfeiture in this matter), the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this and any other Order affecting specific property. The following paragraphs shall apply to any ancillary proceeding conducted in this matter:

Case 8:25-cr-00106-FWS-JDE Document 28 Filed 08/24/25 Page 3 of 4 Page ID #:131

1) Pursuant to 21 U.S.C. § 853(n)(1) and Supplemental Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the government shall forthwith publish for at least thirty (30) consecutive days on an official government website notice of this order and any other Order affecting the Forfeitable Property, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the publication of notice or receipt of actual notice, whichever is earlier. The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Forfeitable Property.

2) Any person other than defendant asserting a legal interest in the Forfeitable Property may, within thirty days of the publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2).

3) Any petition filed by a third party asserting an interest in the Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in such property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. 21 U.S.C. § 853(n)(3).

4) The United States shall have clear title to the Forfeitable Property following the Court's disposition of all third-party interests or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

D. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to defendant at sentencing and shall be made part of his sentence and included in his judgment.

E. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

September 17, 2025
DATE

HONORABLE FRED W. SLAUGHTER
UNITED STATES DISTRICT JUDGE

# EXHIBIT 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No. 8:25-cr-00106-FWS-1 Date: July 7, 2026
Title: United States of America v. Alexander G. Ramos

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING APPLICATION FOR FINAL ORDER OF FORFEITURE [52]**

On September 17, 2025, the Court entered a Preliminary Order of Forfeiture ("POF") forfeiting all right, title, and interest of defendant Alexander G. Ramos in the real property located at 142 Princess Pine, Irvine, California 92618, with Assessor Parcel Number 591-601-18 (the "Forfeited Property"). (Dkt. 27.)

In compliance with the POF, the United States caused to be published on an official government internet site (www.forfeiture.gov) notice of the forfeiture of the specific property listed in the POF and the intent of the United States to dispose of the specific property in accordance with the law and as specified in the POF, and further notifying all third parties of their right to petition the Court within thirty days for a hearing to adjudicate the validity of their alleged respective legal interests in the Forfeited Property.

In addition, the United States provided written notice, where practicable, to all persons believed to have an alleged interest in the Forfeited Property. The Court finds that defendant Alexander G. Ramos had an interest in the Forfeited Property that is subject to forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2). The government has recognized the interests of Debbie Fengjie Chen and New Wave Lending Group, Inc (or any successor lienholder) in the Forfeited Property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No. 8:25-cr-00106-FWS-1 Date: July 7, 2026
Title: United States of America v. Alexander G. Ramos

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. Subject to the terms of this Order, all right, title and interest in the Forfeited Property, including all right, title and interest of Petitioner Debbie Fengjie Chen, is hereby condemned, forfeited and vested in the United States of America, which shall have clear title to the Forfeited Property, which is located at 142 Princess Pine, Irvine, California 92618, with Assessor Parcel Number 591-601-18 and the following legal description:

PARCEL 1:

LOT 35 OF TRACT NO. 18141 AS SHOWN ON A MAP RECORDED IN BOOK 981, PAGES 27 THROUGH 38, INCLUSIVE, OF THE MISCELLANEOUS MAPS OF ORANGE COUNTY, CALIFORNIA

EXCEPTING THEREFROM ALL WATER RIGHTS AS CONVEYED TO IRVINE RANCH WATER DISTRICT IN THE QUITCLAIM DEED RECORDED ON JUNE 21, 2006 AS INSTRUMENT NO. 2006000416403 IN THE OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.

ALSO EXCEPTING THEREFROM ALL OIL, MINERALS AND OTHER RIGHTS AS RESERVED TO THE IRVINE COMPANY, ITS SUCCESSORS AND ASSIGNS, PER DEED RECORDED ON APRIL 18, 2003 AS INSTRUMENT NO. 2003000436059 IN THE OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA, AND PER ANY OTHER DOCUMENTS OF RECORD.

PARCEL 2: NONEXCLUSIVE EASEMENT FOR RETAINING WALL SUB-DRAINAGE:

A NONEXCLUSIVE EASEMENT APPURTENANT TO THE PROPERTY (AS AN "UPSTREAM PROPERTY") ON, OVER, UNDER,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No. 8:25-cr-00106-FWS-1 Date: July 7, 2026
Title: United States of America v. Alexander G. Ramos

ACROSS AND THROUGH EACH "DOWNSTREAM PROPERTY" FOR DRAINAGE AND FOR THE INSTALLATION, MAINTENANCE, REPAIR AND REPLACEMENT OF THE RETAINING WALL SUB-DRAINAGE PIPE (THE "RETAINING WALL SUBDRAINAGE EASEMENT"), AS MORE PARTICULARLY SET FORTH IN THE NOTICE OF ANNEXATION, IF APPLICABLE.

PARCEL 3: A NONEXCLUSIVE EASEMENT FOR ACCESS AND OTHER PURPOSES UNDER THE MASTER DECLARATION AND THE NOTICE OF ANNEXATION:

NONEXCLUSIVE EASEMENTS FOR INGRESS, EGRESS, ACCESS, MAINTENANCE, REPAIRS, DRAINAGE, ENCROACHMENT, SUPPORT, USE, ENJOYMENT AND FOR ALL OTHER PURPOSES AS SET FORTH IN THE "RESTATED MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS, AND RESERVATION OF EASEMENTS FOR PORTOLA SPRINGS" RECORDED ON SEPTEMBER 18, 2006 AS INSTRUMENT NO. 2006000619895, AS SAME MAY BE RESTATED AND/OR AMENDED FROM TIME TO TIME (THE "MASTER DECLARATION"), AND/OR IN THAT CERTAIN "NOTICE OF ANNEXATION TO PORTOLA SPRINGS AND SUPPLEMENTAL DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS REGARDING WARRANTIES, DISCLAIMER OF WARRANTIES, RIGHT TO REPAIR ACKNOWLEDGMENTS AND PROCEDURES, AND ALTERNATIVE DISPUTE RESOLUTION PROCEDURES" RECORDED ON JULY 22, 2019 AS INSTRUMENT NO. 2019000262787, AS SAME MAY BE RERECORDED, RESTATED AND/OR AMENDED FROM TIME TO TIME (THE "NOTICE OF ANNEXATION"), BOTH IN THE OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.

PARCEL 4: NONEXCLUSIVE EASEMENT FOR ACCESS UNDER THE ACCESS DECLARATION:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No. 8:25-cr-00106-FWS-1 Date: July 7, 2026
Title: United States of America v. Alexander G. Ramos

A NONEXCLUSIVE EASEMENT APPURTENANT TO THE PROPERTY FOR INGRESS, EGRESS AND ACCESS ON, OVER, AND ACROSS THE PRIVATE STREETS WITHIN TRACT 18141, AS MORE PARTICULARLY SET FORTH IN THE "DECLARATION ESTABLISHING ACCESS EASEMENT RIGHTS (HIGHLAND – TRACT 18141)" RECORDED ON MAY 22, 2019 AS INSTRUMENT NO. 2019000173987 IN THE OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA (THE "ACCESS DECLARATION'').

2. The Orange County Recorder shall index this Final Order of Forfeiture in the grantor index under the name of Debbie Fengjie Chen and in the grantee index under the name of the United States of America.

3. Title having vested in the United States of America, the United States of America shall dispose of the Forfeited Property in the manner required by law. Upon disposition of the Forfeited Property, the proceeds of the sale of the Forfeited Property shall be distributed, to the extent sufficient funds are available, in the following priority:

   a. First, to the United States for its actual and reasonable costs and expenses of the sale;

   b. Second, to the appropriate County Assessor and Tax Collector of all outstanding real property taxes due up to the date of closing of escrow;

   c. Third, to New Wave Lending Group, Inc (or any successor lienholder), of all unpaid principal, interest and other amounts due under its Note secured by the deed of trust in the amount of $765,000.00 and recorded with the Orange County Recorder's Office on August 26, 2020, as Document No. 2020000438135;

   d. Fourth, $11,000.00 to Debbie Fengjie Chen; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No. 8:25-cr-00106-FWS-1 Date: July 7, 2026
Title: United States of America v. Alexander G. Ramos

e. Fifth, the balance to the United States of America, which sum shall be and hereby is forfeited to the United States of America and no other right, title or interest shall exist therein. The government shall dispose of the funds in accordance with law.

4. Any occupants of the Forfeited Property, including Debbie Fengjie Chen, are hereby ordered to vacate the premises within 30 days of receiving notice of this order or within 30 days of the entry of a Judgment and Commitment Order in this case, whichever is later.

If any such occupants fail to vacate the Forfeited Property by the aforementioned deadline, the United States of America (via the United States Marshals Service or other United States agency or department) may remove them and their belongings from the Forfeited Property without further order of the Court.