Geoffrey Neri (SBN 258802)
Geoff@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

WOODSIDE CREDIT, LLC, a California limited liability company,

Plaintiff,

vs.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THE EVIDENCE SUBMITTED WITH ITS MOTION FOR DEFAULT JUDGMENT; DECLARATION OF GEOFFREY A. NERI IN SUPPORT**

Date: September 24, 2026
Time: 10:00 a.m.
Crtrm.: 10A
Judge: Hon. Fred W. Slaughter

*[Filed concurrently with Plaintiff's Motion for Default Judgment Against Defendant Alexander G. Ramos and supporting papers]*

**TO THE HONORABLE COURT:**

Pursuant to Local Rule 79-5.2.2, Plaintiff Woodside Credit, LLC ("Woodside") respectfully applies for leave to file under seal the **unredacted versions of the Declaration of Brian Trevisan and Exhibits 1 and 2 thereto** submitted in support of Woodside's Motion for Default Judgment Against Defendant Alexander G. Ramos (the "Motion"). Woodside is concurrently filing public, redacted versions of the same documents that redact only the personal identifying information of Woodside's nonparty consumer borrowers and financial-account details. Every total, every category subtotal, the complete prejudgment-interest computation (Exhibit 3), and all substantive content of the Motion and the Trevisan Declaration remain on the public record; the only redactions to the public version of the Declaration itself are the nine consumer loan numbers recited in paragraph 6, which are truncated to their last three digits as Federal Rule of Civil Procedure 5.2(a) requires.

**MEMORANDUM**

There is a strong presumption of public access to judicial records, and a party seeking to seal a record attached to a motion that is "more than tangentially related to the merits of a case" must demonstrate "compelling reasons" that outweigh the public's interest in disclosure. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096–1102 (9th Cir. 2016). A stipulated protective order, standing alone, does not satisfy that standard. *See Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1133, 1138 (9th Cir. 2003); *Kamakana*, 447 F.3d at 1183. Woodside therefore makes the particularized showing below and requests only the narrowest relief that protects the interests at stake.

Compelling reasons support sealing the unredacted exhibits. Exhibit 1 is Woodside's loss-due-to-theft payment schedule: 109 payments identified by date, check

or reference number, payee, affected consumer loan number, memo, and amount. Exhibit 2 comprises the underlying payment records (check images, electronic funds transfer confirmations, and check-register excerpts). (Declaration of Geoffrey A. Neri ("Neri Decl.") ¶ 2.) Exhibit 3, the prejudgment-interest computation, has been prepared so that it identifies each payment only by row number, date, reference number, truncated loan number, and amount; it contains no borrower names and is filed publicly in full. (*Id.*) In unredacted form, Exhibits 1 and 2 pair the names of more than one hundred nonparty consumer borrowers with their loan numbers, the amounts and status of their tax, title, and licensing payments, vehicle information, and — in Exhibit 2 — banking details, including account information appearing on check images. (*Id.* ¶¶ 2–3.) Paragraph 6 of the Trevisan Declaration likewise recites the nine consumer loan account numbers associated with Woodside's Partner Bank payments, which Rule 5.2(a) requires be truncated in any public filing. Nonparty borrowers have a substantial privacy interest in their identities and personal financial information, which they did not surrender by financing an automobile through Woodside; that information adds nothing to the public's understanding of the Motion; and its disclosure could facilitate identity theft or other misuse. Courts in this Circuit routinely find such third-party personal and financial information sealable even under the compelling-reasons standard. *See Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1137; *see also* Fed. R. Civ. P. 5.2(a) (requiring redaction of financial-account numbers in all public filings). The exhibits and their underlying records have also been designated "CONFIDENTIAL" under the Stipulated Protective Order entered in this action (Dkt. 35), and Woodside, as the designating party, submits the supporting declaration contemplated by Local Rule 79-5.2.2 — although the particularized showing above, not the designation, is the basis for the relief requested. (Neri Decl. ¶ 4.)

The request is narrowly tailored. Woodside does not seek to seal the Motion, the Memorandum, the Trevisan Declaration, or any total or category subtotal on which the

Court will rely — including the $1,890,005.07 aggregate loss and the $912,979.93 in Partner Bank payments, all of which appear on the public record. The public, redacted versions of Exhibits 1 and 2 redact only (a) nonparty borrower names, (b) all but the last three digits of consumer loan numbers, and (c) financial-account information — bank account numbers, MICR data, and check endorsement information — as Rule 5.2(a) independently requires; and the public version of the Trevisan Declaration truncates the nine loan numbers in paragraph 6 to their last three digits. (Neri Decl. ¶ 3.) No less restrictive alternative would protect the borrowers' information, because the exhibits' evidentiary value depends on presenting the complete payment-level schedule the Court needs to verify the loss computation.

In compliance with Local Rule 79-5.2.2(a), Woodside is concurrently filing the redacted versions of the Trevisan Declaration and Exhibits 1 and 2, each conspicuously labeled "REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL," and lodging the unredacted versions, each conspicuously labeled "UNREDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL," together with a proposed order that lists in table form each document proposed to be sealed.

Woodside accordingly requests that the Court grant this Application and permit Woodside to file under seal the unredacted version of the Declaration of Brian Trevisan, with unredacted Exhibits 1 and 2 thereto, with the redacted versions remaining on the public docket. A [Proposed] Order is lodged herewith.

DATED: August 24, 2026

BROWN NERI SMITH & KHAN LLP

By: */s/ Geoffrey A. Neri*
Geoffrey A. Neri
Attorney for Plaintiff
Woodside Credit, LLC

**DECLARATION OF GEOFFREY A. NERI**

I, Geoffrey A. Neri, declare as follows:

1. I am an attorney admitted to practice before this Court and a partner of Brown Neri Smith & Khan LLP, counsel of record for Plaintiff Woodside Credit, LLC ("Woodside"). I have personal knowledge of the facts below and could and would testify competently to them. I make this declaration in support of Woodside's Application for Leave to File Under Seal.

2. Exhibits 1, 2, and 3 to the concurrently filed Declaration of Brian Trevisan consist of, respectively: Woodside's loss-due-to-theft payment schedule (109 payments, October 24, 2024 through February 20, 2026); underlying payment records, including check images, electronic funds transfer confirmations, and check-register excerpts; and a payment-by-payment prejudgment-interest computation. Exhibit 3 has been prepared so that it identifies each payment only by row number, date, reference number, truncated loan number, and amount; it contains no borrower names and is filed publicly in full. In unredacted form, Exhibits 1 and 2 identify by name more than one hundred of Woodside's nonparty consumer borrowers, paired with their loan numbers, payment amounts, vehicle and registration information, and, in Exhibit 2, banking details including account information appearing on check images.

3. The public, redacted versions of Exhibits 1–3 filed with the Motion redact only: (a) nonparty borrower names, which are replaced with initials; (b) all but the last three digits of consumer loan numbers; and (c) financial-account information, as Federal Rule of Civil Procedure 5.2(a) independently requires. No totals, dates, amounts, or payees other than consumer borrowers are redacted. The Trevisan Declaration itself contains no borrower-identifying information and is filed entirely on the public record.

4. The exhibits and their underlying records have been designated "CONFIDENTIAL" by Woodside under the Stipulated Protective Order entered in this

action (Dkt. 35). Woodside is the designating party and submits this declaration in support of sealing pursuant to Local Rule 79-5.2.2.

5. Woodside is not aware of any person who opposes this Application. Defendant Ramos is in default and has not appeared. The Application and all supporting papers are being served on counsel for the appearing defendants, who have not indicated any opposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 24, 2026, at Los Angeles, California.

/s/ Geoffrey A. Neri
Geoffrey A. Neri