**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

***Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02146-FWS-JDE<br><br>*Honorable Fred W. Slaughter*<br><br>**DECLARATION OF BENJAMIN LEVINE IN SUPPORT OF DEFENDANTS FADI ELIAS, JENNIFER POPE, AND CLASSIC MOTORS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER** |

# DECLARATION OF BENJAMIN LEVINE

I, Benjamin Levine, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and the Central District of California. I make this declaration in support of Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.'s Opposition to Plaintiff's Motion to Modify Scheduling Order. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. On December 23, 2025, I participated in a conference of counsel in this matter pursuant to Federal Rule of Civil Procedure 26(f), via telephone, with Plaintiff's counsel, Geoffrey Neri.

3. On March 25, 2026, Plaintiff's counsel served one set of Requests for Production of Documents (RFPs), Requests for Admission (RFAs), and Interrogatories each directed to Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc. (collectively, "Elias Defendants"), which my office received. On April 21, 2026, I requested a three-week extension via email, which Mr. Neri granted during a phone call on April 23, 2026, and also confirmed by email that day.

4. On May 1, 2026, on behalf of Defendant Fadi Elias, my office served one set each of RFPs and Interrogatories upon Plaintiff. During a phone call on May 8, 2026, Mr. Neri advised of his intent to seek a two-week extension on behalf of Plaintiff, and followed up via email on May 13, 2026, to make the request. On May 15, 2026, I responded via email, granting the extension "with the understanding and expectation that pertinent documents will be produced in response to the RFPs," and requested that Mr. Neri confirm the new deadline. Mr. Neri responded via email, stating that the new deadline per the extension would be June 13, 2026.

5. On May 15, 2026, on behalf of Elias Defendants, my office served responses to Plaintiff's written discovery requests upon Plaintiff. The RFP responses included objections and, for certain requests, representations that Elias Defendants nevertheless then intended to produce documents following issuance of a protective

order. Elias Defendants' Interrogatory responses were not signed by Elias Defendants.

6. On June 15, 2026, Plaintiff's counsel served responses to Defendant Fadi Elias's discovery requests, including extensive objections. Plaintiff's Interrogatory responses were unverified. Of Plaintiff's responses to Fadi Elias's 33 RFPs, 32 stated that Plaintiff "will produce nonprivileged responsive documents, if any, in its possession, custody, or control" "subject to an appropriate protective order"; the other response stated that Plaintiff "will produce nonprivileged responsive documents in its possession, custody, or control, including responsive emails and text messages," without reference to a protective order. Of the former 32 responses, many identified specific categories of documents in Plaintiff's possession that Plaintiff would produce, notwithstanding Plaintiff's untimely objections. Attached hereto as "**Exhibit 1**" is a true and correct copy of Plaintiff's responses to Defendant Fadi Elias's RFPs that were served via email on June 15, 2026. Attached hereto as "**Exhibit 2**" is a true and correct copy of Plaintiff's responses to Defendant Fadi Elias's Interrogatories that were served by the same email, which include an incomplete and unsigned verification page at the end of the document.

7. Plaintiff did not produce any documents with its responses to Defendant Fadi Elias's RFPs, and has not done so at any subsequent time. Plaintiff also has not provided verifications for its responses to Defendant Fadi Elias's Interrogatories at any time. Attached hereto as "**Exhibit 3**" is a true and correct copy of Plaintiff's counsel's June 15, 2026, email serving Plaintiff's RFP and Interrogatory responses, which shows that no other attachments or other form of document production were provided or referenced. Although the email asserts that an Interrogatory verification "will follow shortly," none in fact followed.

8. Neither counsel for Plaintiff nor counsel for Elias Defendants followed up with the other in any manner, regarding any issue, or attempted to seek any relief from the Court, on or after June 15, 2026, until Mr. Neri sent correspondence to me

via email on August 4, 2026, requesting to meet and confer regarding the adequacy of Elias Defendants' discovery responses, including but not limited to the non-production of documents and lack of Interrogatory verifications. Although Mr. Neri has stated the correspondence was also sent on August 3, 2026, neither I nor anyone else at my office received correspondence from Mr. Neri that day.

9. I responded to Mr. Neri's email advising that I believed Mr. Neri's request was untimely given the prior passage of the non-expert discovery cutoff and so did not believe meeting and conferring regarding Elias Defendants' discovery responses was necessary or proper. Through additional correspondence, I alerted Mr. Neri to a Court order clarifying that the non-expert discovery cutoff was in fact the deadline for discovery motions to be resolved, but nevertheless agreed to meet and confer, and Mr. Neri stated that the meet-and-confer call would concern an anticipated motion to amend the scheduling order to reopen discovery, in addition to the anticipated discovery motion described in Mr. Neri's August 4 correspondence.

10. I met and conferred with Mr. Neri by telephone on August 13, 2026. During that call, Mr. Neri reiterated Plaintiff's intention to move to amend the scheduling order to reopen discovery for the purpose of allowing Plaintiff's discovery motion to be filed and adjudicated, unless Elias Defendants stipulated to same. I advised Mr. Neri that Elias Defendants likely would not stipulate, but that I would discuss the issue internally and that, if I learned that Elias Defendants would in fact stipulate, I would let Mr. Neri know that. Mr. Neri responded that, due to the urgency of Plaintiff's anticipated motion to amend the scheduling order, the motion would be filed by the following Monday, August 17, 2026, if no stipulation was reached by then.

11. On August 20, 2026, no motion having been filed, I contacted Mr. Neri via email requesting to meet and confer regarding an anticipated motion for summary judgment by Elias Defendants. On August 25, 2026, having received no reply, I sent Mr. Neri a follow-up email. On August 27, 2026, Mr. Neri and I met

and conferred regarding Elias Defendants' anticipated motion for summary judgment via telephone. During that call, I noted that Plaintiff had not produced any documents during discovery in this matter. Mr. Neri confirmed that this was correct and stated that Plaintiff and Elias Defendants thus faced a "mirror issue with respect to RFPs." Mr. Neri suggested that one way to address this was to belatedly exchange documents, though no agreement was reached in that regard. Mr. Neri alternatively suggested that if neither side producing documents precluded related relief from the Court then this would apply equally to both sides, and I confirmed my agreement with this proposition.

12. Neither Plaintiff nor Elias Defendants have served expert disclosures in this action.

13. Neither Plaintiff nor Elias Defendants have noticed any deposition in this action.

14. On April 23, 2026, I spoke with Mr. Neri by phone, during which Mr. Neri advised that Plaintiff intended to take Defendant Ramos's deposition in jail. During the call, Mr. Neri also proposed that Plaintiff and Elias Defendants pursue an early neutral evaluation or mediation, and that if Elias Defendants would not agree, then Plaintiff would seek to take Defendants Fadi Elias and Jennifer Pope's depositions. I advised Mr. Neri that Elias Defendants were not opposed to an early neutral evaluation or mediation, but noted that Elias Defendants disputed any liability and so did not anticipate making any meaningful offer of settlement, so it would be up to Plaintiff to determine how to proceed. Mr. Neri did not follow up regarding any deposition at any time thereafter, no depositions were noticed, and the subject of depositions was not raised again in any manner prior to the instant motion.

15. On April 24, 2026, Mr. Neri counsel contacted me by email, requesting to meet and confer regarding an anticipated motion for default judgment by Plaintiff against Defendant Alexander Ramos. Due to scheduling issues, Mr. Neri and I met

and conferred regarding the motion on May 8, 2026. During the call, I raised a number of issues, including inquiring what the amount requested would be, and Mr. Neri advised he would have to consider these issues and circle back. I heard nothing further regarding this motion until reading it following Plaintiff's filing thereof on August 24, 2026.

I declare under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct. Executed on September 3, 2026, at Woodland Hills, California.

*/s/ Benjamin Levine*
Benjamin Levine