# Exhibit 1

Geoffrey Neri (SBN 258802)
Geoff@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

*Attorneys for Plaintiff*
WOODSIDE CREDIT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No. 8:25-cv-02146-FWS-JDE<br><br>**PLAINTIFF WOODSIDE CREDIT, LLC'S RESPONSES AND OBJECTIONS TO DEFENDANT FADI ELIAS'S REQUESTS FOR PRODUCTION, SET ONE** |

PROPOUNDING PARTY: Defendant Fadi Elias

RESPONDING PARTY: Plaintiff Woodside Credit, LLC

SET NUMBER: One (1)

**PRELIMINARY STATEMENT**

Plaintiff Woodside Credit, LLC ("Plaintiff," "Woodside," or "Responding Party") submits the following Responses and Objections to Defendant Fadi Elias's ("Defendant" or "Propounding Party") Requests for Production of Documents, Set One (the "Requests"). These responses are made solely for purposes of this action. Plaintiff's investigation and discovery in this matter are ongoing, and these responses are based upon information and documents presently available to Plaintiff after a reasonable inquiry. Plaintiff reserves the right to supplement, amend, or modify these responses pursuant to Federal Rule of Civil Procedure 26(e). The General Objections below are incorporated into each response as though fully set forth therein. The inclusion of any specific objection in an individual response shall not be construed as a waiver of any General Objection, and the failure to assert any specific objection in response to a particular Request shall not constitute a waiver of any applicable objection.

Notwithstanding the objections set forth herein, Plaintiff remains willing to meet and confer in good faith with Defendant regarding any of the objections or responses set forth in this document in an effort to resolve or narrow any disputes without the need for Court intervention.

**GENERAL OBJECTIONS**

1. Plaintiff objects to each Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, are outside the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), or are not proportional to the needs of the case, including considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the requested discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2. Plaintiff objects to each Request to the extent it is vague, ambiguous, unintelligible, overly broad, unduly expansive, or fails to describe with reasonable particularity the documents

sought, including by use of undefined, imprecise, or overly broad terms.

3. Plaintiff objects to each Request to the extent it is unreasonably cumulative or duplicative, obtainable from a more convenient, less burdensome, or less expensive source, or imposes an undue burden or expense disproportionate to the needs of the case.

4. Plaintiff objects to each Request to the extent it seeks information or documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common-interest doctrine, mediation privilege, consulting expert protections, the law enforcement investigatory or official information privilege, or any other applicable privilege, immunity, or protection recognized under federal or state law. Any inadvertent disclosure of privileged or protected material shall not constitute a waiver of any privilege, immunity, or protection.

5. Plaintiff objects to each Request to the extent it seeks documents not within Plaintiff's possession, custody, or control.

6. Plaintiff objects to each Request to the extent it seeks confidential, proprietary, commercially sensitive, trade secret, personal, or private information of Plaintiff or third parties. Plaintiff will produce responsive, nonprivileged documents only subject to an appropriate protective order or confidentiality protections.

7. Plaintiff objects to each Request to the extent it seeks documents already in Defendant's possession, custody, or control, equally available to Defendant, or obtainable by Defendant from public records, its own files, or other sources equally accessible to Defendant.

8. Plaintiff objects to each Request to the extent it seeks documents outside a reasonable or relevant time period or imposes an unlimited or overbroad temporal scope.

9. Plaintiff's responses are based upon information presently known and documents presently identified after a reasonable inquiry. Plaintiff reserves the right to amend or supplement its responses pursuant to Federal Rule of Civil Procedure 26(e) based on ongoing investigation, discovery, or review of documents.

10. The production of any document, or the identification of any document as responsive, shall not constitute an admission regarding relevance, admissibility, authenticity,

materiality, ownership, accuracy, or that the document satisfies any evidentiary standard. Plaintiff expressly reserves all objections as to admissibility.

11. To the extent any Request purports to impose definitions or instructions inconsistent with the Federal Rules of Civil Procedure or otherwise broader than applicable law, Plaintiff objects and will construe such Requests reasonably and in accordance with the Federal Rules. Plaintiff specifically objects to Instructions B, D, and E of the Requests to the extent they purport to impose obligations exceeding those required by the Federal Rules of Civil Procedure.

12. By responding to any Request, Plaintiff does not waive, and expressly preserves, any objection, privilege, immunity, protection, or right with respect to any other Request, any future discovery request, or any proceeding in this action.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS identified in YOUR FRCP Rule 26 Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint defense/common-interest doctrine, or the law enforcement investigatory privilege, and Responding Party will not produce any such privileged or protected materials. Responding Party further objects to the extent the Request seeks documents equally available to, already in the possession of, or obtainable by Defendant, and to the extent it seeks confidential third-party financial information. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, subject to an appropriate protective order. Such documents include, by category: Ramos's employment and personnel records; TT&L fee records, including check requests, payment records, and accounting documents; bank records for the "Ramos-Woodside Credit, LLC" Chase account; bank records from Agent for Montana Titles, Inc. (Valley Bank of Helena – Glacier Bank account); records of the 48 checks and wires from the Montana Agent to the Elias Defendants totaling $1,419,803; records of the 21 vehicle purchases by the Elias Defendants from Partner

Banks totaling $1,801,000; emails from Ramos's Woodside email account; records from the Partner Banks; federal criminal case documents relating to Ramos; and the spreadsheets attached as Exhibits A and B to the Complaint.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS listed, referenced, or identified by YOU in YOUR responses to any and all interrogatories propounded by any Defendant(s) in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, or the law enforcement investigatory privilege, and will not produce any such materials. Responding Party further objects to the extent the Request is premature, as Plaintiff's interrogatory responses and investigation are ongoing. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that REFER OR RELATE TO any and all communications between YOU and any federal, state, or local law enforcement or other government agency (including but not limited to the Newport Beach Police Department, Federal Bureau of Investigation, United States Department of Justice, and/or United States Department of Homeland Security), regarding any and all DEFENDANTS and/or the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects to this Request on the grounds that it seeks documents protected by the law enforcement investigatory and official-information privileges, the attorney work-product doctrine, and the attorney-client privilege, and to the extent production would interfere with an ongoing federal criminal investigation and prosecution. Responding Party further objects that the Request is overbroad as to time and subject matter and unduly burdensome, and that responsive materials may be subject to governmental restrictions on disclosure. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged

responsive documents, if any, in its possession, custody, or control that are not subject to a governmental restriction, subject to an appropriate protective order. Responding Party will not produce documents reflecting its communications with the Federal Bureau of Investigation or the United States Attorney's Office for the Central District of California, on the grounds that such documents are protected by the law enforcement investigatory and official-information privileges, are subject to governmental restrictions on disclosure, and that their production would interfere with the ongoing federal criminal investigation and prosecution. Responding Party reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS received by YOU from any federal, state, or local law enforcement or other government agency (including but not limited to the Newport Beach Police Department, Federal Bureau of Investigation, United States Department of Justice, and/or United States Department of Homeland Security), regarding any and all DEFENDANTS and/or the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects to this Request on the grounds that it seeks documents protected by the law enforcement investigatory and official-information privileges and the attorney work-product doctrine, and to the extent production would interfere with an ongoing criminal investigation or violate any governmental restriction. Responding Party further objects that documents received from governmental agencies may not be within Plaintiff's possession, custody, or control and may be equally available to Defendant from the agencies themselves. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control that are not subject to a governmental restriction, subject to an appropriate protective order. Responding Party will not produce documents reflecting its communications with the Federal Bureau of Investigation or the United States Attorney's Office for the Central District of California, on the grounds that such documents are protected by the law enforcement investigatory and official-information privileges, are subject to governmental restrictions on disclosure, and that their production would interfere with the ongoing federal criminal investigation and prosecution.

Responding Party reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that REFER OR RELATE TO any statements, interviews, questioning, investigations, depositions, or interrogations obtained or conducted by YOU regarding any or all of the facts alleged in YOUR operative Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine and the attorney-client privilege, including materials prepared by or at the direction of counsel in anticipation of litigation. Responding Party further objects to the extent the Request seeks statements, interviews, or interrogations conducted by law enforcement —including interviews conducted by the FBI—which were not "obtained or conducted by" Responding Party, which are protected by the law enforcement investigatory and official-information privileges, which are subject to governmental restrictions on disclosure, and the production of which would interfere with the ongoing federal criminal investigation and prosecution. Responding Party further objects that the Request is overbroad, vague (including as to the terms "statements," "interviews," "questioning," "investigations," and "interrogation"), and unduly burdensome. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents in its possession, custody, or control, including responsive emails and text messages. Responding Party reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that REFER OR RELATE TO any and all witness statements taken or obtained by YOU regarding any of the INCIDENT, including but not limited to the reports of statements made to YOU by any person other than an attorney who is representing you, and regardless of who recorded the statement and regardless of the medium in which such statement was recorded.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to this Request on the grounds that it seeks documents protected

by the attorney work-product doctrine and the attorney-client privilege, including witness statements obtained by or at the direction of counsel in anticipation of litigation. Responding Party further objects that the Request is overbroad, vague, and unduly burdensome, and implicates an ongoing law enforcement investigation. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, subject to an appropriate protective order. Responding Party will not produce documents reflecting its communications with the Federal Bureau of Investigation or the United States Attorney's Office for the Central District of California, on the grounds that such documents are protected by the law enforcement investigatory and official-information privileges, are subject to governmental restrictions on disclosure, and that their production would interfere with the ongoing federal criminal investigation and prosecution. Responding Party reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS regarding or constituting any logs, journals, diaries, correspondence in any medium (electronic or otherwise), photographs, videos, audio recordings, blogs or web logs, or comparable documentary records in any medium created or made or authored by YOU REFERRING OR RELATING TO any or all acts, omissions, circumstances, or events related to the INCIDENT or any injuries (including financial injuries) that YOU contend is/are at issue in this action, including but not limited to any records made by YOU documenting any injuries that You contend resulted from any act or omission of any DEFENDANT in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects to this Request on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome, including as to the terms "logs, journals, diaries," "comparable documentary records," and "injuries," and as to its unlimited temporal and subject-matter scope. Responding Party further objects to the extent the Request seeks documents protected by the attorney work-product doctrine and the attorney-client privilege. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control concerning the financial losses

it contends were caused by Defendants, including accounting records, and the transaction summaries attached as Exhibits A and B to the Complaint, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that REFER OR RELATE TO any correspondence or other writings between YOUR executives, officers, employees, or agents regarding the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to this Request on the grounds that it is overbroad, vague, and unduly burdensome, and to the extent it seeks documents protected by the attorney-client privilege and the attorney work-product doctrine. Responding Party further objects to the extent the Request seeks confidential, proprietary, or commercially sensitive internal business information. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, including internal correspondence concerning the discovery of the fraudulent scheme, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that YOU contend support any or all of YOUR allegations that any DEFENDANT committed fraud against YOU, including as alleged in the First Cause of Action in YOUR operative Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine and the attorney-client privilege, and as a premature contention request given that discovery is ongoing. Responding Party further objects that the Request is overbroad and unduly burdensome to the extent it seeks "all" documents. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, including TT&L fee and check-request records, bank records for the Ramos-Woodside Chase account and the Montana Agent's Valley Bank account, Ramos's Woodside emails, and the transaction summaries attached as Exhibits A

and B to the Complaint, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that YOU contend support any or all of YOUR allegations that any DEFENDANT aided and abetted fraud against YOU, including as alleged in the Second Cause of Action in YOUR operative Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine and the attorney-client privilege, and as a premature contention request given that discovery is ongoing, and as overbroad and unduly burdensome to the extent it seeks "all" documents. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, including records of the Elias Defendants' vehicle purchases and the Montana Agent's "refund" checks and wires, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that YOU contend support any or all of YOUR allegations that any DEFENDANT engaged in a conspiracy to commit fraud against YOU, including as alleged in the Third Cause of Action in YOUR operative Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine and the attorney-client privilege, and as a premature contention request given that discovery is ongoing, and as overbroad and unduly burdensome to the extent it seeks "all" documents. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, including the vehicle purchase and "refund" transaction records and Ramos's Woodside emails reflecting communications with the Montana Agent and the Elias Defendants, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that YOU contend support any or all of YOUR allegations that any

DEFENDANT breached any fiduciary duty owed to YOU, including as alleged in the Fourth Cause of Action in YOUR operative Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine and the attorney-client privilege, and as a premature contention request given that discovery is ongoing, and as overbroad and unduly burdensome to the extent it seeks "all" documents. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, including Ramos's employment and personnel records and the records evidencing his self-dealing, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that YOU contend support any or all of YOUR allegations that any DEFENDANT aided and abetted any breach of any fiduciary duty owed to YOU, including as alleged in the Fifth Cause of Action in YOUR operative Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine and the attorney-client privilege, and as a premature contention request given that discovery is ongoing, and as overbroad and unduly burdensome to the extent it seeks "all" documents. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, including records evidencing the Elias Defendants' participation in and knowledge of Ramos's conduct, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that YOU contend support any or all of YOUR allegations that any DEFENDANT violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), including as alleged in the Sixth Cause of Action in YOUR operative Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine and the attorney-client privilege, and as a premature contention request given that discovery is ongoing, and as overbroad and unduly burdensome to the extent it seeks "all" documents. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, including the transaction records evidencing the pattern of wire and mail fraud and the federal criminal case documents relating to Ramos, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that YOU contend support any or all of YOUR allegations that any DEFENDANT violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d), including as alleged in the Seventh Cause of Action in YOUR operative Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine and the attorney-client privilege, and as a premature contention request given that discovery is ongoing, and as overbroad and unduly burdensome to the extent it seeks "all" documents. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, including the transaction records and communications evidencing the conspiratorial agreement, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that YOU contend show that one or more of ELIAS DEFENDANTS were aware, at any time prior to October 21, 2024, of any of the conduct by Defendant Alex Ramos alleged by YOU in paragraphs 31-34 of YOUR operative Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine and the attorney-client privilege, and as a premature contention

request given that discovery is ongoing. Responding Party further objects that the Request implicates an ongoing law enforcement investigation and seeks confidential third-party financial information. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, subject to an appropriate protective order. The documents evidencing the Elias Defendants' awareness of the TT&L diversion scheme described in paragraphs 31–34 are the subject of ongoing investigation and discovery, and responsive documents will be produced as they are identified.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that YOU contend support YOUR allegation in paragraph 37 of YOUR operative Complaint that "As early as 2022, but at least beginning in 2023, Ramos and Defendants Fadi Elias ("Elias") and Jennifer Pope ("Pope") conspired and came to an agreement whereby Elias and/or Classic Motors, Inc. and/or Pope (the "Elias Defendants") would either be the high bidder on a repossessed vehicle that Woodside was selling on behalf of a Partner Bank or the Elias Defendants would offer a price close enough to the balance owed that Ramos was likely able to get the Partner Bank to agree to accept Elias Defendants' offer and Ramos would therefore not even need to get any additional bids."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine and the attorney-client privilege, and as a premature contention request given that discovery is ongoing. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, including vehicle purchase and sale records, loan files, communications with the Partner Banks, and the transaction summaries attached as Exhibits A and B to the Complaint, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that YOU contend demonstrate that ELIAS DEFENDANTS were aware that any "check [cut] to the Elias Defendants" by "the Montana Agent" amounted to a "fraudulent[ ] 'refund'" of vehicle purchase payments made by ELIAS DEFENDANTS, as alleged

by YOU in paragraph 39 of YOUR operative Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine and the attorney-client privilege, and as a premature contention request given that discovery is ongoing, and implicates an ongoing law enforcement investigation. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, including records of the checks and wires issued by the Montana Agent to the Elias Defendants, the majority of which bore "Refund" in the memo line, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that YOU contend demonstrate that Defendant Fadi Elias "admitted to this" (i.e., to the "second scheme" of fraud alleged in YOUR operative Complaint), as alleged by YOU in paragraph 40 of YOUR operative Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine and the attorney-client privilege, and implicates an ongoing law enforcement investigation, and as premature given that discovery is ongoing. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, subject to an appropriate protective order. Documents memorializing or evidencing Elias's admission, if any exist beyond the materials gathered in the ongoing investigation, will be produced as they are identified.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that YOU contend show that one or more of ELIAS DEFENDANTS were aware, at any time prior to October 21, 2024, of any of the conduct by Defendant Alex Ramos alleged by YOU in paragraphs 44-47 of YOUR operative Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine and the attorney-client privilege, and as a premature contention

request given that discovery is ongoing, and implicates an ongoing law enforcement investigation. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, subject to an appropriate protective order. The conduct alleged in paragraphs 44–47 concerns Woodside's internal discovery of the scheme in October 2024; responsive documents evidencing the Elias Defendants' awareness of that conduct, if any, will be produced as they are identified.

**REQUEST FOR PRODUCTION NO. 21:**

All "bank records for the account that was being used to deposit the TT&L Funds and write checks to Classic Motors," referenced in YOUR operative Complaint at paragraph 50.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Party objects to this Request to the extent it seeks confidential, private, third-party financial information (including records of the Montana Agent and Valley Bank of Helena, a Division of Glacier Bank) and to the extent such records are not within Plaintiff's possession, custody, or control or are equally available to Defendant. Responding Party further objects to the extent the Request implicates an ongoing law enforcement investigation and seeks documents protected by applicable privileges. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, including the bank records voluntarily provided to Woodside by the Montana Agent reflecting deposits of TT&L Funds and checks written to the Elias Defendants, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS REFERRING OR RELATING TO any interviews of YOUR executives, officers, agents, or employees by the FBI or other law enforcement agencies regarding the INCIDENT, including as referenced in YOUR operative Complaint at paragraph 54.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Responding Party objects to this Request on the grounds that it seeks documents protected by the law enforcement investigatory and official-information privileges, the attorney work-product doctrine, and the attorney-client privilege, and to the extent production would interfere

with an ongoing federal criminal investigation and prosecution. Responding Party will not produce documents reflecting its communications with the Federal Bureau of Investigation or the United States Attorney's Office for the Central District of California, on the grounds that such documents are protected by the law enforcement investigatory and official-information privileges, are subject to governmental restrictions on disclosure, and that their production would interfere with the ongoing federal criminal investigation and prosecution. Responding Party reserves the right to supplement this response. Responding Party further objects that such documents may not be within its possession, custody, or control and may be equally available to Defendant from the relevant agencies. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control that are not subject to a governmental restriction, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that YOU contend show your entitlement to damages in this action, including the amount claimed and the basis therefor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine and the attorney-client privilege, and as premature given that Plaintiff's damages analysis is ongoing and may be the subject of expert discovery. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, including loan files, bank and accounting records, the records of the diverted TT&L Fees and the "refund" payments, and the transaction summaries attached as Exhibits A and B to the Complaint reflecting losses of no less than approximately $4 million, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS that YOU contend show your entitlement to damages from ELIAS DEFENDANTS in this action, including the amount claimed and the basis therefor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Party objects to this Request to the extent it seeks documents protected by the

attorney work-product doctrine and the attorney-client privilege, and as premature given that Plaintiff's damages analysis is ongoing. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, including records of the 21 vehicle purchases by the Elias Defendants totaling approximately $1,801,000 and the 48 checks and wires from the Montana Agent to the Elias Defendants totaling approximately $1,419,803, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that REFER OR RELATE to Defendant Alexander G. Ramos.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks "all" documents that "refer or relate to" a named individual without limitation as to time or subject matter. Responding Party further objects to the extent the Request seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and the law enforcement investigatory privilege, and to the extent it seeks confidential personnel, commercial, or third-party information. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control that relate to the conduct at issue in this action, including Ramos's personnel records and the records of his involvement in the schemes described in the Complaint, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS that REFER OR RELATE to Defendant Fadi Elias.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks "all" documents that "refer or relate to" a named individual without limitation as to time or subject matter. Responding Party further objects to the extent the Request seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and the law enforcement investigatory privilege, and to the extent it seeks confidential third-party information. Subject to and without waiving the

foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control that relate to the conduct at issue in this action, including records of the vehicle purchases and "refund" payments involving Fadi Elias, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS that REFER OR RELATE to Defendant Jennifer Pope.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks "all" documents that "refer or relate to" a named individual without limitation as to time or subject matter. Responding Party further objects to the extent the Request seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and the law enforcement investigatory privilege, and to the extent it seeks confidential third-party information. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control that relate to the conduct at issue in this action, including records of the "refund" payments issued to Jennifer Pope, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that REFER OR RELATE to Defendant Classic Motors, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks "all" documents that "refer or relate to" a named entity without limitation as to time or subject matter. Responding Party further objects to the extent the Request seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and the law enforcement investigatory privilege, and to the extent it seeks confidential third-party information. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control that relate to the conduct at issue in this action, including

records of the vehicle purchases and “refund” payments involving Classic Motors, Inc., subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 29:**

All audio or video recordings, transcriptions thereof, or other DOCUMENTS that REFER OR RELATE to any interview or statement given by any witness regarding the INCIDENT or regarding any DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Party objects to this Request on the grounds that it seeks documents protected by the attorney work-product doctrine and the attorney-client privilege, and to the extent it implicates an ongoing law enforcement investigation. Responding Party further objects that the Request is overbroad, vague, and unduly burdensome. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, subject to an appropriate protective order. Plaintiff is presently unaware of any responsive audio or video recordings or transcriptions within its possession, custody, or control; any such materials identified through ongoing investigation will be produced subject to the foregoing objections.

**REQUEST FOR PRODUCTION NO. 30:**

All audio or video recordings or transcriptions thereof depicting, or reflecting statements by, any DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Party objects to this Request on the grounds that it seeks documents protected by the attorney work-product doctrine and the attorney-client privilege, and to the extent it implicates an ongoing law enforcement investigation. Responding Party further objects that the Request is overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, subject to an appropriate protective order. Plaintiff is presently unaware of any responsive audio or video recordings or transcriptions within its possession, custody, or control; any such materials identified through ongoing investigation will be produced

subject to the foregoing objections.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS signed or executed by any of ELIAS DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, and vague as to scope and time. Responding Party further objects to the extent it seeks documents equally available to Defendant (who is a signatory) or confidential third-party information. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control that relate to the transactions at issue in this action, including any purchase or sale documentation executed by the Elias Defendants in connection with the vehicle transactions, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS that REFER OR RELATE TO payments made or issued by any of ELIAS DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, and to the extent it seeks confidential third-party financial information or documents equally available to Defendant. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, including checks and wire confirmations, if any, in its possession, custody, or control relating to the Elias Defendants' purchases of repossessed vehicles from Woodside's Partner Banks, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that REFER OR RELATE TO payments made or issued to any of ELIAS DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Responding Party objects to this Request on the grounds that it is overbroad and unduly

burdensome, and to the extent it seeks confidential third-party financial information or documents protected by applicable privileges or implicating an ongoing law enforcement investigation. Subject to and without waiving the foregoing objections, Responding Party will produce nonprivileged responsive documents, if any, in its possession, custody, or control, including records of the 48 checks and wires issued by the Montana Agent to Fadi Elias, Jennifer Pope, and Classic Motors, Inc. totaling approximately $1,419,803, subject to an appropriate protective order.

DATED: June 15, 2026 BROWN NERI SMITH & KHAN, LLP

By: *Geoffrey A. Neri*
Geoffrey A. Neri
Attorneys for Plaintiff
*Woodside Credit, LLC*