Geoffrey Neri (SBN 258802)
Geoff@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

WOODSIDE CREDIT, LLC, a California limited liability company,

Plaintiff,

vs.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**SUPPLEMENTAL DECLARATION OF GEOFFREY A. NERI IN SUPPORT OF PLAINTIFF WOODSIDE CREDIT, LLC'S REPLY IN SUPPORT OF MOTION TO MODIFY THE SCHEDULING ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16(b)(4)**

*[Filed concurrently with Reply in Support of Motion to Modify the Scheduling Order]*

Date: September 24, 2026
Time: 10:00 a.m.
Crtrm. : 10A

Complaint Filed: Sept. 22, 2025
Trial Date: February 2, 2027

**SUPPLEMENTAL DECLARATION OF GEOFFREY A. NERI**

I, Geoffrey A. Neri, declare as follows:

1. I am an attorney admitted to practice before this Court and all courts of the State of California, and I am a partner of Brown Neri Smith & Khan LLP, counsel of record for Plaintiff Woodside Credit, LLC ("Woodside") in this action. I make this supplemental declaration in support of Woodside's Reply in support of its Motion to Modify the Scheduling Order Pursuant to Federal Rule of Civil Procedure 16(b)(4) (Dkt. 37) (the "Motion"), and in response to the Declaration of Benjamin Levine filed with the Elias Defendants' Opposition (Dkt. 46-1) (the "Levine Declaration"). I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently to them.

2. On May 1, 2026, Defendant Fadi Elias served one set of requests for production of documents and one set of interrogatories on Woodside. Responses were due June 1, 2026. At my request, Mr. Levine agreed to a two-week extension, and I confirmed the extended date as June 13, 2026, which was a Saturday. On Monday, June 15, 2026, I served Woodside's written responses to both sets by email. (Levine Decl. Exs. 1–3.) As to thirty-two of the thirty-three requests for production, the responses stated that Woodside would produce responsive, nonprivileged documents in its possession, custody, or control, subject to the Stipulated Protective Order entered on May 18, 2026 (Dkt. 35). No documents were transmitted with the responses. The interrogatory responses were transmitted with an unsigned verification page, and my transmittal email stated that the verification would follow; it was not served.

3. Paragraph 11 of my declaration filed with the Motion (Dkt. 37-2) states that "Woodside, for its part, served its written responses to the Elias Defendants' discovery and produced documents on June 15, 2026," and the memorandum in support of the Motion (Dkt. 37-1 at 10) repeats that statement. The statement that Woodside "produced

documents on June 15, 2026" was inaccurate. Woodside served written responses on that date; it did not produce documents with them; and as of the filing of the Motion it had not produced documents. The error was mine and was inadvertent. In preparing the declaration, I described Woodside's June 15 service of responses — in which Woodside stated that it would produce documents — as a production, and I did not check the June 15 transmittal against that statement before the declaration was filed. I did not intend to mislead the Court or opposing counsel, no argument in the Motion depended on the statement, and I regret the error. I withdraw the statement and correct it here.

4. On September 10, 2026, Woodside produced to the Elias Defendants, by email, documents Bates-numbered WC000001 through WC000297 (297 pages), consisting of: (1) Woodside's general ledger and loss schedules for the account "Loss due to Theft," October 24, 2024 through February 20, 2026 (WC000001–WC000006); (2) bank statements and check images for the Agent for Montana Titles, Inc. "Woodside Account" at Valley Bank, a division of Glacier Bank, March 2023 through September 2024 (WC000007–WC000142); (3) schedules of the checks and wires from the Montana Agent to Fadi Elias, Classic Motors, Inc., and Jennifer Pope, and of the vehicles the Elias Defendants purchased from the Partner Banks (WC000143–WC000154); (4) loan-level check, EFT, deposit, and repossession-cost documentation for the representative transactions reflected in the loss schedule (WC000155–WC000202); (5) vehicle disposition and release documents (WC000203–WC000226); (6) evidence-preservation correspondence (WC000227–WC000232); (7) public filings in *United States v. Ramos*, No. 8:25-cr-00106-FWS (C.D. Cal.), including the Information, the docket, and the preliminary and final forfeiture orders (WC000233–WC000274); and (8) the operative Complaint (WC000275–WC000297). Pages containing Woodside's financial records, the Montana Agent's account records, and non-party borrower information were designated

"Confidential" under the Stipulated Protective Order, document by document. A true and correct copy of my September 10, 2026 transmittal letter is attached hereto as Exhibit I.

5. The transmittal letter asked the Elias Defendants to produce the documents they committed to produce in their May 15, 2026 responses, and to serve their interrogatory verifications, within fourteen days. (Ex. I.)

6. Woodside consents to the modified schedule proposed in the Reply applying equally to all parties: completion of document production and service of interrogatory verifications by all parties within fourteen (14) days of the Court's order; depositions of Woodside's Rule 30(b)(6) designee and of the witnesses identified in Woodside's Rule 26(a)(1) disclosures by the Elias Defendants within the same reopened window in which Woodside deposes Mr. Elias, Ms. Pope, and Classic Motors, Inc.; and, if the Elias Defendants request one, a reciprocal expert period within that window — initial expert disclosures within thirty (30) days after the Elias Defendants certify substantial completion of their production, rebuttal disclosures fourteen (14) days thereafter, and expert discovery closing December 18, 2026 — provided the February 2, 2027 trial date is preserved. Woodside will make its witnesses available for deposition on reasonable notice within that window.

7. On August 27, 2026, I conferred by telephone with Mr. Levine, at his request, regarding the Elias Defendants' anticipated motion for summary judgment. During that call Mr. Levine noted that Woodside had not produced documents. I confirmed that this was correct and said that the parties faced a "mirror issue" with respect to the requests for production — each side had stated in writing that it would produce documents, and neither had done so. I proposed that the parties exchange their productions. Mr. Levine did not agree to that proposal. I also said that if the absence of a document production were treated as a bar to relief from the Court, that reasoning would apply equally to both sides, and Mr. Levine agreed. I made that point to illustrate why the Elias Defendants'

own non-production could not be reconciled with their plan to seek summary judgment on the existing record, not as a concession that the parties' positions were equivalent.

8. On the August 13, 2026 conference of counsel, Mr. Levine stated that he would provide the Elias Defendants' position on the requested modification by the following day or the following Monday, August 17, 2026. (Dkt. 37-2 ¶ 15.) I received no further communication from Mr. Levine on that subject. On August 20, 2026, as I was finalizing the Motion for filing, Mr. Levine sent the email announcing that the Elias Defendants intended to move for summary judgment on all claims alleged against them. (Dkt. 37-2, Ex. H.) Paragraph 17 of my prior declaration, and the Motion, refer to that email as sent on August 21, 2026; the email is dated August 20, 2026, and I correct the date here. I revised the Motion and my declaration to address the announced motion — including the material that became Sections II.F and IV.A.4 of the memorandum — and filed the Motion on Monday, August 24, 2026. Mr. Levine sent a follow-up email regarding the summary judgment conference on August 25, 2026, and we conferred on August 27, 2026.

9. On April 23, 2026, during the telephone call in which I confirmed the twenty-one-day extension of the Elias Defendants' time to respond to Woodside's discovery, I told Mr. Levine that Woodside intended to take the deposition of Mr. Ramos and, if the Elias Defendants would not agree to early mediation, the depositions of Mr. Elias and Ms. Pope. (See Levine Decl. ¶ 14.) As described in paragraph 10 of my prior declaration, I intended to take the Elias Defendants' depositions after receiving the documents they had committed in writing to produce.

10. As of the date of this declaration, the Elias Defendants have not produced any documents, served any privilege log, or served any interrogatory verification in this action. Their Motion for Summary Judgment (Dkt. 47), filed September 3, 2026, is set for hearing on October 15, 2026; under the Scheduling Order (Dkt. 26) and Section IX(f) of

the Court's Civil Standing Order, Woodside's opposition is due September 17, 2026. The separate statement of undisputed facts filed with the motion (Dkt. 47-1) cites only the declarations of Fadi Elias and Jennifer Pope, and no document production accompanied the motion. Unless the Court orders otherwise, Woodside will file its opposition, with a declaration under Federal Rule of Civil Procedure 56(d), on or before September 17, 2026.

11. With respect to Defendant Alexander G. Ramos: the Court's order to show cause regarding service (Dkt. 22) was discharged after Woodside responded and the Court extended the time for service (Dkt. 24); Ramos was personally served on January 8, 2026; following the Court's second order to show cause (Dkt. 29), Woodside requested entry of default on February 3, 2026 (Dkt. 30), and the Clerk entered Ramos's default on February 5, 2026 (Dkt. 31); the Court entered a final order of forfeiture in Ramos's criminal case, *United States v. Ramos*, No. 8:25-cr-00106-FWS, on July 7, 2026; and Woodside filed its motion for default judgment against Ramos on August 24, 2026 (Dkt. 38).

12. Other than the Motion, Woodside has not requested any continuance or modification of the dates set by the Scheduling Order, and none has been granted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 10, 2026, at Los Angeles, California.

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri

# EXHIBIT I

BROWN NERI SMITH & KHAN

September 10, 2026

**VIA EMAIL** (blevine@galipolaw.com)

Benjamin Levine, Esq.
Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367

**RE:** ***Woodside Credit, LLC v. Ramos, et al.*****, U.S. District Court, Central District of California, Case No. 8:25-cv-02146-FWS-JDE — Plaintiff's Production of Documents, Bates Nos. WC000001–WC000297**

Dear Mr. Levine:

Enclosed is Plaintiff Woodside Credit, LLC's production of documents, Bates numbered WC000001 through WC000297. Woodside produces these documents pursuant to its June 15, 2026 responses to Defendant Fadi Elias's Requests for Production of Documents, Set One, and Federal Rule of Civil Procedure 26(e).

The production is organized as follows:

1. Woodside's general ledger and loss schedules for the account "Loss due to Theft," October 24, 2024 through February 20, 2026 (**WC000001–WC000006**).
2. Bank statements and check images for the Agent for Montana Titles, Inc. "Woodside Account" at Valley Bank (a division of Glacier Bank), March 2023 through September 2024 (**WC000007–WC000142**).
3. Schedules of the checks and wires from the Montana Agent to Fadi Elias, Classic Motors, Inc. and Jennifer Pope, and of the vehicles your clients purchased from the Partner Banks (**WC000143–WC000154**).
4. Loan-level check, EFT, deposit and repossession-cost documentation for the representative transactions reflected in the loss schedule (**WC000155–WC000202**).
5. Vehicle disposition and release documents, including the Wilhelm release and the related correspondence (**WC000203–WC000226**).
6. Evidence preservation correspondence (**WC000227–WC000232**).

BROWN NERI SMITH & KHAN

7. Public filings in United States v. Ramos, No. 8:25-cr-00106-FWS (C.D. Cal.), including the Information, the docket, the preliminary and final forfeiture orders, and the ancillary-proceeding rulings (**WC000233–WC000274**).

8. The operative Complaint (**WC000275–WC000297**).

A production index keyed to the Bates ranges accompanies this letter.

**Confidentiality designations.** Pages bearing the legend "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" are designated CONFIDENTIAL under the Stipulated Protective Order entered May 18, 2026 (Dkt. 35). Consistent with Section 7.1, Woodside has designated document by document rather than across the production. The financial records of Woodside, of the Montana Agent's account, and of non-party borrowers are designated. Public filings and materials Woodside does not maintain confidentially are not. If you believe a particular designation is unwarranted, identify it and we will take it up promptly.

**Your clients' production.** The sole stated condition on thirty-two of your clients' seventy-five document responses was entry of a protective order. The Court entered it on May 18, 2026 — 115 days ago. Nothing has been produced since. No interrogatory verification has been served. Whatever your clients say about Woodside's June 15 responses, the answer the Rules supply for non-production is production, and Woodside has now supplied it. We ask that your clients do the same, and serve their verifications, within fourteen days. I would rather present the Court on September 24 with a completed exchange than with a record of one side producing and the other not.

Woodside's investigation remains ongoing, and it will supplement this production under Rule 26(e) as additional responsive documents are located.

Very truly yours,

Geoffrey A. Neri

Geoffrey A. Neri
BROWN, NERI, SMITH & KHAN LLP

Enclosures: Production index; documents Bates numbered WC000001–WC000297 (297 pages)