Geoffrey Neri (SBN 258802)
Geoff@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

WOODSIDE CREDIT, LLC, a California limited liability company,

Plaintiff,

vs.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**PLAINTIFF WOODSIDE CREDIT, LLC'S REPLY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ALEXANDER G. RAMOS**

[Filed concurrently with Supplemental Declaration of Geoffrey A. Neri and Exhibit A thereto]

Date: September 24, 2026
Time: 10:00 a.m.
Crtrm.: 10A

Complaint Filed: Sept. 22, 2025
Trial Date: February 2, 2027

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On August 24, 2026, Plaintiff Woodside Credit, LLC ("Woodside") moved for default judgment against Defendant Alexander G. Ramos ("Ramos") on the Fourth Cause of Action for breach of fiduciary duty, and for entry of final judgment on that claim under Rule 54(b). (Dkt. 38 (the "Motion" or "Mot.").) Any opposition was due September 3, 2026. L.R. 7-9. None was filed, and no party filed a statement of non-opposition. The Motion is unopposed in every respect.

Ramos did more than stay silent. Woodside mailed the complete Motion package to him at the Santa Ana City Jail the day it was filed. He refused to accept it. The jail's Correctional Supervisor wrote to Woodside's counsel on August 31, 2026 that Ramos "is refusing to accept the mail" and that the envelope would be returned. (Supplemental Declaration of Geoffrey A. Neri ("Supp. Neri Decl.") ¶¶ 2–3 & Ex. A.) Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc. (the "Elias Defendants") also filed nothing. The unopposed Motion should be granted as filed.

### II. ARGUMENT

#### A. The Motion Is Unopposed, and the Court May Treat the Silence as Consent

Local Rule 7-9 required each opposing party, twenty-one days before the hearing, to file either its opposition or "a written statement that that party will not oppose the motion." No party did either. Under Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming grant of unopposed motion under local rule treating failure to oppose as consent).

Woodside does not ask for judgment on silence alone; the Motion supplies the record for the Court's independent judgment under Rule 55(b)(2). But the absence of any opposition matters in two concrete ways.

1. No fact is in dispute. Local Rule 55-2 gave Ramos the right to contest the amount requested by declaration. He filed none. The Declaration of Brian Trevisan filed with the Motion ("Trevisan Decl.") and its exhibits — 109 remediation payments between October 24, 2024 and February 20, 2026, each identified by date, reference number, payee, affected loan, and amount, and netted against the insurer's $370,418.59 reimbursement — are the only evidence of damages before the Court. (Trevisan Decl. ¶¶ 4–6, 11–12 & Exs. 1, 3; Mot. at 19–21.) Those are the "definite figures" that permit judgment without an evidentiary hearing. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

2. The fifth *Eitel* factor — "the possibility of a dispute concerning material facts," *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) — now weighs even more heavily in Woodside's favor. Ramos admitted the well-pleaded allegations by defaulting, *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); admitted the underlying conduct by pleading guilty to federal fraud charges arising from the same scheme (Request for Judicial Notice filed with the Motion ("RJN") Ex. 3); and has now passed on the last opportunity the rules gave him to say anything at all.

**B. <u>Ramos Received Every Notice the Rules Require — and Refused It</u>**

Ramos's refusal of the mailed Motion is the only development since filing. It does not affect the Motion, for four reasons.

1. No service on Ramos was required. "No service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2). The Clerk entered Ramos's default on February 5, 2026. (Dkt. 31; Neri Decl. ¶ 6 & Ex. B.)

2. Rule 55(b)(2)'s seven-day notice does not apply. That notice is required only "[i]f the party against whom a default judgment is sought has appeared personally or by a representative." Fed. R. Civ. P. 55(b)(2). Ramos has never appeared — by pleading, by motion, through counsel, or by any informal contact with Woodside's counsel manifesting an intent to defend. (Neri Decl. ¶ 5; Supp. Neri Decl. ¶ 6.) *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689–90 (9th Cir. 1988) (no Rule 55(b)(2) notice required where defendant never appeared, formally or informally).

3. The notice Woodside gave anyway was complete when mailed. Because the Motion seeks unliquidated damages, Woodside served the entire Motion package on Ramos by first-class mail at his place of incarceration on August 24, 2026, the day of filing, as Local Rule 55-2 contemplates. (Neri Decl. ¶ 10; Supp. Neri Decl. ¶ 2.) Service by mail "to the person's last known address" is "complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Nothing in Rule 5 conditions service on the addressee's willingness to open the envelope. Nor is the address in doubt. It is the facility at which Ramos was personally served with the Summons and Complaint on January 8, 2026 (Dkt. 28; Neri Decl. ¶ 4 & Ex. A); the facility to which the Motion was mailed; and the facility whose Correctional Supervisor confirmed that Ramos received — and refused — the envelope. (Supp. Neri Decl. ¶¶ 2–3 & Ex. A.) Ramos could have submitted opposing declarations under Local Rule 55-2. He did not.

4. The refusal is an informed choice, not an obstacle. Ramos ran Woodside's title department as an Assistant Vice President. He is the defendant in a criminal case pending before this Court, in which he has pleaded guilty, under a plea agreement, to mail and wire fraud charges arising from the same scheme. (Neri Decl. ¶¶ 8, 11; RJN Exs. 1–3.) He knows what this lawsuit is about. A defendant who is personally served, lets the response deadline pass, sits through entry of default, and then refuses to accept the motion for judgment has not been deprived of notice. He has rejected it. That is the opposite of the "excusable neglect" the sixth *Eitel* factor asks about. 782 F.2d at 1471–72.

Woodside is serving this Reply and the Supplemental Neri Declaration on Ramos by mail at the same address, so that the record of notice is complete whether or not he accepts them. (Supp. Neri Decl. ¶ 7.)

### C. The Elias Defendants' Silence Confirms That *Frow* Is Not Implicated and That There Is No Just Reason for Delay

The Motion anticipated the one question an appearing party might have raised: whether judgment against Ramos should await resolution of the claims against the Elias Defendants under *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872), and *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). It answered it. (Mot. at 21–23.) The Fourth Cause of Action is pleaded against Ramos alone. It rests on fiduciary duties no other defendant is alleged to have owed. A judgment on it cannot logically conflict with any outcome — including judgment in the Elias Defendants' favor — on the aiding-and-abetting, conspiracy, fraud, and RICO theories they are litigating. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1008–09 (N.D. Cal. 2001). The judgment will not bind the Elias Defendants, who remain free to contest every element of the claims against them, including the existence and amount of Woodside's losses. *Taylor v. Sturgell*, 553 U.S. 880, 892–93 (2008).

The Elias Defendants are the only parties with any conceivable interest in deferral. Their counsel raised these very subjects at the Local Rule 7-3 conference (Neri Decl. ¶ 14), received the Motion's answer to them, and elected not to oppose. That silence confirms that no party contends there is any "just reason for delay" under Rule 54(b), and it removes any basis for withholding final judgment on a claim that no remaining defendant will litigate. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8, 10 (1980); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–98 (9th Cir. 1991).

The equities have only sharpened since the Motion was filed. Ramos's sentencing is set for October 8, 2026 — two weeks after the hearing on this Motion. (Neri Decl. ¶ 11.) A final judgment quantifying Woodside's loss before that date fixes Woodside's position for restitution under the Mandatory Victims Restitution Act, and for any petition for remission or restoration of the forfeited proceeds of Ramos's Irvine residence, with any amount actually paid credited against the judgment. 18 U.S.C. § 3664(j)(2); Mot. at 23–25; Neri Decl. ¶¶ 12, 15. Ramos's refusal even to open the papers underscores the point: he will not litigate this claim, now or later. In the alternative, as the Motion requested, the Court should adjudicate Ramos's liability and Woodside's damages now and defer entry of final judgment. (Mot. at 25.)

### D. <u>The Unrebutted Record Satisfies Every *Eitel* Factor and Proves Damages to a Certainty</u>

With no opposition, the Court has before it:

1. A Complaint whose well-pleaded allegations establish each element of breach of fiduciary duty — a fiduciary relationship, breach, and resulting damage, *Stanley v. Richmond*, 35 Cal. App. 4th 1070, 1086 (1995) — by an executive who owed his employer undivided loyalty and instead diverted its funds through a sham account and sham "refunds." *GAB Bus. Servs., Inc. v. Lindsey*

*& Newsom Claim Servs., Inc.*, 83 Cal. App. 4th 409, 420–21 (2000), *disapproved on other grounds by Reeves v. Hanlon*, 33 Cal. 4th 1140, 1154 (2004); *Huong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 410–14 (2007). (Compl. ¶¶ 21–43, 71–75; Mot. at 17–18.)

2. A guilty plea to federal fraud charges arising from that scheme. (RJN Ex. 3.)

3. A payment-by-payment damages schedule totaling $1,890,005.07, net of the insurer's reimbursement, that is a floor rather than a ceiling on Woodside's loss and well within the Complaint's $4,000,000 demand. Fed. R. Civ. P. 54(c); *Henry v. Sneiders*, 490 F.2d 315, 317 (9th Cir. 1974). (Trevisan Decl. ¶¶ 4–8, 11 & Ex. 1; Mot. at 19–21.)

4. Prejudgment interest of $230,822.32 through September 24, 2026, accruing at $362.47 per day thereafter, at the seven percent rate that applies under Civil Code section 3287(a) or, alternatively, section 3288. Cal. Const., art. XV, § 1; *Children's Hosp. & Med. Ctr. v. Bontá*, 97 Cal. App. 4th 740, 772–75 (2002); *Greater Westchester Homeowners Ass'n v. City of L.A.*, 26 Cal. 3d 86, 102–03 (1979); *Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co.*, 513 F.3d 949, 961 (9th Cir. 2008). (Trevisan Decl. ¶ 12 & Ex. 3; Mot. at 21.)

The remaining *Eitel* factors point the same way, for the reasons stated in the Motion. (Mot. at 16–19.) Woodside "will likely be without other recourse for recovery" if judgment is denied, *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); the sum at stake is compensatory, documented, and proportionate to a years-long embezzlement, *id.* at 1176; *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003); and Ramos's refusal to participate — now extended to refusing his mail — "makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177.

## III. CONCLUSION

The Motion is unopposed, the record is unrebutted, and the one defendant it concerns has refused even to open the papers. Woodside respectfully requests that the Court grant the Motion; enter default judgment against Ramos on the Fourth Cause of Action in the amount of $1,890,005.07, plus prejudgment interest of $230,822.32 through September 24, 2026 (accruing at $362.47 per day thereafter until entry of judgment), plus costs to be taxed under Local Rule 54; and direct entry of final judgment under Rule 54(b) in the form lodged with the Motion.

Respectfully submitted,

**DATED:** September 10, 2026

**BROWN NERI SMITH & KHAN LLP**

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri
Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Woodside Credit, LLC, certifies that this brief contains 1,923 words, which complies with the word limit of L.R. 11-6.1.

**DATED:** September 10, 2026

**BROWN NERI SMITH & KHAN LLP**

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri
Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**DECLARATION OF GEOFFREY A. NERI PURSUANT TO CIVIL STANDING ORDER § VIII.h**

I, Geoffrey A. Neri, declare as follows:

1. I am an attorney admitted to practice before this Court and counsel of record for Plaintiff Woodside Credit, LLC. I make this declaration pursuant to Section VIII.h of the Court's Civil Standing Order. I have personal knowledge of the facts stated below.

2. Generative artificial intelligence was used to research and assist in preparing portions of the foregoing Reply and the Supplemental Declaration of Geoffrey A. Neri filed with it.

3. I have reviewed the source material on which those filings rely, including the authorities, the record, and the exhibits cited in them, and I have verified that the content generated with the assistance of artificial intelligence is accurate and complies with my obligations under Federal Rule of Civil Procedure 11.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 10, 2026, at Los Angeles, California.

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri