Geoffrey Neri (SBN 258802)
Geoff@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

WOODSIDE CREDIT, LLC, a California limited liability company,

Plaintiff,

vs.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**DECLARATION OF GEOFFREY A. NERI IN SUPPORT OF PLAINTIFF WOODSIDE CREDIT, LLC'S OPPOSITION TO DEFENDANTS FADI ELIAS, JENNIFER POPE, AND CLASSIC MOTORS, INC.'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION AND PURSUANT TO FED. R. CIV. P. 56(d)**

[Filed concurrently with Opposition; Statement of Genuine Disputes; Declaration of Brian Trevisan; and Evidentiary Objections]

Date: October 15, 2026
Time: 10:00 a.m.
Crtrm.: 10A

Complaint Filed: Sept. 22, 2025
Trial Date: February 2, 2027

# DECLARATION OF GEOFFREY A. NERI

I, Geoffrey A. Neri, declare as follows:

1. I am an attorney admitted to practice before this Court and all courts of the State of California, and I am a partner of Brown Neri Smith & Khan LLP, counsel of record for Plaintiff Woodside Credit, LLC ("Woodside"). I make this declaration in support of Woodside's Opposition to the Motion for Summary Judgment or Adjudication (Dkt. 47) filed by Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc. (the "Elias Defendants"), and pursuant to Federal Rule of Civil Procedure 56(d). I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently to them.

2. Woodside's Opposition was due on September 17, 2026. It is being filed on September 18, 2026. The one-day delay resulted from my mistake, inadvertence, and excusable neglect in calendaring the deadline: the deadline was computed by counting back twenty-eight days from the October 15, 2026 hearing date, and the computation treated September as having thirty-one days.

3. On March 25, 2026, Woodside served each of the Elias Defendants with Interrogatories (Set One), Requests for Production of Documents (Set One), and Requests for Admission (Set One). (*See* Dkt. 37-2 ¶ 4 & Ex. A.) At the Elias Defendants' request, Woodside extended their time to respond to May 15, 2026. (*Id.* ¶ 5 & Ex. B.)

4. On May 15, 2026, the Elias Defendants served written responses, each signed only by their counsel. No verification of any interrogatory answer accompanied the responses, and none has been served as of the date of this declaration. True and correct copies of the following responses are attached hereto: **Exhibit A**, Defendant Fadi Elias's Responses to Requests for Admission, Set One; **Exhibit B**, Defendant Classic Motors, Inc.'s Responses to Requests for Admission, Set One; **Exhibit C**, Defendant Jennifer Pope's Responses to Requests for Admission, Set One; **Exhibit D**, Defendant Fadi Elias's

Responses to Interrogatories, Set One; **Exhibit E**, Defendant Classic Motors, Inc.'s Responses to Interrogatories, Set One; and **Exhibit F**, Defendant Jennifer Pope's Responses to Interrogatories, Set One.

5. Each of the Elias Defendants answered a small number of Woodside's interrogatories and refused to answer the remainder on the stated ground that the set exceeded the numerical limit of Federal Rule of Civil Procedure 33(a)(1). (The responses renumber Woodside's interrogatories and label the original numbers "erroneously identified" or "erroneously labeled.") The interrogatories the Elias Defendants refused to answer include those asking them to: (a) describe their communications with Ramos regarding the purchase of vehicles, including how prices were determined and what Ramos told them about the process and Woodside's role (Ex. D at 10; Ex. E at 11–12; Ex. F at 11); (b) state, for each payment from the Montana agent, the account into which it was deposited, its purpose as they understood it at the time, and what Ramos told them about the reason for it (Ex. D at 9–10; Ex. E at 10); (c) state whether Mr. Elias made the statement attributed to him in paragraph 40 of the Complaint and what Ramos told him (Ex. D at 10–11); (d) state all facts supporting their Eleventh Affirmative Defense ("Fraudulent Inducement by Others") and Twelfth Affirmative Defense ("Misrepresentation and Concealment by Others") (Ex. D at 11–12; Ex. E at 13–14; Ex. F at 13); (e) identify their bank accounts (Ex. D at 12–13; Ex. E at 10–11; Ex. F at 11); (f) state whether they resold the vehicles, at what prices and profit, and whether any proceeds or profits were shared with Ramos (Ex. D at 9; Ex. E at 9–10, 18; Ex. F at 18); and (g) describe the acquisition and disposition of the four vehicles for which no sale proceeds were received (Ex. E at 16).

6. In thirty-two of their responses to Woodside's Requests for Production, the Elias Defendants stated that they "will produce documents responsive to this Request in Responding Party's possession, custody, or control upon entry of a protective order."

(Dkt. 37-2 ¶ 7 & Ex. C.) The Court entered the Stipulated Protective Order on May 18, 2026. (Dkt. 35.) As of the date of this declaration, the Elias Defendants have produced no documents in this action and have served no privilege log.

7. Attached hereto as **Exhibit G** is a true and correct copy of Woodside's Rule 26(a)(1) Initial Disclosures, served January 15, 2026. Attached hereto as **Exhibit H** is a true and correct copy of the Elias Defendants' Rule 26(a)(1) Initial Disclosures, served January 15, 2026, which identify, as the documents they may use to support their defenses, "[p]roof of payments for vehicles and related documents." The Elias Defendants have not produced those documents.

8. On September 10, 2026, Woodside produced to the Elias Defendants documents Bates-numbered WC000001 through WC000297, including the Valley Bank statements and check images for the Montana agent's account (WC000007–WC000142) and the schedules of vehicle purchases and of checks and wires that are Exhibits A and B to the Complaint. The Elias Defendants have never moved to compel production by Woodside, and before the August 27, 2026 conference of counsel regarding their summary judgment motion they had not raised Woodside's document production with me.

9. Filed concurrently herewith as a separate document, behind a cover page, is a true and correct copy of the Declaration of Brian Trevisan, executed August 21, 2026, as filed on the public docket on August 24, 2026 in support of Woodside's Motion for Default Judgment Against Defendant Ramos (Dkt. 38), without its exhibits. Nothing in it has been changed. Mr. Trevisan is Woodside's Executive Vice President. The loan numbers in paragraph 6 are redacted in the publicly filed version; the unredacted version was filed under seal pursuant to the Court's order of August 26, 2026 (Dkt. 43). There is no Exhibit I to this declaration.

10. Attached hereto as **Exhibit J** is a true and correct copy of the document Woodside produced at WC000154, a schedule of repossessed vehicles sold to Fadi Elias

and Classic Motors, which is also Exhibit A to the Complaint (Dkt. 1 at 21). Attached hereto as **Exhibit K** is a true and correct copy of the document Woodside produced at WC000149, a schedule of checks and wires from the Montana agent's account to Classic Motors, Mr. Elias, and Ms. Pope, which is also Exhibit B to the Complaint (Dkt. 1 at 23). Both schedules were identified in Woodside's initial disclosures. (Ex. G at 4.) Woodside intends to present the contents of these schedules at trial through the testimony of Mr. Trevisan, whom Woodside identified in its initial disclosures as a witness on these subjects (Ex. G at 2), and through Woodside's business records and the Montana agent's bank records, which Woodside produced at WC000007–WC000142. In Exhibits A, B, and J, all but the last three digits of loan numbers have been redacted.

11. No party has taken a deposition in this action. I planned to depose Mr. Elias, Ms. Pope, and Classic Motors after receiving the document production the Elias Defendants had committed to make. (Dkt. 37-2 ¶ 10.)

12. On August 24, 2026, Woodside moved to modify the Scheduling Order to obtain the promised documents, verified interrogatory answers, and the depositions of the Elias Defendants, and to defer any summary judgment motion until that discovery is complete. (Dkt. 37, 37-1, 37-2, 37-3.) That motion is set for hearing on September 24, 2026.

13. Woodside cannot present all of the facts essential to justify its opposition without that discovery. The specific facts Woodside expects the discovery to establish are: (a) the accounts into which each of the forty-eight checks and wires from the Montana agent was deposited, who controlled those accounts, and what became of the money, including whether any of it was paid to or shared with Ramos; (b) what the Elias Defendants paid for each vehicle, when, to whom, and into what account, including the payments they say they "re-issued" and the full name and ownership of the account they say "included the name 'Woodside Credit, LLC'"; (c) the Elias Defendants' emails, text

messages, and other communications with Ramos and with the Montana agent concerning the vehicles, the prices, and the payments; (d) how the Elias Defendants acquired, and what they did with, the four vehicles for which no sale proceeds were received; (e) the prices at which the Elias Defendants resold the vehicles and their profits; and (f) the testimony of Mr. Elias, Ms. Pope, and Classic Motors, on cross-examination, concerning what Ramos told them and what they knew and believed. These facts exist: the Elias Defendants committed in writing to produce documents in thirty-two categories, including their communications with Ramos and their documents concerning the payments, and their initial disclosures identify their proof of payments. These facts are essential to oppose the motion, which rests entirely on the Elias Defendants' declarations about their own knowledge, belief, and intent. They are in the possession of the Elias Defendants, and Woodside cannot obtain them by other means.

14. If the Elias Defendants produce the documents they committed to produce, Woodside can complete the three depositions within forty-five days thereafter, as proposed in its pending motion. (Dkt. 37-3.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 18, 2026, at Los Angeles, California.

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri

## INDEX OF EXHIBITS

| | |
|---|---|
| **Exhibit A** | Defendant Fadi Elias's Responses to Plaintiff's Requests for Admission, Set One (May 15, 2026) |
| **Exhibit B** | Defendant Classic Motors, Inc.'s Responses to Plaintiff's Requests for Admission, Set One (May 15, 2026) |
| **Exhibit C** | Defendant Jennifer Pope's Responses to Plaintiff's Requests for Admission, Set One (May 15, 2026) |
| **Exhibit D** | Defendant Fadi Elias's Responses to Plaintiff's Interrogatories, Set One (May 15, 2026) |
| **Exhibit E** | Defendant Classic Motors, Inc.'s Responses to Plaintiff's Interrogatories, Set One (May 15, 2026) |
| **Exhibit F** | Defendant Jennifer Pope's Responses to Plaintiff's Interrogatories, Set One (May 15, 2026) |
| **Exhibit G** | Plaintiff Woodside Credit, LLC's Rule 26(a)(1) Initial Disclosures (January 15, 2026) |
| **Exhibit H** | Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.'s Rule 26(a) Initial Disclosures (January 15, 2026) |
| **Exhibit J** | Schedule of repossessed vehicles sold to Fadi Elias and Classic Motors (WC000154; Exhibit A to the Complaint) (loan numbers redacted) |
| **Exhibit K** | Schedule of checks and wires from the Montana agent's account to Classic Motor Inc, Fadi Elias, and Jennifer Pope (WC000149; Exhibit B to the Complaint) |