# EXHIBIT A

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WOODSIDE CREDIT, LLC, a California limited liability corporation,

Plaintiff,

v.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE**

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff Woodside Credit, LLC |
| RESPONDING PARTY: | Defendant Fadi Elias |
| SET NUMBER: | One (1) |

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action and are made on the basis of information which is presently known by and available to Responding Party. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

Responding Party has not yet completed his investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed discovery in this action; and has not yet completed preparation for trial. Consequently, the following responses are given without prejudice to Responding Party's right to amend or supplement the responses herein at a later date. No admissions of any nature whatsoever are implied or should be inferred. Nothing herein should be construed as an admission or acceptance by this party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Responding Party reserves the right to continue the investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case. In addition, Responding Party reserves the right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through his continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

## GENERAL OBJECTIONS

1. Responding Party objects to the Requests for Admission, as a whole, to the extent that they request information that is protected from disclosure by the

attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity.

2. Responding Party objects to each Request for Admission to the extent that it seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of Responding Party's records, or to create a summary or compilation other than as maintained in the regular course of business. Responding Party further objects to each Request for Admission to the extent that it seeks to require Responding Party to provide information not in Responding Party's possession, custody or control.

3. Responding Party objects to each and every Requests for Admission to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Responding Party objects to each and every Requests for Admission to the extent that such discovery is overly broad, vague, and ambiguous.

5. Responding Party objects to each and every Requests for Admission to the extent that it seeks information already known by, or reasonably accessible to Plaintiffs, or facts that are solely within the knowledge and control of Plaintiff.

6. Responding Party objects on the grounds that Responding Party has not completed factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Responding Party as well as Responding Party's present analysis of the case. However, information that may be responsive may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Responding Party reserves the right to amend and/or supplement his responses as and when additional information is discovered. Additionally, because Responding Party's responses are based upon information that Responding Party recalls and has identified to date, they do not preclude Responding Party from relying on facts or

documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

**DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE**

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are an individual residing in the State of Arizona.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admit.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are married to Defendant Jennifer Pope.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admit.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU are an owner of Defendant Classic Motors, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admit.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU had the authority to make purchases on behalf of CLASSIC MOTORS at all times from January 1, 2022 to October 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "had the authority." Responding Party further objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU had the authority to receive payments on behalf of CLASSIC MOTORS at all times from January 1, 2022 to October 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "had the authority." Responding Party further objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU had a business relationship with RAMOS beginning no later than 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "business relationship with RAMOS."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that during the referenced time, Responding Party, on behalf of Classic Motors, purchased vehicles from or through Woodside Credit, via Alexander Ramos as its point of contact. Otherwise denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that RAMOS offered to sell YOU vehicles that had been repossessed by Woodside on behalf of its PARTNER BANKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "on behalf of its PARTNER BANKS" and as to time.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party

admits that during the referenced time, Responding Party, on behalf of Classic Motors, purchased vehicles from Woodside Credit, via Alexander Ramos as its point of contact. Responding Party is unable to admit or deny the remainder as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 8:**

Admit that RAMOS told YOU that Woodside wanted the PARTNER BANKS to believe that automobiles were selling for higher prices than what they would actually sell for.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "than what they would actually sell for" and as to time.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU purchased a 2019 Bentley Bentayga from First Financial Northwest Bank for $80,000 on or about March 23, 2023.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Responding Party admits to paying the stated amount for the referenced vehicle on or about the referenced date. Responding Party lacks sufficient information to admit or deny which bank or other entity owned the loan on the referenced vehicle, and on that basis denies the remainder of the Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU purchased a 2022 Aston Martin Vantage from Ireland Bank for $136,000 on or about February 9, 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Responding Party admits to purchasing a 2022 Aston Martin Vantage. Responding Party lacks sufficient information to admit or deny which bank or other

entity owned the loan on the referenced vehicle, and on that basis denies the Request as to "from Ireland Bank." Otherwise denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU purchased a 2021 Rolls Royce Ghost from CWB for $245,000 on or about June 13, 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Responding Party admits to purchasing a 2021 Rolls Royce Ghost. Responding Party lacks sufficient information to admit or deny which bank or other entity owned the loan on the referenced vehicle, and on that basis denies the Request as to "from CWB." Otherwise denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU purchased a 2018 Rolls Royce Wraith from CWB for $200,000 on or about May 12, 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Responding Party admits to purchasing a 2018 Rolls Royce Wraith. Responding Party lacks sufficient information to admit or deny which bank or other entity owned the loan on the referenced vehicle, and on that basis denies the Request as to "from CWB." Otherwise denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Between March 23, 2023 and October 10, 2024, YOU or CLASSIC MOTORS purchased at least 21 VEHICLES from Woodside's PARTNER BANKS for a total of $1,801,000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

OBJECTION. Responding Party objects that this Request is compound.

Without waiving said objections, Responding Party responds as follows: Responding Party admits to purchasing approximately 21 vehicles from or through Woodside Credit during the referenced period. Responding Party lacks sufficient information to admit or deny which bank or other entity owned the loans on the

referenced vehicles, and on that basis denies the Request as to "from Woodside's PARTNER BANKS." Otherwise denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU received a check from the MONTANA AGENT dated March 15, 2023, in the amount of $11,465, made payable to Fadi Elias.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOU received a check from the MONTANA AGENT dated October 27, 2023, in the amount of $35,000, made payable to Fadi Elias.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Responding Party is conducting a diligent search and reasonable inquiry in an effort to gain information necessary to admit or deny this Request, and will supplement or amend this Response if necessary when such search and inquiry are complete. Responding Party presently lacks information necessary to enable Responding Party to admit or deny this Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Between March 15, 2023 and October 10, 2024, YOU, CLASSIC MOTORS, and POPE collectively received 48 checks and wires from the MONTANA AGENT totaling $1,419,803.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Responding Party is conducting a diligent search and reasonable inquiry in an effort to gain information necessary to admit or deny this Request, and will supplement or amend this Response if necessary when such search and inquiry are complete. Responding Party presently lacks information necessary to enable Responding Party to admit or deny this Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the checks YOU received from the MONTANA AGENT, as described in Exhibit B to the Complaint, listed "Refund" in the memo line.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "the checks."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that some of the referenced checks listed "Refund" in the memo line. Otherwise denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU knew that RAMOS was employed by Woodside at the time YOU purchased VEHICLES from Woodside's PARTNER BANKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to time.

Without waiving said objections, and to the extent that Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that, between 2022 and 2024, when Responding Party, on behalf of Classic Motors, purchased vehicles through Woodside Credit, Responding Party was aware that Alexander Ramos was employed by Woodside. Responding Party lacks sufficient information to admit or deny which bank or other entity owned the loans on the referenced vehicles, and on that basis denies the remainder of the Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU knew that RAMOS held the title of Assistant Vice President, Title & Risk Manager at Woodside.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to time.

Without waiving said objections, and to the extent that Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU understood that the payments YOU received from the MONTANA AGENT were funded, in whole or in part, by monies belonging to Woodside.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "funded, in whole or in part, by monies belonging to Woodside" and as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that Responding Party understood that the referenced payments were issued at Woodside's request, or at Alexander Ramos's request as an officer for Woodside on Woodside's behalf. Responding Party lacks sufficient information to admit or deny the remainder of the Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU did not disclose to Woodside or any PARTNER BANK that YOU were receiving payments from the MONTANA AGENT in connection with YOUR purchases of VEHICLES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "disclose to Woodside or any PARTNER BANK" and "in connection with YOUR purchases of VEHICLES," and as to time. Responding

Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Deny.

**<u>REQUEST FOR ADMISSION NO. 22:</u>**

Admit that at no time did Woodside authorize RAMOS to direct the MONTANA AGENT to make payments to YOU, CLASSIC MOTORS, or POPE.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 22:</u>**

OBJECTION. Responding Party objects that this Request is compound.

Without waiving said objections, Responding Party responds as follows: Responding Party lacks sufficient information to admit or deny the Request, and on that basis denies.

**<u>REQUEST FOR ADMISSION NO. 23:</u>**

Admit that YOU resold one or more of the VEHICLES identified in Exhibit A to the Complaint after purchasing them from Woodside's PARTNER BANKS.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 23:</u>**

OBJECTION. Responding Party objects that the Request is vague and ambiguous as phrased as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that Responding Party resold one or more of the vehicles after purchasing them from or through Woodside Credit. Responding Party lacks sufficient information to admit or deny the remainder of the Request, and on that basis denies.

**<u>REQUEST FOR ADMISSION NO. 24:</u>**

Admit that YOU earned a profit on the resale of one or more of the VEHICLES identified in Exhibit A to the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "earned a profit" and "from the resale of one or more of the VEHICLES …." Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that the 1972 Chevrolet Chevelle (Loan No. [redacted]579), the 2019 Rolls Royce (Loan No. [redacted]340), the 2005 Rolls Royce Wraith (Loan No. [redacted]148), and the 2020 Mercedes G Class (Loan No. [redacted]801), as identified in Exhibit A to the Complaint, were at some point in YOUR possession, custody, or control.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion. Responding Party objects that this Request is vague and ambiguous as phrased as to "possession, custody, or control." Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 26:**

Admit that this Court has personal jurisdiction over YOU with respect to the claims asserted in the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: This Request seeks the admission of non-factual matters that are not capable of being admitted or denied by Responding Party, and on that basis Responding Party denies.

**REQUEST FOR ADMISSION NO. 27:**

Admit that venue is proper in this judicial district with respect to the claims asserted in the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: This Request seeks the admission of non-factual matters that are not capable of being admitted or denied by Responding Party, and on that basis Responding Party denies.

**REQUEST FOR ADMISSION NO. 28:**

Admit that in connection with the purchase of VEHICLES from Woodside's PARTNER BANKS, YOU used the United States mail or interstate wire transfers to send or receive funds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "in connection with" and as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 29:**

Admit that in connection with the receipt of payments from the MONTANA AGENT, YOU used the United States mail or interstate wire transfers to receive funds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "in connection with" and as to time. Responding Party

further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Woodside has suffered damages as a result of the conduct described in the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO 30.:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion. Responding Party further objects that the Request is vague and ambiguous as phrased as to "suffered damages" and "as a result of the conduct described in the Complaint."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party lacks sufficient information to admit or deny the Request, and on that basis denies.

Dated: May 15, 2026

LAW OFFICES OF DALE K. GALIPO

*/s/ Dale K. Galipo*
Dale K. Galipo
*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*