# EXHIBIT C

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02146-FWS-JDE<br><br>**DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE** |

PROPOUNDING PARTY: Plaintiff Woodside Credit, LLC

RESPONDING PARTY: Defendant Jennifer Pope

SET NUMBER: One (1)

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action and are made on the basis of information which is presently known by and available to Responding Party. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

Responding Party has not yet completed his investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed discovery in this action; and has not yet completed preparation for trial. Consequently, the following responses are given without prejudice to Responding Party's right to amend or supplement the responses herein at a later date. No admissions of any nature whatsoever are implied or should be inferred. Nothing herein should be construed as an admission or acceptance by this party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Responding Party reserves the right to continue the investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case. In addition, Responding Party reserves the right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through his continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

## GENERAL OBJECTIONS

1. Responding Party objects to the Requests for Admission, as a whole, to the extent that they request information that is protected from disclosure by the

attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity.

2. Responding Party objects to each Request for Admission to the extent that it seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of Responding Party's records, or to create a summary or compilation other than as maintained in the regular course of business. Responding Party further objects to each Request for Admission to the extent that it seeks to require Responding Party to provide information not in Responding Party's possession, custody or control.

3. Responding Party objects to each and every Request for Admission to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Responding Party objects to each and every Request for Admission to the extent that such discovery is overly broad, vague, and ambiguous.

5. Responding Party objects to each and every Request for Admission to the extent that it seeks information already known by, or reasonably accessible to Plaintiff, or facts that are solely within the knowledge and control of Plaintiff.

6. Responding Party objects on the grounds that Responding Party has not completed factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Responding Party as well as Responding Party's present analysis of the case. However, information that may be responsive may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Responding Party reserves the right to amend and/or supplement his responses as and when additional information is discovered. Additionally, because Responding Party's responses are based upon information that Responding Party recalls and has identified to date, they do not preclude Responding Party from relying on facts or

documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

**DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S REQUESTS FOR ADMISSION, SET ONE**

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are an individual residing in the State of Arizona.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admit.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are married to Defendant Fadi Elias.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admit.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU have an ownership interest in Defendant Classic Motors, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "ownership interest in Defendant Classic Motors, Inc." Responding Party further objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that Responding Party is married to Fadi Elias, and that Fadi Elias owns Classic Motors. Deny as to the remainder.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU had signatory authority on one or more bank accounts held in the name of CLASSIC MOTORS at any time from January 1, 2022 to October 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "signatory authority on one or more bank accounts held in the name of CLASSIC MOTORS." Responding Party further objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Denied to the extent it implies Responding Party ever exercised such authority. Otherwise admit.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU had a personal or business relationship with RAMOS at some point between 2022 and October 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "personal or business relationship with RAMOS." Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that during the referenced time, Classic Motors purchased vehicles from or through Woodside Credit, via Alexander Ramos as its point of contact. Otherwise denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU communicated directly with RAMOS on one or more occasions between 2022 and October 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Admit.

**REQUEST FOR ADMISSION NO. 7:**

Admit that YOU knew that RAMOS was employed by Woodside.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to time.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU received a check from the MONTANA AGENT dated February 8, 2024, in the amount of $35,000, made payable to Jennifer Pope.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the check identified in Request for Admission No. 8 was deposited into a bank account to which YOU had access.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Responding Party is conducting a diligent search and reasonable inquiry in an effort to gain information necessary to admit or deny this Request, and will supplement or amend this Response if necessary when such search and inquiry are complete. Responding Party presently lacks information necessary to enable Responding Party to admit or deny this Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the check identified in Request for Admission No. 8 listed "Refund" in the memo line.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Responding Party is conducting a diligent search and reasonable inquiry in an effort to gain information necessary to admit or deny this Request, and will supplement or amend this Response if necessary when such search and inquiry are complete. Responding Party presently lacks information necessary to enable Responding Party to admit or deny this Request, and on that basis denies.

**<u>REQUEST FOR ADMISSION NO. 11:</u>**

Admit that the $35,000 payment identified in Request for Admission No. 8 was connected to the purchase of a 2022 Aston Martin Vantage from Ireland Bank on or about February 9, 2024.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 11:</u>**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "connected to" and "the purchase of a 2022 Aston Martan Vantage … on or about February 9, 2024."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Deny.

**<u>REQUEST FOR ADMISSION NO. 12:</u>**

Admit that YOU were aware that ELIAS was purchasing VEHICLES from Woodside's PARTNER BANKS between 2023 and 2024.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 12:</u>**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to time.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that Responding Party was aware that during the referenced time period, Fadi Elias, on behalf of Classic Motors, purchased vehicles from Woodside that Woodside was selling on behalf of its partner banks. Deny as to the remainder.

**<u>REQUEST FOR ADMISSION NO. 13:</u>**

Admit that YOU were aware that ELIAS and/or CLASSIC MOTORS were receiving payments from the MONTANA AGENT in connection with the purchase of VEHICLES.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 13:</u>**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "in connection with the purchase of VEHICLES," and as

to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU did not disclose to Woodside or any PARTNER BANK that YOU, ELIAS, or CLASSIC MOTORS were receiving payments from the MONTANA AGENT in connection with the purchase of VEHICLES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "disclose to Woodside or any PARTNER BANK" and "in connection with the purchase of VEHICLES," and as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 15:**

Admit that other than the check identified in Request for Admission No. 8, YOU received one or more additional payments, directly or indirectly, in connection with the VEHICLE transactions at issue in this ACTION.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "indirectly" and "in connection with the VEHICLE transactions," and as to time.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU had access to or benefited from funds received by ELIAS or CLASSIC MOTORS from the MONTANA AGENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "benefited from" and as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU performed services for or on behalf of CLASSIC MOTORS between 2022 and 2024, including but not limited to administrative, financial, or managerial tasks.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "performed services for or on behalf of" and "administrative, financial, or managerial tasks."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU had signatory authority on one or more bank accounts held in the name of ELIAS at any time from January 1, 2022 to October 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "signatory authority on one or more bank accounts held in the name of ELIAS." Responding Party further objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Denied to the extent it implies Responding Party ever exercised such authority. Otherwise admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that at the time YOU received the $35,000 check from the MONTANA AGENT on or about February 8, 2024, YOU did not have a legitimate business relationship with the MONTANA AGENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "legitimate business relationship." Responding Party further objects that the Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU did not personally provide any goods or services to the MONTANA AGENT in exchange for the $35,000 payment identified in Request for Admission No. 8.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "personally provide any goods or services to."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU understood that the payments from the MONTANA AGENT to YOU, ELIAS, and/or CLASSIC MOTORS were funded, in whole or in part, by monies belonging to Woodside.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "funded, in whole or in part, by monies belonging to

Woodside" and as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party admits that Responding Party understood that the referenced payments were issued at Woodside's request, or at Alexander Ramos's request as an officer for Woodside on Woodside's behalf. Responding Party lacks sufficient information to admit or deny the remainder of the Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 22:**

Admit that at no time did Woodside authorize RAMOS to direct the MONTANA AGENT to make any payment to YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Responding Party lacks sufficient information to admit or deny the Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 23:**

Admit that in connection with the receipt of payments from the MONTANA AGENT, the United States mail or interstate wire transfers were used.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "in connection with" and as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 24:**

Admit that this Court has personal jurisdiction over YOU with respect to the claims asserted in the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: This Request seeks the admission of non-factual matters that are not capable of being admitted or denied by Responding Party, and on that basis Responding Party denies.

**REQUEST FOR ADMISSION NO. 25:**

Admit that venue is proper in this judicial district with respect to the claims asserted in the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: This Request seeks the admission of non-factual matters that are not capable of being admitted or denied by Responding Party, and on that basis Responding Party denies.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Woodside has suffered damages as a result of the conduct described in the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion. Responding Party further objects that the Request is vague and ambiguous as phrased as to "suffered damages" and "as a result of the conduct described in the Complaint."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party lacks sufficient information to admit or deny the Request, and on that basis denies.

**REQUEST FOR ADMISSION NO. 27:**

Admit that YOU were aware that ELIAS and/or CLASSIC MOTORS resold one or more of the VEHICLES identified in Exhibit A to the Complaint after purchasing them.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

OBJECTION. Responding Party objects that the Request is vague and ambiguous as phrased as to time. Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 28:**

Admit that YOU benefited financially from the resale of one or more of the VEHICLES identified in Exhibit A to the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO.28 :**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "benefitted financially" and "from the resale of one or more of the VEHICLES …."

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Responding Party is unable to admit or deny this Request as phrased, and on that basis denies.

**REQUEST FOR ADMISSION NO. 29:**

Admit that prior to the transactions at issue in this ACTION, YOU had no independent business relationship with the MONTANA AGENT or Amy Fisher.

**RESPONSE TO REQUEST FOR ADMISSION NO 29 :**

OBJECTION. Responding Party objects that this Request is vague and ambiguous as phrased as to "the transactions at issue" and "independent business relationship."

Without waiving said objections, and to the extent Responding Party

understands the Request, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 30:**

Admit that one or more of the following four VEHICLES identified in Exhibit A to the Complaint for which neither Woodside nor its PARTNER BANKS received any sale proceeds — the 1972 Chevrolet Chevelle, the 2019 Rolls Royce, the 2005 Rolls Royce Wraith, and the 2020 Mercedes G Class — were at some point in the possession, custody, or control of YOU, ELIAS, or CLASSIC MOTORS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

OBJECTION. Responding Party objects that this Request calls for a legal conclusion or legal opinion. Responding Party objects that this Request is vague and ambiguous as phrased as to "possession, custody, or control." Responding Party further objects that the Request is compound.

Without waiving said objections, and to the extent Responding Party understands the Request, Responding Party responds as follows: Admit.

Dated: May 15, 2026

LAW OFFICES OF DALE K. GALIPO

*/s/ Dale K. Galipo*
Dale K. Galipo
*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*