# EXHIBIT D

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02146-FWS-JDE<br><br>**DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC's INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY: Plaintiff Woodside Credit, LLC

RESPONDING PARTY: Defendant Fadi Elias

SET NUMBER: One (1)

**PRELIMINARY STATEMENT**

Responding Party has not fully completed an investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed trial preparation. All of the answers contained herein are based only upon such information and documents which are presently available to, and specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The following interrogatory responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall. Responding Party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this responding party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party. Responding Party incorporates the above preliminary statement into each and every response set forth below.

/ / /

/ / /

**DEFENDANT FADI ELIAS'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S INTERROGATORIES, SET ONE**

**INTERROGATORY NO. 1:**

IDENTIFY YOURSELF fully, including YOUR full legal name, all aliases or other names by which YOU have been known, YOUR date of birth, YOUR current residential address, and all residential addresses at which YOU have resided from January 1, 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 1:**

OBJECTION. Responding Party objects that this Interrogatory infringes upon Responding Party's right to privacy.

Without waiving said objections, Responding Party responds as follows: Fadi George Elias; May 1, 1960; 24418 N. 85th St. Scottsdale, AZ 85255.

**INTERROGATORY NO. 2:**

State the nature and duration of YOUR relationship with RAMOS, including when YOU first met or became acquainted with RAMOS, the circumstances under which YOU met, and describe every business or personal interaction YOU have had with RAMOS from 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 2:**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (2) the nature and duration of Responding Party's relationship with RAMOS, including when Responding Party first met or became acquainted

with RAMOS, the circumstances under which Responding Party met; and (3) a description of every interaction Responding Party has had with RAMOS from 2017 to the present. Responding Party further objects that, as phrased, the request is also overbroad and unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

Response to Interrogatory No. 2:

Responding Party has known Alexander Ramos, through Woodside Credit, since approximately mid 2021 when Classic Motors acquired its first vehicle through Woodside Credit. Responding Party was given Ramos's information from Scott Steckel, who was Responding Party's loan representative at Woodside Credit, after Responding Party inquired about purchasing vehicles.

Response to Interrogatory No. 3:

Responding Party communicated with Alexander Ramos from time to time regarding vehicle purchases.

**INTERROGATORY NO. 4 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 3):**

State the nature and duration of YOUR relationship with POPE, including whether YOU are married to or in a domestic partnership with POPE, and describe any joint financial accounts, business interests, or other financial arrangements between YOU and POPE.

**RESPONSE TO INTERROGATORY NO. 4 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 3):**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that

precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (4) the nature and duration of Responding Party's relationship with POPE, including whether Responding Party is married to or in a domestic partnership with POPE, the date of any marriage or partnership; and (5) a description of all joint financial accounts, business interests, or other financial arrangements between Responding Party and POPE. Responding Party further objects that this Interrogatory infringes upon Responding Party's right to privacy, marital privilege, and marital communications. As phrased, the request is also overbroad and unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

Response to Interrogatory No. 4:

Responding Party has been married to Jennifer Pope for 23 years.

Response to Interrogatory No. 5:

Responding Party declines to answer based on the objections asserted.

**INTERROGATORY NO. 6 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 4):**

State the nature of YOUR relationship with CLASSIC MOTORS, including YOUR ownership interest (if any), YOUR role, title, or position, the dates of YOUR involvement, and describe all duties and responsibilities YOU have performed on behalf of CLASSIC MOTORS from its formation to the present.

**RESPONSE TO INTERROGATORY NO. 6 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 4):**

OBJECTION. Responding Party objects that, as phrased, the request is overbroad and unduly burdensome.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Responding Party has been the President of Classic Motor

Inc. from its creation until now. Responsibilities include purchasing vehicles, selling vehicles, researching vehicles for purchase, vehicle repairs, handling calls, signing checks for purchases, paying bills, logistics.

**INTERROGATORY NO. 7 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 5):**

For each VEHICLE identified in Exhibit A to the Complaint that YOU purchased from Woodside or any PARTNER BANK, state: (a) the date of purchase; (b) the purchase price paid; (c) the source of the funds used to pay the purchase price; (d) the manner in which payment was made (e.g., wire transfer, check, cash); and (e) the bank account(s) from which such funds were drawn, identified by financial institution, account number, and account holder name.

**RESPONSE TO INTERROGATORY NO. 7 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 5):**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (7) for the 2019 Bentley Bentayga, the date of purchase; (8) for the 2019 Bentley Bentayga, the purchase price paid; (9) for the 2019 Bentley Bentayga, the source of the funds used to pay the purchase price; (10) for the 2019 Bentley Bentayga, the manner in which payment was made (e.g., wire transfer, check, cash); (11) for the 2019 Bentley Bentayga, the bank account(s) from which such funds were drawn, identified by financial institution, account number, and account holder name; (12) for the 2015 Mercedes G Class, the date of purchase; (13) for the 2015 Mercedes G Class, the purchase price paid; (14) for the 2015

Mercedes G Class, the source of the funds used to pay the purchase price; (15) for the 2015 Mercedes G Class, the manner in which payment was made (e.g., wire transfer, check, cash); (16) for the 2015 Mercedes G Class, the bank account(s) from which such funds were drawn, identified by financial institution, account number, and account holder name; (17) for the 1970 Dodge Dart, the date of purchase; (18) for the 1970 Dodge Dart, the purchase price paid; (19) for the 1970 Dodge Dart, the source of the funds used to pay the purchase price; (20) for the 1970 Dodge Dart, the manner in which payment was made (e.g., wire transfer, check, cash); (21) for the 1970 Dodge Dart, the bank account(s) from which such funds were drawn, identified by financial institution, account number, and account holder name; (22) for the 2013 Bentley Continental, the date of purchase; (23) for the 2013 Bentley Continental, the purchase price paid; (24) for the 2013 Bentley Continental, the source of the funds used to pay the purchase price; (25) for the 2013 Bentley Continental, the manner in which payment was made (e.g., wire transfer, check, cash); and so forth, continuing beyond the 25 Interrogatory limit. Responding Party reserves the right to subsequently enumerate additional subparts of this Interrogatory as necessary. Responding Party further objects that, as phrased, the request is also overbroad and unduly burdensome. Responding Party objects that this Interrogatory infringes upon Responding Party's right to privacy.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

Response to Interrogatory No. 7:

March 23, 2023.

Response to Interrogatory No. 8:

$80,000.

Response to Interrogatory No. 9:

Classic Motor Inc.

Response to Interrogatory No. 10:

Check.

Response to Interrogatory No. 11:

Wells Fargo.

Response to Interrogatory No. 12:

June 28, 2023.

Response to Interrogatory No. 13:

$55,000.

Response to Interrogatory No. 14:

Classic Motor Inc.

Response to Interrogatory No. 15:

Check.

Response to Interrogatory No. 16:

Wells Fargo.

Response to Interrogatory No. 17:

October 11, 2023.

Response to Interrogatory No. 18:

$7,000.

Response to Interrogatory No. 19:

Classic Motor Inc.

Response to Interrogatory No. 20:

Check.

Response to Interrogatory No. 21:

Wells Fargo.

Response to Interrogatory No. 22:

October 20, 2023.

Response to Interrogatory No. 23:

$61,500.

Response to Interrogatory No. 24:

Classic Motor Inc.

Response to Interrogatory No. 25:

Wells Fargo.

(Additional subparts omitted. Responding Party reserves the right to subsequently identify additional subparts in this Interrogatory as necessary.)

**INTERROGATORY NO. 26 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 6):**

For each VEHICLE identified in YOUR response to Interrogatory No. 5, state: (a) whether YOU resold the VEHICLE; (b) if resold, the date of resale, the identity of the buyer, and the resale price; (c) the profit or loss realized on each resale; and (d) whether any portion of the proceeds or profits from any such resale was shared with, paid to, or transferred to RAMOS or any other PERSON, and if so, IDENTIFY each such PERSON and state the amount paid or transferred.

**RESPONSE TO INTERROGATORY NO. 26 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 6):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 27 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 7):**

For each REFUND payment identified in Exhibit B to the Complaint made payable to YOU, CLASSIC MOTORS, or POPE, state: (a) whether YOU received such payment; (b) the bank account into which each such payment was deposited, identified by financial institution, account number, and account holder name; (c) the purpose for which each payment was received, as YOU understood it at the time;

s and (d) what, if anything, RAMOS told YOU about the reason for each such payment.

**RESPONSE TO INTERROGATORY NO. 27 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 7):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 28 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 8):**

Describe in detail all communications YOU had with RAMOS regarding the purchase of VEHICLES from Woodside or the PARTNER BANKS, including but not limited to: (a) how RAMOS first proposed or offered to sell VEHICLES to YOU; (b) how purchase prices were determined or negotiated; (c) what RAMOS told YOU about the process by which VEHICLES were being sold; and (d) what RAMOS told YOU about Woodside's role in the sale of the VEHICLES.

**RESPONSE TO INTERROGATORY NO. 28 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 8):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 29 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 9):**

You are alleged to have admitted that RAMOS told YOU that Woodside wanted the PARTNER BANKS to believe that automobiles were selling for higher

prices than what they would actually sell for (Complaint, ¶40). State whether YOU made such a statement, and if so: (a) to whom YOU made the statement; (b) when and where the statement was made; (c) the full substance of the statement; and (d) explain in detail what RAMOS told YOU and when he told YOU this.

**RESPONSE TO INTERROGATORY NO. 29 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 9):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 30 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 10):**

State all facts upon which YOU base YOUR Eleventh Affirmative Defense (Fraudulent Inducement by Others), including: (a) IDENTIFY each PERSON who allegedly induced YOUR conduct through fraudulent means; (b) describe each alleged fraudulent representation made to YOU; (c) state when and how each such representation was communicated to YOU; and (d) explain why YOU believed each such representation to be true.

**RESPONSE TO INTERROGATORY NO. 30 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 10):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 31 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 11):**

State all facts upon which YOU base YOUR Twelfth Affirmative Defense (Misrepresentation and Concealment by Others), including: (a) IDENTIFY the material misrepresentations allegedly made to YOU; (b) IDENTIFY the material details allegedly concealed from YOU; (c) IDENTIFY each PERSON who madeuch misrepresentations or concealed such details; and (d) describe the circumstances under which such misrepresentations were made or concealment occurred.

**RESPONSE TO INTERROGATORY NO. 31 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 11):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 32 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 12):**

IDENTIFY all bank accounts in YOUR name, or in which YOU had signatory authority or a beneficial interest, from January 1, 2022 to the present, including the name of the financial institution, the account number, the type of account, and the names of all persons with signatory authority on each account.

**RESPONSE TO INTERROGATORY NO. 32 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 12):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any

additional subparts in this Interrogatory.

**INTERROGATORY NO. 33 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 13):**

State whether YOU had any prior dealings with Woodside before the first VEHICLE purchase identified in Exhibit A to the Complaint, and if so, describe the nature and extent of those dealings, including any prior vehicle purchases from or through Woodside.

**RESPONSE TO INTERROGATORY NO. 33 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 13):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 34 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 14):**

Describe all communications YOU had with the MONTANA AGENT, including: (a) whether YOU ever communicated directly with the MONTANA AGENT; (b) if so, IDENTIFY the dates, method, and substance of each such communication; and (c) YOUR understanding of the MONTANA AGENT's role in the transactions at issue in this ACTION.

**RESPONSE TO INTERROGATORY NO. 34 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 14):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 35 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 15):**

State whether YOU or CLASSIC MOTORS maintained any written records, including but not limited to invoices, bills of sale, titles, receipts, text messages, emails, or other correspondence, relating to the purchase and/or resale of any VEHICLE at issue in this ACTION, and IDENTIFY all such DOCUMENTS.

**RESPONSE TO INTERROGATORY NO. 35 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 15):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 36 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 16):**

Describe the circumstances surrounding the purchase of the 2022 Aston Martin Vantage on or about February 9, 2024 for $136,000, including: (a) how YOU became aware the VEHICLE was available for purchase; (b) all communications with RAMOS regarding this purchase; (c) the source of funds used for the purchase; and (d) YOUR understanding of why a REFUND totaling $71,000 was paid to YOU and POPE in connection with this transaction.

**RESPONSE TO INTERROGATORY NO. 36 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 16):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 37 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 17):**

Describe the circumstances surrounding the purchase of the 2021 Rolls Royce Ghost on or about June 13, 2024 for $245,000, including: (a) how YOU became aware the VEHICLE was available for purchase; (b) all communications with RAMOS regarding this purchase; (c) the source of funds used for the purchase; and (d) what, if any, REFUND was received in connection with this transaction.

**RESPONSE TO INTERROGATORY NO. 37 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 17):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 38 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 18):**

With respect to the following four VEHICLES identified in Exhibit A to the Complaint for which neither Woodside nor its PARTNER BANKS received any sale proceeds — the 1972 Chevrolet Chevelle, the 2019 Rolls Royce, the 2005 Rolls Royce Wraith, and the 2020 Mercedes G Class — state: (a) whether YOU took possession of each such VEHICLE; (b) the current location and status of each such VEHICLE; (c) whether YOU or anyone acting on YOUR behalf purchased, sold, transferred, or otherwise disposed of each such VEHICLE, and if so, the date, manner, and price of any such transaction; (d) the source and amount of any funds paid in connection with each such VEHICLE; and (e) all facts known to YOU regarding the disposition of each such VEHICLE.

**RESPONSE TO INTERROGATORY NO. 38 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 18):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 39 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 19):**

State all facts supporting YOUR Second Affirmative Defense (Assumption of Risk), including IDENTIFYING the specific risks that YOU contend Plaintiff assumed and explaining how Plaintiff's conduct constituted an assumption of such risks.

**RESPONSE TO INTERROGATORY NO. 39 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 19):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 40 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 20):**

State all facts supporting YOUR Ninth Affirmative Defense (Unclean Hands), including IDENTIFYING the specific conduct by Plaintiff that YOU contend constitutes unclean hands and explaining how such conduct relates to the claims asserted in this ACTION.

**RESPONSE TO INTERROGATORY NO. 40 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 20):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 41 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 21):**

IDENTIFY all PERSONS who have knowledge of facts relevant to the allegations in the Complaint or YOUR defenses in this ACTION, and for each such PERSON, describe the subject matter of such knowledge.

**RESPONSE TO INTERROGATORY NO. 41 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 21):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 42 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 22):**

State whether YOU have been contacted by, interviewed by, or provided any statements to any law enforcement agency, including but not limited to the Federal Bureau of Investigation, the United States Attorney's Office, or any state or local law enforcement agency, in connection with the matters alleged in the Complaint, and if so, state the dates of such contacts and the identity of the agency and agents involved.

**RESPONSE TO INTERROGATORY NO. 42 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 22):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 43 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 23):**

State YOUR total gross income for each calendar year from 2022 through 2025, and IDENTIFY all sources of income during that period, including but not limited to income from the resale of VEHICLES.

**RESPONSE TO INTERROGATORY NO. 43 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 23):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 44 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 24):**

State whether YOU have ever been convicted of or pleaded guilty or no contest to any criminal offense, including any felony or misdemeanor, and if so, IDENTIFY the offense, the date of conviction or plea, the court, and the case number.

**RESPONSE TO INTERROGATORY NO. 44 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 24):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 45 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 25):**

IDENTIFY each PERSON who assisted YOU in preparing YOUR responses to these Interrogatories, and describe the nature of each such PERSON's assistance.

**RESPONSE TO INTERROGATORY NO. 45 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 25):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

Dated: May 15, 2026

LAW OFFICES OF DALE K. GALIPO

*/s/ Dale K. Galipo*
Dale K. Galipo
*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*