# EXHIBIT E

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02146-FWS-JDE<br><br>**DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY: Plaintiff Woodside Credit, LLC

RESPONDING PARTY: Defendant Classic Motors, Inc.

SET NUMBER: One (1)

**PRELIMINARY STATEMENT**

Responding Party has not fully completed an investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed trial preparation. All of the answers contained herein are based only upon such information and documents which are presently available to, and specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The following interrogatory responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall. Responding Party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this responding party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party. Responding Party incorporates the above preliminary statement into each and every response set forth below.

/ / /

/ / /

**DEFENDANT CLASSIC MOTORS, INC.'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S INTERROGATORIES, SET ONE**

**INTERROGATORY NO. 1:**

IDENTIFY CLASSIC MOTORS fully, including: (a) the state of incorporation or formation; (b) the date of incorporation or formation; (c) the principal place of business; (d) all business addresses from the date of formation to the present; (e) IDENTIFY all officers, directors, shareholders, and/or members from the date of formation to the present; and (f) describe the nature and scope of CLASSIC MOTORS' business operations.

**RESPONSE TO INTERROGATORY NO. 1:**

OBJECTION. Responding Party objects that, as phrased, the request is overbroad and unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Classic Motor Inc. is a used automotive dealer with a current license held in the state of Arizona. Date of start of business dealer license in Arizona January 1, 2023, date of Arizona incorporation October 27, 2022. Classic Motor Inc. previously held a dealer license in the state of California for approximately 25 years. Current business address is 7224 E McDowell Rd. #100A Scottsdale, AZ 85257.

**INTERROGATORY NO. 2:**

IDENTIFY all individuals who have served as officers, directors, managers, or authorized agents of CLASSIC MOTORS at any time from January 1, 2022 to the present, and state the title, role, and dates of service for each such individual.

**RESPONSE TO INTERROGATORY NO.2:**

Fadi Elias, president, for full period referenced.

**INTERROGATORY NO. 3:**

State the nature and duration of CLASSIC MOTORS' relationship with RAMOS, including when CLASSIC MOTORS or any of its principals first met or became acquainted with RAMOS, the circumstances under which they met, and describe every business interaction CLASSIC MOTORS has had with RAMOS from 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 3:**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (3) the nature and duration of Responding Party's relationship with RAMOS, including when Responding Party or any of its principals first met or became acquainted with RAMOS, the circumstances under which they met; and (3) a description of every business interaction Responding Party has had with RAMOS from 2017 to the present. Responding Party further objects that the Interrogatory is vague and ambiguous as phrased as to "business interaction." Responding Party further objects that, as phrased, the request is also overbroad and unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

<u>Response to Interrogatory No. 3:</u>

Responding Party has known Alexander Ramos, through Woodside Credit, since approximately mid 2021 when Classic Motors acquired its first vehicle through Woodside Credit. Responding Party was given Ramos's information from Scott

Steckel, who was Responding Party's loan representative at Woodside Credit, after Responding Party inquired about purchasing vehicles.

Response to Interrogatory No. 4:

Responding Party communicated with Alexander Ramos from time to time regarding vehicle purchases.

**INTERROGATORY NO. 5 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 4):**

State the nature and extent of ELIAS's ownership interest in, role at, and authority over CLASSIC MOTORS, including whether ELIAS has authority to bind CLASSIC MOTORS contractually, make purchases on behalf of CLASSIC MOTORS, and/or receive payments on behalf of CLASSIC MOTORS.

**RESPONSE TO INTERROGATORY NO. 5 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 4):**

OBJECTION. Responding Party objects that, as phrased, the request is overbroad and unduly burdensome.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Fadi Elias has been the owner and President of Classic Motor Inc. from its creation until now, with authority to enter into contracts, make purchases, and receive payments.

**INTERROGATORY NO. 6 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 5):**

State the nature and extent of POPE's ownership interest in, role at, and authority over CLASSIC MOTORS, including whether POPE has authority to bind CLASSIC MOTORS contractually, make purchases on behalf of CLASSIC MOTORS, and/or receive payments on behalf of CLASSIC MOTORS.

**RESPONSE TO INTERROGATORY NO. 6 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 5):**

OBJECTION. Responding Party objects that, as phrased, the request is overbroad and unduly burdensome. Responding Party objects that the request calls for a legal conclusion or legal opinion.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Jennifer Pope is not an owner of Classic Motor Inc. except by virtue of her marriage to Fadi Elias. Jennifer Pope worked with Fadi Elias at Classic Motor, Inc., assisting with online work, marketing, emails, online sales leads, paperwork for vehicle purchases, and assisting Fadi Elias with other miscellaneous tasks as needed.

**INTERROGATORY NO. 7 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 6):**

For each VEHICLE identified in Exhibit A to the Complaint that was purchased by or on behalf of CLASSIC MOTORS from Woodside or any PARTNER BANK, state: (a) the date of purchase; (b) the purchase price paid; (c) whether the purchase was made in the name of CLASSIC MOTORS, ELIAS, or another PERSON; (d) the source of the funds used to pay the purchase price; (e) the manner in which payment was made (e.g., wire transfer, check, cash); and (f) the bank account(s) from which such funds were drawn, identified by financial institution, account number, and account holder name.

**RESPONSE TO INTERROGATORY NO. 7 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 6):**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that

precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (7) for the 2019 Bentley Bentayga, the date of purchase; (8) for the 2019 Bentley Bentayga, the purchase price paid; (9) for the 2019 Bentley Bentayga, whether the purchase was made in the name of CLASSIC MOTORS, ELIAS, or another PERSON; (10) for the 2019 Bentley Bentayga, the source of the funds used to pay the purchase price; (11) for the 2019 Bentley Bentayga, the manner in which payment was made (e.g., wire transfer, check, cash); (12) for the 2019 Bentley Bentayga, the bank account(s) from which such funds were drawn, identified by financial institution, account number, and account holder name; (13) for the 2015 Mercedes G Class, the date of purchase; (14) for the 2015 Mercedes G Class, the purchase price paid; (15) for the 2015 Mercedes G Class, whether the purchase was made in the name of CLASSIC MOTORS, ELIAS, or another PERSON; (16) for the 2015 Mercedes G Class, the source of the funds used to pay the purchase price; (17) for the 2015 Mercedes G Class, the manner in which payment was made (e.g., wire transfer, check, cash); (18) for the 2015 Mercedes G Class, the bank account(s) from which such funds were drawn, identified by financial institution, account number, and account holder name; (19) for the 1970 Dodge Dart, the date of purchase; (20) for the 1970 Dodge Dart, the purchase price paid; (21) for the 1970 Dodge Dart, whether the purchase was made in the name of CLASSIC MOTORS, ELIAS, or another PERSON; (22) for the 1970 Dodge Dart, the source of the funds used to pay the purchase price; (23) for the 1970 Dodge Dart, the manner in which payment was made (e.g., wire transfer, check, cash); (24) for the 1970 Dodge Dart, the bank account(s) from which such funds were drawn, identified by financial institution, account number, and account holder name; (25) for the 2013 Bentley Continental, the date of purchase; and so forth, continuing beyond the 25 Interrogatory limit. Responding Party reserves the right to subsequently enumerate additional subparts of this Interrogatory as necessary. Responding Party further objects that the

Interrogatory is vague and ambiguous as phrased as to "whether the purchase was made in the name of." Responding Party further objects that, as phrased, the request is also overbroad and unduly burdensome. Responding Party objects that this Interrogatory infringes upon Responding Party's right to privacy.

Without waiving and subject to the aforementioned objections, and to the extent that Responding Party understands the request, Responding Party responds as follows:

Response to Interrogatory No. 7:

March 23, 2023.

Response to Interrogatory No. 8:

$80,000.

Response to Interrogatory No. 9:

Classic Motor Inc.

Response to Interrogatory No. 10:

Classic Motor Inc.

Response to Interrogatory No. 11:

Check.

Response to Interrogatory No. 12:

Wells Fargo.

Response to Interrogatory No. 13:

June 28, 2023.

Response to Interrogatory No. 14:

$55,000.

Response to Interrogatory No. 15:

Classic Motor Inc.

Response to Interrogatory No. 16:

Classic Motor Inc.

Response to Interrogatory No. 17:

Check.

<u>Response to Interrogatory No. 18:</u>

Wells Fargo.

<u>Response to Interrogatory No. 19:</u>

October 11, 2023.

<u>Response to Interrogatory No. 20:</u>

$7,000.

<u>Response to Interrogatory No. 21:</u>

Classic Motor Inc.

<u>Response to Interrogatory No. 22:</u>

Classic Motor Inc.

<u>Response to Interrogatory No. 23:</u>

Check.

<u>Response to Interrogatory No. 24:</u>

Wells Fargo.

<u>Response to Interrogatory No. 25:</u>

October 20, 2023.

(Additional subparts omitted. Responding Party reserves the right to subsequently identify additional subparts in this Interrogatory as necessary.)

**<u>INTERROGATORY NO. 26 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 7):</u>**

For each VEHICLE identified in YOUR response to Interrogatory No. 6, state: (a) whether CLASSIC MOTORS resold the VEHICLE; (b) if resold, the date of resale, the identity of the buyer, and the resale price; (c) the profit or loss realized by CLASSIC MOTORS on each resale; (d) whether any portion of the proceeds or profits from any such resale was shared with, paid to, or transferred to RAMOS or any other PERSON not affiliated with CLASSIC MOTORS, and if so, IDENTIFY each such PERSON and state the amount paid or transferred.

**RESPONSE TO INTERROGATORY NO. 26 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 7):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 27 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 8):**

For each check or wire transfer identified in Exhibit B to the Complaint made payable to CLASSIC MOTORS, state: (a) whether CLASSIC MOTORS received such payment; (b) the bank account into which each such payment was deposited, identified by financial institution, account number, and account holder name; (c) CLASSIC MOTORS' understanding of the purpose of each payment at the time it was received; and (d) what, if anything, RAMOS communicated to CLASSIC MOTORS or its principals about the reason for each such payment.

**RESPONSE TO INTERROGATORY NO. 27 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 8):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 28 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 9):**

IDENTIFY all bank accounts held in the name of CLASSIC MOTORS, or in which CLASSIC MOTORS had a beneficial interest, from January 1, 2022 to the present, including the name of the financial institution, the account number, the type

of account, and the names of all persons with signatory authority on each account.

**RESPONSE TO INTERROGATORY NO. 28 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 9):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 29 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 10):**

State CLASSIC MOTORS' total gross revenue for each calendar year from 2022 through 2025, and separately state the revenue attributable to the purchase and resale of VEHICLES obtained from Woodside or the PARTNER BANKS during each such year.

**RESPONSE TO INTERROGATORY NO. 29 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 10):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 30 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 11):**

Describe all communications between CLASSIC MOTORS or any of its principals, officers, employees, or agents and RAMOS regarding the purchase of VEHICLES from Woodside or the PARTNER BANKS, including but not limited to: (a) how RAMOS first proposed or offered to sell VEHICLES to CLASSIC MOTORS; (b) how purchase prices were determined or negotiated; (c) what

RAMOS told CLASSIC MOTORS about the process by which VEHICLES were being sold; and (d) what RAMOS told CLASSIC MOTORS about Woodside's role in the sale of the VEHICLES.

**RESPONSE TO INTERROGATORY NO. 30 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 11):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 31 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 12):**

Describe all communications between CLASSIC MOTORS or any of its principals, officers, employees, or agents and the MONTANA AGENT, including: (a) whether CLASSIC MOTORS ever communicated directly with the MONTANA AGENT; (b) if so, IDENTIFY the dates, method, and substance of each such communication; and (c) CLASSIC MOTORS' understanding of the MONTANA AGENT's role in the transactions at issue in this ACTION.

**RESPONSE TO INTERROGATORY NO. 31 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 12):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 32 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 13):**

State what CLASSIC MOTORS or any of its principals knew, at any time

prior to the filing of the Complaint, about: (a) the source of funds used to make REFUND payments to CLASSIC MOTORS; (b) the relationship between RAMOS and the MONTANA AGENT; (c) RAMOS's position and role at Woodside; and (d) the manner in which Woodside disposed of repossessed vehicles.

**RESPONSE TO INTERROGATORY NO. 32 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 13):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 33 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 14):**

State all facts upon which CLASSIC MOTORS bases its Eleventh Affirmative Defense (Fraudulent Inducement by Others), including: (a) IDENTIFY each PERSON who allegedly induced CLASSIC MOTORS' conduct through fraudulent means; (b) describe each alleged fraudulent representation made to CLASSIC MOTORS; (c) state when and how each such representation was communicated to CLASSIC MOTORS; and (d) explain why CLASSIC MOTORS believed each such representation to be true.

**RESPONSE TO INTERROGATORY NO. 33 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 14):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 34 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 15):**

State all facts upon which CLASSIC MOTORS bases its Twelfth Affirmative Defense (Misrepresentation and Concealment by Others), including: (a) IDENTIFY the material misrepresentations allegedly made to CLASSIC MOTORS; (b) IDENTIFY the material details allegedly concealed from CLASSIC MOTORS; (c) IDENTIFY each PERSON who made such misrepresentations or concealed such details; and (d) describe the circumstances under which such misrepresentations were made or concealment occurred.

**RESPONSE TO INTERROGATORY NO. 34 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 15):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 35 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 16):**

State all facts supporting CLASSIC MOTORS' Second Affirmative Defense (Assumption of Risk), including IDENTIFYING the specific risks that CLASSIC MOTORS contends Plaintiff assumed and explaining how Plaintiff's conduct constituted an assumption of such risks.

**RESPONSE TO INTERROGATORY NO. 35 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 16):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any

additional subparts in this Interrogatory.

**INTERROGATORY NO. 36 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 17):**

State all facts supporting CLASSIC MOTORS' Ninth Affirmative Defense (Unclean Hands), including IDENTIFYING the specific conduct by Plaintiff that CLASSIC MOTORS contends constitutes unclean hands and explaining how such conduct relates to the claims asserted in this ACTION.

**RESPONSE TO INTERROGATORY NO. 36 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 17):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 37 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 18):**

State all facts supporting CLASSIC MOTORS' Third Affirmative Defense (Comparative Fault), IDENTIFYING the specific acts or omissions of Plaintiff or any other PERSON that CLASSIC MOTORS contends contributed to Plaintiff's alleged damages.

**RESPONSE TO INTERROGATORY NO. 37 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 18):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 38 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 19):**

With respect to the following four VEHICLES identified in Exhibit A to the Complaint for which neither Woodside nor its PARTNER BANKS received any sale proceeds — the 1972 Chevrolet Chevelle, the 2019 Rolls Royce, the 2005 Rolls Royce Wraith, and the 2020 Mercedes G Class — state: (a) whether CLASSIC MOTORS took possession of each such VEHICLE; (b) the current location and status of each such VEHICLE; (c) whether CLASSIC MOTORS or anyone acting on its behalf purchased, sold, transferred, or otherwise disposed of each such VEHICLE, and if so, the date, manner, and price of any such transaction; (d) the source and amount of any funds paid in connection with each such VEHICLE; and (e) all facts known to CLASSIC MOTORS regarding the disposition of each such VEHICLE.

**RESPONSE TO INTERROGATORY NO. 38 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 19):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 39 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 20):**

State whether CLASSIC MOTORS has been contacted by, interviewed by, or provided any statements to any law enforcement agency, including but not limited to the Federal Bureau of Investigation, the United States Attorney's Office, or any state or local law enforcement agency, in connection with the matters alleged in the Complaint, and if so, state the dates of such contacts and the identity of the agency and agents involved.

**<u>RESPONSE TO INTERROGATORY NO. 39 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 20):</u>**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**<u>INTERROGATORY NO. 40 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 21):</u>**

State whether CLASSIC MOTORS maintained any written records, including but not limited to invoices, bills of sale, titles, receipts, text messages, emails, or other correspondence, relating to the purchase and/or resale of any VEHICLE at issue in this ACTION, and IDENTIFY all such DOCUMENTS.

**<u>RESPONSE TO INTERROGATORY NO. 40 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 21):</u>**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**<u>INTERROGATORY NO. 41 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 22):</u>**

IDENTIFY all PERSONS who have knowledge of facts relevant to the allegations in the Complaint or CLASSIC MOTORS' defenses in this ACTION, and for each such PERSON, describe the subject matter of such knowledge.

**RESPONSE TO INTERROGATORY NO. 41 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 22):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 42 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 23):**

State whether any agreement or understanding existed, at any time, between CLASSIC MOTORS and RAMOS regarding the purchase or resale of VEHICLES from Woodside or the PARTNER BANKS, including any agreement regarding the sharing of profits. If so, describe the terms of any such agreement, when and how it was formed, and all payments made pursuant to it.

**RESPONSE TO INTERROGATORY NO. 42 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 23):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 43 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 24):**

State whether CLASSIC MOTORS holds any licenses or permits to operate as an automobile dealer in any state, and if so, IDENTIFY each such license or permit by state, license number, and effective dates.

**<u>RESPONSE TO INTERROGATORY NO. 43 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 24):</u>**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**<u>INTERROGATORY NO. 44 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 25):</u>**

IDENTIFY each PERSON who assisted in preparing CLASSIC MOTORS' responses to these Interrogatories, and describe the nature of each such PERSON's assistance.

**<u>RESPONSE TO INTERROGATORY NO. 44 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 25):</u>**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

Dated: May 15, 2026

LAW OFFICES OF DALE K. GALIPO

*<u>/s/ Dale K. Galipo</u>*
Dale K. Galipo
*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*