# EXHIBIT F

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02146-FWS-JDE<br><br>**DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY: Plaintiff Woodside Credit, LLC

RESPONDING PARTY: Defendant Jennifer Pope

SET NUMBER: One (1)

**PRELIMINARY STATEMENT**

Responding Party has not fully completed an investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed trial preparation. All of the answers contained herein are based only upon such information and documents which are presently available to, and specifically known to this Responding Party and disclose only those contentions which presently occur to such Responding Party.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The following interrogatory responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall. Responding Party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this responding party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party. Responding Party incorporates the above preliminary statement into each and every response set forth below.

/ / /

/ / /

**DEFENDANT JENNIFER POPE'S RESPONSES TO PLAINTIFF WOODSIDE CREDIT, LLC'S INTERROGATORIES, SET ONE**

**INTERROGATORY NO. 1:**

IDENTIFY YOURSELF fully, including YOUR full legal name, all aliases or other names by which YOU have been known, YOUR date of birth, YOUR current residential address, and all residential addresses at which YOU have resided from January 1, 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 1:**

OBJECTION. Responding Party objects that this Interrogatory infringes upon Responding Party's right to privacy.

Without waiving said objections, Responding Party responds as follows: Jennifer Ann Pope; April 10, 1982; 24418 N. 85th St. Scottsdale, AZ 85255.

**INTERROGATORY NO. 2:**

State the nature and duration of YOUR relationship with ELIAS, including whether YOU are married to or in a domestic partnership with ELIAS, the date of any marriage or partnership, and describe all joint financial accounts, business interests, or other financial arrangements between YOU and ELIAS.

**RESPONSE TO INTERROGATORY NO. 2:**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (2) the nature and duration of Responding Party's relationship with ELIAS, including whether Responding Party is married to or in a domestic

partnership with ELIAS, the date of any marriage or partnership; and (3) a description of all joint financial accounts, business interests, or other financial arrangements between Responding Party and ELIAS. Responding Party further objects that this Interrogatory infringes upon Responding Party's right to privacy, marital privilege, and marital communications. As phrased, the request is also overbroad and unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

Response to Interrogatory No. 2:

Responding Party has been married to Fadi Elias for 23 years.

Response to Interrogatory No. 3:

Responding Party declines to answer based on the objections asserted.

**INTERROGATORY NO. 4 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 3):**

State the nature and duration of YOUR relationship with RAMOS, including when YOU first met or became acquainted with RAMOS, the circumstances under which YOU met, and describe every interaction YOU have had with RAMOS from 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 4 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 3):**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (4) the nature and duration of Responding Party's relationship

with RAMOS, including when Responding Party first met or became acquainted with RAMOS, the circumstances under which Responding Party met; and (5) a description of every interaction Responding Party has had with RAMOS from 2017 to the present. Responding Party further objects that, as phrased, the request is also overbroad and unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

Response to Interrogatory No. 4:

Responding Party has known Alexander Ramos, through Woodside Credit, since approximately mid 2021 when Classic Motors acquired its first vehicle through Woodside Credit.

Response to Interrogatory No. 5:

Responding Party communicated with Alexander Ramos from time to time regarding vehicle purchases.

**INTERROGATORY NO. 6 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 4):**

State the nature of YOUR relationship with CLASSIC MOTORS, including YOUR ownership interest (if any), YOUR role, title, or position, the dates of YOUR involvement, and describe all duties and responsibilities YOU have performed on behalf of CLASSIC MOTORS from its formation to the present.

**RESPONSE TO INTERROGATORY NO. 6 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 4):**

OBJECTION. Responding Party objects that, as phrased, the request is overbroad and unduly burdensome.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Responding Party worked with Fadi Elias at Classic Motor, Inc., assisting with online work, marketing, emails, online sales leads, paperwork for vehicle purchases, and assisting Fadi Elias with other miscellaneous

tasks as needed.

**INTERROGATORY NO. 7 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 5):**

Regarding the check dated February 8, 2024 in the amount of $35,000 made payable to YOU from the MONTANA AGENT (as identified in Exhibit B to the Complaint), state: (a) whether YOU received this check; (b) the bank account into which this check was deposited, identified by financial institution, account number, and account holder name; (c) YOUR understanding of the purpose of this payment at the time YOU received it; (d) what, if anything, RAMOS or ELIAS told YOU about the reason for this payment; and (e) how the funds were used after deposit.

**RESPONSE TO INTERROGATORY NO. 7 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 5):**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (7) whether Responding Party received this check; (8) the bank account into which the check was deposited, identified by financial institution, account number, and account holder name; (9) Responding Party's understanding of the purpose of this payment at the time Responding Party received it; (10) what, if anything, RAMOS or ELIAS told Responding Party about the reason for this payment; and (11) how the funds were used after deposit. Responding Party further objects that, as phrased, the request is also overbroad and unduly burdensome, and exceeds the permissible scope of discovery.

Without waiving and subject to the aforementioned objections, Responding

Party responds as follows:

Response to Interrogatory No. 7:

Yes.

Response to Interrogatory No. 8:

Responding Party is conducting a diligent search and reasonable inquiry in an effort to gain information necessary to respond to this Interrogatory, and will supplement this Response when such search and inquiry are complete.

Response to Interrogatory No. 9:

Responding Party did not know what the purpose of this payment was at the time Responding Party received it.

Response to Interrogatory No. 10:

Based on communications from Alexander Ramos, Responding Party came to understand that Alexander Ramos mistakenly believed that Responding Party intended to personally retain the vehicle for personal use, and that the check was intended as a refund for overpayment.

Response to Interrogatory No. 11:

Responding Party is conducting a diligent search and reasonable inquiry in an effort to gain information necessary to respond to this Interrogatory, and will supplement this Response when such search and inquiry are complete.

**INTERROGATORY NO. 12 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 6):**

State whether YOU received any other payments, funds, checks, wire transfers, or other monetary benefits, directly or indirectly, from or through RAMOS, the MONTANA AGENT, or any other PERSON in connection with the VEHICLE transactions at issue in this ACTION, other than the payment identified in Interrogatory No. 5. If so, IDENTIFY each such payment, including the date, amount, source, and YOUR understanding of the purpose of each payment.

**RESPONSE TO INTERROGATORY NO. 12 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 6):**

OBJECTION. Responding Party objects that, as phrased, the request is overbroad and unduly burdensome.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Responding Party is unaware of any other payments.

**INTERROGATORY NO. 12 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 6):**

Describe YOUR knowledge of and involvement in the purchase and/or resale of each VEHICLE identified in Exhibit A to the Complaint, including: (a) whether YOU participated in any decisions regarding the purchase of any VEHICLE; (b) whether YOU had any role in negotiating purchase or resale prices; (c) whether YOU signed any documents related to any VEHICLE purchase or sale; and (d) whether YOU received any proceeds from the resale of any VEHICLE.

**RESPONSE TO INTERROGATORY NO. 13 (ERRONEOUSLY LABELED AS INTERROGATORY NO. 7):**

OBJECTION. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party objects on the grounds that this Interrogatory, through its multiple discrete subparts, improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. This Interrogatory requests: (12) for the 2019 Bentley Bentayga, whether Responding Party participated in any decisions regarding the purchase; (13) for the 2019 Bentley Bentayga, whether Responding Party had any role in negotiating purchase or resale prices; (14) for the 2019 Bentley Bentayga, whether Responding Party signed any documents related to any purchase or sale; and (15) for the 2019 Bentley Bentayga,

whether Responding Party received any proceeds from the resale; (16) for the 2015 Mercedes G Class, whether Responding Party participated in any decisions regarding the purchase; (17) for the 2015 Mercedes G Class, whether Responding Party had any role in negotiating purchase or resale prices; (18) for the 2015 Mercedes G Class, whether Responding Party signed any documents related to any purchase or sale; and (19) for the 2015 Mercedes G Class, whether Responding Party received any proceeds from the resale; (20) for the 1970 Dodge Dart, whether Responding Party participated in any decisions regarding the purchase; (21) for the 1970 Dodge Dart, whether Responding Party had any role in negotiating purchase or resale prices; (22) for the 1970 Dodge Dart, whether Responding Party signed any documents related to any purchase or sale; and (23) for the 1970 Dodge Dart, whether Responding Party received any proceeds from the resale; (24) for the 2013 Bentley Continental, whether Responding Party participated in any decisions regarding the purchase; (25) for the 2013 Bentley Continental, whether Responding Party had any role in negotiating purchase or resale prices; and so forth, continuing beyond the 25 Interrogatory limit. Responding Party reserves the right to subsequently enumerate additional subparts of this Interrogatory as necessary. Responding Party further objects that, as phrased, the request is also overbroad and unduly burdensome.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

Response to Interrogatory No. 12:

Responding Party does not recall participating in decisions regarding the purchase.

Response to Interrogatory No. 13:

No. Responding Party only assisted with online marketing and sales paperwork.

Response to Interrogatory No. 14:

No.

Response to Interrogatory No. 15:

No.

Response to Interrogatory No. 16:

Responding Party does not recall participating in decisions regarding the purchase.

Response to Interrogatory No. 17:

No. Responding Party only assisted with online marketing and sales paperwork.

Response to Interrogatory No. 18:

No.

Response to Interrogatory No. 19:

No.

Response to Interrogatory No. 20:

Responding Party does not recall participating in decisions regarding the purchase.

Response to Interrogatory No. 21:

No. Responding Party only assisted with sales paperwork.

Response to Interrogatory No. 22:

No.

Response to Interrogatory No. 23:

No.

Response to Interrogatory No. 24:

Responding Party does not recall participating in decisions regarding the purchase.

Response to Interrogatory No. 25:

No. Responding Party only assisted with a condition report, online marketing, and sales paperwork.

(Additional subparts omitted. Responding Party reserves the right to

subsequently identify additional subparts in this Interrogatory as necessary.)

**INTERROGATORY NO. 26 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 8):**

IDENTIFY all bank accounts in YOUR name, or in which YOU had signatory authority or a beneficial interest, from January 1, 2022 to the present, including the name of the financial institution, the account number, the type of account, and the names of all persons with signatory authority on each account.

**RESPONSE TO INTERROGATORY NO. 26 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 8):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 27 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 9):**

Describe all communications YOU had with RAMOS, including: (a) the dates, method, and substance of each such communication; (b) whether any such communications concerned the purchase or sale of VEHICLES; and (c) whether any such communications concerned payments from the MONTANA AGENT.

**RESPONSE TO INTERROGATORY NO. 27 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 9):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 28 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 10):**

Describe all communications YOU had with the MONTANA AGENT or Amy Fisher, including: (a) whether YOU ever communicated directly with the MONTANA AGENT; (b) if so, IDENTIFY the dates, method, and substance of each such communication; and (c) YOUR understanding of the MONTANA AGENT's role in the transactions at issue in this ACTION.

**RESPONSE TO INTERROGATORY NO. 28 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 10):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 29 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 11):**

State what YOU knew, at any time prior to the filing of the Complaint, about: (a) the source of funds used to purchase VEHICLES from Woodside or the PARTNER BANKS; (b) the REFUND payments from the MONTANA AGENT to ELIAS, CLASSIC MOTORS, or YOURSELF; (c) the relationship between RAMOS and the MONTANA AGENT; and (d) RAMOS's position and role at Woodside.

**RESPONSE TO INTERROGATORY NO. 29 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 11):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**<u>INTERROGATORY NO. 30 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 12):</u>**

State all facts upon which YOU base YOUR Eleventh Affirmative Defense (Fraudulent Inducement by Others), including: (a) IDENTIFY each PERSON who allegedly induced YOUR conduct through fraudulent means; (b) describe each alleged fraudulent representation made to YOU; (c) state when and how each such representation was communicated to YOU; and (d) explain why YOU believed each such representation to be true.

**<u>RESPONSE TO INTERROGATORY NO. 30 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 12):</u>**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**<u>INTERROGATORY NO. 31 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 13):</u>**

State all facts upon which YOU base YOUR Twelfth Affirmative Defense (Misrepresentation and Concealment by Others), including: (a) IDENTIFY the material misrepresentations allegedly made to YOU; (b) IDENTIFY the material details allegedly concealed from YOU; (c) IDENTIFY each PERSON who made such misrepresentations or concealed such details; and (d) describe the circumstances under which such misrepresentations were made or concealment occurred.

**<u>RESPONSE TO INTERROGATORY NO. 31 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 13):</u>**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party

reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 32 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 14):**

State all facts supporting YOUR Second Affirmative Defense (Assumption of Risk), including IDENTIFYING the specific risks that YOU contend Plaintiff assumed and explaining how Plaintiff's conduct constituted an assumption of such risks.

**RESPONSE TO INTERROGATORY NO. 32 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 14):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 33 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 15):**

State all facts supporting YOUR Ninth Affirmative Defense (Unclean Hands), including IDENTIFYING the specific conduct by Plaintiff that YOU contend constitutes unclean hands and explaining how such conduct relates to the claims asserted in this ACTION.

**RESPONSE TO INTERROGATORY NO. 33 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 15):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 34 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 16):**

State whether YOU are or have ever been an officer, director, shareholder, member, partner, or employee of CLASSIC MOTORS, and if so, describe YOUR role, the dates of YOUR involvement, and all compensation YOU received from CLASSIC MOTORS.

**RESPONSE TO INTERROGATORY NO. 34 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 16):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 35 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 17):**

State YOUR total gross income for each calendar year from 2022 through 2025, and IDENTIFY all sources of income during that period.

**RESPONSE TO INTERROGATORY NO. 35 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 17):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 36 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 18):**

State whether YOU have been contacted by, interviewed by, or provided any statements to any law enforcement agency, including but not limited to the Federal

Bureau of Investigation, the United States Attorney's Office, or any state or local law enforcement agency, in connection with the matters alleged in the Complaint, and if so, state the dates of such contacts and the identity of the agency and agents involved.

**RESPONSE TO INTERROGATORY NO. 36 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 18):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 37 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 19):**

IDENTIFY all PERSONS who have knowledge of facts relevant to the allegations in the Complaint or YOUR defenses in this ACTION, and for each such PERSON, describe the subject matter of such knowledge.

**RESPONSE TO INTERROGATORY NO. 37 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 19):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 38 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 20):**

State whether YOU have ever been convicted of or pleaded guilty or no contest to any criminal offense, including any felony or misdemeanor, and if so, IDENTIFY the offense, the date of conviction or plea, the court, and the case

number.

**RESPONSE TO INTERROGATORY NO. 38 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 20):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 39 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 21):**

Describe any agreement or understanding, whether oral or written, between YOU and ELIAS and/or CLASSIC MOTORS regarding the purchase or resale of VEHICLES obtained from Woodside or the PARTNER BANKS.

**RESPONSE TO INTERROGATORY NO. 39 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 21):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 40 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 22):**

State all facts supporting YOUR Third Affirmative Defense (Comparative Fault), IDENTIFYING the specific acts or omissions of Plaintiff or any other PERSON that YOU contend contributed to Plaintiff's alleged damages.

**RESPONSE TO INTERROGATORY NO. 40 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 22):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 41 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 23):**

State whether YOU maintain or have access to any documents, text messages, emails, voicemails, or other communications between YOU and RAMOS, YOU and the MONTANA AGENT, or YOU and ELIAS regarding the transactions at issue in this ACTION, and if so, IDENTIFY all such communications.

**RESPONSE TO INTERROGATORY NO. 41 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 23):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 42 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 24):**

IDENTIFY each PERSON who assisted YOU in preparing YOUR responses to these Interrogatories, and describe the nature of each such PERSON's assistance.

**RESPONSE TO INTERROGATORY NO. 42 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 24):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-

interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

**INTERROGATORY NO. 43 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 25):**

State whether any agreement or understanding existed, at any time, between YOURSELF, ELIAS, CLASSIC MOTORS, and/or RAMOS regarding the sharing of profits from the resale of VEHICLES purchased from Woodside or the PARTNER BANKS. If so, describe the terms of any such agreement, when and how it was formed, and all payments made pursuant to it.

**RESPONSE TO INTERROGATORY NO. 43 (ERRONEOUSLY IDENTIFIED AS INTERROGATORY NO. 25):**

OBJECTION. Responding Party objects that this interrogatory, given the multiple discrete subparts of the previous interrogatories, exceeds the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33. Responding Party reserves the right to raise additional objections as necessary, including based on any additional subparts in this Interrogatory.

Dated: May 15, 2026

LAW OFFICES OF DALE K. GALIPO

*/s/ Dale K. Galipo*
Dale K. Galipo
*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*