# EXHIBIT G

GEOFFREY A. NERI, State Bar No. 258802
*Geoff@bnsklaw.com*
**BROWN NERI & SMITH LLP**
11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025
T: (310) 593-9890
F: (310) 593-9980
Attorneys for Plaintiff, WOODSIDE CREDIT, LLC

.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02146-FWS-JDE<br><br>**PLAINTIFF WOODISDE CREDIT, LLC'S RULE 26(a) INITIAL DISCLOSURES** |

Plaintiff Woodside Credit, LLC ("Plaintiff" or "Woodside"), through its attorneys of record, hereby discloses the following witnesses and documents that Plaintiff may use to support its claims that are known to Plaintiff at this time. Plaintiff's investigation of this case and the facts associated therewith is ongoing and preliminary. Accordingly, Plaintiff reserves the right to supplement, amend, or modify the following Initial Disclosures as necessary should new or additional information be discovered or become available.

I. **Witnesses**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Plaintiff identifies the following individuals likely to have discoverable information that Plaintiff may use to support its claims or defenses, unless the use would be solely for impeachment:

1. Brian Trevisan, c/o Plaintiff's counsel. Employment at Woodside of Defendant Alexander Ramos ("Ramos") and discovery of the fraudulent scheme at issue in the Complaint; Woodside's business operations and practices; damages.

2. Brooke Perez, c/o Plaintiff's counsel. Title department operations; discovery of the TT&L[1] fraudulent scheme; Ramos' conduct and misrepresentations.

3. Ramos, Santa Ana Jail. The fraudulent scheme; conspiracy with Elias Defendants; misappropriation of TT&L fees; creation of Ramos-Woodside account; transactions with Montana Agent.

4. Fadi Elias, c/o Defendants' counsel. Vehicle purchases from Partner Banks; receipt of fraudulent refunds from Montana Agent; conspiracy with Ramos; admissions regarding the scheme.

5. Jennifer Pope, c/o Defendants' counsel. Vehicle purchases; receipt of fraudulent payments; relationship to Classic Motors, Inc. and Fadi Elias.

6. Amy Fisher (Montana Agent), Agent for Montana Titles, Inc., Montana

---

[1] Acronyms and capitalized defined terms used herein have the same meaning as ascribed to them in the operative Complaint.

Operation of Valley Bank account; receipt of TT&L fees from Woodside; disbursements to Ramos, Elias Defendants, and Ramos-Woodside account.

7. Representatives of Partner Banks (names to be supplemented), c/o respective institutions. Loan transactions; approval of vehicle sales; communications with Ramos regarding repossessed vehicles.

8. FBI Investigators (names to be supplemented), Federal Bureau of Investigation. Investigation of Ramos and the criminal conspiracy; evidence obtained; Ramos' arrest and prosecution.

9. Newport Beach Police Department personnel (names to be supplemented). Initial investigation; referral to FBI.

10. Other Woodside employees with knowledge (names to be supplemented), c/o Plaintiff's counsel. Woodside's business operations; Ramos' conduct and responsibilities; discovery of the fraud.

Plaintiff incorporates by reference all witnesses identified in all Defendants' Initial Disclosures. Plaintiff reserves the right to identify additional individuals with such knowledge as such persons become known or the information they may possess becomes relevant to the claims or defenses of any party, pursuant to Rule 26(e).

## II. <u>Documents</u>

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Plaintiff hereby describes by category and location all documents, electronically stored information, and tangible things that Plaintiff has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

1. Ramos' employment records, including personnel file, performance evaluations, job descriptions, and employment agreements.

2. TT&L fee records, including check requests, payment records, and accounting documents related to title, tax, and licensing fees.

3. Bank records for the "Ramos-Woodside Credit, LLC" Chase Bank account.

4. Bank records from Agent for Montana Titles, Inc. (Valley Bank of Helena - Glacier Bank account), including records of deposits and disbursements.

5. Records of 48 checks and wires from Montana Agent to Elias, Classic Motors, Inc., and Jennifer Pope totaling $1,419,803.

6. Records of the 21 vehicle purchases by Elias Defendants from Partner Banks totaling $1,801,000.

7. Loan files and related documentation for vehicles involved in the fraudulent scheme.

8. Emails from Ramos' Woodside email account, including communications with Montana Agent and Elias Defendants.

9. Records from Partner Banks relating to loan transactions, repossessed vehicles, and communications with Ramos.

10. Federal criminal case documents relating to Ramos' arrest, charges, and plea agreement.

11. Spreadsheets summarizing vehicle transactions and fraudulent payments (Exhibits A and B to the Complaint).

## III. <u>Computation of Damages</u>

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Plaintiff provides the following computation of each category of damages claimed, and makes available for inspection and copying the documents or other evidentiary material on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

Plaintiff seeks to recover damages in an amount not less than $4,000,000, computed as follows:

1. Misappropriated TT&L fees directed to Montana Agent and siphoned to Ramos-Woodside account and other recipients: approximately $4,000,000.

2. Fraudulent "refunds" paid to Elias Defendants through Montana Agent: $1,419,803.

3. Losses on vehicle sales to Elias Defendants at below-market prices.

4. Attorneys' fees and costs incurred in investigating and exposing the fraud.

5. Treble damages pursuant to 18 U.S.C. § 1964(c) for RICO violations.

6. Punitive and exemplary damages.

7. Prejudgment interest.

Documents supporting this damages computation include bank records, payment records, loan files, accounting records, and the spreadsheets attached to the Complaint as Exhibits A and B. Plaintiff reserves the right to supplement this damages computation as discovery proceeds.

**IV. <u>Insurance</u>**

Plaintiff is not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Counsel for Plaintiff certifies that, to the best of their knowledge, information and belief, formed after an inquiry that is reasonable under the circumstances, this disclosure is complete and correct as of the date indicated below. However, counsel reserves the right to supplement or amend this disclosure as additional information becomes available, through discovery or otherwise.

DATED: January 15, 2026

BROWN, NERI & SMITH LLP

By: *Geoffrey A. Neri*
Geoffrey A. Neri

Attorneys for Plaintiff,
WOODSIDE CREDIT, LLC