Geoffrey Neri (SBN 258802)
Geoff@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

WOODSIDE CREDIT, LLC, a California limited liability company,

Plaintiff,

vs.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**PLAINTIFF WOODSIDE CREDIT, LLC'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF FADI ELIAS AND JENNIFER POPE FILED IN SUPPORT OF DEFENDANTS FADI ELIAS, JENNIFER POPE, AND CLASSIC MOTORS, INC.'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION**

[Filed concurrently with Opposition; Statement of Genuine Disputes; Declaration of Geoffrey A. Neri and exhibits thereto; and Declaration of Brian Trevisan]

Date: October 15, 2026
Time: 10:00 a.m.
Crtrm.: 10A

Complaint Filed: Sept. 22, 2025
Trial Date: February 2, 2027

## EVIDENTIARY OBJECTIONS

Pursuant to Section IX.f of the Court's Civil Standing Order, Plaintiff Woodside Credit, LLC submits the following objections to the Declaration of Fadi Elias (Dkt. 47-3) and the Declaration of Jennifer Pope (Dkt. 47-2). Citations are to the declarations' internal page and line numbers.

| Evidence Objected To | Objection |
|---|---|
| 1. Elias Decl. ¶ 7 (2:18–24); Pope Decl. ¶ 6 (2:10–16): "During all of these communications, Ramos continually and consistently represented that this arrangement . . . was known to and desired by Woodside Credit, and that Ramos was coordinating the transactions in this manner in his capacity and as part of his responsibilities as an executive officer for Woodside Credit." | Lacks foundation; vague and conclusory. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c)(4). The testimony identifies no date, medium, or specific statement and characterizes communications rather than stating facts. Best evidence, to the extent the communications were written. Fed. R. Evid. 1002. |
| 2. Elias Decl. ¶ 8 (3:2–3); Pope Decl. ¶ 7 (2:22–24): "The account name included the name 'Woodside Credit, LLC,' indicating that this was an official account owned and operated by Woodside Credit." | Best evidence: the testimony is offered to prove the content of a writing (the account name on payment instructions, checks, or wire records) that is not produced. Fed. R. Evid. 1002. Speculation and improper lay opinion as to who owned and operated the account. Fed. R. Evid. 602, 701. |
| 3. Pope Decl. ¶ 6 (1:24–25, 1:27–28, 2:11) and ¶ 8 (3:7–12): statements about what Ramos told Mr. Elias, "of which Fadi Elias informed me." | Hearsay within hearsay, to the extent offered to prove what Ramos said to Mr. Elias; lack of personal knowledge. Fed. R. Evid. 602, 801, 802, 805. |
| 4. Elias Decl. ¶ 6 (2:1–4); Pope Decl. ¶ 5 (1:17–20): Ramos facilitated the sales "on Woodside Credit's behalf or on behalf of the partner banks." | Lacks foundation and personal knowledge as to on whose behalf Ramos acted; improper legal conclusion. Fed. R. Evid. 602, 701. |
| 5. Elias Decl. ¶ 11 (4:4–7); Pope Decl. ¶ 10 (3:26–4:2): no Woodside employee or officer | Irrelevant. Fed. R. Evid. 401, 402. That others at Woodside, from whom Ramos |

| Evidence Objected To | Objection |
|---|---|
| contacted the declarants to advise that the transactions lacked Woodside's knowledge or approval. | concealed the scheme, did not contact the declarants is not probative of what the declarants knew. |
| 6. Elias Decl. ¶¶ 7–10; Pope Decl. ¶¶ 6–9: testimony describing the declarants' communications with Ramos, the reasons given for the payments, and why the declarants believed them. | The Elias Defendants refused to answer interrogatories on each of these subjects and withheld the documents they committed to produce. (Neri Decl. ¶¶ 5–6 & Exs. D–F.) By the standard the motion itself invokes, information "not timely disclosed or produced during discovery" may not be used on summary judgment. (Mot. at 7.) Fed. R. Civ. P. 26(e), 37(c)(1). |

Respectfully submitted,

DATED: September 18, 2026

BROWN NERI SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri
Attorneys for Plaintiff
WOODSIDE CREDIT, LLC