Geoffrey A. Neri (SBN 258802)
Geoff@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

WOODSIDE CREDIT, LLC, a California limited liability company,

Plaintiff,

vs.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**PLAINTIFF WOODSIDE CREDIT, LLC'S REQUEST FOR ORDER UNDER FED. R. CIV. P. 6(b)(1)(B) ACCEPTING ITS OPPOSITION TO THE ELIAS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT(DKT. 51–55) AS TIMELY FILED; MEMORANDUM OF POINTS AND AUTHORITIES**

[Declaration of Geoffrey A. Neri and[Proposed] Order filed concurrently]

Complaint Filed: Sept. 22, 2025
Trial Date: February 2, 2027

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Plaintiff Woodside Credit, LLC ("Woodside") requests and moves, under Federal Rules of Civil Procedure 6(b)(1)(B) and 7(b)(1), for an order extending to September 18, 2026 the time for Woodside to oppose the motion for summary judgment (Dkt. 47) of Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc. (the "Elias Defendants"), and accepting as timely the opposition papers Woodside filed on that date (Dkt. 51–55). The opposition was due September 17, 2026. It was filed one day late.

Woodside asked for this relief in the opposition itself, with a sworn explanation of the delay. (Dkt. 51 at 7 n.1; Dkt. 53 ¶ 2.) The Elias Defendants' reply contends that a separate motion was required. (Dkt. 56 at 6–9.) At the October 15, 2026 hearing, the Court declined to entertain Woodside's oral request. Woodside therefore submits this written Request, a supporting declaration, and a proposed order, as Sections X and XIV of the Court's Civil Standing Order provide.

Woodside seeks no change to any other date and no further briefing on the motion, and it has no objection to the Elias Defendants responding to this Request on the schedule the Court directs.

**Statement of compliance with Local Rule 7-3 (Civil Standing Order § VIII.a).** Before the October 15 hearing, Woodside's counsel proposed by email that the parties stipulate to excuse both the Elias Defendants' lead-trial-counsel non-appearance, *see* Dkt. 59, and Woodside's one-day delay. Counsel for the Elias Defendants declined, stating that they could not obtain authority for that agreement in time, and filed their own request (Dkt. 59), which Woodside did not oppose. On October 16, 2026, Woodside's counsel renewed the proposal in writing. The Elias Defendants responded that they are unable to agree, that they retain their objections to

the late filing of the opposition, and that they ask this Request to note their opposition. (Neri Decl. ¶¶ 7–9.)

**This Request is opposed.** The Elias Defendants' position is stated in their reply, which is that the opposition should be disregarded or stricken. (Dkt. 56 at 6–9.) Their counsel are Dale K. Galipo and Benjamin S. Levine, Law Offices of Dale K. Galipo, 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367; (818) 347-3333; dalekgalipo@yahoo.com; blevine@galipolaw.com. Defendant Alexander G. Ramos is in default and has not appeared. (Neri Decl. ¶ 10.)

This Request is based on this notice, the memorandum of points and authorities below, the concurrently filed Declaration of Geoffrey A. Neri, the Declaration of Geoffrey A. Neri filed with the opposition (Dkt. 53), the papers on file in this action, and any further argument the Court permits.

Respectfully submitted,

DATED: October 16, 2026 BROWN NERI SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri
Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

The Elias Defendants filed their motion for summary judgment on September 3, 2026. (Dkt. 47.) Under the Scheduling Order (Dkt. 26 at 1) and Section IX.f of the Court's Civil Standing Order (Dkt. 16 at 9), Woodside's opposition was due September 17, 2026. Woodside's counsel calendared the deadline by counting back twenty-eight days from the October 15, 2026 hearing date and, in doing so, treated September as having thirty-one days. The opposition was calendared for, and filed on, September 18, 2026. (Dkt. 51–55; Neri Decl. ¶ 3; Dkt. 53 ¶ 2.) The opposition disclosed the one-day delay and its cause on its face and asked the Court to excuse it under Rule 6(b)(1)(B). (Dkt. 51 at 7 n.1.)

The same afternoon, the Court on its own motion continued the hearings on Woodside's Rule 16(b)(4) motion (Dkt. 37) and motion for default judgment (Dkt. 38) to October 15, 2026, to be heard with the summary judgment motion. (Dkt. 50.) The Elias Defendants filed their reply, a response to Woodside's statement of genuine disputes, and separate evidentiary objections on September 24, 2026 (Dkt. 56, 56-1, 57), the date Section IX.f sets for a reply and one day before the reply date under the Scheduling Order, which runs the reply from the filing of the opposition. (Dkt. 26 at 1.) The reply addresses the opposition in full. It argues first that the opposition should be disregarded or stricken because Woodside did not file a separate Rule 6(b)(1)(B) motion. (Dkt. 56 at 6–9.) On the morning of the hearing, the Elias Defendants filed a request that the Court excuse their own inadvertent non-compliance with Section III of the Standing Order, which requires lead trial counsel to attend all proceedings. (Dkt. 59 at 2.) The Court heard the three motions on October 15, 2026.

## II. ARGUMENT

### A. Rule 6(b)(1)(B) and the *Pioneer* Standard

Rule 6(b)(1)(B) authorizes the Court, "for good cause," to extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." A motion may be made in writing or "during a hearing." Fed. R. Civ. P. 7(b)(1)(A). Whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Congress "contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness." *Id.* at 388.

The Ninth Circuit, sitting en banc, has held that "per se rules are not consistent with *Pioneer*": an error in calculating a deadline is weighed under the four factors, not treated as inexcusable as a matter of law. *Pincay v. Andrews*, 389 F.3d 853, 855, 858–60 (9th Cir. 2004) (en banc). And Rule 6(b)(1) is "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (citation omitted).

### B. Each *Pioneer* Factor Favors Accepting the Opposition

*Prejudice.* There is none. The Elias Defendants filed a complete reply, a response to Woodside's statement of genuine disputes, and evidentiary objections on September 24, 2026, the date the Standing Order sets. (Dkt. 56, 56-1, 57.) The reply identifies no argument they could not make and no evidence they could not submit. The prejudice they claim is that the delay

left them six days rather than seven to reply under the Standing Order's hearing-based reply date. (Dkt. 56 at 6, 8.) Under the Scheduling Order, which measures the reply from the filing of the opposition, they had the full period. (Dkt. 26 at 1.) The loss of "a quick but unmerited victory" is not prejudice. *Ahanchian*, 624 F.3d at 1262; *see Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

*Length of delay and impact on the proceedings.* One day. The hearing date did not move; the reply was filed on the Standing Order's schedule; and the Court itself set all three pending motions for October 15. (Dkt. 50.) In *Ahanchian*, the opposition was filed three days late, and the Ninth Circuit held that refusing to consider it was an abuse of discretion. 624 F.3d at 1261–63.

*Reason for the delay.* Counsel miscounted the twenty-eight-day period when calendaring the deadline. (Neri Decl. ¶ 3; Dkt. 53 ¶ 2.) The error was within counsel's control, and Woodside does not contend otherwise. But the sentence of *Pioneer* the Elias Defendants quote (Dkt. 56 at 7) continues: excusable neglect under Rule 6(b) "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." 507 U.S. at 392 (footnote omitted).

The Elias Defendants rely on *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931–32 (9th Cir. 1994), and *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886–87 (9th Cir. 2001), for a rule that a deadline miscalculation can never be excusable. (Dkt. 56 at 7.) *Pincay*, decided en banc after both, rejected per se rules of that kind and held that a calendaring error that produced a late filing was not inexcusable as a matter of law. 389 F.3d at 855, 858–60.

*Good faith.* The delay and its cause were disclosed in the opposition on the day it was filed, under oath. (Dkt. 51 at 7 n.1; Dkt. 53 ¶ 2.) Woodside

did not seek the additional day to gain an advantage, has sought no further delay, and offered not to oppose a corresponding extension of the reply deadline. (*Id.*) The "history" the Elias Defendants invoke (Dkt. 56 at 7, citing Dkt. 46) is their characterization of matters the Court heard on October 15 on Woodside's Rule 16(b)(4) motion and motion for default judgment (Dkt. 37, 38, 46, 48, 49). It concerns neither the briefing on this motion nor the reason for the one-day delay.

*Equal treatment.* The Elias Defendants, who ask the Court to strike Woodside's opposition for a one-day delay, asked the Court on the morning of the hearing to excuse their own inadvertent non-compliance with Section III of the Standing Order. (Dkt. 59 at 2.) Woodside did not oppose that request, and twice proposed that each side's lapse be excused; the Elias Defendants declined both times. (Neri Decl. ¶¶ 7–8.) A one-day calendaring error, disclosed when made and causing no prejudice, warrants the same treatment the Elias Defendants asked for themselves.

### C. The Motion Should Be Decided on the Merits in Any Event

Even without the opposition, the motion could not be granted by default. A Rule 56 motion "may not be granted solely based on the failure to file an opposition." L.R. 7-12; *see* Fed. R. Civ. P. 56(e); *Heinemann v. Satterberg*, 731 F.3d 914, 916–17 (9th Cir. 2013) (summary judgment may not be granted because the opposing party violated a local rule; the court must determine whether the movant has met its burden); *Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir. 2003); *Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994). Striking a one-day-late opposition would decide this case "on the impermissible ground that [the non-movant] had violated a local rule." *Ahanchian*, 624 F.3d at 1262. The motion rests on the Elias Defendants' own declarations about their state of

mind; the opposition shows why those declarations do not entitle them to judgment. The Court should have the opposition before it when it rules.

## III. CONCLUSION

Woodside respectfully requests that the Court extend the time for its opposition to September 18, 2026, deem the opposition papers (Dkt. 51–55) timely filed, and consider them in ruling on the motion.

Respectfully submitted,

DATED: October 16, 2026 BROWN NERI SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri
Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Woodside Credit, LLC, certifies that this Request and Memorandum of Points and Authorities contain 1,770 words, which complies with the word limit of L.R. 11-6.1 and Section VIII.c of the Court's Civil Standing Order.

DATED: October 16, 2026 BROWN NERI SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri
Attorneys for Plaintiff
WOODSIDE CREDIT, LLC