Geoffrey A. Neri (SBN 258802)
Geoff@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| WOODSIDE CREDIT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02146-FWS-JDE<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF WOODSIDE CREDIT, LLC'S REQUEST FOR ORDER UNDER FED. R. CIV. P. 6(b)(1)(B)**<br><br>Complaint Filed: Sept. 22, 2025<br>Trial Date: February 2, 2027 |

The Court has considered Plaintiff Woodside Credit, LLC's Request for Order under Federal Rule of Civil Procedure 6(b)(1)(B) (the "Request"), the Declaration of Geoffrey A. Neri, the opposition of Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc. (the "Elias Defendants") as stated in their reply (Dkt. 56 at 6–9) and to counsel (Neri Decl. ¶ 8), and the papers on file in this action.

Rule 6(b)(1)(B) permits the Court, for good cause, to extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Whether neglect is excusable is an equitable determination that considers the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc). Rule 6(b)(1) is liberally construed so that cases are decided on their merits. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010).

The Court finds that Plaintiff's opposition papers (Dkt. 51–55) were filed on September 18, 2026, one day after the September 17, 2026 deadline; that the delay resulted from counsel's inadvertent miscalculation of the deadline, which Plaintiff disclosed on the face of the opposition (Dkt. 51 at 7 n.1; Dkt. 53 ¶ 2); that the Elias Defendants filed a complete reply and evidentiary objections on September 24, 2026 (Dkt. 56, 57) and have not shown prejudice; that the one-day delay did not affect the hearing date or any other date; and that Plaintiff acted in good faith. The neglect was excusable, and good cause exists to extend the deadline.

Accordingly, IT IS ORDERED that:

1. The Request is GRANTED.

2. Plaintiff's opposition papers filed on September 18, 2026 (Dkt. 51, 52, 53, 54, and 55) are deemed timely filed, and the Court will consider them in ruling on the Motion.

IT IS SO ORDERED.

Dated: _____________, 2026 ________________________________

HON. FRED W. SLAUGHTER
UNITED STATES DISTRICT JUDGE