**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118
*Attorney for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WOODSIDE CREDIT, LLC, a California limited liability company,

Plaintiff,

v.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

*Honorable Fred W. Slaughter*

**DEFENDANTS FADI ELIAS, JENNIFER POPE, AND CLASSIC MOTORS, INC.'S OBJECTION TO PLAINTIFF'S REQUEST TO ACCEPT OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AS TIMELY FILED**

Date: October 15, 2026
Time: 10:00 a.m.
Courtroom: 10A

# MEMORANDUM OF POINTS AND AUTHORITIES

In their reply in support of their motion for summary judgment, Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc. (collectively "Elias Defendants") objected to Plaintiff's late filing of its opposition to the motion. [Dkt. 56 at 1-3.] Plaintiff has now filed a request to treat its opposition as timely filed, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). [Dkt. 61.] Elias Defendants here renew their objection and add a few additional points addressing Plaintiff's request.

First, although Plaintiff is correct that no per se rule exists establishing that an error within counsel's control cannot be excusable neglect, *see Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc), this does not mean that courts must automatically excuse such errors. *See Pioneer Inv. Servs. Co. v. Brunswick Ass's Ltd. P'ship*, 507 U.S. 380, 392 (1993) (explaining that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect"). *Pincay* established that requests to submit late filings should be analyzed under *Pioneer*'s four-factor standard identified in Plaintiff's request. 389 F.3d at 855. But *Pincay* did not establish that this balancing test is automatically weighted in favor of allowing late filings when the delay is not extreme—a common scenario[1]—as Plaintiff implies. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 392. Since *Pincay*, courts have continued to analyze the circumstances surrounding the late filing and reject even modest delays when not justified. In *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, 895 F.3d 597, 618-19 (9th Cir. 2018), the Ninth Circuit relied on *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 932 (9th Cir. 1994), to deny a request to excuse a party's failure to opt out of a class action settlement despite her and her attorney having received actual notice of the opt-out

---

[1] *See Pincay*, 389 F.3d at 861 (Kozinski, J., dissenting) ("Factors one, two and four will almost always cut one way: Delays are seldom long, so prejudice is typically minimal. Bad-faith delay is rare, given that we're only dealing with 'neglect,' not deliberate flouting of the rules—though flouting does happen on occasion.").

deadline and procedures. *Kyle* held that an attorney's two-day-late filing caused by a mistake in interpreting the court's "nonambiguous" local rules was not excusable neglect. 28 F.3d at 932. Although Plaintiff suggests *Kyle* is no longer good law after *Pincay* (Request at 6), *In re Volkswagen*, which was more recently decided, shows *Kyle* remains valid. Like in *Kyle*, this Court's rule establishing Plaintiff's opposition deadline was unambiguous, showing Plaintiff's failure to meet it was not excusable.[2] *See also United States v. Arambula*, 351 F.R.D. 414, 417 (N.D. Cal. 2026) (denying request even where "the length of delay was not long" and requesting party "appear[ed] to be acting in good faith" where these factors were outweighed by poor excuse and prejudice).

Second, Elias Defendants were prejudiced. Under this Court's rules, Plaintiff's late filing left their counsel with six days—four business days—to review Plaintiff's opposition, separate statement, and accompanying material; conduct legal research; and prepare and file a reply, a response to Plaintiff's separate statement of facts, and evidentiary objections. In this tight timeframe, the prejudice of even a one-day delay is meaningful. That Elias Defendants nevertheless met the deadline does not establish the absence of prejudice. Nor does Plaintiff identify authority showing Elias Defendants must they point to specific arguments that were not made; having had less time to perform legal research, Elias Defendants cannot say what additional authorities they might have found, or what arguments they might have bolstered, with the additional time.

Third, despite the fact that Plaintiff's request concerns a delay in filing a required document—its summary judgment opposition, filed on September 18, 2026—Plaintiff then further delayed filing this request—a separate required

---

[2] Elias Defendants' reply in support of their motion for summary judgment addressed Plaintiff's contention that miscalendaring the deadline, based on an assumption that September has 31 days, was excusable [Dkt. 56 at 2], and Elias Defendants do not repeat those points here.

document—by nearly a full month, until October 16, 2026. This was despite Elias Defendants repeatedly noting in their summary judgment reply, filed September 24, 2026, that Federal Rule of Civil Procedure 6(b)(1)(B) requires a motion, and that Plaintiff's footnote in its summary judgment opposition did not suffice. [Dkt. 56 at 1-2.] *See* Fed. R. Civ. P. 6(b)(1)(B) (providing that "the court may, for good cause, extend the time" for a deadline "on motion made" after the deadline on a showing of excusable neglect); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 n.5 (1990) (holding that a footnote in a brief did not qualify as a Rule 6(b) motion, and explaining that "a postdeadline 'request,' to be even permissibly treated as a 'motion,' must contain a high degree of formality and precision, putting the opposing party on notice that a motion is at issue and that he therefore ought to respond").

Fourth, Elias Defendants respectfully submit that Plaintiff's request is not equivalent to Elias Defendants' prior request to excuse lead trial counsel's attendance at the October 15, 2026, motion hearings, as Plaintiff suggests. Among other reasons, Elias Defendants' request was made promptly after the issue came to their counsel's attention, before the hearing; Plaintiff's request was made almost one month after its summary judgment opposition was untimely filed, orally during the hearing, then in writing the day after.

Finally, as noted in Elias Defendants' summary judgment reply [Dkt. 56 at 3], Elias Defendants do not ask the Court to grant summary judgment automatically if it does not consider Plaintiff's untimely opposition. Elias Defendants agree with Plaintiff that the Court must still consider the merits of Elias Defendants' motion. The Court may do so fully and adequately even without Plaintiff's opposition.

/ / /

/ / /

For the reasons explained herein and in Elias Defendants' summary judgment reply, the Court should deny Plaintiff's request.

DATED: October 20, 2026

LAW OFFICES OF DALE K. GALIPO

By *\/s\/ Benjamin S. Levine*

Dale K. Galipo
Benjamin S. Levine
*Attorneys for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*

**CERTIFICATION OF COMPLIANCE WITH WORD LIMIT (L.R. 11-6.1)**

The undersigned, counsel of record for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc., certifies that this brief contains **991** words, which complies with the word limit of L.R. 11-6.1.

DATED: October 20, 2026

LAW OFFICES OF DALE K. GALIPO

By *\/s/ Benjamin S. Levine*
Dale K. Galipo
Benjamin S. Levine
*Attorneys for Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc.*