Geoffrey A. Neri (SBN 258802)
Geoff@bnsklaw.com
BROWN NERI SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

WOODSIDE CREDIT, LLC, a California limited liability company,

Plaintiff,

vs.

ALEXANDER G. RAMOS, an individual; FADI ELIAS, an individual; JENNIFER POPE, an individual; CLASSIC MOTORS, INC., an Arizona business entity of unknown organization; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-02146-FWS-JDE

**JOINT STATUS REPORT REGARDING SETTLEMENT DISCUSSIONS PURSUANT TO THE COURT'S OCTOBER 21, 2026 ORDER (DKT. 65)**

Complaint Filed: Sept. 22, 2025
Trial Date: February 2, 2027

**JOINT STATUS REPORT REGARDING SETTLEMENT DISCUSSIONS**

Plaintiff Woodside Credit, LLC ("Woodside") and Defendants Fadi Elias, Jennifer Pope, and Classic Motors, Inc. (the "Elias Defendants") submit this Joint Status Report as directed by the Court's October 21, 2026 Order. (Dkt. 65 at 14.) Defendant Alexander G. Ramos is in default and did not take part in the settlement discussions. (*See* Dkt. 31.)

## I. THE NATURE AND EXTENT OF THE FORMAL SETTLEMENT DISCUSSIONS

The Scheduling Order selected ADR Procedure No. 1, a settlement conference before a magistrate judge. (Dkt. 26 at 1.) On September 30, 2026, Magistrate Judge Douglas F. McCormick set the conference for November 19, 2026, at 9:30 a.m., by Zoom. (Dkt. 58 at 1.) His order requires parties with full settlement authority to attend "together with trial counsel for each party." (*Id.* at 1–2.) The Court later continued the deadline to complete the conference to December 4, 2026. (Dkt. 64 at 2.)

Before the conference, the parties exchanged written settlement proposals and submitted Settlement Conference Statements to Judge McCormick. (*See* Dkt. 58 at 2–3.)

On November 13, 2026, the Elias Defendants asked Judge McCormick to excuse their lead trial counsel, Dale K. Galipo, from the conference, or in the alternative to continue it, on the ground that Mr. Galipo was engaged in a trial in another matter, and that this trial had been anticipated to end before November 19 but that this was no longer expected to be the case due to recent developments in the trial. (*See* Dkt. 59 at 2 (identifying Mr. Galipo as lead trial counsel).) On November 18, Woodside asked that the conference go forward as scheduled and that Mr. Galipo, if excused, be available by telephone or Zoom. The same day, Judge McCormick's chambers advised counsel that the conference would proceed with Benjamin S. Levine and his clients, and that Mr. Galipo should join as he was able.

The conference went forward on November 19 by Zoom and lasted several hours. Woodside attended through Sean Kirwan, its Executive Vice President and General Counsel, who had full authority to settle, and through its lead trial counsel, Geoffrey A.

Neri, with Christen St. Denis of his firm. The Elias Defendants attended through Mr. Elias and Ms. Pope and through Mr. Levine. Mr. Galipo, who remained engaged in trial on November 19 and so could not join the conference, did not join the conference at any point.

Through Judge McCormick, the parties exchanged several rounds of offers and counteroffers. The case did not settle. At the end of the conference, Judge McCormick advised the parties that he would contact Mr. Galipo directly to see whether progress could be made, and that he would then get back to the parties.

## II. THE PARTIES' POSITIONS ON WHETHER FURTHER SETTLEMENT DISCUSSIONS MAY BE PRODUCTIVE

### A. Woodside's Position

The Court's October 21 Order encouraged counsel on both sides to use their best efforts to settle this case. (Dkt. 65 at 14.) The Elias Defendants' lead trial counsel, Dale K. Galipo, did not take part in the settlement conference at all. Woodside does not believe this case can settle until he does. Further settlement discussions may be productive, but only with Mr. Galipo personally involved. Woodside's position rests on six points.

1. **Lead trial counsel is required at a settlement conference.** This Court's Standing Order provides that "[l]ead trial counsel shall attend any proceeding before this court, including all Scheduling, Pretrial, and Settlement Conferences." (Civil Standing Order § III.) The Local Rules and Judge McCormick's order require the same. (L.R. 16-15.5(c); Dkt. 58 at 1–2.) Mr. Galipo did not attend.

2. **The conference was by Zoom, and Mr. Galipo still did not join.** Where Judge McCormick's order allows a required attendee to be excused from appearing in person, it does so only if that person "can and will be available by telephone during the entire settlement conference." (Dkt. 58 at 2 n.1.) Woodside asked for that much. It asked that the conference go forward on November 19, the first date Judge McCormick had available, with the deadline to complete the conference set for December 4, and it asked that Mr. Galipo be available by telephone or Zoom. (Dkt. 62 at 2; Dkt. 64 at 2.) Judge

McCormick allowed the conference to proceed with Mr. Levine, with Mr. Galipo to join as he was able. The conference was held by Zoom, as the Elias Defendants had requested, so Mr. Galipo did not have to travel to take part. He did not join at any point.

3. **It was the second time in five weeks.** Mr. Galipo was excused from the October 15, 2026 hearing on the parties' motions on a request filed the day of the hearing, which apologized for "inadvertently overlooking this Court's requirement that lead trial counsel must attend all proceedings." (Dkt. 59 at 2; Dkt. 60.) The reason given then was a trial in another matter. The reason given on November 13 was the same. Mr. Galipo has not attended a hearing or conference in this case, and he has never spoken with Woodside's counsel about it.

4. **The defense's decisions in this case have run through Mr. Galipo.** Woodside's counsel has dealt throughout with Mr. Levine, an associate attorney at Mr. Galipo's firm. On matters requiring the Elias Defendants' agreement, Mr. Levine has repeatedly advised that he must first confer with Mr. Galipo. The record has an example. At an August 13, 2026 conference of counsel, Mr. Levine stated that he had not yet had a chance to discuss the matter in any meaningful detail with Mr. Galipo, and that Mr. Galipo would need to discuss it with the client. (Dkt. 37-2 ¶ 15; *see also* Dkt. 46-1 ¶ 10 (Mr. Levine "would discuss the issue internally").) Based on that experience, Woodside's counsel does not believe a settlement can be reached until Mr. Galipo is directly involved.

5. **The settlement judge's next step was to contact Mr. Galipo.** Judge McCormick ended the conference by stating that he would contact Mr. Galipo himself to see whether progress could be made. Woodside welcomes that step. As of this filing, Woodside has not heard further from Judge McCormick.

6. **The case has changed, and trial is ten weeks away.** When Woodside proposed an early neutral evaluation or mediation in April 2026, Mr. Levine responded that the Elias Defendants were not opposed, but that they disputed liability and "did not anticipate making any meaningful offer of settlement." (Dkt. 46-1 ¶ 14.) The Court has

since denied their motion for summary judgment, finding that the timing, amounts, and nature of the sales and payments "could lead a reasonable jury to conclude that the Elias Defendants were aware of the fraudulent nature of the transactions." (Dkt. 65 at 13.) Trial filings begin December 17, 2026, and trial is set for February 2, 2027. (Dkt. 26 at 1–2.) The lawyer who will try this case for the Elias Defendants has not yet taken part in a settlement discussion with Woodside. The time to do so is now.

Woodside will attend a further session before Judge McCormick on the first date on which he and Mr. Galipo are available. Woodside's General Counsel and its lead trial counsel will attend in person. The November 19 conference was set by Zoom before the Court's October 21 Order, and Woodside advised Judge McCormick beforehand that it would appear in person if he preferred. (*See* Dkt. 58 at 1; Dkt. 65 at 14.) Woodside asks that Mr. Galipo be required to attend in person as well. Without him, Woodside does not expect a further session to be productive. Woodside does not ask the Court to change any date in the Scheduling Order. (Dkt. 26.)

**B. The Elias Defendants' Position**

Elias Defendants believe it is possible that further settlement discussions could be productive and are open to further discussion. However, they do not believe it is necessary for the Court to order a further settlement conference, which could be counterproductive at this time. Elias Defendants' trial counsel, Dale Galipo, spoke to Judge McCormick by phone on the morning of November 23, 2026. As of the time of the drafting of this section of this report, it is Elias Defendants' understanding that Judge McCormick will next contact Plaintiff's counsel to explore the viability of further settlement discussions, in light of the November 19 settlement conference and the November 23 discussion with Judge McCormick.

DATED: November 23, 2026 BROWN NERI SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri
Attorneys for Plaintiff
WOODSIDE CREDIT, LLC

DATED: November 23, 2026 LAW OFFICES OF DALE K. GALIPO

By: /s/ Benjamin S. Levine*
Dale K. Galipo
Benjamin S. Levine
Attorneys for Defendants Fadi Elias,
Jennifer Pope, and Classic Motors, Inc.

* Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.